UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIANO ERRICHIELLO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> BOSTON SCIENTIFIC CORPORATION, et al. <br><br> Defendants. | No. 1:20-cv-12225-DPW <br><br> CLASS ACTION |
| ENRIQUE JEVONS, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> BOSTON SCIENTIFIC CORPORATION, et al., <br><br> Defendants. | No. 1:21-cv-10033-DPW <br><br> CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

**I.	PRELIMINARY STATEMENT**

Presently pending before the Court are two related securities class action lawsuits brought on behalf of purchasers of Boston Scientific Corporation ("Boston Scientific" or the "Company") securities between April 24, 2019 and November 16, 2020, inclusive (the "Class Period") pursuant to §10(b) and §20(a) of the Securities Exchange Act of 1934 ("1934 Act).[1] Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As discussed below, the Related Actions should be consolidated pursuant to Rule 42(a) because they each involve similar legal and factual issues.

After deciding to consolidate the Related Actions, the PSLRA requires the Court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *See* 15 U.S.C. §78u-4(a)(3)(B)(i). The Howard County Master Trust (the "Trust") should be appointed as lead plaintiff because it: (1) timely filed this motion; (2) has a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Trust's selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

---

[1]    The Related Actions are *Jevons v. Boston Scientific Corp.*, No. 1:20-cv-05894, filed on December 4, 2020 in the Eastern District of New York and *Errichiello v. Boston Scientific Corp.*, No. 1:20-cv-12225-DPW, filed on December 16, 2020 in this Court. *Jevons* was transferred to this Court on January 7, 2021. *See Jevons*, ECF No. 11.

- 1 -

## II.     FACTUAL BACKGROUND

Boston Scientific develops, manufactures, and markets medical devices for use in various interventional medical specialties worldwide. The Company's products include, among others, the LOTUS Edge Aortic Valve System, which is a Transcatheter Aortic Valve Replacement ("TAVR") product. A TAVR is a medical device to treat patients with aortic valve stenosis, which occurs when the heart's aortic valve thickens and calcifies, preventing the valve from opening fully, which limits blood flow from the heart to the rest of the body. Boston Scientific announced the U.S. Food and Drug Administration's ("FDA") approval for the LOTUS Edge Aortic Valve System in April 2019 for patients with severe aortic stenosis, and the Company launched sales during the quarter ended June 30, 2019.

Throughout the Class Period, Boston Scientific executives stated that the LOTUS Edge was a source of revenue growth, that medical centers were using the device consistently, and that the number of accounts/medical centers using the device was growing. However, as alleged by the complaints, defendants' representations were materially false and misleading because: (i) the LOTUS Edge required additional product development work, an enhanced delivery system, reduced training, and case support; (ii) Boston Scientific was facing increases in both manufacturing complexity and the investment required for clinical scalability of the LOTUS Edge; and (iii) as a result of material manufacturing and product delivery difficulties, the Company's commercial efforts to expand LOTUS Edge market share were unsustainable and failing.

On November 17, 2020, Boston Scientific announced a global recall of all unused inventory of the LOTUS Edge Aortic Valve System, citing "complexities associated with the product delivery system." ECF No. 1 at ¶ 6. Boston Scientific further announced that "[g]iven the additional time and investment required to develop and reintroduce an enhanced delivery

system, the company has chosen to retire the entire LOTUS product platform immediately." *Id.* On this news, Boston Scientific's stock price fell nearly 8%.

As a result of defendants' alleged wrongful acts and omissions and the decline in Boston Scientific's share price, class members have suffered significant losses and damages.

### III. ARGUMENT

#### A. The Related Actions Should Be Consolidated to Promote Efficiency

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The Court may consolidate actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Here, the Related Actions present nearly identical factual and legal issues, allege identical claims, assert identical class periods, and name overlapping defendants. *See* ECF No. 1; *Jevons*, ECF No. 1.

Accordingly, the Related Actions should be consolidated.

#### B. The Trust Should Be Appointed Lead Plaintiff

##### 1. The Procedures Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in connection with the first-filed *Jevons* case was published on *PRNewswire*, a national,

business-oriented newswire service, on December 4, 2020. *See* Hess-Mahan Decl., Ex. A.[2] Within 60 days after publication of the notice, any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)-(B).

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). The Trust meets each of these requirements and should therefore be appointed Lead Plaintiff.

### 2. The Trust Satisfies the Lead Plaintiff Requirements of the PSLRA

#### a. The Trust's Motion Is Timely

The December 4, 2020, statutory notice published in connection with the first-filed *Jevons* case advised putative class members of the pendency of the action, the claims asserted, and the right to move the Court to be appointed as lead plaintiff within 60 days, or by February 2, 2021. *See* Hess-Mahan Decl., Ex. A. Notice was also published on *Globe Newswire* concerning the filing of the *Errichiello* action, its alleged claims, its class definition, and the option of moving the Court to be appointed as lead plaintiff by February 2, 2021. *See id.*, Ex. B. Because this motion

---

[2]  References to the "Hess-Mahan Decl., Ex. __" are to the exhibits attached to the accompanying Declaration of Theodore M. Hess-Mahan in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel.

is being filed on February 2, 2021 it is timely and the Trust is entitled to be considered for appointment as lead plaintiff.

### b. The Trust Has the Requisite Financial Interest in the Relief Sought by the Class

As evidenced by its PSLRA Certification, the Trust purchased 77,820 shares of Boston Scientific stock during the Class Period and suffered over $510,373 in losses as a result of defendants' alleged misconduct. *See* Hess-Mahan Decl., Exs. C, D. Therefore, the Trust has a substantial financial interest in the relief sought by the class.

### c. The Trust Otherwise Satisfies Rule 23

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "In deciding a motion to serve as lead plaintiff, a court need only make findings as to the typicality and adequacy of the proposed lead plaintiff. . . . Those findings need only be 'preliminary.'" *Local No. 8 IBEW Ret. Plan v. Vertex Pharm. Inc.*, 52 F. Supp. 3d 337, 341 (D. Mass. 2014) (citation omitted).

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where plaintiff's claims "arise from the same course of events and involve the same legal theory as to the claims of the rest of the class." *Local No. 8*, 52 F. Supp. 3d at 341. Here, the Trust meets this requirement because, just like all other class members, it purchased Boston Scientific securities during the Class Period in reliance upon defendants' allegedly materially false and misleading statements and suffered damages thereby. Thus, the Trust's claims are typical of those of other class members since every claim arises out of the same course of events and is based on the same legal theories.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  A plaintiff is "capable of adequately protecting the interests of the class" by "possess[ing] 'common interests and an absence of conflict with the class members[,] and . . . plaintiff's attorneys are qualified, experienced, and vigorously able to conduct the litigation.'" *Local No. 8*, 52 F. Supp. 3d at 341 (citation omitted).  Here, the Trust is an adequate representative of the class because its interests in the action are clearly aligned with the interests of the other members of the class, and there is no evidence of any antagonism between the Trust and the other class members.  As a sophisticated institutional investor with $1.2 billion in assets under management for the benefit of more than 4,000 Howard County, Maryland public employees and their beneficiaries, the Trust is precisely the type of movant whose participation in securities class actions Congress sought to encourage through the passage of the PSLRA.  *See, e.g.*, *Leech v. Brooks Automation, Inc.*, 2006 WL 3690736, at *3 (D. Mass. Dec. 13, 2006) ("courts have recognized that the PSLRA favors the selection of large institutional investors as lead plaintiff").  Finally, the Trust has taken the significant step of retaining competent and experienced counsel to prosecute the claims alleged in the complaints, thus demonstrating that it will protect the interests of the class.

The Trust, therefore, preliminarily satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

    **C.**    **The Court Should Approve the Trust's Choice of Counsel**

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent.  15 U.S.C. §78u-4(a)(3)(B)(v).  "'Courts typically do not disturb a lead plaintiff's choice of counsel unless doing so is necessary

to protect the interests of the class.'" *Leech*, 2006 WL 2690736, at *3 (citation omitted). The Trust has selected Robbins Geller as Lead Counsel.

Robbins Geller, a 200-attorney firm with offices nationwide, regularly represents clients in complex class action litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[3]

District courts throughout the country, including this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *Carr v. Analogic Corp.*, 2018 WL 4932858, at *3 (D. Mass. Oct. 10, 2018) (appointing Robbins Geller as lead counsel and noting that movant "adequately set[] forth the firm's experience litigating complex class actions, including under the PSLRA"); *In re Evergreen Ultra Short Opportunities Fund Sec. Litig.*, No. 1:08-cv-11064 (D. Mass.) (Robbins Geller attorneys served as co-lead counsel and secured $25 million shareholder recovery). Additionally, Robbins Geller has obtained the largest securities fraud class action recovery in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits.[4]

---

[3] For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com/. An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

[4] *See In re Enron Corp. Sec.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec.*

Robbins Geller's securities department also includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  And, while trials in shareholder class actions are rare, Robbins Geller has tried several cases to verdict, most recently a February 2019 trial in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG-JCG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

Based on these qualifications, the Trust's selection of Robbins Geller as lead counsel pursuant to the PSLRA should be approved.

### IV.     CONCLUSION

The Related Actions are nearly identical and should be consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.  Additionally, the Trust has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, the Trust respectfully requests that the Court consolidate the Related Actions, appoint it as Lead Plaintiff, and approve its selection of Lead Counsel.

| | |
|---|---|
| DATED:  February 2, 2021 | Respectfully submitted, |
| | HUTCHINGS BARSAMIAN MANDELCORN, LLP<br>THEODORE M. HESS-MAHAN, BBO #557109 |
| | /s/Theodore M. Hess-Mahan<br>THEODORE M. HESS-MAHAN |

---

*Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

>110 Cedar Street, Suite 250
>Wellesley Hills, MA  02481
>Telephone:  781/431-2231
>781/431-8726 (fax)
>thess-mahan@hutchingsbarsamian.com
>
>Local Counsel for [Proposed] Lead Plaintiffs
>
>ROBBINS GELLER RUDMAN
>  & DOWD LLP
>DANIELLE S. MYERS
>JUAN CARLOS SANCHEZ
>655 West Broadway, Suite 1900
>San Diego, CA  92101
>Telephone:  619/231-1058
>619/231-7423 (fax)
>dmyers@rgrdlaw.com
>jsanchez@rgrdlaw.com
>
>[Proposed] Lead Counsel for [Proposed] Lead Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 2, 2021.

>/s/Theodore M. Hess-Mahan
>Theodore M. Hess-Mahan

- 9 -

4845-3805-1289.v1