**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MARIANO ERRICHIELLO, Individually and on behalf of All Others Similarly Situated, | No. 1:20-cv-12225-DPW |
| Plaintiff, | CLASS ACTION |
| v. | |
| BOSTON SCIENTIFIC CORPORATION, MICHAEL F. MAHONEY, JOSEPH M. FITZGERALD, and DANIEL J. BRENNAN, | |
| Defendants. | |
| ENRIQUE JEVONS, Individually and on Behalf of All Others Similarly Situated, | No. 1:21-cv-10033-DPW |
| Plaintiff, | CLASS ACTION |
| v. | |
| BOSTON SCIENTIFIC CORPORATION, MICHAEL F. MAHONEY, and DANIEL J. BRENNAN, | |
| Defendants. | |

**UNION ASSET MANAGEMENT HOLDING AG'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT .........................................................................................1

ARGUMENT .......................................................................................................................2

    I.   UNION SHOULD BE APPOINTED LEAD PLAINTIFF ..............................................2

        A.  Union Has the Largest Financial Interest.....................................................3

        B.  Union Satisfies the Requirements of Rule 23 ................................................4

    II.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED ........................................6

CONCLUSION....................................................................................................................6

i

## TABLE OF AUTHORITIES

**CASES**                                                                                        **PAGE(S)**

*Ark. Teacher Ret. Sys. v. Insulet Corp.*,
    177 F. Supp. 3d 618 (D. Mass. 2016) ...............................................................................3, 4

*Bowers v. Tesaro Inc.*,
    2018 WL 2089358 (D. Mass. May 4, 2018) .........................................................................6

*Carr v. Analogic Corp.*,
    2018 WL 4932858 (D. Mass. Oct. 10, 2018)......................................................................4, 6

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ...............................................................................................6

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001)..................................................................................................4

*City of Bristol Pension Fund v. Vertex Pharms.*,
    2012 WL 6681907 (D. Mass. Dec. 21, 2012)......................................................................2

*Emerson v. Genocea Biosciences, Inc.*,
    2018 WL 839382 (D. Mass. Feb. 12, 2018) ......................................................................2, 3

*Hackel v. AVEO Pharms., Inc.*,
    2019 WL 1992556 (D. Mass. May 6, 2019) .........................................................................3

*Leavitt v. Alnylam Pharms., Inc.*,
    378 F. Supp. 3d 60 (D. Mass. 2019) .....................................................................................5

*Minneapolis Firefighters' Relief Ass'n v. Medtronic, Inc.*,
    2009 WL 1458234 (D. Minn. May 26, 2009)......................................................................3

*Richman v. Goldman Sachs Grp., Inc.*,
    274 F.R.D. 473 (S.D.N.Y. 2011) .........................................................................................3

**STATUTES**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) .................................................................................................1, 2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)................................................................................................2, 4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23(a)(4)....................................................................................................................5

Union respectfully submits this Memorandum of Law in opposition to the competing motions for appointment as Lead Plaintiff (ECF Nos. 17, 25-1).[1]

## PRELIMINARY STATEMENT

Union should be appointed Lead Plaintiff because it has the "largest financial interest" in this litigation under the standards of the PSLRA and otherwise satisfies the relevant requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition to Union, three other Class members filed motions seeking appointment as Lead Plaintiff: (1) Bangalore Satyanarayana ("Satyanarayana") (ECF No. 17); (2) Howard County Master Trust ("Howard County") (ECF No. 21); and (3) Excavators Union Local 731 Pension and Welfare Funds ("Local 731") (ECF No. 25-1). In recognition that Union has the largest financial interest and is otherwise adequate to represent the Class, Howard County has withdrawn its motion (*see* ECF Nos. 27-28), and Local 731 "does not oppose" Union's motion (ECF No. 29 at 1). As demonstrated in the chart below, Union's financial interest is multiples larger than all other movants combined:



[1] All capitalized terms are defined in Union's opening brief, unless otherwise indicated. *See Errichiello v. Boston Sci. Corp.*, No. 1:20-cv-12225-DPW (D. Mass.) ("*Errichiello*"), ECF No. 18. All citations to "ECF No. __" are to the docket in the *Errichiello* action. All case citations herein have omitted internal citations and emphasis added unless noted.

Union's loss of approximately $51.5 million is more than 35 times larger than the combined loss of all other movants. Union has, by far, the largest financial interest in this case under each of the factors courts in this District consider when assessing financial interest.

Thus, under the PSLRA, there is a strong presumption that Union is the "most adequate plaintiff" because it has the largest financial interest in the litigation and has made a *prima facie* showing of its typicality and adequacy. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). That presumption can only be rebutted "upon proof" that Union is inadequate or atypical. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Emerson v. Genocea Biosciences, Inc.*, 2018 WL 839382, at *2 (D. Mass. Feb. 12, 2018). Here, there are no facts, let alone any "proof," suggesting that Union is somehow unfit to represent the Class.

Quite the opposite: Union is a sophisticated institutional investor that oversees approximately €360 billion in assets, has more than adequate resources available to devote to this litigation, and has experience supervising the work of outside counsel as a lead plaintiff in securities class actions. *See* ECF No. 18 at 8. Accordingly, Union should be appointed Lead Plaintiff and its motion otherwise granted.

ARGUMENT

## I.    UNION SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA creates a strong presumption that the Lead Plaintiff is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant with the largest financial interest must only make a "preliminary" showing that it satisfies the typicality and adequacy requirements of Rule 23. *City of Bristol Pension Fund v. Vertex Pharms.*, 2012 WL 6681907, at *4 (D. Mass. Dec. 21, 2012). Once triggered, this presumption can only be rebutted

2

"upon proof" that the presumptive Lead Plaintiff will not fairly represent the interests of the Class. *Genocea Biosciences*, 2018 WL 839382, at *2.

### A.    Union Has the Largest Financial Interest

Union has, by far, the largest financial interest in the relief sought by the Class.[2]  Courts across the country, including courts in this District, have held that a movant's loss is the most important factor in determining whether the movant has the largest financial interest.  *See, e.g.*, *Hackel v. AVEO Pharms., Inc.*, 2019 WL 1992556, at *1 (D. Mass. May 6, 2019) ("Most courts appoint whichever potential lead plaintiff has suffered the largest total loss."); *Ark. Teacher Ret. Sys. v. Insulet Corp.*, 177 F. Supp. 3d 618, 622 (D. Mass. 2016) (noting that courts "often consider approximate loss to be the most important factor" in determining the largest financial interest); *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 479 (S.D.N.Y. 2011) ("Most courts agree that the largest loss is the critical ingredient in determining the largest financial interest.").  Here, Union incurred total losses of approximately $51.5 million, as calculated on a last-in, first-out basis, on its Class Period transactions in Boston Scientific stock (*see* ECF Nos. 24-2, 24-3)—a loss that is significantly larger than the loss asserted by any competing movant.

Moreover, as illustrated in the table below, Union also has the largest financial interest based on the four factors courts consider in making that determination, including: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the

---

[2] During the Class Period, Union purchased Boston Scientific stock through several investment funds managed by three of its subsidiaries—Union Investment Privatfonds GmbH ("UIP"), Union Investment Institutional GmbH ("UIN"), and Union Investment Luxembourg S.A. ("UIL").  Prior to seeking appointment as Lead Plaintiff, Union obtained valid assignments of claims from UIP, UIN, and UIL on behalf of the funds listed in Union's PSLRA Certification.  *See* ECF Nos. 24-1, 24-2.  Accordingly, Union has standing to assert claims on behalf of those funds.  *See* ECF No. 18 at 2-3 & n.2; *see also Minneapolis Firefighters' Relief Ass'n v. Medtronic, Inc.*, 2009 WL 1458234, at *2 (D. Minn. May 26, 2009) (finding that Union had standing because it "received effective assignments of claims" and appointing Union as lead plaintiff).

class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *Insulet*, 177 F. Supp. 3d at 622.

| Movant | Shares Purchased | Net Shares Purchased | Net Funds Expended | Loss |
|---|---|---|---|---|
| Union | 8,629,936 | 5,577,445 | $247,248,331 | $51,480,002 |
| Local 731 | 163,500 | 54,500 | $2,564,767 | $735,630 |
| Howard County | 77,820 | 58,190 | $2,553,972 | $510,373 |
| Satyanarayana | 30,000 | 30,000 | $1,254,328 | $200,746 |

As shown above, Union purchased approximately 32 times more Boston Scientific shares, purchased 39 times more net shares, expended approximately 39 times more net funds, and incurred a loss more than 35 times greater than all other movants. As such, there can be no credible dispute that Union has the largest financial interest in the litigation and should be appointed Lead Plaintiff.

**B.    Union Satisfies the Requirements of Rule 23**

In addition to possessing the largest financial interest, Union also satisfies the typicality and adequacy requirements of Rule 23. To overcome the strong presumption entitling Union to appointment as Lead Plaintiff, the PSLRA requires "proof" that the presumptive Lead Plaintiff is inadequate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001) (the court must determine "not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate []' job") (alterations in original); *Carr v. Analogic Corp.*, 2018 WL 4932858, at *3 (D. Mass. Oct. 10, 2018) ("Mere speculation about a unique defense does not meet this standard."). No such proof exists in this case, and any arguments to the contrary should be flatly rejected.

4

As demonstrated in its opening brief, Union is typical of other members of the Class. *See* ECF No. 18 at 6-7. Like all other Class members, Union purchased Boston Scientific securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions, and was damaged thereby. *See Leavitt v. Alnylam Pharms., Inc.*, 378 F. Supp. 3d 60, 66 (D. Mass. 2019).

Union also satisfies Rule 23's adequacy requirement as it is capable of "fairly and adequately protect[ing] the interests of the class." Fed. R. Civ. P. 23(a)(4). Union is a sophisticated institutional investor with experience serving as a lead plaintiff and overseeing counsel in the context of complex securities class actions. *See* ECF No. 18 at 2, 7-9. For example, Union served as lead plaintiff in *Hefler v. Wells Fargo & Co.*, No. 16-cv-5479 (N.D. Cal.), and recovered $480 million for investors, with Bernstein Litowitz as lead counsel. *See id.* at 8. Union also served as lead plaintiff in *In re Equifax Inc. Securities Litigation*, No. 17-cv-3463 (N.D. Ga.), and achieved a recovery of $149 million for investors, with Bernstein Litowitz as lead counsel. *See id.* As such, Union understands and accepts the duties and responsibilities of the Lead Plaintiff to monitor the prosecution of this action in the Class' best interest. *See id.* at 3, 8.

Further, there is no conflict of interest between Union's interests and those of the Class. To the contrary, the interests of Union and other Class members are directly aligned because all suffered damages from their purchases of Boston Scientific securities at prices that were artificially inflated by Defendants' misconduct. As discussed above, Union clearly has a sufficient interest to ensure the vigorous prosecution of this litigation, and has the experience and resources to prosecute this action efficiently and in the best interests of the Class. *See id.*

Union has further demonstrated its adequacy by selecting Bernstein Litowitz and Donnelly, Conroy & Gelhaar—counsel that are highly capable and experienced in managing complex

5

litigation effectively—to serve as Lead Counsel and Liaison Counsel, respectively, for the Class. *See* ECF No. 18 at 9-11.  Accordingly, because Union has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23's requirements, the Court should appoint Union as Lead Plaintiff and deny the competing motions.  *See In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status."); *see also Bowers v. Tesaro Inc.*, 2018 WL 2089358, at \*3 (D. Mass. May 4, 2018) (appointing presumptive lead plaintiff where competing movant failed to provide "specific evidence" to rebut the presumption).

## II.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Movants Union, Howard County, and Satyanarayana all agree that consolidation of the above-captioned actions is appropriate, and each has moved for consolidation.  *See* ECF Nos. 16, 17, 21.  While Local 731 did not specifically move for consolidation of the above-captioned actions, it conceded in its opening brief that the matters are related.  *See* ECF No. 25 at 1. Accordingly, the related actions, which present virtually identical factual and legal issues arising out of the same alleged course of misconduct and involve the purchase of Boston Scientific securities at artificially inflated prices during the same class periods should be consolidated pursuant to Rule 42(a).  *See Analogic*, 2018 WL 4932858, at \*1 (consolidating actions that "concern[ed] the same claims brought under the same sections of the Securities and Exchange Act of 1934, and are based on substantially identical allegations").

### CONCLUSION

For the reasons discussed above and in its opening brief, Union respectfully requests that the Court: (1) appoint it Lead Plaintiff; (2) approve its selection of Bernstein Litowitz as Lead Counsel and Donnelly, Conroy & Gelhaar as Liaison Counsel for the Class; (3) consolidate the related actions; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: February 16, 2021

**DONNELLY, CONROY & GELHAAR, LLP**

*/s/ T. Christopher Donnelly*
T. Christopher Donnelly (BBO #129930)
Peter E. Gelhaar (BBO #18830)
Peter K. Levitt (BBO #565761)
260 Franklin Street, Suite 1600
Boston, MA 02110
Telephone: (617) 720-2880
Facsimile: (617) 720-3554
tcd@dcglaw.com
peg@dcglaw.com
pkl@dcglaw.com

*Liaison Counsel for Proposed Lead Plaintiff Union Asset Management Holding AG and Proposed Liaison Counsel for the Class*


**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

Gerald H. Silk, *pro hac vice* forthcoming
Mark Lebovitch, *pro hac vice* forthcoming
Avi Josefson, *pro hac vice* forthcoming
Rebecca N. Kim, *pro hac vice* forthcoming
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jerry@blbglaw.com
markl@blbglaw.com
avi@blbglaw.com
rebecca.kim@blbglaw.com

*Counsel for Proposed Lead Plaintiff Union Asset Management Holding AG and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered participants on the Notice of Electronic Filing (NEF).

/s/ T. Christopher Donnelly
T. Christopher Donnelly