# EXHIBIT A

**Exhibit A: Defendants' Reply to Plaintiff's Exhibit A (Plaintiff's Response To Defendants' Chart of Challenged Statements)[1]**

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| 226-228 | The Reveal Series: Lotus Edge and the New Era in TAVR Technology [Carroll Decl. Ex. 1 at 3, 12-13, 39]<br><br>**Kevin Ballinger**: **[1]** The engineers have done a really good job making something that is very complex feel really simple for the end-users. That's what happens with the best types of engineering feats. The ability for the technology for doing some things that are very precise. And I think the Lotus Edge brings that experience to the physician.<br><br>**Sean Gilligan: [2]** These are very sick patients but the environment for the whole staff is more relaxed. And I think leads itself to better outcomes overall. And that is a huge motivator. But you also want to equip operators who have to do these procedures with the best technology possible where there is the opportunity for the least amount of mistakes. Most of the technologies out there today you don't have the opportunity to do a re-do. The opportunity with the Lotus, is that you do.<br><br>**Samuel Conaway: [3]** whenever you create these devices you have some hiccups along the way, some things you have to modify because we wanted to get the perfect device to marketplace. | **[1]** | • Opinion. *See* Br. Section II.C. | • Reasons for falsity – ¶¶232-236.<br>• Not opinion – no qualifying language. *See* Opp. Section III.B.3.<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• Not sincerely believed. *See* Opp. Section III.B.3. | Opinion (Reply at 8-10)<br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that the statement omitted the fact that the device was not "easy" to use, but the Company never claimed that Lotus was "easy" to use, only that its ability to be fully repositioned and retrieved offered physicians *ease*-of-use compared to competitor products.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |
| | | **[2]** | • Opinion. *See* Br. Section II.C. | • Reasons for falsity – ¶¶232-236.<br>• Not opinion – no qualifying language. *See* Opp. Sec. III.B.3.<br>• *Omnicare* omissions – omits material facts one would take from the statement. See Opp. Section III.B.3 | Opinion (Reply at 8-10)<br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that the statement omitted the fact that the device was not "easy" to use, but the Company never claimed that Lotus was "easy" to use, only that its ability to be fully repositioned and retrieved offered |

---

[1]    This chart copies Plaintiff's Exhibit A (ECF No. 62-1), filed in response to Defendants' Exhibit B, ECF No. 54-2, in its entirety and adds only the last column setting forth Defendants' Reply to Plaintiff's Response.  Plaintiff's Exhibit A added the column called "Plaintiff's Response," that responds to Defendants' arguments.  That column provides the relevant Complaint paragraphs identifying Defendants' allegedly false and misleading statements and the reasons Plaintiff contends they are false and misleading, and responds to Defendants' arguments about each statement.  Plaintiff also modified Defendants' original chart by restoring underlining contained in the Complaint that, in addition to the paragraphs explaining the alleged basis for falsity, assists the reader in identifying the elements of the statements that are challenged.

[2]    This column includes text of the allegedly misleading statement.  The bracketed numbers indicate the beginning of the statement alleged to be misleading.

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | **Niamh Brew: [4]** we wanted to keep all the benefits of the repositionability, the mechanical expansion of the valve, and kind of build on it, <u>make it a simpler device to use</u>.<br><br>**Dean Kereiakes: [5]** I think the iterations that have been made in this second generation, with Edge, <u>really make it much easier as an operator. Making the procedure easier for the operator usually means the outcomes are better for the patient</u>. | | | • Not sincerely believed. *See* Opp. Section III.B.3. | physicians *ease*-of-use compared to competitor products.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |
| | | [3] | • <u>Not False Or Misleading</u>. Plaintiff alleges that this statement is misleading because Lotus turned out to be "incredibly complex to use," but that allegation does not adequately show that Boston Scientific did not sincerely desire to make Lotus easy to use. *See* Br. Section II.A. | • <u>Reasons for falsity</u> – ¶¶232-236.<br>• <u>False and misleading.</u> The statement conveys that Boston Scientific was successful in making the device "easy to use" and omits material facts one would take from the statement, including that the engineers and clinicians responsible for it said it was the "most complicated device on the planet." ¶113. *See* Opp. Sec. III.B.1.<br>• <u>Not opinion</u> – no qualifying language. *See* Opp. Sec. III.B.3.<br>• *<u>Omnicare</u>* omissions – omits material facts one would take from the statement. See Opp. Section III.B.3.<br>• <u>Not sincerely believed</u>. See Opp. Section III.B.3. | <u>Not False Or Misleading</u> (Reply at 1, 8)<br>• References in public statements to Lotus's "ease-of-use" relate to the device's ability to be fully repositioned and retrieved, and Plaintiff has not (and could not) allege that the device did not have those features. |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | | [4] | • <u>Not False Or Misleading</u>. Plaintiff alleges that this statement is misleading because Lotus turned out to be "incredibly complex to use," but that allegation does not adequately show that Boston Scientific did not sincerely desire to make Lotus easy to use. *See* Br. Section II.A.<br>• <u>Opinion</u>. *See* Br. Section II.C. | • <u>Reasons for falsity</u> – ¶¶232-236.<br>• <u>False and Misleading.</u> The statement conveys that Boston Scientific was successful in making the device "easy to use" and omits material facts one would take from the statement, including that the engineers and clinicians responsible for it said it was the "most complicated device on the planet." ¶113. *See* Opp. Sec. III.B.1.<br>• <u>Not opinion</u> – no qualifying language. *See* Opp. Sec. III.B.3.<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• <u>Not sincerely believed.</u> *See* Opp. Section III.B.3. | <u>Not False Or Misleading (Reply at 1, 8)</u><br>• References in public statements to Lotus's "ease-of-use" relate to the device's ability to be fully repositioned and retrieved, and Plaintiff has not (and could not) allege that the device did not have those features.<br><br><u>Opinion (Reply at 8-10)</u><br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that the statement omitted the fact that the device was not "easy" to use, but the Company never claimed that Lotus was "easy" to use, only that its ability to be fully repositioned and retrieved offered physicians *ease*-of-use compared to competitor products.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |
| | | [5] | • <u>Opinion</u>. *See* Br. Section II.C. | • <u>Reasons for falsity</u> – ¶¶232-236.<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• <u>Not sincerely believed.</u> *See* Opp. Section III.B.3. | <u>Opinion (Reply at 8-10)</u><br>• Plaintiff alleges that the statement omitted the fact that the device was not "easy" to use, but the Company never claimed that Lotus was "easy" to use, only that its ability to be fully repositioned and retrieved offered physicians *ease*-of-use compared to competitor products. |

3

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | | | | | • Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |
| 230 | June 7, 2016 Jeffries Healthcare Conference [Tab 1 at 8][3]<br><br>**Susan Vissers Lisa: [6]** Ease of use, which I think maybe gets underestimated sometimes[, so our device is fully repositionable, fully retrievable] (Lisa) . . . So, I think it really is the **[7]** best-in-class parvalvular leak rates and then the ease of use.<br><br>**Susan Vissers Lisa: [8]** [Lotus] has been a nice growth story for us really driven by the outcomes and as well as the ease of use. | [6] | • <u>Prior To Class Period</u>.<br>• <u>Opinion</u>. *See* Br. Section II.C. | • <u>Reasons for falsity</u> – ¶¶232-236.<br>• <u>False when made and duty to correct.</u> The statement was false and misleading at the time it was made and Defendants had a duty to correct the false impression created by the misstatement. *See Backman v. Polaroid Corp.,* 910 F.2d 10, 16-17 (1st Cir.1990).<br>• <u>Not opinion</u> – no qualifying language. *See* Opp. Sec. III.B.3.<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• <u>Not sincerely believed.</u> *See* Opp. Section III.B.3. | <u>Not False Or Misleading/No Duty To Correct (Reply at 1, 8)</u><br>• References in public statements to Lotus's "ease-of-use" relate to the device's ability to be fully repositioned and retrieved, and Plaintiff has not (and could not) allege that the device did not have those features.<br><br><u>Opinion (Reply at 8-10)</u><br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that the statement omitted the fact that the device was not "easy" to use, but the Company never claimed that Lotus was "easy" to use, only that its ability to be fully repositioned and retrieved offered physicians *ease*-of-use compared to competitor products.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |

---

[3]    "Tab __" refers to the Appendix submitted with Defendants' motion to dismiss.

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | | [7] | • <u>Prior To Class Period.</u><br>• <u>Opinion</u>. *See* Br. Section II.C. | • <u>Reasons for falsity</u> – ¶¶232-236.<br>• <u>False when made and duty to correct.</u> The statement was false and misleading at the time it was made and Defendants had a duty to correct the false impression created by the misstatement. *See Backman v. Polaroid Corp.,* 910 F.2d 10, 16-17 (1st Cir.1990).<br>• <u>Not opinion</u> – no qualifying language. *See* Opp. Sec. III.B.3.<br>• *Omnicare* <u>omissions</u> – omits material facts one would take from the statement. *See* Opp. Section III.B.3<br>• <u>Not sincerely believed.</u> *See* Opp. Section III.B.3. | <u>Not False Or Misleading/No Duty To Correct (Reply at 1, 8)</u><br>• References in public statements to Lotus's "ease-of-use" relate to the device's ability to be fully repositioned and retrieved, and Plaintiff has not (and could not) allege that the device did not have those features.<br><br><u>Opinion (Reply at 8-10)</u><br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that the statement omitted the fact that the device was not "easy" to use, but the Company never claimed that Lotus was "easy" to use, only that its ability to be fully repositioned and retrieved offered physicians *ease*-of-use compared to competitor products.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
|  |  | **[8]** | • <u>Prior To Class Period</u>.<br>• <u>Opinion</u>. *See* Br. Section II.C. | • <u>Reasons for falsity</u> – ¶¶232-236.<br>• <u>False when made and duty to correct.</u> The statement was false and misleading at the time it was made and Defendants had a duty to correct the false impression created by the misstatement. *See Backman v. Polaroid Corp.*, 910 F.2d 10, 16-17 (1st Cir.1990).<br>• <u>Not opinion</u> – no qualifying language. *See* Opp. Sec. III.B.3.<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• <u>Not sincerely believed.</u> *See* Opp. Section III.B.3. | <u>Not False Or Misleading/No Duty To Correct (Reply at 1, 8)</u><br>• References in public statements to Lotus's "ease-of-use" relate to the device's ability to be fully repositioned and retrieved, and Plaintiff has not (and could not) allege that the device did not have those features.<br><br><u>Opinion (Reply at 8-10)</u><br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that the statement omitted the fact that the device was not "easy" to use, but the Company never claimed that Lotus was "easy" to use, only that its ability to be fully repositioned and retrieved offered physicians *ease*-of-use compared to competitor products.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |
| 229 | <u>September 12, 2017 Investor Conference [Tab 2 at 9]</u><br><br>**Michael Mahoney:** We do think Lotus is better [than Sapien]. We think the mechanical properties and the way you can position the Lotus valve is very unique. It's very unique for complex patients and oftentimes as you build a lot of trust with cardiologist, we can help them out with their most | **[9]** | • <u>Prior To Class Period</u>.<br>• <u>Opinion</u>. *See* Br. Section II.C. | • <u>Reasons for falsity</u> – ¶¶232-236.<br>• <u>False when made and duty to correct.</u> The statement was false and misleading at the time it was made and Defendants had a duty | <u>Not False Or Misleading/No Duty To Correct (Reply at 1, 8)</u><br>• References in public statements to Lotus's "ease-of-use" relate to the device's ability to be fully repositioned and retrieved, and Plaintiff has not (and could not) allege that the device did not have those features. |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | complex cases. **[9]** <u>So we think the mechanical ease of use properties are differentiated.</u> The PVL rates are best in class and the pacemaker rate continues to come down with Lotus Edge. <u>So, we think we've got at least on par offering and I think superior ease of use characteristics of it.</u> | | | to correct the false impression created by the misstatement. *See Backman v. Polaroid Corp.*, 910 F.2d 10, 16-17 (1st Cir.1990).<br>• <u>Not opinion</u> – no qualifying language. *See* Opp. Sec. III.B.3.<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• <u>Not sincerely believed</u>. *See* Opp. Section III.B.3. | Opinion (Reply at 8-10)<br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that the statement omitted the fact that the device was not "easy" to use, but the Company never claimed that Lotus was "easy" to use, only that its ability to be fully repositioned and retrieved offered physicians *ease*-of-use compared to competitor products.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |
| 237-238 | February 6, 2019 Conference Call [Tab 3 at 12-13]<br><br>**Glen John Navarro (RBC Capital Markets, LLC):** It sounds like the LOTUS launch is right around the corner, with Europe next month and U.S. a few months out. So I'm hoping you can talk a little bit about how you're going to be positioning LOTUS given you just have a high-risk label. Your launch of intermediate risk is probably still a few years away, and of course, we've got Edwards and Medtronic launching a low-risk in the second half of this year. So maybe talk to us about how you'll market LOTUS to cardiologists, including pricing strategy and willingness to bundle with Claret. | **[10]** | • <u>Puffery/Opinion</u>. *See* Br. Sections II.B and II.C.<br>• <u>Forward-Looking</u>. *See* Br. Section II.D. | • <u>Reasons for falsity</u> – ¶242.<br>• <u>Not puffery</u> – *See* Opp. Sec. III.B.2.<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• <u>Not sincerely believed.</u> *See* Opp. Section III.B.3<br>• <u>Not forward-looking.</u> *See* Opp. Sec. III.B.4. | Puffery (Mov. Br. at 29-30)<br>• The statement expressing the expectation that there would be "adequate" demand for Lotus constitutes puffery.<br><br>Opinion (Reply at 8-10)<br>• Plaintiff fails to identify what material facts were supposedly omitted that render this statement false.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | **Michael Mahoney:** This has been a journey for us with Lotus, but the product characteristics are very unique, and we're excited about the long-term growth prospects of this platform… [W]e think the differentiated features [of Lotus], the repositionability of it, the best PVL in the marketplace, and <u>also just the clinical experience of those who have been involved in our clinical trials</u>. [10] <u>So we believe there will be adequate demand for Lotus in the marketplace</u> and we want to obviously focus as we begin to launch this product in the second quarter on delivering excellent outcomes and strong experiences. This will be a key platform for us for many years. <u>So we think the market's there.</u><br><br>\*    \*    \*<br><br>**Robert Adam Hopkins (BofA Merrill Lynch):** I just actually wanted to follow up on LOTUS Edge given your comments. You're obviously offering some more specific time lines here. So I guess I'm curious what drives the sort of increased specificity on the time lines for approval, both in the U.S. and OUS. And then you mentioned a couple of times sort of a limited launch. And is there something that will hold you back a little bit when you – from a capacity perspective on LOTUS Edge once you get approval? Just curious why it isn't a full-blown launch immediately upon approval.<br><br>**Michael Mahoney:  [11]** We think the approval will likely happen potentially early in the second quarter versus mid-year. So that's good, and that's very good, and our team deserves it. <u>And that's reflected in the full structural hard guidance we gave at the $700 million, $725 million. And</u> | [11] | • <u>Puffery/Opinion</u>. *See* Br. Sections II.B. and II.C.<br>• <u>Forward-Looking</u>. *See* Br. Section II.D. | • <u>Reasons for falsity</u> – ¶242.<br>• <u>Not puffery</u> – *See* Opp. Sec. III.B.2.<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• <u>Not sincerely believed.</u> *See* Opp. Section III.B.3.<br>• <u>Not forward-looking</u> – *See* Opp. Sec. III.B.4. | <u>Forward-Looking (Mov. Br. at 31-33; Reply at 10)</u><br>• Statement clearly relates to future plans/expectations.<br>• Risk disclosures were meaningful and sufficient.<br><br><u>Puffery (Mov. Br. at 29-30)</u><br>• The statements expressing the expectation that Lotus launch would deliver "excellent" and "great" outcomes and "build[] greater confidence" with physicians constitutes puffery.<br><br><u>Opinion (Reply at 8-10)</u><br>• Plaintiff alleges that this statement omitted the "fact" that physicians did not view Lotus as a "workhorse" valve, but that assertion only highlights the ultimate outcome of the launch and is reflective of Plaintiff's "fraud by hindsight" theory.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement.<br><br><u>Forward-Looking (Mov. Br. at 31-33; Reply at 10)</u> |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | simply speaking, with the Lotus Valve, we want to ensure that we deliver this exceedingly well, to get out of the gate strong, to build up a strong reputation for the product in the U.S. And so like we've commented in the past, this is very unlike – it's not like a DES launch. It's similar to what we did with Watchman, similar to what we done in Acurate in Europe, where key training and proctoring will be part of it. And so, we're not going to launch in hundreds of centers out of the gate like we would with a DES launch. So it will be smartly planned, delivering excellent outcomes, building greater confidence with the physician community, leveraging Claret with protected TAVR, the only company that can do that, and building momentum. And so you'll see us, much like the Watchman launch, continue to open centers over time, deliver great outcomes, and similar to Watchman, we've increased utilization rates each quarter by doing so. | | | | • Statement clearly relates to future plans/expectations. <br><br> • Risk disclosures were meaningful and sufficient. |
| 240-241 | <u>April 24, 2019 Conference Call</u> [Tab 8 at 7, 18] <br><br> **Michael Mahoney:** We believe Lotus Edge is a differentiated valve that will be sought after by physicians and operators, **[12]** <u>both as a workhorse valve</u> as well as a valve that can be counted on to provide superior outcomes in complex cases, such as heavy calcified native valves and bicuspid valves. . . . the combined strength of WATCHMAN, ACURATE, LOTUS Edge and Sentinel position us well to deliver on our guidance for $700 million to $725 million in structural heart revenue in 2019. (Mahoney) <br><br> **Michael Mahoney: [13]** I think in the U.S., we're very confident in the capabilities of LOTUS | **[12]** | • <u>Puffery/Opinion</u>. *See* Br. Sections II.B and II.C. <br> • <u>Forward-Looking</u>. *See* Br. Sections II.D. | • <u>Reasons for falsity</u> – ¶242. <br> • <u>Not puffery</u>. *See* Opp. Sec. III.B.2. <br> • *Omnicare* <u>omissions</u> – omits material facts one would take from the statement. *See* Opp. Section III.B.3. <br> • <u>Not sincerely believed</u>. *See* Opp. Section III.B.3. <br> • <u>Not forward-looking</u> – *See* Opp. Sec. III.B.4. | <u>Puffery (Mov. Br. at 29-30)</u> <br> • Expression of belief that Lotus could become a workhorse valve constitutes puffery. <br><br> <u>Opinion (Reply at 8-10)</u> <br> • Plaintiff alleges that this statement omitted the "fact" that physicians did not view Lotus as a "workhorse" valve, but that assertion only highlights the ultimate outcome of the launch and is reflective of Plaintiff's "fraud by hindsight" theory. <br> • Plaintiff's conclusory assertion that this opinion was not sincerely |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | Valve. This is not a low-tier segment offering. And so you'll see LOTUS priced at competitive rates with the market in the U.S. . . . [A]t the end of the day, the valve does need to stand alone in terms of its clinical efficacy, safety, and the benefits. Doctors typically aren't going to choose a TAVI valve just because it costs less money. And so we're delivering very good outcomes with Acurate. You've seen a lot of the clinical data there, and also Lotus. So pricing obviously is important, but it's a different environment than drug-eluting stents. | | | | believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement.<br><br>Forward-Looking (Mov. Br. at 31-33; Reply at 10)<br>• Statement clearly relates to future plans/expectations.<br>• Risk disclosures were meaningful and sufficient. |
| | | [13] | • Not False Or Misleading. *See* Br. Section II.A.<br>• Puffery/Opinion. *See* Br. Sections II.B and II.C.<br>• Forward-Looking. *See* Br. Section II.D. | • Reasons for falsity – ¶242.<br>• False and Misleading. *See* Opp. Sec. III.B.1.<br>• Not puffery. *See* Opp. Sec. III.B.2.<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• Not sincerely believed. *See* Opp. Section III.B.3.<br>• Not forward-looking – *See* Opp. Sec. III.B.4. | Not False Or Misleading<br>• Plaintiff makes no allegations as to why this statement is false or misleading  (AC ¶ 242)<br><br>Puffery (Mov. Br. at 29-30)<br>• The statement expressing "confiden[ce]" in Lotus's capabilities constitutes puffery.<br><br>Opinion (Reply at 8-10)<br>• Plaintiff fails to identify what material facts were supposedly omitted that render this statement false.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement.<br><br>Forward-Looking (Mov. Br. at 31-33; Reply at 10) |

10

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | | | | | • Statement clearly relates to future plans/expectations.<br>• Risk disclosures were meaningful and sufficient. |
| 243 | May 29, 2019 Bernstein Conference [Tab 10 at 9]<br><br>**Unknown Analyst:** LOTUS Edge was FDA-approved in April, giving you an approved TAVR valve in the U.S. for the first time. You now have a compelling 2-valve portfolio in Europe with ACURATE neo and LOTUS, and you've got the Sentinel technology, as you mentioned, as well. How should investors be thinking about your strategy (…) in the U.S. given your biggest competitor's head start and LOTUS' current high-risk-only indication?<br><br>**Michael Mahoney:** Yeah, we're very excited. This has been the biggest investment of the company for a number of years now. And now we're entering the market that'll be well over $5 billion growing, call it double digits. And our U.S. business is extremely low. And so, at PCR last week, we're the only company globally that'll serve, we think, the full menu for a physician. So, many physicians like a super annular valve, more like a Medtronic offering, and more physicians prefer an intra-annular valve which is more like a Lotus valve. And these tables like the supra-annular valve, this is like intra-annular valve. So, we're the only company that offers both of those platforms. But we're also the only company that offers protected TAVI with our Claret device.<br><br>And so seeing the reaction in Europe where we have now both valves in the marketplace and the flexibility not only for contracting but also the | [14] | • <u>Puffery/Opinion.</u> *See* Br. Sections II.B and II.C. | • <u>Reasons for falsity</u> – ¶¶247-48.<br>• <u>Not puffery.</u> *See* Opp. Sec. III.B.2.<br>• <u>Not opinion</u> – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• <u>Not sincerely believed.</u> *See* Opp. Section III.B.3. | <u>Puffery (Mov. Br. at 29-30)</u><br>• The statement that Mr. Mahoney was "excited" about the Lotus launch and that it was "going well" constitutes puffery.<br><br><u>Opinion (Reply at 3-4, 8-10)</u><br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that this statement omitted details about Lotus sales, but the Lotus launch was "on track" during the Class Period and the Company did in fact open 150 Lotus accounts; whether or not the Company was meeting its internal sales targets is a separate inquiry from whether the Company was on track to reach its stated goal of opening 150 accounts, and the Company did not need to disclose details regarding those internal targets.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |

11

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | unique clinical benefits of Lotus with Claret, Acurate with Claret. It's very unique. **[14]** And so, we're excited about bringing that to the U.S. market, just started in the Lotus launch, which is going well. And we'll start rolling the Acurate clinical trial in the U.S. the back half of 2019. | | | | |
| 244 | June 26, 2019 Company Investor Day [Tab 11 at 51] <br><br>**Shawn McCarthy:** Lotus Edge, we're extremely excited about our launch, obviously selling both in Europe and the U.S. And we believe we're offering unmatched control and predictability. It's designed to give physicians what they want on the table acutely, but also give patients what they need over time, the chronic long-term solutions. We have designed Lotus Edge to deliver the best-in-class PVL outcomes to nail your delivery exactly where you want it, never have a malposition, having superior stroke rates as seen in our study in REPRISE III, and also competitive pacemaker rates. And as you know, we're commercializing both in Europe and in the U.S. as we speak… <br><br>Our focus is to drive sticky adoption, right, to make sure – as this product is different than original Lotus and it's unique because it's the only repositionable and retrievable valve on the planet. **[15]** So, of course, we'll want to make sure we're doing the exact work we will as a world-class organization to train physicians to use and reuse the technology. So, our focus will be to launch in roughly 150 accounts within the first 12 months of | [15] | • Puffery/Opinion. *See* Br. Sections II.B and II.C.<br>• Forward-Looking. *See* Br. Section II.D. | • Reasons for falsity – ¶¶247-48.<br>• Not puffery. *See* Opp. Sec. III.B.2.<br>• Not opinion – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• Not sincerely believed. *See* Opp. Section III.B.3.<br>• Not forward-looking – *See* Opp. Sec. III.B.4. | Puffery (Mov. Br. at 29-30)<br>• Mr. McCarthy's statement touting the Company's status as a "world-class organization" and the work it does constitutes puffery.<br><br>Opinion (Reply at 8-10)<br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that the statement omitted facts about the safety of the launch, but does not allege that the launch did not comply with FDA requirements.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement.<br><br>Forward-Looking (Mov. Br. at 31-33; Reply at 10)<br>• Statement clearly relates to future plans/expectations.<br>• Risk disclosures were meaningful and sufficient. |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | launch and then soon after we'll start to increase the rate of new customers.<br><br>[16] Early indications I would suggest are very positive. We can share with you some anecdotes and some quotes. Some of you were at the TCT Conference in Chicago just a couple of weeks ago, but if I could share a couple of those key quotes with leading physicians in our marketplace. One of them suggested, "With Lotus, perfection is normal." We're normalizing perfection. And nothing else feels like Lotus Edge. | [16] | • Puffery/Opinion. *See* Br. Sections II.B and II.C.<br>• Forward-Looking. *See* Br. Section II.D. | • Reasons for falsity – ¶¶247-48.<br>• Not puffery. *See* Opp. Sec. III.B.2.<br>• Not opinion – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• Not sincerely believed. *See* Opp. Section III.B.3.<br>• Not forward-looking – *See* Opp. Sec. III.B.4. | Puffery (Mov. Br. at 29-30)<br>• Mr. McCarthy's statement regarding the "very positive" early indications relating to the Lotus launch constitutes puffery.<br><br>Opinion (Reply at 3-4, 8-10)<br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that this statement omitted details about Lotus sales, but the Lotus launch was "on track" during the Class Period and the Company did in fact open 150 Lotus accounts; whether or not the Company was meeting its internal sales targets is a separate inquiry from whether the Company was on track to reach its stated goal of opening 150 accounts, and the Company did not need to disclose details regarding those internal targets.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement.<br><br>Forward-Looking (Mov. Br. at 31-33; Reply at 10)<br>• Statement clearly relates to future plans/expectations.<br>• Risk disclosures were meaningful and sufficient. |

13

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| 245-246 | July 24, 2019 Company Earnings Call [Tab 12 at 6, 10-11]<br><br>**Michael Mahoney: [17]** <u>The Lotus Edge controlled launch is going extremely well. Positive physician feedback highlights the benefit of complete control and drama free TAVR. We are on pace to open the 150 accounts in the first 12 months that we cited in Investor Day.</u> And we're very confident that our launch approach will position both Lotus Edge and our entire structural heart portfolio for long term leadership in this substantial market.<br><br>We see a significant opportunity in the high risk labeling we have today. And we're actively enrolling for our U.S. REPRISE IV clinical trial to expand the indication to intermediate risk patients.<br><br>You'll see greater acceleration of LOTUS Edge, which <u>we're very pleased with the initial results of the second quarter.</u><br><br>*       *       *<br><br>**David Ryan Lewis (Morgan Stanley):** Just one quick follow-up on LOTUS. Thanks for the feedback on center traction and the number of centers. Can you give us any sense of average center penetration from a case basis? Should we still expect this rollout to be controlled through the end of 2019? And did Sentinel -- frankly, was Sentinel capacity still an issue here in the second quarter? | [17] | • <u>Puffery/Opinion</u>. *See* Br. Sections II.B and II.C.<br>• <u>Forward-Looking</u>. *See* Br. Section II.D. | • <u>Reasons for falsity</u> – ¶¶247-48.<br>• <u>Not puffery</u>. *See* Opp. Sec. III.B.2.<br>• <u>Not opinion</u> – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• <u>Not sincerely believed.</u> *See* Opp. Section III.B.3.<br>• <u>Not forward-looking</u> – *See* Opp. Sec. III.B.4. | <u>Puffery (Mov. Br. at 29-30)</u><br>• Mr. Mahoney's statements regarding the Lotus launch going "extremely well" and discussing "positive" feedback constitute puffery.<br><br><u>Opinion (Reply at 3-4, 8-10)</u><br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that this statement omitted details about Lotus sales, but the Lotus launch was "on track" during the Class Period and the Company did in fact open 150 Lotus accounts; whether or not the Company was meeting its internal sales targets is a separate inquiry from whether the Company was on track to reach its stated goal of opening 150 accounts, and the Company did not need to disclose details regarding those internal targets.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement.<br><br><u>Forward-Looking (Mov. Br. at 31-33; Reply at 8-10)</u><br>• Statement regarding the Lotus launch being "on pace" is a protected forward-looking statement. |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | **Michael Mahoney:** On Lotus, really pleased. We're essentially delivering per our commitment. **[18]** <u>The 150 accounts that we expect to open, we're on track to deliver that</u>. We're not going to provide kind of share data or usage data by account. But I would say, this has been a long time coming to bring this to market. And anecdotally, I would say doctors are pleasantly surprised by the unique features that it delivers. The controlled use of the device, the ability to reposition, and the elimination of the PBL. It's delivering on its promise. **[19]** <u>And given the investment that we've made, the time that it's taken, we're really focused on quality, strong patient outcomes, and proctoring. And we're in this for the long run with two valves. And [we're] going to deliver as planned our financial commitment and the rollout of Lotus.</u> | | | | • Risk disclosures were meaningful and sufficient. |
| | | **[18]** | • <u>Puffery/Opinion</u>. *See* Br. Sections II.B and II.C.<br>• <u>Forward-Looking</u>. *See* Br. Section II.D. | • <u>Reasons for falsity</u> – ¶¶247-48.<br>• <u>Not puffery.</u> *See* Opp. Sec. III.B.2.<br>• <u>Not opinion</u> – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* <u>omissions</u> – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• <u>Not sincerely believed.</u> *See* Opp. Section III.B.3.<br>• <u>Not forward-looking</u> – *See* Opp. Sec. III.B.4. | Puffery (Mov. Br. at 29-30)<br>• Mr. Mahoney's statement about the "expect[ing]" to open 150 accounts constitutes puffery.<br><br>Opinion (Reply at 8-10)<br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that this statement omitted details about Lotus sales, but the Lotus launch was "on track" during the Class Period and the Company did in fact open 150 Lotus accounts; whether or not the Company was meeting its internal sales targets is a separate inquiry from whether the Company was on track to reach its stated goal of opening 150 accounts, and the Company did not need to disclose details regarding those internal targets.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | | | | | Forward-Looking (Mov. Br. at 31-33; Reply at 8-10)<br>• Statement regarding the Lotus launch being "on track" is a protected forward-looking statement.<br>• Risk disclosures were meaningful and sufficient. |
| | | [19] | • Puffery/Opinion. *See* Br. Sections II.B and II.C.<br>• Forward-Looking. *See* Br. Section II.D. | • Reasons for falsity – ¶¶247-48.<br>• Not puffery. *See* Opp. Sec. III.B.2.<br>• Not opinion – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• Not sincerely believed. *See* Opp. Section III.B.3.<br>• Not forward-looking – *See* Opp. Sec. III.B.4. | Puffery (Mov. Br. at 29-30)<br>• Mr. Mahoney's general statements about the Company's investments, focus, and plans constitute puffery.<br><br>Opinion (Reply at 8-10)<br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that the statement omitted facts about the safety of the launch, but does not allege that the launch did not comply with FDA requirements.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement.<br><br>Forward-Looking (Mov. Br. at 31-33; Reply at 10)<br>• Statement clearly relates to future plans/expectations.<br>• Risk disclosures were meaningful and sufficient. |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| 249 | **August 8, 2019 Canaccord Conference [Tab 13 at 11-12]**<br><br>**Susan Vissers Lisa:** [W]e're really excited early days of Lotus. We're doing a controlled release because we are seeing it used initially in more complex patients who are very well suited, bicuspid, very heavily calcified native and A[ortic] S[tenosis]. So, physicians, I think, frankly, are probably a little skeptical kind of where this has been. And then they do these cases and have great outcomes. And there's a hashtag #dramafreeTAVR. So, we're excited about that. And then part of this controlled release is to make sure it doesn't stay niche in those more complex patients but that repositionability, retrievability, control all gets levered into your more plain vanilla cases as well. To date, it's small. It's early days, but we are seeing it typically added as a third valve, to answer your question. And we see it, depending on physician preferences or patient case characteristics, it can take share from either player. **[20]** *Still a healthy market.* We're not going to make -- I think it always makes sense to look more at 120-day windows as opposed to 90- or 60-day windows. But I think still a very healthy market to us. And even though we only have extreme and high-risk indications, that's still -- we have essentially 0% market in the U.S. and are enrolling our intermediate-risk study in LOTUS right now, that's REPRISE IV, as well as the ACURATE IDE to bring that with extreme, high and intermediate risk.<br><br>**[21]** So I think that you've seen very good price discipline in the TAVR market and that is always our playbook as well, is not to use discounting as a strategy. So we're selling Lotus on a | **[20]** | • Puffery/Opinion. *See* Br. Sections II.B and II.C. | • Reasons for falsity – ¶250.<br>• Not puffery. *See* Opp. Sec. III.B.2.<br>• Not opinion – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• Not sincerely believed. *See* Opp. Section III.B.3. | Puffery (Mov. Br. at 29-30)<br>• Ms. Lisa's statement about a "healthy market" constitutes puffery, especially when read in full context given her acknowledgement that "we [currently] have essentially 0% market in the U.S."<br><br>Opinion (Reply at 4 & n.5, 8-10)<br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that the statement omitted the fact that discounts were being offered on Lotus, but Plaintiff's own allegations show that no discounts were being offered at this time.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |
| | | **[21]** | • Not False Or Misleading. Plaintiff alleges that the Company was using discounting by this time, citing FE 2, but FE 2's allegations regarding selling on consignment and offering bulk order discounts pertained to a later point in time. *See* Br. Section II.A. | • Reasons for falsity – ¶250.<br>• False and misleading – Statement about discounting was false when made because Complaint alleges discounting began at full launch in July and August timeframe. ¶¶96, 241, 249-50, 259 (discounting began at "full launch"); ¶256 ("full launch" started July and August | Not False Or Misleading<br>• "Full launch" began in Fall 2019, not July or August. *See* Reply at 4 n.4. Thus no discounting was occurring when this statement was made.<br><br>Puffery (Mov. Br. at 29-30)<br>• Ms. Lisa's reference to "very good price discipline" constitutes puffery.<br><br>Opinion (Reply at 4 & n.5, 8-10) |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | differentiation, but there can be more flexibility on again kind of a commercial bundle or category shift with SENTINEL which will also sell standalone if you're using a different type of device, but then there can be a bundle if you're using Lotus or ACURATE. | | • Puffery/Opinion. *See* Br. Sections II.B and II.C. | timeframe). *See* Opp. Sec. III.B.1.<br>• Not puffery. *See* Opp. Sec. III.B.2.<br>• Not opinion – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• Not sincerely believed. *See* Opp. Section III.B.3. | • "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that the statement omitted the fact that discounts were being offered on Lotus, but Plaintiff's own allegations show that no discounts were being offered at this time.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |
| 251, 253 | September 5, 2019 Wells Fargo Health Care Conference [Tab 14 at 9-10]<br><br>**Michael Mahoney: [22]** <u>LOTUS is going very well</u>. We have spent a lot of time in LOTUS cases and we're spending a lot of time in that area. And we aim to open up about 150 centers during the first year. So, it's not going after every single hospital, but the results have been very strong. <u>We're seeing very high reorder rates of LOTUS, and the launch really is going as planned as adjusted in 2019</u>. Not as planned in 2016, where we had some challenges with it. But we're very pleased with it. And I think, at the end of the day, you've got doctors who are – who've been implanting Edwards or Medtronic for a while. And so I think what's important is you really can't come up with a kind of a me-too product. It has to be uniquely differentiated to make an impact and that's exactly what LOTUS is. And when you see physicians use it, and it literally eliminates P[ara] V[alvular] L[eak] like a surgery – surgical | [22] | • Not False Or Misleading. Re-order rate allegations are not alleged to have applied as early as September 2019; no allegation that this statement *was false when made. See* Br. Section II.A.<br>• Puffery/Opinion. *See* Br. Sections II.B and II.C. | • Reasons for falsity – ¶252.<br>• False and misleading – Numerous allegations of falsity, including internal documents showing that "to date"—i.e., from launch through mid-2020—only a handful of centers were re-ordering at all. ¶131. *See* Opp. Sec. III.B.1.<br>• Not puffery. *See* Opp. Sec. III.B.2.<br>• Not opinion – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3. | Not False Or Misleading<br>• Allegation fails to rebut fact—expressed in numerous statements throughout Class Period—that *existing* sites were using Lotus regularly.<br><br>Puffery (Mov. Br. at 29-30)<br>• Mr. Mahoney's statement that Lotus is "going very well" constitutes puffery.<br><br>Opinion (Mov. Br. at 29; Reply at 8-10)<br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that the statement omitted details about reorder rates, but even the internal documents Plaintiff cites confirm that some centers were reordering Lotus. |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | procedure would. And the flexibility that they have to position the valve is very unique versus our competition. And it requires that differentiation in order to make an impact in a market that has two strong competitors in it. <u>So, we're seeing strong reorder rates with it</u>.<br><br>\*    \*    \* | | | • Not sincerely believed. *See* Opp. Section III.B.3. | • Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |
| | **Lawrence H. Biegelsen (Wells Fargo):** Mike, on LOTUS, when we hear -- talk to the competition, the competition is saying it's kind of been a more deliberate rollout, if you will, Europe and the U.S., which is understandable. When do you kind of put your foot on the gas a little bit more on LOTUS?<br><br>**Michael Mahoney: [23]** Well, it -- I would say deliberate control, whatever word you want to use, that's absolutely true because we want to have excellent outcomes, whether we know the size of this market. And we want the experience to be very positive with physicians and the reputation to be very strong. And so we're not in this just for 2019 or 2020. We're in this TAVR market for the next -- forever. And so it's important for us to have great outcomes. And the key is physicians have to be proctored. And so you can't take a doctor who's been implanting the competition for | [23] | • <u>Puffery/Opinion</u>. *See* Br. Sections II.B and II.C. | • <u>Reasons for falsity</u> – ¶254.<br>• <u>Not puffery</u>. *See* Opp. Sec. III.B.2.<br>• <u>Not opinion</u> – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• <u>Not sincerely believed</u>. *See* Opp. Section III.B.3. | <u>Puffery (Mov. Br. at 29-30)</u><br>• Mr. Mahoney's statements about "deliberate control" and that "we *want* to have excellent outcomes" (emphasis added) constitute puffery.<br><br><u>Opinion (Reply at 8-10)</u><br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that the statement omitted facts about the safety of the launch, but does not allege that the launch did not comply with FDA requirements.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |

19

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | 5 years and just put LOTUS in it because it requires proctoring to different deployment mechanisms. So that's why you have more of a controlled launch.<br><br>**Susan Vissers Lisa:** Given the differentiation of LOTUS and that predictability and control, you are seeing kind of out of the gate site trying it in their most complex patients, those with heavy calcification or bicuspid patients as well. **[24]** <u>So back to ensuring terrific outcomes, that's another reason for the controlled launch.</u> And then over time, it is a workhorse valve making sure that that's the role that it takes over. | **[24]** | • <u>Puffery/Opinion</u>. *See* Br. Sections II.B and II.C. | • <u>Reasons for falsity</u> – ¶254.<br>• <u>Not puffery.</u> *See* Opp. Sec. III.B.2.<br>• <u>Not opinion</u> – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• <u>Not sincerely believed.</u> *See* Opp. Section III.B.3. | <u>Puffery (Mov. Br. at 29-30)</u><br>• Ms. Lisa's statement about doing a controlled launch to ensure "terrific" outcomes constitutes puffery.<br><br><u>Opinion (Reply at 8-10)</u><br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that the statement omitted facts about the safety of the launch, but does not allege that the launch did not comply with FDA requirements.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |
| 231, 255-256, 258 | <u>September 27, 2019 TCT Conference [Tab 15 at 7, 12, 15, 37]</u><br><br>**¶231 (SLIDES) David Rizik: [25]** Lotus Edge represents a broad spectrum therapy for valvular heart disease. Many TAVR operators, myself included, consider this first line therapy; others utilize it for their most complex aortic valve anatomies given its consistent performance. <u>I believe its ease of use sets it apart, making Lotus Edge a superb choice for operators early in their TAVR experience.</u><br><br>**¶255 (INVESTOR CALL) Kevin Ballinger: [26]** And finally on structural heart . . . . A lot of good momentum here, obviously. . . . So we're | **[25]** | • <u>Opinion.</u> *See* Br. Section II.C. | • <u>Reasons for falsity</u> – ¶¶232-36.<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• <u>Not sincerely believed.</u> *See* Opp. Section III.B.3 | <u>Opinion (Reply at 8-10)</u><br>• Plaintiff alleges that the statement omitted the fact that the device was not "easy" to use, but the Company never claimed that Lotus was "easy" to use, only that its ability to be fully repositioned and retrieved offered physicians *ease*-of-use compared to competitor products.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | positive, we're encouraged on LOTUS. <u>The early stages of the launch is now going very, very well.</u> We are <u>on track to open 150 accounts in the first year</u>, and that's the first year from FDA approval, which was April. So by Q2-ish next year, just to give you a sense of the pace of our plans to launch, we'll plan to be in 150 or more accounts. We're launching it in a very thoughtful, measured way.<br><br>**¶256 Kevin Ballinger:** Just on the US LOTUS launch, so what I would say is the ramp has now accelerated and the mode that we predicted in terms of the – so opening the number of accounts per month that we predicted at full launch. **[27]** And so we purposely, over the course of the summer, <u>were more in a self-constrained, limited market evaluation mode</u>. And we started loosening that obviously in the July and August timeframe with a stronger ramp and now September. <u>We've launched about the number of accounts that we think is appropriate to ensure that we do exceptional proctoring, training, and giving the product the best chance possible to stick and get the attention that we need.</u><br><br>\*        \*        \*<br><br>**Unknown Analyst:** So you got me thinking about your launch of LOTUS in the U.S. As you think about the progression of the launch relative to plan, has this distraction over low-risk inflection kind of altered your view about our how that launch is going? And just more broadly, how is that launch going kind of relative to plan? And when should we consider this being a full | [26] | • <u>Puffery/Opinion.</u> *See* Br. Sections II.B and II.C.<br>• <u>Forward-Looking.</u> *See* Br. Section II.D. | • <u>Reasons for falsity</u> – ¶¶257, 259.<br>• <u>Not puffery.</u> *See* Opp. Sec. III.B.2.<br>• <u>Not opinion</u> – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• <u>Not sincerely believed.</u> *See* Opp. Section III.B.3.<br>• <u>Not forward-looking</u> – *See* Opp. Sec. III.B.4. | <u>Puffery (Mov. Br. at 29-30)</u><br>• Mr. Ballinger's statement that the "early stages" of the launch are going "very, very well" constitutes puffery.<br><br><u>Opinion (Reply at 3-4, 8-10)</u><br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that this statement omitted details about Lotus sales, but the Lotus launch was "on track" during the Class Period and the Company did in fact open 150 Lotus accounts; whether or not the Company was meeting its internal sales targets is a separate inquiry from whether the Company was on track to reach its stated goal of opening 150 accounts, and the Company did not need to disclose details regarding those internal targets.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement.<br><br><u>Forward-Looking (Mov. Br. at 31-33; Reply at 8-10)</u><br>• Statement regarding the Lotus launch being "on track" is a protected forward-looking statement. |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | commercial versus moderately commercial launch?<br><br>**¶258 Kevin Ballinger: [28]** So I think really I would say September, this past month, and we're now almost into October was really the – what I would call the full launch mode in terms of opening the number of accounts we plan to on a go-forward basis per month. So we're kind of at that clip now fully ramp through LME and launching the rest of the multiple next months will look like September in terms of account openings. I'd say there's been very little distraction by this low risk expansion, and I think you gave wildly different views on what that all means. But I think – the one thing about LOTUS and I've talked a lot about this before is even for the staunchest CoreValve or SAPIEN users, for the most part we hear them say LOTUS has a role, after using it, then they say that even more strongly after using it, LOTUS has a place. Now what does that mean in terms of share? Well, it varies by account. So some users, we're already seeing will adopt this as a mainline therapy, front-line workhorse product. Others are kind of dipping their toe in the water around more complex cases. So it's an interesting dynamic; in all my years in this space, you typically would go and launch a product and typically it'd be first used in relatively simple patients and you work your way up from there. And it's flipped on its head with LOTUS that in many situations it's used in the absolute toughest of the tough cases, where they literally reserve that patient like this – we need a LOTUS here. And so – and it might be their first experience. And so I guess, the good news is I think pretty | | | | • Risk disclosures were meaningful and sufficient. |
| | | [27] | • Puffery/Opinion. *See* Br. Sections II.B and II.C.<br>• Forward-Looking. *See* Br. Section II.D. | • Reasons for falsity – ¶¶257, 259.<br>• Not puffery. *See* Opp. Sec. III.B.2.<br>• Not opinion – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• Not sincerely believed. *See* Opp. Section III.B.3.<br>• Not forward-looking – *See* Opp. Sec. III.B.4. | Puffery (Mov. Br. at 29-30)<br>• Mr. Ballinger's statements about ensuring "exceptional proctoring" and "giving the product the best chance possible to stick" constitute puffery.<br><br>Opinion (Reply at 8-10)<br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that the statement omitted facts about the safety of the launch, but does not allege that the launch did not comply with FDA requirements.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement.<br><br>Forward-Looking (Mov. Br. at 31-33; Reply at 10)<br>• Statement clearly relates to future plans/expectations.<br>• Risk disclosures were meaningful and sufficient. |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | frequently where they might have a perception that it's a complicated device, they use it five times, it is not a complicated device and it actually takes stress out of the procedure. | [28] | • Puffery/Opinion. *See* Br. Sections II.B and II.C.<br>• Forward-Looking. *See* Br. Section II.D. | • Reasons for falsity – ¶259.<br>• Not puffery. *See* Opp. Sec. III.B.2.<br>• Not opinion – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• Not sincerely believed. *See* Opp. Section III.B.3.<br>• Not forward-looking – *See* Opp. Sec. III.B.4. | Puffery (Mov. Br. at 29-30)<br>• Mr. Ballinger's general reference to plans for numbers of account openings constitutes puffery.<br><br>Opinion (Reply at 8-10)<br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that this statement omitted the reason for entering "full launch" mode, but does not explain why such an explanation was necessary to make the statement not false or misleading.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement.<br><br>Forward-Looking (Mov. Br. at 31-33; Reply at 10)<br>• Statement clearly relates to future plans/expectations.<br>• Risk disclosures were meaningful and sufficient. |
| 260-261, 263 | October 23, 2019 Earnings Call [Tab 16 at 7, 12 14]<br><br>¶260 Michael Mahoney: [29] The LOTUS Edge launch is going extremely well, and we're building momentum in both the U.S. and Europe. We remain on path -- on pace to open 150 accounts in our first 12 months in the U.S., and we're | [29] | • Puffery/Opinion. *See* Br. Sections II.B and II.C.<br>• Forward-Looking. *See* Br. Section II.D. | • Reasons for falsity – ¶262.<br>• Not puffery. *See* Opp. Sec. III.B.2.<br>• Not opinion – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts | Puffery (Mov. Br. at 29-30)<br>• Mr. Mahoney's statement that the Lotus launch was going "extremely well" constitutes puffery.<br><br>Opinion (Reply at 3-4, 8-10)<br>• "qualifying language" not required to constitute opinion. |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | currently in a limited market release for the 15 French iSLEEVE introducer sheath. We also remain on track to launch in Japan in 2020 and continue to enroll the REPRISE IV U.S. clinical trial to expand indication to intermediate-risk patients.<br><br>**¶261 Michael Mahoney:** We'[re] very excited [where] we are with Lotus. We haven't seen a tremendous change in terms of market growth, but the outcomes with LOTUS have been very favorable. We think it offers some very compelling differentiation versus our competition. **[30]** <u>And we're really on track with our opening the 150 accounts really per our plan</u>. And I made comments on ACURATE before. So I think the combination of all these things within cardiology are going to lead to nicely above growth versus the BSX overall average as you look forward to 2020 and it's really that strategy of diversification and new complex coronary and structural heart that's working.<br><br>\*          \*          \*<br><br>**¶263 Frederick Allen Wise (Stifel, Nicolaus & Company)**: Let me turn to LOTUS for a moment. It sounds like everything with the launch is on track. Can you just expand on your comments on the 15 French sheath launch? It sounds like you're still in limited launch. We've heard from physicians that the smaller sheath size really makes a big difference. You said it was going to be the fourth quarter for a full launch, I think. Where are you -- where in the fourth quarter is it happening? And with that launch, would we | | | one would take from the statement. *See* Opp. Section III.B.3.<br>• <u>Not sincerely believed.</u> *See* Opp. Section III.B.3.<br>• <u>Not forward-looking</u> – *See* Opp. Sec. III.B.4. | • Plaintiff alleges that this statement omitted details about Lotus sales, but the Lotus launch was "on track" during the Class Period and the Company did in fact open 150 Lotus accounts; whether or not the Company was meeting its internal sales targets is a separate inquiry from whether the Company was on track to reach its stated goal of opening 150 accounts, and the Company did not need to disclose details regarding those internal targets.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement.<br><br>Forward-Looking (Mov. Br. at 31-33; Reply at 8-10)<br>• Statement regarding the Lotus launch being "on pace" is a protected forward-looking statement.<br>• Risk disclosures were meaningful and sufficient. |
| | | [30] | • Puffery/Opinion. *See* Br. Sections II.B and II.C.<br>• Forward-Looking. *See* Br. Section II.D. | • <u>Reasons for falsity</u> – ¶262.<br>• <u>Not puffery.</u> *See* Opp. Sec. III.B.2.<br>• <u>Not opinion</u> – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts | Puffery (Mov. Br. at 29-30)<br>• Mr. Mahoney's statement about general status/progress of the launch constitutes puffery.<br><br>Opinion (Reply at 8-10)<br>• "qualifying language" not required to constitute opinion. |

24

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | expect to see a step-up or an acceleration in LOTUS utilization into 2020?<br><br>**Ian Meredith:** So, the limited market release is going very well. It's on track and the plans haven't changed thus far. We see this will have an impact on the ability to take in more patients, there'll be fewer exclusions. Probably 5% of patients are being excluded on vessel size. **[31]** <u>But the rollout of Lotus Edge of course is a planned controlled release. And in the short term, it will be determined by training</u>. | | | one would take from the statement. *See* Opp. Section III.B.3.<br>• <u>Not sincerely believed.</u> *See* Opp. Section III.B.3.<br>• <u>Not forward-looking</u> – *See* Opp. Sec. III.B.4. | • Plaintiff alleges that this statement omitted details about Lotus sales, but the Lotus launch was "on track" during the Class Period and the Company did in fact open 150 Lotus accounts; whether or not the Company was meeting its internal sales targets is a separate inquiry from whether the Company was on track to reach its stated goal of opening 150 accounts, and the Company did not need to disclose details regarding those internal targets.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement.<br><br><u>Forward-Looking (Mov. Br. at 31-33; Reply at 8-10)</u><br>• Statement regarding the Lotus launch being "on track" is a protected forward-looking statement.<br>• Risk disclosures were meaningful and sufficient. |
| | | **[31]** | • <u>Puffery/Opinion</u>. *See* Br. Sections II.B and II.C.<br>• <u>Forward-Looking</u>. *See* Br. Section II.D. | • <u>Reasons for falsity</u> – ¶266.<br>• <u>Not puffery</u>. *See* Opp. Sec. III.B.2.<br>• <u>Not opinion</u> – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts | <u>Puffery (Mov. Br. at 29-30)</u><br>• Mr. Meredith's general description of the Lotus launch as "planned" and "controlled" constitutes puffery.<br><br><u>Opinion (Reply at 8-10)</u><br>• "qualifying language" not required to constitute opinion. |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | | | | one would take from the statement. *See* Opp. Section III.B.3.<br>• Not sincerely believed. *See* Opp. Section III.B.3.<br>• Not forward-looking – *See* Opp. Sec. III.B.4. | • Plaintiff alleges that the statement omitted facts about the safety of the launch, but does not allege that the launch did not comply with FDA requirements.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement.<br><br>Forward-Looking (Mov. Br. at 31-33; Reply at 10<br>• Statement clearly relates to future plans/expectations.<br>• Risk disclosures were meaningful and sufficient. |
| 265-266 | Boston Scientific Q3 2019 Form 10-Q [Tab 17 at 46]<br><br>[32] Year-over-year increase [in net sales of Interventional Cardiology products] was primarily driven by strong sales growth in our structural heart therapies, including our Acurate™ Transcatheter Aortic Valve Replacement (TAVR), our Lotus Edge™ Aortic Valve System as well as our Sentinel™ Cerebral Embolic Protection System purchased as part of our Claret acquisition in the third quarter of 2018. | [32] | • Not False Or Misleading. Even accepting that Lotus sales were missing targets, Plaintiff has not sufficiently alleged how the sales that did exist did not contribute to the referenced year-over-year increase in net sales in Interventional Cardiology. *See* Br. Section II.A.<br>• Forward-Looking. *See* Br. Section II.D. | • Reasons for falsity – ¶266.<br>• False and Misleading – Statement represented results were "primarily driven" by Lotus strong sales growth when in truth sales were a fraction of targets, and Defendant pointed to these results as "evidence" of Lotus being "on track." ¶275. *See* Opp. Sec. III.B.1.<br>• Not forward-looking – *See* Opp. Sec. III.B.4. | Not False Or Misleading<br>• When read in context, statement says only that results were driven by "structural heart therapies," including Lotus, not by Lotus alone, as Plaintiff attempts to portray. |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| 267 | November 12, 2019 Credit Suisse Conference [Tab 18 at 10-11]<br><br>**Matthew Stephan Miksic (Credit Suisse):** Right, okay. Maybe sort of same general category, structural heart, but TAVR. So you started this sort of controlled launch strategy, given the training and the desire to have great outcomes initially and go to the root centers initially and that being your strategy. I guess when do you think that we see something that looks like an inflection point in terms of growth in TAVR for Boston?<br><br>**Susan Vissers Lisa** So I mentioned in Q3 that, that 6% coronary therapies business, we took it up to 15% with structural heart. And Boston's a part of that, Central's a part of that, but clearly, getting into the second quarter of LOTUS launch helped with that -- drive that acceleration as well. **[33]** So we're really pleased with how the launch is going. We've talked extensively about it being a limited market release. It's training of centers because it's a new method of deployment.[4] The advantage here is that it's always repositionable and always retrievable.<br><br>**Susan Vissers Lisa:** Recall it's still extreme and high-risk, are the indications on the valve, we | [33] | • Puffery/Opinion. *See* Br. Sections II.B and II.C. | • Reasons for falsity – ¶268 (Defendants' entries 33 and 34 are part of same statement and/or provide context).<br>• Not puffery. *See* Opp. Sec. III.B.2.<br>• Not opinion – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• Not sincerely believed. *See* Opp. Section III.B.3. | Puffery (Mov. Br. at 29-30)<br>• Ms. Lisa's statements that she was "really pleased" with the Lotus launch constitute puffery.<br><br>Opinion (Reply at 3-4, 8-10)<br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that this statement omitted details about Lotus sales, but the Lotus launch was "on track" during the Class Period and the Company did in fact open 150 Lotus accounts; whether or not the Company was meeting its internal sales targets is a separate inquiry from whether the Company was on track to reach its stated goal of opening 150 accounts, and the Company did not need to disclose details regarding those internal targets.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |

---

[4]     Although Plaintiff underlines this portion of Ms. Lisa's statement in the Complaint, the Complaint specifically addresses only Ms. Lisa's immediately preceding statement that she was "really pleased" with the Lotus launch and makes no allegations as to why the underlined language is false or misleading.

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | don't have a full range of sizes, **[34]** but really pleased and on-target <u>to get to the 150 centers we talked about opening in the U.S. by the beginning -- by Q1 of 2020</u>. So really pleased with how LOTUS has gone. | **[34]** | • <u>Puffery/Opinion</u>. *See* Br. Sections II.B and II.C. | • <u>Reasons for falsity</u> – ¶268 (Defendants' entries 33 and 34 are part of same statement and/or provide context). <br>• <u>Not puffery.</u> *See* Opp. Sec. III.B.2. <br>• <u>Not opinion</u> – no qualifying language. *See* Opp. Sec. III.B.3 <br>• *Omnicare* <u>omissions</u> – omits material facts one would take from the statement. *See* Opp. Section III.B.3. <br>• <u>Not sincerely believed.</u> *See* Opp. Section III.B.3. | <u>Puffery (Mov. Br. at 29-30)</u> <br>• Ms. Lisa's statements that she was "really pleased" with the Lotus launch constitute puffery. <br><br><u>Opinion (Reply at 3-4, 8-10)</u> <br>• "qualifying language" not required to constitute opinion. <br>• Plaintiff alleges that this statement omitted details about Lotus sales, but the Lotus launch was "on track" during the Class Period and the Company did in fact open 150 Lotus accounts; whether or not the Company was meeting its internal sales targets is a separate inquiry from whether the Company was on track to reach its stated goal of opening 150 accounts, and the Company did not need to disclose details regarding those internal targets. <br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts. <br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |

28

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| 269 | November 14, 2019 Stephens Conference [Tab 19 at 6]<br><br>**Susan Vissers Lisa:** And so we're seeing docs kind of test drive it in very complex, challenging cases like those with bicuspid leaflets or very heavy calcification, and they're seeing very good results. <u>We have talked about a limited market release, **[35]** taking our time to get to 150 accounts in the first year of launch to make sure that everything is proctored and trained because it's a different – it's not harder.</u> It's just a different method of deployment than physicians are used to in the U.S. | [35] | • <u>Puffery/Opinion</u>. *See* Br. Sections II.B and II.C. | • <u>Reasons for falsity</u> – ¶270.<br>• <u>Not puffery</u>. *See* Opp. Sec. III.B.2.<br>• <u>Not opinion</u> – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• <u>Not sincerely believed.</u> *See* Opp. Section III.B.3. | Puffery (Mov. Br. at 29-30)<br>• Ms. Lisa's statement generally describing the Company's approach to the Lotus launch constitutes puffery.<br><br>Opinion (Reply at 8-10)<br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that the statement omitted facts about the safety of the launch and the device was not "easy" to use, but does not allege that the launch did not comply with FDA requirements, and the Company never claimed that Lotus was "easy" to use, only that its ability to be fully repositioned and retrieved offered physicians *ease*-of-use compared to competitor products.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |
| 271 | November 19, 2019 Stifel Conference [Tab 20 at 5, 9]<br><br>**Daniel Brennan: [36]** So LOTUS is ramping kind of per plan, as we've talked about. (…) Right, we have them both in Europe today. And so we will -- which is a nice place for that to play out as it comes to the U.S. And it's -- both valves are -- <u>can operate in workhorse valve territory,</u> | [36] | • <u>Not False Or Misleading</u>. No allegation as to why this statement is false or misleading. *See* Br. Section II.A.<br>• <u>Puffery/Opinion</u>. *See* Br. Sections II.B and II.C. | • <u>Reasons for falsity</u> – ¶272.<br>• <u>False and misleading</u> – Lotus was not ramping up "per plan" but was in crisis and was incapable of becoming a work horse valve. *See* Opp. Sec. III.B.1. | Not False Or Misleading<br>• Contrary to Plaintiff's assertion, the Complaint includes no allegations as to why this statement is false or misleading.<br><br>Puffery (Mov. Br. at 29-30)<br>• Mr. Brennan's statements about the Lotus launch, including that both |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | and they both have benefits on the edges of that. So there's a -- it's a nice opportunity for us to be the only company that'll have the 2-valve strategy. It's playing out well in Europe, and we're excited to bring it to the U.S.<br><br>**Frederick Allen Wise (Stifel, Nicolaus, & Company):** And then you highlighted the structural heart guidance at the upper end despite some of the challenges. And as I think about 2020, LOTUS should get better and better. Sentinel seems to be gaining traction, ACURATE neo in the second half. Sort of a dumb question, but why can't structural heart growth continue at the rate it's been growing and be potentially solidly over $1 billion in 2020? Is that too big a dream? Or...<br><br>**Daniel Brennan: [37]** [I]f you look at the <u>different growth drivers there, we would expect that Lotus, as we continue to go at a controlled rollout pace and enter new accounts, will continue to grow.</u> | | | • <u>Not puffery.</u> *See* Opp. Sec. III.B.2.<br>• <u>Not opinion</u> – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• <u>Not sincerely believed.</u> *See* Opp. Section III.B.3. | Lotus and Acurate could become workhorse valves based on the valves' performance in Europe, and that he was "excited" to bring Lotus to the U.S., constitute puffery.<br><br><u>Opinion (Reply at 8-10)</u><br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff fails to identify what material facts were supposedly omitted that render this statement false.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |
| | | [37] | • <u>Puffery/Opinion.</u> *See* Br. Sections II.B and II.C. | • <u>Reasons for falsity</u> – ¶272.<br>• <u>Not puffery.</u> *See* Opp. Sec. III.B.2.<br>• <u>Not opinion</u> – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• <u>Not sincerely believed.</u> *See* Opp. Section III.B.3. | <u>Puffery (Mov. Br. at 29-30)</u><br>• Mr. Brennan's statement about "expect[ing] Lotus to "grow" constitutes puffery.<br><br><u>Opinion (Reply at 3-4, 8-10)</u><br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that this statement omitted details about Lotus sales, but the Lotus launch was "on track" during the Class Period and the Company did in fact open 150 Lotus accounts; whether or not the Company was meeting its internal sales targets is a separate inquiry from whether the Company was on |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | | | | | track to reach its stated goal of opening 150 accounts, and the Company did not need to disclose details regarding those internal targets.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |
| 274 | December 4, 2019 Evercore Conference [Tab 21 at 12-13]<br><br>**Vijay Muniyappa Kumar (Evercore ISI International Equities):** Then maybe on LOTUS, the U.S. launch, it just sounded, the center opening comments that you guys made, that it sounds incrementally more positive for us. Maybe just some thought process on how that -- what your experience has been in those early centers? What kind of share are you guys seeing? I don't know if you can comment on shares within those accounts. And historically, I think, you mentioned for some of your products, but any comments on LOTUS launch or what it could mean to numbers? I think that would be helpful.<br><br>**Susan Vissers Lisa: [38]** [O]n Lotus, we are really encouraged by the initial uptake. It's a really differentiated valve, the only one where you can always reposition and fully retrieve. There's never a point of no return. It's great control, very predictable. And there's a hashtag drama-free TAVR, which we know that LOTUS enables you to do. We think that physicians understandably | **[38]** | • Puffery/Opinion. *See* Br. Sections II.B and II.C. | • Reasons for falsity – ¶274.<br>• Not puffery. *See* Opp. Sec. III.B.2.<br>• Not opinion – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• Not sincerely believed. *See* Opp. Section III.B.3. | Puffery (Mov. Br. at 29-30)<br>• Ms. Lisa's statements that she was "really encouraged" and "really pleased" with the Lotus launch constitute puffery.<br><br>Opinion (Reply at 3-4, 8-10)<br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that this statement omitted details about Lotus sales, but the Lotus launch was "on track" during the Class Period and the Company did in fact open 150 Lotus accounts; whether or not the Company was meeting its internal sales targets is a separate inquiry from whether the Company was on track to reach its stated goal of opening 150 accounts, and the Company did not need to disclose details regarding those internal targets.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | were skeptical. It's been a long time coming. <u>And we've seen them I think being really pleased with the results in very tough cases out of the gate with how the valve has performed and seeing a real need to have it on the shelf</u>. . . . **[39]** <u>We're pleased with that pace of opening accounts because the order rates we're see[ing]</u>, and then most importantly with the outcomes and the clinical aspects to how the valve is performing. | | | | believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |
| | | **[39]** | • <u>Puffery/Opinion</u>. *See* Br. Sections II.B and II.C. | • <u>Reasons for falsity</u> – ¶276.<br>• <u>Not puffery.</u> *See* Opp. Sec. III.B.2.<br>• <u>Not opinion</u> – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* <u>omissions</u> – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• <u>Not sincerely believed.</u> *See* Opp. Section III.B.3. | <u>Puffery (Mov. Br. at 29-30)</u><br>• Ms. Lisa's statements that she was "really pleased" with the Lotus launch constitute puffery.<br><br><u>Opinion (Reply at 3-4, 8-10)</u><br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that this statement omitted details about Lotus sales, but the Lotus launch was "on track" during the Class Period and the Company did in fact open 150 Lotus accounts; whether or not the Company was meeting its internal sales targets is a separate inquiry from whether the Company was on track to reach its stated goal of opening 150 accounts, and the Company did not need to disclose details regarding those internal targets.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts. |

32

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | | | | | • Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |
| 275 | December 5, 2019 Jaffray Conference [Tab 22 at 5-6]<br><br>**Matthew Oliver O'Brien (Piper Sandler & Co.):** So think about next year a little bit. 2020, lots of products coming out. Talk about some of the different technologies you're introducing, some of the bigger ones that should really kind of drive things for Boston.<br><br>**Susan Vissers Lisa:** Sure. So some of what should have helped drive that 9.3% growth in Q3 and should see continued good momentum in their launches, principally in structural heart, so kind of across the board there. **[40]** LOTUS Edge launching in the U.S. and Europe this year is a big driver.<br><br>**Matthew Oliver O'Brien (Piper Sandler & Co.)** Okay. So let's talk about structural heart a little bit. The thing I've been -- I guess, I was a little surprised by Medtronic and you have to opine on any of this stuff, but they had said you're only probably about 1% or 2% share owner at this point domestically. So it kind of feels to me like you're going a little bit slower. Is the rollout of LOTUS in the U.S., kind of, on track for you guys? Is it a little slower than you might have thought? Are there some learnings? Do you need Sentinel to bring that in, have more capacity to | **[40]** | • Puffery/Opinion. *See* Br. Sections II.B and II.C. | • Reasons for falsity – ¶276.<br>• Not puffery. *See* Opp. Sec. III.B.2.<br>• Not opinion – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• Not sincerely believed. *See* Opp. Section III.B.3. | Puffery (Mov. Br. at 29-30)<br>• Ms. Lisa's statement that the Lotus launch was a "big" driver constitutes puffery. Moreover, Plaintiff has not alleged any facts contravening the statement that sales of Lotus in both the U.S. and Europe contributed to the Company's financial results.<br><br>Opinion (Reply at 3-4, 8-10)<br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that this statement omitted details about Lotus sales, but the Lotus launch was "on track" during the Class Period and the Company did in fact open 150 Lotus accounts; whether or not the Company was meeting its internal sales targets is a separate inquiry from whether the Company was on track to reach its stated goal of opening 150 accounts, and the Company did not need to disclose details regarding those internal targets.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts. |

33

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | sell that product? I mean what's going on with LOTUS specifically?<br><br>**Susan Vissers Lisa: [41]** [W]e're really pleased with how the Lotus launch is going. And we're not giving specifics in terms of dollars or accounts. And we said we're on track to launch into 150 accounts in the US, one year in, so that'd take us to the end of Q1 of 2020. But I think one point of evidence is we grew mid-teens in interventional cardiology in Q3, which was a clear acceleration… So, pleased with how Lotus is going. It's a differentiated valve. It's not a me-too. It's the only one that's always fully repositionable and retrievable. There's a #dramafreeTAVR. You can get it exactly where you need it to be. It's well-suited in heavily calcified patients or bicuspid patients. It's getting tried out in those tough cases and doing very well. So, we're really pleased with how LOTUS is doing. | | | | • Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |
| | | [41] | • Puffery/Opinion. *See* Br. Sections II.B and II.C. | • Reasons for falsity – ¶278.<br>• Not puffery. *See* Opp. Sec. III.B.2.<br>• Not opinion – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• Not sincerely believed. *See* Opp. Section III.B.3.<br>• Not forward-looking – *See* Opp. Sec. III.B.4. | Puffery (Mov. Br. at 29-30)<br>• Ms. Lisa's statements that she was "really pleased" with the Lotus launch constitute puffery.<br><br>Opinion (Reply at 3-4, 8-10)<br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that this statement omitted details about Lotus sales, but the Lotus launch was "on track" during the Class Period and the Company did in fact open 150 Lotus accounts; whether or not the Company was meeting its internal sales targets is a separate inquiry from whether the Company was on track to reach its stated goal of opening 150 accounts, and the Company did not need to disclose details regarding those internal targets.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |

34

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | | | | | Forward-Looking (Mov. Br. at 31-33; Reply at 8-10.)<br>• Statement regarding the Lotus launch being "on track" is a protected forward-looking statement.<br>• Risk disclosures were meaningful and sufficient. |
| 277 | January 14, 2020 J.P. Morgan Conference [Tab 23 at 7]<br><br>**Michael Mahoney: [42]** [I]n TAVR, we're very pleased with the Lotus Edge launch and growth. | [42] | • Puffery/Opinion. *See* Br. Sections II.B and II.C.<br>• Forward-Looking. *See* Br. Section II.D. | • Reasons for falsity – ¶278.<br>• Not puffery. *See* Opp. Sec. III.B.2.<br>• Not opinion – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• Not sincerely believed. *See* Opp. Section III.B.3.<br>• Not forward-looking – *See* Opp. Sec. III.B.4. | Puffery (Mov. Br. at 29-30)<br>• Mr. Mahoney's statement that he was "very pleased" with the Lotus launch constitutes puffery.<br><br>Opinion (Reply at 3-4, 8-10)<br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that this statement omitted details about Lotus sales, but the Lotus launch was "on track" during the Class Period and the Company did in fact open 150 Lotus accounts; whether or not the Company was meeting its internal sales targets is a separate inquiry from whether the Company was on track to reach its stated goal of opening 150 accounts, and the Company did not need to disclose details regarding those internal targets.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts. |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | | | | | • Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |
| 279-281 | February 5, 2020 Earnings Call [Tab 24 at 8, 14-15, 16]<br><br>¶279 Michael Mahoney: [43] Turning to TAVR, we continue to be pleased with the launch and progress of Lotus Edge and remain on track to open 150 accounts in the first 12 months post-approval. (…) Our super annular valve offering, Acurate neo, grew mid-teens in the quarter and we look forward to the launch of the next-generation Acurate neo2 in Europe midyear.<br><br>*    *    *<br><br>David Ryan Lewis (Morgan Stanley): Obviously, you talked about second half acceleration. Maybe just help us understand the key drivers of that second half acceleration from product perspective? And kind of related to that, you have 2 big products from a revenue perspective, absolute dollar contribution, Augmenix and LOTUS, maybe just sort of talk to your confidence in those 2 products and what drives that back half acceleration?<br><br>¶280 Michael Mahoney: [44] Lotus is doing very well in the market. It's kind of on plan for 150 accounts. So you'll see a full year impact of Lotus and expect to see each quarter greater impact there. Our Symetis valve, Acurate is doing well. It grew above the company average and grew about mid-teens in the fourth quarter. And we expect to see neo2 launching in the second half. So, the whole basket of structural heart will be big. | [43] | • Puffery/Opinion. *See* Br. Sections II.B and II.C.<br>• Forward-Looking. *See* Br. Section II.D. | • Reasons for falsity – ¶282.<br>• Not puffery. *See* Opp. Sec. III.B.2.<br>• Not opinion – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• Not sincerely believed. *See* Opp. Section III.B.3.<br>• Not forward-looking – *See* Opp. Sec. III.B.4. | Puffery (Mov. Br. at 29-30)<br>• Mr. Mahoney's statement that "we continue to be pleased" with the Lotus launch constitutes puffery.<br><br>Opinion (Reply at 3-4, 8-10)<br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that this statement omitted details about Lotus sales, but the Lotus launch was "on track" during the Class Period and the Company did in fact open 150 Lotus accounts; whether or not the Company was meeting its internal sales targets is a separate inquiry from whether the Company was on track to reach its stated goal of opening 150 accounts, and the Company did not need to disclose details regarding those internal targets. Plaintiff also alleges that the statement omitted details about the shutdown of the Penang facility, but that is not alleged to have occurred until later, in March 2020. (AC ¶ 146)<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |

36

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | \*    \*    \*<br><br>**Vijay Muniyappa Kumar (Evercore ISI Institutional Equities):** So Mike, maybe one follow-up on the guidance, and then I had one for Dan. On the guidance, the comments around the cadence, first half versus second half. If I recollect, last year, you had the days impact in second half. I mean, I appreciate all the comments on structural heart, but shouldn't structural heart cadence be similar to last year? The real incremental here are new products, which should step up in second half. Is that the right way to think about, right? And just on the range itself, 6.5% to 8.5%. Are you comfortable at the midpoint of the range? Or -- and I appreciate the wider range just given Q4 and market factors, but just want to get a sense whether you're comfortable at the midpoint.<br><br>**¶281 Daniel Brennan: [45]** As you look at the Lotus launch, that's obviously a very controlled rollout that we've had and that should gain momentum over time. | **[44]** | • Puffery/Opinion. *See* Br. Sections II.B and II.C.<br>• Forward-Looking. *See* Br. Section II.D. | • Reasons for falsity – ¶282.<br>• Not puffery. *See* Opp. Sec. III.B.2.<br>• Not opinion – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• Not sincerely believed. *See* Opp. Section III.B.3.<br>• Not forward-looking – *See* Opp. Sec. III.B.4. | Forward-Looking (Mov. Br. at 31-33; Reply at 8-10)<br>• Statement regarding the Lotus launch being "on track" is a protected forward-looking statement.<br>• Risk disclosures were meaningful and sufficient.<br><br>Puffery (Mov. Br. at 29-30)<br>• Mr. Mahoney's statement that Lotus was "doing very well in the market" constitutes puffery.<br><br>Opinion (Reply at 3-4, 8-10)<br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that this statement omitted details about Lotus sales, but the Lotus launch was "on track" during the Class Period and the Company did in fact open 150 Lotus accounts; whether or not the Company was meeting its internal sales targets is a separate inquiry from whether the Company was on track to reach its stated goal of opening 150 accounts, and the Company did not need to disclose details regarding those internal targets. Plaintiff also alleges that the statement omitted details about the shutdown of the Penang facility, but that is not alleged to have occurred until later, in March 2020. (AC ¶ 146)<br>• Plaintiff's conclusory assertion that this opinion was not sincerely |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | | | | | believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement.<br><br>Forward-Looking (Mov. Br. at 31-33; Reply at 8-10)<br>• Statement regarding the Lotus launch being "on plan" is a protected forward-looking statement.<br>• Risk disclosures were meaningful and sufficient. |
| | | [45] | • Not False Or Misleading. No allegation as to why this statement is false or misleading. *See* Br. Section II.A.<br>• Puffery/Opinion. *See* Br. Sections II.B and II.C.<br>• Forward-Looking. *See* Br. Section II.D. | • Reasons for falsity – ¶282.<br>• False and misleading. The launch was not "controlled" but "clinically unsafe" and was not gaining momentum in light of continued stagnant sales and the fact that the Company had been in "full launch" mode since the summer of 2019. ¶¶241, 249-50, 259, 282. *See* Opp. Sec. III.B.1.<br>• Not puffery. *See* Opp. Sec. III.B.2.<br>• Not opinion – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3. | Not False Or Misleading<br>• Contrary to Plaintiff's assertion, the Complaint includes no allegations as to why this statement is false or misleading. Nevertheless, Plaintiff does not allege that the Lotus launch did not comply with FDA requirements, and whether or not the Company was meeting internal sales targets is a separate question from whether the launch was "on track" or "gaining momentum" in opening new accounts. Additionally, Plaintiff is incorrect that "full launch" began in summer 2019. *See* Reply at 4 n.4.<br><br>Puffery (Mov. Br. at 29-30)<br>• Mr. Brennan's statement that the Lotus launch was "controlled" and "should gain momentum" constitutes puffery.<br><br>Opinion (Reply at 8-10) |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | | | | • Not sincerely believed. *See* Opp. Section III.B.3.<br>• Not forward-looking – *See* Opp. Sec. III.B.4. | • "qualifying language" not required to constitute opinion.<br>• Plaintiff fails to identify what material facts were supposedly omitted that render this statement false.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement.<br><br>Forward-Looking (Mov. Br. at 31-33; Reply at 10)<br>• Statement clearly relates to future plans/expectations.<br>• Risk disclosures were meaningful and sufficient. |
| 284 | Boston Scientific 2019 Form 10-K [Tab 25 at 39]<br><br>[46] This year-over-year increase [in net sales of Interventional Cardiology products] was primarily driven by strong sales growth in our structural heart therapies, including our Acurate™ Transcatheter Aortic Valve Replacement (TAVR), our Lotus Edge™ Aortic Valve System as well as our Sentinel™ Cerebral Embolic Protection System. | [46] | • Not False Or Misleading. Even accepting that Lotus sales were missing targets, Plaintiff has not sufficiently alleged how the sales that did exist did not contribute to the referenced year-over-year increase in net sales in Interventional Cardiology. *See* Br. Section II.A.<br>• Forward-Looking. *See* Br. Section II.D. | • Reasons for falsity – ¶288-90.<br>• False and misleading. – Statement represented results were "primarily driven" by Lotus "strong sales growth" when in truth sales were a fraction of targets and so bad the Company convened an emergency meeting over Thanksgiving 2019. ¶137. *See* Opp. Sec. III.B.1<br>• Not puffery. *See* Opp. Sec. III.B.2. | Not False Or Misleading<br>• When read in context, statement says only that results were driven by "structural heart therapies," including Lotus, not by Lotus alone, as Plaintiff attempts to portray.<br><br>[Defendants did not argue that this statement constitutes puffery or an opinion] |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | | | | • <u>Not opinion</u> – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. See Opp. Section III.B.3.<br>• <u>Not sincerely believed.</u> See Opp. Section III.B.3. | |
| 286-87 | <u>February 27, 2020 SVB Leerink Global Conference [Tab 26 at 7-8]</u><br><br>**Danielle Joy Antallvy (SVB Leerink LLC):** Let's talk about some of these new product launches. So first, on TAVR, and you have a competitor that reported losing market share in the quarter due to sort of rep coverage issues. So curious if that's a risk now to LOTUS as they build the rep coverage or how you're thinking about the LOTUS opportunity where you are? And are you gaining share from the competitor? And then in turn, does that put you at risk as they sort of stabilize their business?<br><br>**Susan Vissers Lisa: [47]** <u>I think that we're really excited about Lotus Edge and how it's going and the opportunity in front of it. And with respect to where we're gaining share, we are seeing conversion from both the competitors in the U.S. market.</u><br><br>**Danielle Joy Antallvy (SVB Leerink LLC):** And from a center add perspective, it sounds like you guys are tracking exactly as you expected. Are you seeing centers add LOTUS to the shelf? Are | [47] | • <u>Puffery/Opinion.</u> *See* Br. Sections II.B and II.C. | • <u>Reasons for falsity</u> – ¶288-90.<br>• <u>Not puffery.</u> *See* Opp. Sec. III.B.2.<br>• <u>Not opinion</u> – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• <u>Not sincerely believed.</u> *See* Opp. Section III.B.3. | <u>Puffery (Mov. Br. at 29-30)</u><br>• Ms. Lisa's statement that she was "really excited" about the Lotus launch and its progress constitutes puffery.<br><br><u>Opinion (Reply at 3-4, 8-10)</u><br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that this statement omitted details about Lotus sales, but the Lotus launch was "on track" during the Class Period and the Company did in fact open 150 Lotus accounts; whether or not the Company was meeting its internal sales targets is a separate inquiry from whether the Company was on track to reach its stated goal of opening 150 accounts, and the Company did not need to disclose details regarding those internal targets. Plaintiff also alleges that the statement omitted details about the shutdown of the Penang facility, but that is not alleged to have occurred |

40

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | you seeing any centers actually just replace whatever they have with LOTUS?<br><br>**Susan Vissers Lisa: [48]** <u>So we're on track we said to hit 150 centers opened in the first year and that typically we are seeing Lotus Edge added as a third valve.</u> | | | | until later, in March 2020.  (AC ¶ 146)<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |
| | | [48] | • <u>Puffery/Opinion</u>. *See* Br. Sections II.B and II.C. | • <u>Reasons for falsity</u> – ¶294 (Defendants' entries 49 and 50 are part of same statement and/or context).<br>• <u>Not puffery</u>. *See* Opp. Sec. III.B.2.<br>• <u>Not opinion</u> – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• <u>Not sincerely believed.</u> *See* Opp. Section III.B.3. | <u>Puffery (Mov. Br. at 29-30)</u><br>• Ms. Lisa's statement about being "on track" to open 150 centers constitutes puffery.<br><br><u>Opinion (Reply at 3-4, 8-10)</u><br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that this statement omitted details about Lotus sales, but the Lotus launch was "on track" during the Class Period and the Company did in fact open 150 Lotus accounts; whether or not the Company was meeting its internal sales targets is a separate inquiry from whether the Company was on track to reach its stated goal of opening 150 accounts, and the Company did not need to disclose details regarding those internal targets.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts. |

41

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | | | | | • Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |
| 291-293 | March 3, 2020 Cowen Conference [Tab 27 at 7, 9-10]<br><br>**Daniel Brennan: [49]** Our successes should be built on the momentum that we have with the launches, including Lotus in the U.S., Lotus in Europe.<br><br>\*     \*     \*<br><br>**Joshua Thomas Jennings (Cowen & Company):** I mean focusing on LOTUS. I think we -- The Street gets some updates in terms of revenues for -- from Edwards and Medtronic on their transcatheter aortic valve replacement platforms. And I mean anything you guys can share and comment here from a detail standpoint, the number of centers you guys are in, what share position maybe you guys had in the United States or outside the United States exiting '19? I know you guys haven't been getting that granular but...<br><br>**Daniel Brennan: [50]** Qualitatively, we're on track for the 150 centers by the end of Q1. And the whole tenet of that launch is then to make sure that it is controlled, with great outcomes for physicians and patients. That's all going well.<br><br>**Joshua Thomas Jennings (Cowen & Company):** And just on those 150 centers, I mean just in terms of the cadence of getting there, I mean has it been really kind of last -- just back half weighted, I imagine, as you're kind of ramping up and then... | **[49]** | • Not False Or Misleading. No allegation as to why this statement is false or misleading. *See* Br. Section II.A.<br>• Puffery/Opinion. *See* Br. Sections II.B and II.C. | • Reasons for falsity – ¶294 (Defendants' entries 49 and 50 are part of same statement and/or context).<br>• False and misleading. Statement that Boston Scientific was "on track for the 150 centers" and that the Company's success would be "built on the momentum" of the Lotus launch was false and misleading because Lotus was not "on track" to get 150 centers and the launch was a disaster and "clinically unsafe." *See* Opp. Sec. III.B.1.<br>• Not puffery. *See* Opp. Sec. III.B.2.<br>• Not opinion – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• Not sincerely believed. *See* Opp. Section III.B.3. | Not False Or Misleading<br>• Contrary to Plaintiff's assertion, the Complaint includes no allegations as to why this statement is false or misleading. Nevertheless, whether or not the Company was meeting internal sales targets is a separate question from whether the launch was "on track" or gaining "momentum" in opening new accounts, and Plaintiff has not alleged that the Lotus launch did not comply with FDA requirements. *See* Reply at 9.<br><br>Puffery (Mov. Br. at 29-30)<br>• Mr. Brennan's statement touting "successes" and "momentum" constitutes puffery.<br><br>Opinion (Reply at 8-10)<br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff fails to identify what material facts were supposedly omitted that render this statement false.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | **Daniel Brennan: [51]** It's been more kind of slow and steady as you go through it, right. There's a heavy emphasis on proctoring and making sure that folks are 100% able and ready to use the valve. It is a little different than a traditional kind of balloon expandable or self-expanding valve. We want to make sure that people have the right proctor in place to do that before they're off doing it on their own and that's what we're doing.<br><br>**Joshua Thomas Jennings (Cowen & Company):** And just in terms of that product, I mean we -- a couple of our clinician checks, totally anecdotal, but they've talked about proctoring. And I mean you guys have been slow and steady, deliberate, reasonably so. I mean it makes a lot of sense. Like when do you start kind of putting the pedal on the launch or pushing the pedal down in terms of -- given the launch of [ gas ]? Or is that just going to continue to be kind of a deliberate center by center?<br><br>**Daniel Brennan:** The danger is you try and go too fast and you lose your way relative to | [50] | • Puffery/Opinion. *See* Br. Sections II.B and II.C. | • Reasons for falsity – ¶294.<br>• Not opinion – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• Not sincerely believed. *See* Opp. Section III.B.3. | Puffery (Mov. Br. at 29-30)<br>• Mr. Brennan's statement about the launch being "on track" and "going well," and aiming to ensure "great" outcomes constitutes puffery.<br><br>Opinion (Mov. Br. at 15, 22; Reply at 8-10)<br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that this statement omitted details about the shutdown of the Penang facility, but Plaintiff has not alleged any *specific* facts linking that alleged shutdown to any Individuals' view of Lotus's performance or perspective on whether it should be discontinued.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |

43

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | proctoring and then you put outcomes and procedures not where we want them to be. **[52]** <u>So this is all about making sure that everybody is proctored, ready to go.</u> And I think the slow and steady wins the race, you'll see that continue to go. | [51] | • <u>Opinion</u>. *See* Br. Section II.C. | • <u>Reasons for falsity</u> – ¶294.<br>• <u>Not opinion</u> – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• <u>Not sincerely believed.</u> *See* Opp. Section III.B.3. | <u>Opinion (Reply at 8-10)</u><br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that the statement omitted facts about the safety of the launch, but does not allege that the launch did not comply with FDA requirements.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |
| | | [52] | • <u>Opinion</u>. *See* Br. Section II.C. | • <u>Reasons for falsity</u> – ¶297.<br>• <u>Not opinion</u> – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• <u>Not sincerely believed.</u> *See* Opp. Section III.B.3. | <u>Opinion (Reply at 8-10)</u><br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that the statement omitted facts about the safety of the launch, but does not allege that the launch did not comply with FDA requirements.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |

44

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| 296 | March 11, 2020 Barclays Conference [Tab 28 at 8]<br><br>**Kristen Marie Stewart (Barclays Bank, PLC):** I guess maybe we could talk a little bit just about what you're seeing kind of within the TAVR business. I know that was an area where one of your competitors had highlighted and commented that maybe you were gaining a little bit more market share within that category. Where are you there? And you should have also ACURATE, too, in Europe. I guess midyear is what you're targeting. So how are you feeling with that?<br><br>**Michael Mahoney:** It's one of the biggest investment areas in the company. We're the only company and **[53]** we're looking long term here. So, <u>as the short term, in 2020, we're essentially on our planned goals on Lotus of 150 accounts open in the first year</u>. **[54]** <u>Lots of focus on training in the U.S.</u> Europe requires a little bit less of it, because the doctors are more familiar with Lotus in Europe, and we're seeing excellent PVL and many doctors are enjoying the benefit of Lotus, and <u>we continue to get kind of smarter and better as we proctor new physicians in the U.S.</u> But we're the only company that has the intra-annular valve which is Lotus Edge and Acurate. And what's important is we have a nice product cadence behind each one of those platforms. And there's a lot of clinical work being done in | [53] | • Puffery/Opinion. *See* Br. Sections II.B and II.C. | • <u>Reasons for falsity</u> – ¶297.<br>• <u>Not puffery</u>. *See* Opp. Sec. III.B.2.<br>• <u>Not opinion</u> – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• <u>Not sincerely believed</u>. *See* Opp. Section III.B.3. | <u>Puffery (Mov. Br. at 29-30)</u><br>• Mr. Mahoney's statement about being "on" "planned goal[]" of opening 150 accounts constitutes puffery.<br><br><u>Opinion (Mov. Br. at 15, 22; Reply at 3-4, 8-10)</u><br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that this statement omitted the "fact" that the Company "was not remotely on track" to hit 150 accounts, but in fact it was and did reach its goal of opening 150 accounts. Plaintiff also alleges that this statement omitted details about the shutdown of the Penang facility, but Plaintiff has not alleged any *specific* facts linking that alleged shutdown to any Individuals' view of Lotus's performance or perspective on whether it should be discontinued.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | intermediate risk within Lotus Edge and we're also starting our clinical trials in the US with Acurate. And then we'll have our Acurate neo2 approved hopefully for the second half of 2020, which allow us to open up more accounts in Europe. And as I said, we've started the enrollment in the US. <u>So, overall, that [TAVR] category is growing nicely for us and we're building momentum and more capabilities internally</u>. | [54] | • <u>Puffery/Opinion</u>. *See* Br. Sections II.B and II.C. | • <u>Reasons for falsity</u> – ¶¶297-98.<br>• <u>Not puffery</u>. *See* Opp. Sec. III.B.2.<br>• <u>Not opinion</u> – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• <u>Not sincerely believed</u>. *See* Opp. Section III.B.3. | <u>Puffery (Mov. Br. at 29-30)</u><br>• Mr. Mahoney's statement about "focus[ing]" on training and getting "smarter and better" with proctoring constitutes puffery.<br><br><u>Opinion (Reply at 8-10)</u><br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that the statement omitted facts about the safety of the launch, but does not allege that the launch did not comply with FDA requirements.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |
| 299 | April 29, 2020 Earnings Call [Tab 30 at 7]<br><br>**Michael Mahoney: [55]** The ongoing launch of Lotus Edge in the U.S. and Japan has been challenged by COVID-19 restrictions that limit proctor travel and the delivery of training, but we do look forward to the recovery in procedure volumes. | [55] | • <u>Puffery</u>. *See* Br. Section II.B.<br>• <u>Forward-Looking</u>. *See* Br. Section II.D. | • <u>Reasons for falsity</u> – ¶300.<br>• <u>Not puffery</u>. *See* Opp. Sec. III.B.2.<br>• <u>Not forward-looking</u> – *See* Opp. Sec. III.B.4 | <u>Puffery (Mov. Br. at 29-30)</u><br>• Mr. Mahoney's statement about "look[ing] forward" to a recovery in procedure volumes constitutes puffery.<br><br><u>Opinion (Mov. Br. at 15, 22; Reply at 3-4, 8-10)</u><br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that this statement omitted details about Lotus sales, but the Lotus launch was "on track" during the Class Period and the Company did in fact open 150 Lotus accounts; whether or not the |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | | | | | Company was meeting its internal sales targets is a separate inquiry from whether the Company was on track to reach its stated goal of opening 150 accounts, and the Company did not need to disclose details regarding those internal targets.  Plaintiff also alleges that this statement omitted details about the shutdown of the Penang facility, but Plaintiff has not alleged any *specific* facts linking that alleged shutdown to any Individuals' view of Lotus's performance or perspective on whether it should be discontinued.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement.<br><br>Forward-Looking (Mov. Br. at 31-33; Reply at 10)<br>• Statement clearly relates to future plans/expectations.<br>• Risk disclosures were meaningful and sufficient. |

47

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| 301-303 | July 29, 2020 Earnings Call [Tab 33 at 7, 12, 14]<br><br>**Michael Mahoney:** In TAVR, we continue to roll our Acurate neo2 US trial and plan for a limited market release In Europe in the second half. **[56]** <u>Lotus Edge continues to see strong utilization within existing accounts, while new account openings and geographic expansion did slow in second quarter due to COVID impacts and a slowdown in physician training.</u> June and July results with Lotus Edge are encouraging, and we continue to enroll REPRISE IV, and we expect to get back to our regular cadence of account openings in the U.S. and continue our launch in Japan in second half of 2020.<br><br>**Michael Mahoney: [57]** The procedures that have been – the new launches that have been impacted more significantly, specifically in second quarter, although we have seen improvement in the second half of June and the full month of July really are products like Lotus and EXALT-D, which do require, Lotus, another level of physician training when you're opening up new centers. So we have seen some improvement in that very recently. <u>But the current centers are using the device quite consistently.</u><br><br>**Michael Mahoney:** [A]s I mentioned before, the TAVR new openings were impacted more significantly in the second quarter. **[58]** <u>So we are starting to see the gates open up a bit more in terms of new account openings with Lotus,</u> and we're going to be launching the ACURATE neo2 device in Europe in the second half. <u>So we have seen improvement, again, in our TAVR – our</u> | **[56]** | • <u>Puffery/Opinion</u>. *See* Br. Sections II.B and II.C.<br>• <u>Forward-Looking</u>. *See* Br. Section II.D. | • <u>Reasons for falsity</u> – ¶304.<br>• <u>Not puffery</u>. *See* Opp. Sec. III.B.2.<br>• <u>Not opinion</u> – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• <u>Not sincerely believed</u>. *See* Opp. Section III.B.3.<br>• <u>Not forward-looking</u>. *See* Opp. Sec. III.B.4. | <u>Puffery (Mov. Br. at 29-30)</u><br>• Mr. Mahoney's statement about "strong" utilization in *existing* accounts constitutes puffery.<br><br><u>Opinion (Mov. Br. at 15, 22; Reply at 8-10)</u><br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that this statement omitted details about the shutdown of the Penang facility, but Plaintiff has not alleged any *specific* facts linking that alleged shutdown to any Individuals' view of Lotus's performance or perspective on whether it should be discontinued. Further, rather than state broadly that there was "strong utilization" "for Lotus," as Plaintiff alleges (AC ¶ 304), Mr. Mahoney limited that statement to utilization *in existing accounts*.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement.<br><br><u>Forward-Looking (Mov. Br. at 31-33; Reply at 10)</u><br>• Statement clearly relates to future plans/expectations.<br>• Risk disclosures were meaningful and sufficient. |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | structural heart portfolio, particularly in June and July from second quarter. | [57] | • <u>Not False Or Misleading</u>. No allegation as to why this statement is false or misleading.  *See* Br. Section II.A.<br>• <u>Puffery/Opinion</u>. *See* Br. Sections II.B and II.C.<br>• <u>Forward-Looking</u>. *See* Br. Section II.D. | • <u>Reasons for falsity</u> – ¶304.<br>• <u>False and misleading</u> – Numerous allegations showing statement that current centers were not using the device consistently was false and misleading, including internal documents showing that only a handful of centers were re-ordering at all and only at very minimal rates. ¶131. *See* Opp. Sec. III.B.1.<br>• <u>Not puffery</u>. *See* Opp. Sec. III.B.2.<br>• <u>Not opinion</u> – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• <u>Not sincerely believed.</u> *See* Opp. Section III.B.3.<br>• <u>Not forward-looking</u>. *See* Opp. Sec. III.B.4. | <u>Not False Or Misleading</u><br>• Contrary to Plaintiff's assertion, the Complaint includes no allegations as to why this statement is false or misleading.  Nevertheless, Plaintiff has not sufficiently alleged that *existing* accounts were not seeing "strong utilization" or using the device "consistently."<br><br><u>Puffery (Mov. Br. at 29-30)</u><br>• Mr. Mahoney's statement about current centers using Lotus "consistently" constitutes puffery.<br><br><u>Opinion (Reply at 8-10)</u><br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff fails to identify what material facts were supposedly omitted that render this statement false.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |
| | | [58] | • <u>Puffery/Opinion</u>. *See* Br. Sections II.B and II.C.<br>• <u>Forward-Looking</u>. *See* Br. Section II.D. | • <u>Reasons for falsity</u> – ¶304.<br>• <u>Not puffery</u>. *See* Opp. Sec. III.B.2.<br>• <u>Not opinion</u> – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one | <u>Puffery (Mov. Br. at 29-30)</u><br>• Mr. Mahoney's statement about new accounting openings increasing "a bit" constitutes puffery.<br><br><u>Opinion (Mov. Br. at 15, 22; Reply at 8-10)</u> |

49

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | | | | would take from the statement. *See* Opp. Section III.B.3.<br>• Not sincerely believed. *See* Opp. Section III.B.3.<br>• Not forward-looking. *See* Opp. Sec. III.B.4 | • "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that this statement omitted details about the shutdown of the Penang facility, but Plaintiff has not alleged any *specific* facts linking that alleged shutdown to any Individuals' view of Lotus's performance or perspective on whether it should be discontinued.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement.<br><br>Forward-Looking (Mov. Br. at 31-33; Reply at 10)<br>• Statement clearly relates to future plans/expectations.<br>• Risk disclosures were meaningful and sufficient. |
| 305 | August 19, 2020 Credit Suisse Fireside Chat [Tab 35 at 10]<br><br>**Lauren Tengler: [59]** So, we're on track pre-COVID and we hit 138 accounts. And so, you can expect our work to be similar in the next 12 months. | [59] | • Puffery/Opinion. *See* Br. Sections II.B and II.C. | • Reasons for falsity – ¶306.<br>• Not puffery. *See* Opp. Sec. III.B.2.<br>• Not opinion – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• Not sincerely believed. *See* Opp. Section III.B.3. | Puffery (Mov. Br. at 29-30)<br>• Ms. Tengler's statement about being "on track" and expecting work to be "similar" constitutes puffery.<br><br>Opinion (Reply at 3-4, 8-10)<br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that this statement omitted the "fact" that the Company not "on track" to hit 150 accounts, but in fact it was and did reach its goal of opening 150 accounts. |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | | | | | • Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |
| 307-309 | September 16, 2020 Morgan Stanley Conference [Tab 36 at 9, 11]<br><br>**David Ryan Lewis (Morgan Stanley):** So raising the equity was really about just making sure that you can maintain the same type of forward front portfolio, forward front action that you've had historically. It doesn't suggest to people that you need to urgently go out and do deals because you're feeling not as good about the core portfolio.<br><br>**Michael Mahoney: [60]** When [we] did the equity raise, it was a bit of a different era with COVID, so we're concerned about that and we didn't want to be, as you said, flat footed on the defense over the next 18 months with our ability to leverage that venture portfolio and other opportunities.<br><br>*        *        *<br><br>**David Ryan Lewis (Morgan Stanley):** Mike, I've got this thesis that I don't think you agree with but I'm throwing out there anyway. But this dynamic that -- LOTUS was supposed to be a much bigger product in my mind, and maybe it's turned out to be. And my concern was that LOTUS may have resulted in a kind of a gap in the portfolio, and I guess that we've talked about this. I'm not sure you agree. But any concerns that LOTUS could | [60] | • <u>Not False Or Misleading.</u> No allegations as to why this statement is false or misleading. *See* Br. Section II.A. | • <u>Reasons for falsity</u> – ¶310 (Defendants' entries 60-63 are part of same statement and/or context).<br>• <u>False and misleading.</u> Statements deny any concerns or doubts about Lotus Edge when, in truth, management decided to terminate the franchise by this time because product had been a failure. *See* Opp. Sec. III.B.1. | <u>Not False Or Misleading</u><br>• Plaintiff has not alleged specific facts showing that any Individual had decided to shut Lotus down at the time this statement was made. *See* Mov. Br. at 15, 22; Reply at 2-4, 8-10. |
| | | [61] | • <u>Opinion.</u> *See* Br. Section II.C. | • <u>Reasons for falsity</u> – ¶310 (Defendants' entries 60-63 are part of same statement and/or context).<br>• <u>False and misleading.</u> Statements deny any concerns or doubts about Lotus Edge when, in truth, management decided to terminate the franchise by this time because product had been a failure. *See* Opp. Sec. III.B.1.<br>• <u>Not puffery.</u> *See* Opp. Sec. III.B.2. | <u>Opinion (Mov. Br. at 15, 22; Reply at 2-4, 8-10)</u><br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that this statement omitted the "fact" that the Company had already decided to shut Lotus down, but Plaintiff has not alleged specific facts showing that any Individual had decided to shut Lotus down at the time this statement was made.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts. |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | have been a $400 million, $500 million, $600 million product, $700 million product and it's not, and that has sort of forced the company to sort of shift things around or it created a void in the RFP that has to be filled with M&A?<br><br>**Michael Mahoney: [61]** I think, you know, certainly <u>Lotus will continue to be an important product for us</u>. It's a significant market as you know, and even small share gains are significant for us. And so, <u>Lotus will continue to be an important growth driver for us supported with our whole platform with Acurate neo2</u>. . . . **[62]** So, overall, <u>Lotus remains a key growth driver for us. And we're not going to give share estimates, but we're continuing to invest along those lines. We're starting to do more account openings, the reorder rate for existing users is quite high, and we're slowly beginning to penetrate some new accounts with some new training</u>. So, Lotus is important for us, but we have other tailwinds to support the company.<br><br>*        *        *<br><br>**Michael Mahoney: [63]** <u>We're very confident in the performance of the [Lotus] device</u>, the infrastructure that we have around it. | | | • <u>Not opinion</u> – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• <u>Not sincerely believed.</u> *See* Opp. Section III.B.3 | • Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |
| | | [62] | • Puffery/Opinion. *See* Br. Sections II.B and II.C. | • <u>Reasons for falsity</u> – ¶310 (Defendants' entries 60-63 are part of same statement and/or context).<br>• <u>Not puffery</u>. *See* Opp. Sec. III.B.2.<br>• <u>Not opinion</u> – no qualifying language. *See* pp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts ne would take from the statement. *See* Opp. Section III.B.3.<br>• <u>Not sincerely believed.</u> *See* Opp. Section III.B.3. | Puffery (Mov. Br. at 29-30)<br>• Mr. Mahoney's statement that Lotus was a "key" growth driver and that reorder rates (*for existing users*) was "high" constitutes puffery.<br><br>Opinion (Mov. Br. at 15, 22; Reply at 2-4, 8-10)<br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that this statement omitted the "fact" that the Company had already decided to shut Lotus down, but Plaintiff has not alleged specific facts showing that any Individual had decided to shut Lotus down at the time this statement was made.  Plaintiff also alleges that this statement omitted details about Lotus sales, but the Lotus launch was "on track" during the Class Period and the Company did in fact open 150 Lotus accounts; whether or not the Company was meeting its internal sales targets is a separate inquiry from whether the Company was on track to reach its stated goal |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | | | | | of opening 150 accounts, and the Company did not need to disclose details regarding those internal targets.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |
| | | [63] | • Puffery/Opinion. *See* Br. Sections II.B and II.C. | • Reasons for falsity – ¶310 (Defendants' entries 60-63 are part of same statement and/or context).<br>• Not puffery. *See* Opp. Sec. III.B.2.<br>• Not opinion – no qualifying language. *See* pp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts ne would take from the statement. *See* Opp. Section III.B.3.<br>• Not sincerely believed. *See* Opp. Section III.B.3. | Puffery (Mov. Br. at 29-30)<br>• Mr. Mahoney's statement that he was "very confident" in Lotus's performance constitutes puffery.<br><br>Opinion (Reply at 8-10)<br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff fails to identify what material facts were supposedly omitted that render this statement false.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |
| 311 | September 28, 2020 Press Release [Tab 37 at 1]<br><br>We believe having this differentiated valve with the enhanced sealing technology will further drive favorable market experience and growth. . . . [64] Combined with the Lotus Edge™ Aortic Valve System and Sentinel™ Cerebral Protection | [64] | • Puffery/Opinion. *See* Br. Sections II.B and II.C. | • Reasons for falsity – ¶¶312.<br>• Not puffery. *See* Opp. Sec. III.B.2.<br>• Not opinion – no qualifying language. *See* Opp. Sec. III.B.3 | Puffery (Mov. Br. at 29-30)<br>• Mr. Mahoney's statement about the "natural evolution" of Boston Scientific's "complementary" toolkit constitutes puffery. |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | System to protect the brain against the risk of TAVI-related stroke, the Acurate neo2 valve represents the natural evolution of our complementary dual-valve TAVI toolkit that covers the needs of a wide range of patient cases. | | | • *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3. <br> • Not sincerely believed. *See* Opp. Section III.B.3. | Opinion (Mov. Br. at 15, 22; Reply at 2-4, 8-10) <br> • "qualifying language" not required to constitute opinion. <br> • Plaintiff alleges that this statement omitted the "fact" that the Company had already decided to shut Lotus down, but Plaintiff has not alleged specific facts showing that any Individual had decided to shut Lotus down at the time this statement was made. <br> • Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts. <br> • Plaintiff has not otherwise sufficiently alleged the falsity of this statement. |
| 314-316 | October 15, 2020 TCT Conference [Tab 38 at 8, 9, 14] <br><br> **Joseph Fitzgerald: [65]** Now turning to LOTUS Edge. I'm proud to report that we have opened more than 150 accounts in the United States. We are just starting to wrap up our limited market release in Japan with LOTUS Edge. And we, I think, are -- not I think, I know we are accelerating our momentum in our REPRISE IV medium-risk indication trial, which, like all of our other IDEs and clinical studies, did take a bit of a hit there in Q2 and the early parts of Q3. <br><br> **Ian Meredith:** Now that we've seen the results of the SCOPE I and SCOPE II and learned more about the differentiated performance of the PVL rates, SCOPE -- ACURATE neo1 to ACURATE | [65] | • Not False Or Misleading. Statement referencing 150 open accounts not alleged with particularity to be about active accounts at that point in time as opposed to all accounts opened since inception. *See* Br. Section II.A. <br> • Puffery/Opinion. *See* Br. Sections II.B and II.C. <br> • Forward-Looking. *See* Br. Section II.D. | • Reasons for falsity – ¶¶317, 319. <br> • False and misleading. Defendant Fitzgerald did not qualify his statement between "active" accounts at the time, the suggestion that he did is implausible, and the attempt re-write what actually he said on a motion to dismiss is improper. *See* Opp. Sec. III.B.1. <br> • Not puffery. *See* Opp. Sec. III.B.2. <br> • Not opinion – no qualifying language. *See* Opp. Sec. III.B.3 | Not False Or Misleading <br> • The Company reached its target of opening 150 accounts, and there was no subsequent "admission" suggesting otherwise; Plaintiff misinterprets Mr. Fitzgerald's subsequent statements about Lotus accounts. *See* Reply at 3-4. <br><br> Puffery (Mov. Br. at 29-30) <br> • Mr. Fitzgerald's statement about being "proud" of progress in account openings and "momentum" in a clinical trial constitute puffery. <br><br> Opinion (Mov. Br. at 15, 22; Reply at 2-4, 8-10) |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | neo2, the data collected from the U.S. ACURATE neo IDE will become the primary pathway for our regulatory submission in the U.S. Therefore, while we're still in discussions with the FDA, we believe we will need to add more patients and a longer follow-up period, and thus, our original time lines will be extended. **[66]** We are also taking the opportunity here to reset the timing expectations. We now estimate the FDA approval and U.S. commercialization of ACURATE neo2 to be 2024.<br><br>**Joseph Fitzgerald:** . . . that trial as well, I should have mentioned earlier, that trial's expected timing for the intermediate risk timing has also now moved to '24.<br><br>*      *      *<br><br>**David Ryan Lewis (Morgan Stanley):** Joe, can you comment on sort of where we are in terms of the LOTUS Edge rollout globally? And thoughts about expectations for share gains over the next few months. | | | • *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• <u>Not sincerely believed</u>. *See* Opp. Section III.B.3.<br>• <u>Not forward-looking</u>. *See* Opp. Sec. III.B.4 | • "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that this statement omitted the "fact" that the Company had already decided to shut Lotus down, but Plaintiff has not alleged specific facts showing that any Individual had decided to shut Lotus down at the time this statement was made.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement.<br><br>Forward-Looking (Mov. Br. at 31-33; Reply at 10)<br>• Statement clearly relates to future plans/expectations.<br>• Risk disclosures were meaningful and sufficient. |
| | **Joseph Fitzgerald:** [L]et's start with US. We – I consider that we just annualized our launch COVID sat right in the middle of that first 12 months of launch. But I like what I see in terms of us being now in 150 accounts in the United States. **[67]** I think our launches, <u>I know our launch is gaining momentum</u>. We've got an improved version of iSLEEVE that will hit the US for an LMR in November (…) <u>This is now a ground game where we are expanding our footprint in the US, each month we're growing actual procedures per center, per month.</u> | **[66]** | • <u>Not False Or Misleading</u>. No allegation as to why this statement is false or misleading. *See* Br. Section II.A. | • Statement that "we are also taking the opportunity here to reset timing expectations" not alleged as false. | • No reply necessary in light of Plaintiff's response. |
| | | **[67]** | • <u>Puffery/Opinion</u>. *See* Br. Sections II.B and II.C.<br>• <u>Forward-Looking</u>. *See* Br. Section II.D. | • <u>Reasons for falsity</u> – ¶317.<br>• <u>Not puffery</u>. *See* Opp. Sec. III.B.2. | Puffery (Mov. Br. at 29-30)<br>• Mr. Fitzgerald's statement that the Lotus launch was "gaining momentum" and about efforts to |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | | | | • Not opinion – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• Not sincerely believed. *See* Opp. Section III.B.3.<br>• Not forward-looking. *See* Opp. Sec. III.B.4. | "expand[]" footprint constitutes puffery.<br><br>Opinion (Mov. Br. at 15, 22; Reply at 2-4, 8-10)<br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that this statement omitted the "fact" that the Company had already decided to shut Lotus down, but Plaintiff has not alleged specific facts showing that any Individual had decided to shut Lotus down at the time this statement was made.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement.<br><br>Forward-Looking (Mov. Br. at 31-33; Reply at 10)<br>• Statement clearly relates to future plans/expectations.<br>• Risk disclosures were meaningful and sufficient. |
| 318-319 | October 28, 2020 Earnings Call [Tab 40 at 6, 13]<br><br>**Michael Mahoney: [68]** TAVR sales grew both year-over-year and sequentially as we continue to focus on the . . . U.S. and Japan rollout of LOTUS Edge and U.S. intermediate risk trial enrollment. . . . . LOTUS Edge offers predictable control with a platform that may be fully | [68] | • Not False Or Misleading. No allegation as to why this statement is false or misleading. *See* Br. Section II.A.<br>• Puffery/Opinion. *See* Br. Sections II.B and II.C. | • Reasons for falsity – ¶320 (Defendants' entries 68 and 69 are part of same statement and/or context).<br>• False and misleading. Statements highlight continued growth and success of Lotus and | Not False Or Misleading<br>• Contrary to Plaintiff's assertion, the Complaint includes no allegations as to why this statement is false or misleading. Nevertheless, although Plaintiff now asserts that the statement omitted the "fact" that the Company had already decided to |

56

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | recaptured and repositioned at any time. We believe both valves offer distinct benefits, while SENTINEL has uniquely demonstrated a reduction in stroke rates during TAVR procedures in both its IDE and numerous large registries.<br><br>\*      \*      \*<br><br>**Lawrence H. Biegelsen (Wells Fargo):** Just a follow-up on TAVR. Actually, a couple of TAVR questions, and I'll just leave it at that. Mike, at a high level, does it still make sense from an ROI perspective to develop 2 TAVR platforms? And then for you, Ian, I heard your comments to Vijay, regarding the commercial impact. But given the result of SCOPE I and II, there seem to be some clinical risk with the U.S. pivotal trial. And I've looked at the primary safety and efficacy end points. Can you talk about your confidence in the neo2 U.S. pivotal trial being able to show noninferiority between neo2 and Sapien 3 and Evolut PRO, given what we've seen with SCOPE I and II? It doesn't look like a slam dunk, but I'd love to hear your thoughts.<br><br>**Michael Mahoney:** And we've obviously had the two-valve strategy, **[69]** <u>and we're seeing strong results in the sites that are using Lotus in the U.S.</u> Opening new sites has been a challenging exercise for us given the pandemic, but <u>the sites that are using Lotus in the U.S. are using it quite regularly. So we do believe that the two-valve strategy makes sense</u> and we're excited about the Acurate neo2 launch in Europe. | | • Forward-Looking. *See* Br. Section II.D. | purportedly "strong results" and conceal fact that management decided to terminate the franchise by this time because the product had been a failure. *See* Opp. Sec. III.B.1.<br>• <u>Not puffery</u>. *See* Opp. Sec. III.B.2.<br>• <u>Not opinion</u> – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* <u>omissions</u> – omits material facts one would take from the statement. *See* Opp. Section III.B.3.<br>• <u>Not sincerely believed.</u> *See* Opp. Section III.B.3.<br>• <u>Not forward-looking</u>. *See* Opp. Sec. III.B.4. | shut Lotus down, Plaintiff has not alleged specific facts showing that any Individual had decided to shut Lotus down at the time this statement was made.  *See* Mov. Br. at 15, 22; Reply at 2-4, 8-10)<br><br>Puffery (Mov. Br. at 29-30)<br>• Mr. Mahoney's statement about the "distinct benefits" offered by Lotus (and Acurate) constitutes puffery.<br><br>Opinion (Mov. Br. at 15, 22; Reply at 2-4, 8-10)<br>• "qualifying language" not required to constitute opinion.<br>• As noted above, Plaintiff now asserts that this statement omitted the "fact" that the Company had already decided to shut Lotus down, but Plaintiff has not alleged specific facts showing that any Individual had decided to shut Lotus down at the time this statement was made.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement.<br><br>Forward-Looking (Mov. Br. at 31-33; Reply at 10)<br>• Statement clearly relates to future plans/expectations. |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | | | | | • Risk disclosures were meaningful and sufficient. |
| | | [69] | • Puffery/Opinion. *See* Br. Sections II.B and II.C.<br>• Forward-Looking. *See* Br. Section II.D. | • Reasons for falsity – ¶320 (Defendants' entries 68 and 69 are part of same statement and/or context).<br>• False and misleading. Statements highlight continued growth and success of Lotus and purportedly "strong results" and conceal fact that management decided to terminate the franchise by this time because the product had been a failure. *See* Opp. Sec. III.B.1.<br>• Not puffery. *See* Opp. Sec. III.B.2.<br>• Not opinion – no qualifying language. *See* Opp. Sec. III.B.3<br>• *Omnicare* omissions – omits material facts one would take from the statement. *See* Opp. Section III.B.3. | Puffery (Mov. Br. at 29-30)<br>• Mr. Fitzgerald's statement about "strong results" in the sites *that are using Lotus in the U.S.* and their "regular[]" use of Lotus constitutes puffery.<br><br>Opinion (Mov. Br. at 15, 22; Reply at 2-4, 8-10)<br>• "qualifying language" not required to constitute opinion.<br>• Plaintiff alleges that this statement omitted the "fact" that the Company had already decided to shut Lotus down, but Plaintiff has not alleged specific facts showing that any Individual had decided to shut Lotus down at the time this statement was made.  Plaintiff also alleges that this statement omitted details about Lotus sales, but the Lotus launch was "on track" during the Class Period and the Company did in fact open 150 Lotus accounts; whether or not the Company was meeting its internal sales targets is a separate inquiry from whether the Company was on track to reach its stated goal of opening 150 accounts, and the |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | | | | | Company did not need to disclose details regarding those internal targets.  Plaintiff also alleges that the statement omitted facts about the safety of the launch, but does not allege that the launch did not comply with FDA requirements.<br>• Plaintiff's conclusory assertion that this opinion was not sincerely believed is not supported by any facts.<br>• Plaintiff has not otherwise sufficiently alleged the falsity of this statement.<br><br>Forward-Looking (Mov. Br. at 31-33; Reply at 10)<br>• Statement clearly relates to future plans/expectations.<br>• Risk disclosures were meaningful and sufficient. |
| 321-323 | Boston Scientific Form 8-K Dated April 29, 2020 [Tab 29 at 4]<br><br>[70] The company reported GAAP earnings of $11 million or $0.01 per share (EPS) . . . . | [70 ] | • Not False Or Misleading. The allegation that this statement is false is entirely premised on the notion that Boston Scientific had decided to shut down Lotus by March 2020, and Plaintiff has failed to adequately plead that fact.  Nor has Plaintiff alleged with particularity that any Defendant intentionally delayed announcing the | • Reasons for falsity – ¶323.<br>• False and misleading – Defendants' failure to disclose Lotus shutdown rendered financial statements false and misleading. Falsity supported by numerous allegations, including Defendant Fitzgerald's admission's that management concluded to terminate the franchise at "sub-100" accounts (i.e., around the first quarter 2020) and the shut-down | Not False Or Misleading<br>• Plaintiff has failed to allege facts sufficient to show that the decision to shut Lotus down was made in Q1 2020. *See* Mov. Br. at 15, 22; Reply at 2-3.  Plaintiff mischaracterizes Mr. Fitzgerald's statements about Lotus—when read in context, they show that the decision was made in close proximity to the date of the announcement. *See* Reply at 4. |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | | | shutdown to avoid certain charges and mislead investors. *See* Br. Section II.E. | of the Penang facility in March 2020. *See* Opp. Sec. III.B.5. | |
| 321-323 | Boston Scientific Q1 2020 Form 10-Q [Tab 31 at 35]<br><br>[71] Our reported net income for the first quarter of 2020 was $11 million, or $0.01 per diluted share. | [71] | • Not False Or Misleading. The allegation that this statement is false is entirely premised on the notion that Boston Scientific had decided to shut down Lotus by March 2020, and Plaintiff has failed to adequately plead that fact.  Nor has Plaintiff alleged with particularity that any Defendant intentionally delayed announcing the shutdown to avoid certain charges and mislead investors. *See* Br. Section II.E. | • Reasons for falsity – ¶323.<br>• False and misleading – Defendants' failure to disclose Lotus shutdown rendered financial statements false and misleading. Falsity supported by numerous allegations, including Defendant Fitzgerald's admission's that management concluded to terminate the franchise at "sub-100" accounts (i.e., around the first quarter 2020) and the shut-down of the Penang facility in March 2020. *See* Opp. Sec. III.B.5. | Not False Or Misleading<br>• Plaintiff has failed to allege facts sufficient to show that the decision to shut Lotus down was made in Q1 2020. *See* Mov. Br. at 15, 22; Reply at 2-3.  Plaintiff mischaracterizes Mr. Fitzgerald's statements about Lotus—when read in context, they show that the decision was made in close proximity to the date of the announcement. *See* Reply at 4. |
| 321-323 | Boston Scientific Form 8-K Dated July 29, 2020 [Tab 32 at 4]<br><br>[72] The company reported a GAAP loss of $147 million or $(0.11) per share (EPS) . . . . | [72] | • Not False Or Misleading. The allegation that this statement is false is entirely premised on the notion that Boston Scientific had decided to shut down Lotus by March 2020, and Plaintiff has failed to adequately plead that fact.  Nor has Plaintiff alleged with particularity | • Reasons for falsity – ¶323.<br>• False and misleading – Defendants' failure to disclose Lotus shutdown rendered financial statements false and misleading. Falsity supported by numerous allegations, including Defendant Fitzgerald's admission's that management concluded to terminate the franchise at | Not False Or Misleading<br>• Plaintiff has failed to allege facts sufficient to show that the decision to shut Lotus down was made in Q1 2020. *See* Mov. Br. at 15, 22; Reply at 2-3.  Plaintiff mischaracterizes Mr. Fitzgerald's statements about Lotus—when read in context, they show that the decision was made in close proximity to the date of the announcement. *See* Reply at 4. |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | | | that any Defendant intentionally delayed announcing the shutdown to avoid certain charges and mislead investors.  *See* Br. Section II.E. | "sub-100" accounts (i.e., around the first quarter 2020) and the shut-down of the Penang facility in March 2020. *See* Opp. Sec. III.B.5. | |
| 321-323 | Boston Scientific Q2 2020 Form 10-Q [Tab 34 at 40]<br><br>[73] Our reported net loss for the second quarter of 2020 was $147 million, or $(0.11) per diluted share. | [73] | • Not False Or Misleading. The allegation that this statement is false is entirely premised on the notion that Boston Scientific had decided to shut down Lotus by March 2020, and Plaintiff has failed to adequately plead that fact.  Nor has Plaintiff alleged with particularity that any Defendant intentionally delayed announcing the shutdown to avoid certain charges and mislead investors.  *See* Br. Section II.E. | • Reasons for falsity – ¶323.<br>• False and misleading – Defendants' failure to disclose Lotus shutdown rendered financial statements false and misleading. Falsity supported by numerous allegations, including Defendant Fitzgerald's admission's that management concluded to terminate the franchise at "sub-100" accounts (i.e., around the first quarter 2020) and the shut-down of the Penang facility in March 2020. *See* Opp. Sec. III.B.5. | Not False Or Misleading<br>• Plaintiff has failed to allege facts sufficient to show that the decision to shut Lotus down was made in Q1 2020. *See* Mov. Br. at 15, 22; Reply at 2-3.  Plaintiff mischaracterizes Mr. Fitzgerald's statements about Lotus—when read in context, they show that the decision was made in close proximity to the date of the announcement.  *See* Reply at 4. |
| 321-323 | Boston Scientific Form 8-K Dated October 28, 2020 [Tab 39 at 4]<br><br>[74] The company reported a GAAP net loss available to common stockholders of $(169) million or $(0.12) per share (EPS) . . . . | [74] | • Not False Or Misleading. The allegation that this statement is false is entirely premised on the notion that Boston Scientific had decided to shut down Lotus by March 2020, and Plaintiff has failed to | • Reasons for falsity – ¶323.<br>• False and misleading – Defendants' failure to disclose Lotus shutdown rendered financial statements false and misleading. Falsity supported by numerous allegations, including Defendant Fitzgerald's | Not False Or Misleading<br>• Plaintiff has failed to allege facts sufficient to show that the decision to shut Lotus down was made in Q1 2020. *See* Mov. Br. at 15, 22; Reply at 2-3.  Plaintiff mischaracterizes Mr. Fitzgerald's statements about Lotus—when read in context, they show that the decision was made in |

| (AC) | Challenged Statement[2] | Entry No. | Defendants' Argument Why The Statement Is Not Actionable | Plaintiff's Response | Defendant's Reply |
|---|---|---|---|---|---|
| | | | adequately plead that fact. Nor has Plaintiff alleged with particularity that any Defendant intentionally delayed announcing the shutdown to avoid certain charges and mislead investors. *See* Br. Section II.E. | admission's that management concluded to terminate the franchise at "sub-100" accounts (i.e., around the first quarter 2020) and the shut-down of the Penang facility in March 2020. *See* Opp. Sec. III.B.5.<br>• | close proximity to the date of the announcement. *See* Reply at 4. |
| 321-323 | Boston Scientific Q3 2020 Form 10-Q [Tab 41 at 41]<br><br>[75] Our reported net loss available to common stockholders for the third quarter of 2020 was $169 million, or $(0.12) per diluted share. | [75] | • Not False Or Misleading. The allegation that this statement is false is entirely premised on the notion that Boston Scientific had decided to shut down Lotus by March 2020, and Plaintiff has failed to adequately plead that fact. Nor has Plaintiff alleged with particularity that any Defendant intentionally delayed announcing the shutdown to avoid certain charges and mislead investors. *See* Br. Section II.E. | • Reasons for falsity – ¶323.<br>• False and misleading – Defendants' failure to disclose Lotus shutdown rendered financial statements false and misleading. Falsity supported by numerous allegations, including Defendant Fitzgerald's admission's that management concluded to terminate the franchise at "sub-100" accounts (i.e., around the first quarter 2020) and the shut-down of the Penang facility in March 2020. *See* Opp. Sec. III.B.5. | Not False Or Misleading<br>• Plaintiff has failed to allege facts sufficient to show that the decision to shut Lotus down was made in Q1 2020. *See* Mov. Br. at 15, 22; Reply at 2-3. Plaintiff mischaracterizes Mr. Fitzgerald's statements about Lotus—when read in context, they show that the decision was made in close proximity to the date of the announcement. *See* Reply at 4. |