UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re BOSTON SCIENTIFIC CORPORATION :
SECURITIES LITIGATION                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x     Master File No.: No. 1:20-cv-12225-DPW
                                                                :
This Document Relates To:                                       :     **<u>JURY TRIAL DEMANDED</u>**
                                                                :
        ALL ACTIONS                                             :
                                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### <u>DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED CONSOLIDATED COMPLAINT</u>

Defendants Boston Scientific Corporation ("Boston Scientific"), Michael F. Mahoney, Joseph M. Fitzgerald, Daniel J. Brennan, Shawn McCarthy, Susan Vissers Lisa, Ian Meredith, and Kevin Ballinger (collectively, "Defendants"), by and through their undersigned attorneys, hereby answer the Amended Consolidated Complaint For Violations Of The Federal Securities Laws (the "Complaint") of Lead Plaintiff Union Asset Management Holding AG ("Plaintiff"), upon knowledge as to themselves and their own acts, and otherwise upon information and belief as to all other matters as follows:

Defendants deny each and every allegation, statement, and matter not expressly admitted or qualified herein. Defendants also deny allegations contained in headings (which, for the avoidance of confusion, are included herein only to identify numbering of sections and not to the extent they contain any statements or allegations), footnotes, or unnumbered paragraphs in the Complaint. Defendants further deny that Plaintiff is entitled to either the relief requested in its prayer for relief or a trial by jury. Defendants expressly reserve the right to supplement these responses and expressly reserve any and all defenses that may be available.

Defendants aver that the allegations contained in the first unnumbered paragraph preceding Paragraph 1 of the Complaint are Plaintiff's definitional conventions and legal conclusions to which no answer is required.  To the extent that the first unnumbered paragraph preceding Paragraph 1 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of the second unnumbered paragraph preceding Paragraph 1 of the Complaint.  Defendants deny the allegations contained in the third and fourth sentences of the second unnumbered paragraph preceding Paragraph 1 of the Complaint.

### ANSWER TO "PRELIMINARY STATEMENT" ALLEGATIONS

The heading immediately preceding Paragraph 1 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 1 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

1.      Defendants aver that the allegations contained in Paragraph 1 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 1 may be deemed to contain factual allegations to which a response is required, Defendants deny the allegations contained in Paragraph 1 of the Complaint, except admit that Plaintiff purports to bring this action in connection with alleged misrepresentations concerning the Lotus Edge ("Lotus") device and that the quoted language is copied from a May 29, 2019 conference transcript.  Defendants refer to that document for its complete and accurate contents.

2.    Defendants admit the allegations contained in the first and second sentences of Paragraph 2 of the Complaint.  Defendants deny the allegations contained in the third sentence of Paragraph 2 of the Complaint.  Defendants deny the allegations contained in the fourth sentence of Paragraph 2 of the Complaint, except admit that Edwards Lifesciences and Medtronic each manufacture transcatheter aortic valve replacement ("TAVR") devices.

3.    Defendants deny the allegations contained in the first sentence of Paragraph 3 of the Complaint, except admit that Lotus has unique advantages over the other referenced TAVR devices.  Defendants deny the allegations contained in the second sentence of Paragraph 3 of the Complaint, except admit that the quoted language attributed to Boston Scientific is copied from a December 5, 2019 conference transcript.  Defendants refer to that document for its complete and accurate contents.  Defendants deny the allegations contained in the third sentence of Paragraph 3 of the Complaint, except admit that the first quotation attributed to "Defendants" is copied from a January 8, 2013 conference transcript and the second quotation attributed to "Defendants" is copied from a February 12, 2013 conference transcript.  Defendants refer to those documents for their complete and accurate contents.

4.    Defendants deny the allegations contained in the first and second sentences of Paragraph 4 of the Complaint, except admit that Boston Scientific initiated a number of voluntary recalls of predecessor Lotus devices to resolve certain manufacturing issues.  Defendants deny the allegations contained in the third sentence of Paragraph 4 of the Complaint, except admit that the quoted language attributed to

"Defendants" is copied from a December 5, 2019 conference transcript. Defendants refer to that document for its complete and accurate contents.

5. Defendants deny the allegations contained in Paragraph 5 of the Complaint, except admit that Boston Scientific set a goal of opening 150 Lotus accounts within the first year of Lotus's commercial launch.

6. Defendants deny the allegations contained in the first sentence of Paragraph 6 of the Complaint and, answering further, aver that its reference to "virtually every investor conference call" is too vague to be susceptible of a response. Defendants deny the allegations contained in the second sentence of Paragraph 6 of the Complaint, except admit that the quoted language regarding re-order rates and the launch being "on track" attributed to "Boston Scientific's senior executives" is copied from multiple documents, including a July 24, 2019 conference transcript, a September 5, 2019 conference transcript, a September 27, 2019 conference transcript, a December 5, 2019 conference transcript, a February 5, 2020 conference transcript, a February 27, 2020 conference transcript, a March 3, 2020 conference transcript, and an August 19, 2020 conference transcript. Defendants refer to those documents for their complete and accurate contents. Defendants deny the allegations contained in the third sentence of Paragraph 6 of the Complaint, except admit that the quoted language attributed to Boston Scientific is copied from a November 14, 2019 conference transcript. Defendants refer to that document for its complete and accurate contents.

7. Defendants deny the allegations contained in the first sentence of Paragraph 7 of the Complaint. Defendants deny the allegations contained in the second sentence of Paragraph 7 of the Complaint, except admit that the COVID-19 pandemic

4

negatively impacted the pace of the Lotus launch, and that over 150 Lotus accounts were opened prior to Lotus's discontinuation.

8.    Defendants deny the allegations contained in the first sentence of Paragraph 8 of the Complaint.  Defendants aver that they lack knowledge or information sufficient to form a belief as to whether "former Boston Scientific employees" made such purported statements to Plaintiff as recited in the second, third and fourth sentences of Paragraph 8 of the Complaint, and otherwise deny the allegations made therein.

9.    Defendants deny the allegations contained in the first sentence of Paragraph 9 of the Complaint.  Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "former employee" made such purported statements to Plaintiff as recited in the second sentence of Paragraph 9 of the Complaint, and otherwise deny the allegations made therein.  Defendants deny the allegations contained in the third and fourth sentences of Paragraph 9 of the Complaint.

10.    Defendants deny the allegations contained in the first sentence of Paragraph 10 of the Complaint.  Defendants aver that they lack knowledge or information sufficient to form a belief as to whether a "former Boston Scientific engineer" made such purported statements to Plaintiff as recited in the second, third, fourth and fifth sentences of Paragraph 10 of the Complaint, and otherwise deny the allegations made therein.

11.    Defendants deny the allegations contained in the first, third and fourth sentences of Paragraph 11 of the Complaint, except admit that Boston Scientific encountered manufacturing problems with Lotus (a possibility that was disclosed in its regular SEC filings) and that those issues ultimately contributed to the decision to withdraw Lotus from the market.  Defendants aver that they lack knowledge or

information sufficient to form a belief as to whether "former Boston Scientific employees" made such purported statements to Plaintiff as recited in the second sentence of Paragraph 11 of the Complaint, and otherwise deny the allegations made therein.

12.     Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13.     Defendants deny the allegations contained in the first, second and third sentences of Paragraph 13 of the Complaint, except admit that as of March 31, 2020, Boston Scientific reported approximately $10 billion in outstanding debt.  Defendants deny the allegations contained in the fourth sentence of Paragraph 13 of the Complaint, except admit that the COVID-19 pandemic had a significant impact on Boston Scientific's sales and revenue figures, as disclosed in an April 29, 2020 conference transcript.  Defendants deny the allegations contained in the fifth sentence of Paragraph 13 of the Complaint, except admit that Boston Scientific estimated that the COVID-19 pandemic would have a $10 million to $40 million negative impact to revenues in China, as disclosed in a February 5, 2020 conference transcript.

14.     Defendants deny the allegations contained in the first and third sentences of Paragraph 14 of the Complaint.  Defendants deny the allegations contained in the second sentence of Paragraph 14 of the Complaint, except admit that the quoted language attributed to Mr. Mahoney is copied from a March 11, 2020 conference transcript.  Defendants refer to that document for its complete and accurate contents. Defendants deny the allegations contained in the fourth sentence of Paragraph 14 of the Complaint, except admit that in April and May 2020, Boston Scientific refinanced

approximately $2 billion in outstanding debt and raised approximately $1.95 billion in equity through two secondary offerings.

15.     Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.     Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in the first sentence of Paragraph 17 of the Complaint.  Defendants deny the allegations contained in the second sentence of Paragraph 17 of the Complaint, except admit that the quoted language attributed to Mr. Fitzgerald is copied from an October 15, 2020 conference transcript. Defendants refer to that document for its complete and accurate contents.  Defendants deny the allegations contained in the third sentence of Paragraph 17 of the Complaint, except admit that the quoted language attributed to Mr. Mahoney is copied from an October 28, 2020 earnings call transcript.  Defendants refer to that document for its complete and accurate contents.

18.     Defendants deny the allegations contained in Paragraph 18 of the Complaint, except admit that on November 3, 2020, a trade was executed pursuant to Mr. Mahoney's Rule 10b5-1 trading plan.

19.     Defendants deny the allegations contained in the first sentence of Paragraph 19 of the Complaint, except admit that it announced the discontinuation of the Lotus platform on November 17, 2020.  Defendants deny the allegations contained in the second sentence of Paragraph 19 of the Complaint, except admit that quoted language

attributed to Boston Scientific is copied from a November 17, 2020 conference transcript. Defendants refer to that document for its complete and accurate contents.

20.     Defendants deny the allegations contained in the first sentence of Paragraph 20 of the Complaint, except admit that the quoted language attributed to Mr. Fitzgerald is copied from a November 17, 2020 conference transcript. Defendants refer to that document for its complete and accurate contents. Defendants deny the allegations contained in the second sentence of Paragraph 20 of the Complaint, except admit that the referenced disclosures attributed to "Defendants" were made during the November 17, 2020 conference call. Defendants refer to that special call transcript for its complete and accurate contents. Defendants deny the allegations contained in the third sentence of Paragraph 20 of the Complaint, except admit that the quoted language attributed to Mr. Fitzgerald is copied from a November 18, 2020 conference transcript. Defendants refer to that document for its complete and accurate contents.

21.     Defendants deny the allegations contained in the first sentence of Paragraph 21 of the Complaint, except admit that Boston Scientific's stock price declined from $38.03 per share on November 16, 2020, to $35.03 per share on November 17, 2020. Defendants deny the allegations contained in the second sentence of Paragraph 21 of the Complaint, except admit that Plaintiff purports to summarize the discussion during the November 17, 2020 conference call. Defendants refer to that conference transcript for its complete and accurate contents.

22.     Defendants admit the allegations contained in Paragraph 22 of the Complaint, but deny that the SEC's investigation remains pending as it has been terminated as of January 3, 2022.

23.     Defendants aver that the allegations contained in Paragraph 23 of the Complaint are Plaintiff's legal conclusions to which no response is required.  To the extent that Paragraph 23 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

### ANSWER TO "JURISDICTION & VENUE" ALLEGATIONS

The heading immediately preceding Paragraph 24 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 24 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

24.     Defendants aver that the allegations contained in Paragraph 24 of the Complaint are legal conclusions to which no response is required.  To the extent that Paragraph 24 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

25.     Defendants aver that the allegations contained in Paragraph 25 of the Complaint are legal conclusions to which no response is required.  To the extent that Paragraph 25 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

26.     Defendants aver that the allegations contained in Paragraph 26 of the Complaint are legal conclusions to which no response is required.  To the extent that Paragraph 26 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

### ANSWER TO "THE PARTIES" ALLEGATIONS

**A.      Answer to "Lead Plaintiff" Allegations**

The two headings immediately preceding Paragraph 27 of the Complaint contain no factual allegations and thus no response is required.  To the extent that the two headings immediately Paragraph 27 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

27.      Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 27 of the Complaint.  Defendants deny the allegations contained in the third sentence of Paragraph 27 of the Complaint, except admit that Plaintiff Union Asset Management Holding AG ("Plaintiff") submitted a certification which purports to show that it purchased Boston Scientific common stock during the putative class period.

**B.      Answer to "Defendants" Allegations**

The heading immediately preceding Paragraph 28 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 28 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

28.      Defendants admit the allegations contained in Paragraph 28 of the Complaint.

29.      Defendants deny the allegations contained in Paragraph 29 of the Complaint, except admit that Mr. Mahoney has served as Boston Scientific's Chairman, President and Chief Executive Officer since 2011.

30.    Defendants deny the allegations contained in Paragraph 30 of the Complaint, except admit that Mr. Brennan has served as Boston Scientific's Chief Financial Officer since 2014 and held several other positions within the Company prior to his appointment as Chief Financial Officer.

31.    Defendants deny the allegations contained in Paragraph 31 of the Complaint, except admit that Mr. Fitzgerald was appointed Executive Vice President and President of Boston Scientific's Interventional Cardiology division on July 6, 2020, and previously served in the same position for the Company's Rhythm Management division.

32.    Defendants deny the allegations contained in Paragraph 32 of the Complaint, except admit that Mr. McCarthy served as Vice President and General Manager of Boston Scientific's Structural Heart Valves division from July 2017 to January 2020.

33.    Defendants deny the allegations contained in Paragraph 33 of the Complaint, except admit that Mr. Ballinger served as Executive Vice President and President of Boston Scientific's Interventional Cardiology division until July 2020.

34.    Defendants deny the allegations contained in Paragraph 34 of the Complaint, except admit that Dr. Meredith currently has served as Boston Scientific's Chief Medical Officer since 2017, a role in which he is responsible for leading clinical science and medical affairs across Boston Scientific and providing global leadership of the company's clinical trial strategy.

35.    Defendants deny the allegations contained in Paragraph 35 of the Complaint, except admit that Ms. Lisa served as Vice President of Boston Scientific's Investor Relations division from 2013 until her retirement in June 2021.

11

36.    Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.    Defendants aver that the allegations contained in Paragraph 37 of the Complaint are Plaintiff's definitional conventions to which no response is required.  To the extent that Paragraph 37 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

## ANSWER TO "BACKGROUND AND OVERVIEW OF DEFENDANTS' FRAUD" ALLEGATIONS

### A.    Answer to "Boston Scientific's Structural Heart Business And The Promise Of 7 To 9% Organic Growth" Allegations

The two headings immediately preceding Paragraph 38 of the Complaint contain no factual allegations and thus no response is required.  To the extent that the two headings immediately preceding Paragraph 38 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

38.    Defendants admit the allegations contained in Paragraph 38 of the Complaint, but note that the allegations are incorrect insofar as they state that Boston Scientific has six core businesses when they correctly list Boston Scientific's *seven* core businesses.

39.    Defendants deny the allegations contained in the first sentence of Paragraph 39 of the Complaint, and, answering further, aver that its reference to "the most important unit" is too vague to be susceptible of a response.  Defendants deny the allegations in the second sentence of Paragraph 39 of the Complaint, except admit that the referenced "40%" figure is copied from a June 26, 2019 investor day transcript. Defendants refer to that document for its complete and accurate contents.

12

40.     Defendants deny the allegations contained in Paragraph 40 of the Complaint, except admit that the quoted language attributed to Boston Scientific is copied from a February 19, 2019 Form 10-K filing.  Defendants refer to that document for its complete and accurate contents.

41.     Defendants deny the allegations contained Paragraph 41 of the Complaint, except admit that the quoted language attributed to Boston Scientific is copied from a March 19, 2019 analyst report.  Defendants refer to that document for its complete and accurate contents.

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint, except admit that the quoted language attributed to Mr. Mahoney is copied from a June 19, 2019 investor day transcript.  Defendants refer to that document for its complete and accurate contents.

43.     Defendants deny the allegations contained in the first sentence of Paragraph 43 of the Complaint.  Defendants deny the allegations contained in the second sentence of Paragraph 43, except admit that the referenced figures are copied from a February 6, 2019 earnings call transcript and a June 26, 2019 conference transcript. Defendants refer to those documents for their complete and accurate contents.

**B.      Answer to "Before The Start Of The Class Period, Transcatheter Aortic Valve Replacement Becomes The Standard Of Care And Boston Scientific Races To Catch Up To Competitors" Allegations**

The heading immediately preceding Paragraph 44 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 44 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

13

44.   Defendants admit the allegations contained in the first sentence of Paragraph 44 of the Complaint.  Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 44 of the Complaint.  Defendants deny the allegations contained in the third sentence of Paragraph 44 of the Complaint, except admit that the quoted language is copied from an April 29, 2015 news article.  Defendants refer to that document for its complete and accurate contents.

45.   Paragraph 45 of the Complaint contains no factual allegations and thus no response is required.  To the extent that Paragraph 45 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

46.   Paragraph 46 of the Complaint contains no factual allegations and thus no response is required.  To the extent that Paragraph 46 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

47.   Paragraph 47 of the Complaint contains no factual allegations and thus no response is required.  To the extent that Paragraph 47 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

48.   Paragraph 48 of the Complaint contains no factual allegations and thus no response is required.  To the extent that Paragraph 48 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

49.   Paragraph 49 of the Complaint contains no factual allegations and thus no response is required.  To the extent that Paragraph 49 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

50.     Paragraph 50 of the Complaint contains no factual allegations and thus no response is required.  To the extent that Paragraph 50 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

51.     The first sentence of Paragraph 51 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the first sentence of Paragraph 51 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.  Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 51 of the Complaint, including to the extent that such allegations concern entities or individuals other than Boston Scientific. Defendants deny the allegations contained in the third sentence of Paragraph 51 of the Complaint, except admit that the quoted language is copied from a July 20, 2017 magazine article.  Defendants refer to that document for its complete and accurate contents.  The fourth and fifth sentences of Paragraph 51 of the Complaint contain no factual allegations and thus no response is required.  To the extent that the fourth and fifth sentences of Paragraph 51 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

**C.     Answer to "Boston Scientific Seeks A Toehold In The Burgeoning TAVR Market With the Lotus Valve, Touted As A 'Fully Repositionable Device' With Unmatched 'Ease of Use'" Allegations**

The heading immediately preceding Paragraph 52 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 52 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

15

52.     Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint to the extent that such allegations concern entities or individuals other than Boston Scientific, and otherwise deny the allegations made therein.

53.     Defendants deny the allegations contained in Paragraph 53 of the Complaint, except admit that Boston Scientific acquired Sadra Medical Inc., which developed a TAVR device called the Lotus Valve System, in 2010, and that the Lotus Valve System was the first TAVR device to be fully repositionable, a feature that afforded physicians precise control and ease of use during procedures.

54.     Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint to the extent that such allegations concern entities or individuals other than Boston Scientific, and otherwise deny the allegations made therein.

55.     Defendants deny the allegations contained in Paragraph 55 of the Complaint and, answering further, refer to the FDA-approved label for Lotus for a full and accurate description of the device's functions.

56.     Defendants deny the allegations contained in Paragraph 56 of the Complaint and, answering further, refer to the FDA-approved label for Lotus for a full and accurate description of the device's functions.

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint and, answering further, refer to the FDA-approved label for Lotus for a full and accurate description of the device's functions.

58.     Defendants deny the allegations contained in the first sentence of Paragraph 58 of the Complaint, except admit that the quoted language attributed to Boston Scientific is copied from a January 8, 2013 conference transcript.  Defendants refer to that document for its complete and accurate contents.  Defendants deny the allegations contained in the second sentence of Paragraph 58 of the Complaint, except admit that the first and second quotations attributed to Mr. Mahoney are copied from a January 8, 2013 conference transcript and the third quotation attributed to Mr. Mahoney is copied from a February 12, 2013 conference transcript.  Defendants refer to those documents for their complete and accurate contents.

59.     Defendants deny the allegations contained in Paragraph 59 of the Complaint, except admit that the quoted language attributed to Mr. Mahoney is copied from a September 12, 2017 conference transcript.  Defendants refer to that document for its complete and accurate contents.

60.     Defendants deny the allegations contained in Paragraph 60 of the Complaint, except admit that the quoted language attributed to Ms. Lisa is copied from a June 7, 2016 conference transcript.  Defendants refer to that document for its complete and accurate contents.

61.     Defendants deny the allegations contained in the first sentence of Paragraph 61 of the Complaint, except admit that the quoted language attributed to Boston Scientific is copied from a February 19, 2019 Form 10-K filing.  Defendants refer to that document for its complete and accurate contents.  Defendants aver that the allegations contained in the second sentence of Paragraph 61 of the Complaint, a citation to a seemingly irrelevant federal regulation, are Plaintiff's legal conclusions to which no

answer is required.  To the extent that the second sentence of Paragraph 61 may be deemed to contain factual allegations to which a response is required, those allegations are denied.  Defendants deny the allegations contained in the third sentence of Paragraph 61 of the Complaint, except admit that the quoted language attributed to Leerink analysts is copied from an April 27, 2016 analyst report.  Defendants refer to that document for its complete and accurate contents.

**D.      Answer to "Boston Scientific Issues Several Recalls Of The Lotus Due To The Malfunctioning Of Its Delivery System But Assures Investors It Had Remedied The Problem" Allegations**

The heading immediately preceding Paragraph 62 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 62 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

62.     Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations contained in the first sentence of Paragraph 63 of the Complaint, except admit that Boston Scientific initiated a recall of Lotus devices on November 19, 2014, and that Boston Scientific had not previously initiated a recall of Lotus devices.  Defendants deny the allegations contained in the second sentence of Paragraph 63 of the Complaint, except admit that the statements attributed to Boston Scientific were made in a September 23, 2014 press release. Defendants refer to that document for its complete and accurate contents.  Defendants deny the allegations contained in the third and fourth sentences of Paragraph 63 of the Complaint, except admit that the quoted language attributed to Boston Scientific is

copied from a November 19, 2014 recall notice.  Defendants refer to that document for its complete and accurate contents.  Defendants admit the allegations contained in Paragraph 63, footnote 1 of the Complaint.

64.     Defendants deny the allegations contained in the first and second sentences of Paragraph 64 of the Complaint, except admit that the referenced recall was announced in an August 2016 field safety notice.  Defendants refer to that document for its complete and accurate contents.  Defendants deny the allegations contained in the third sentence of Paragraph 64 of the Complaint, except admit that the quoted language attributed is copied from an August 2016 field safety notice.  Defendants refer to that document for its complete and accurate contents.  Defendants deny the allegations contained in the fourth sentence of Paragraph 64 of the Complaint, except admit that the statements attributed to Boston Scientific were made during an October 31, 2016 recall announcement.  Defendants refer to that document for its complete and accurate contents.

65.     Defendants deny the allegations contained in the first sentence of Paragraph 65 of the Complaint, except admit that Boston Scientific disclosed the initiation of a voluntary removal of all Lotus devices from global commercial and clinical sites due to manufacturing issues.  Defendants deny the allegations contained in the second sentence of Paragraph 65 of the Complaint, except admit that the quoted language attributed to Boston Scientific is copied from a February 23, 2017 Form 8-K filing.  Defendants refer to that document for its complete and accurate contents. Defendants deny the allegations contained in the third, fourth and fifth sentences of Paragraph 65 of the Complaint, except admit that a patient in Germany suffered an adverse event while undergoing a procedure to implant a Lotus device.

66.     Defendants deny the allegations contained in Paragraph 66 of the Complaint, except admit that Boston Scientific's stock price declined from $25.16 per share on February 22, 2017, to $24.48 on February 23, 2017.

67.     Defendants deny the allegations contained in Paragraph 67 of the Complaint, except admit that the quoted language attributed to both Mr. Mahoney and Mr. Meredith is copied from a January 10, 2017 conference transcript.  Defendants refer to that document for its complete and accurate contents.

68.     Defendants deny the allegations contained in Paragraph 68 of the Complaint, except admit that the quoted language attributed to Mr. Brennan is copied from a February 23, 2017 conference transcript.  Defendants refer to that document for its complete and accurate contents.

69.     Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint to the extent that such allegations concern entities or individuals other than Boston Scientific, and otherwise deny the allegations contained therein.

70.     Defendants deny the allegations contained in the first sentence of Paragraph 70 of the Complaint, except admit that the quoted language is copied from a February 23, 2017 Cowen analyst report.  Defendants refer to that document for its complete and accurate contents.  Defendants deny the allegations contained in the second sentence of Paragraph 70 of the Complaint, except admit that the quoted language is copied from a February 23, 2017 Guggenheim analyst report.  Defendants refer to that document for its complete and accurate contents.  Defendants deny the allegations contained in the third sentence of Paragraph 70 of the Complaint, except admit that the

20

quoted language is copied from a February 23, 2017 Evercore ISI analyst report.  Defendants refer to that document for its complete and accurate contents.

     E.       **Answer to "Boston Scientific Continues to Reassure Investors About The Lotus Edge After Announcing Acquisition of 'Complementary' Symetis TAVR Platform And The Company's Dual Valve Strategy" Allegations**

The heading immediately preceding Paragraph 71 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 71 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

71.     Defendants deny the allegations contained in Paragraph 71 of the Complaint, except admit that in March 2017 Boston Scientific acquired Symetis, a company that developed the Acurate TAVR valve platform.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint, except admit that the quoted language attributed to Mr. Mahoney is copied from a March 30, 2017 conference transcript.  Defendants refer to that document for its complete and accurate contents.

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint, except admit that the quoted language attributed to Mr. Mahoney is copied from a March 30, 2017 conference transcript.  Defendants refer to that document for its complete and accurate contents.

74.     Defendants deny the allegations contained in Paragraph 74 of the Complaint, except admit that the quoted language attributed to Mr. Ballinger is copied from a March 30, 2017 conference transcript.  Defendants refer to that document for its complete and accurate contents.

21

F.      **Answer to "Boston Scientific Announces Another Lotus Delay, Again Pointing To Manufacturing 'Validation Challenges'" Allegations**

The heading immediately preceding Paragraph 75 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 75 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

75.     Defendants deny the allegations contained in Paragraph 75 of the Complaint, except admit that the quoted language attributed to Boston Scientific is copied from a November 28, 2017 Form 8-K filing.  Defendants refer to that document for its complete and accurate contents.

76.     Defendants deny the allegations contained in Paragraph 76 of the Complaint, except admit that the quoted language attributed to Mr. Mahoney is copied from a November 27, 2017 conference transcript.  Defendants refer to that document for its complete and accurate contents.

77.     Defendants deny the allegations contained in Paragraph 77 of the Complaint, except admit that the quoted language attributed to Mr. Ballinger is copied from a November 27, 2017 conference transcript.  Defendants refer to that document for its complete and accurate contents.

78.     Defendants deny the allegations contained in Paragraph 78 of the Complaint, except admit that the quoted language attributed to Mr. Ballinger is copied from a November 27, 2017 conference transcript.  Defendants refer to that document for its complete and accurate contents.

79.     Defendants deny the allegations contained in Paragraph 79 of the Complaint, except admit that the quoted language is copied from a December 1, 2017

22

BMO Capital Markets analyst report. Defendants refer to that document for its complete and accurate contents.

80. Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 80 concerning whether analysts "uniformly viewed the development positively," and otherwise deny the allegations therein. Defendants deny the allegations contained in the second sentence of Paragraph 80 of the Complaint, except admit that the quoted language is copied from an August 18, 2018 Evercore ISI analyst report. Defendants refer to that document for its complete and accurate contents. Defendants deny the allegations contained in the third sentence of Paragraph 80 of the Complaint, except admit that the quoted language is copied from an August 18, 2018 Morgan Stanley analyst report. Defendants refer to that document for its complete and accurate contents. Defendants deny the allegations contained in the fourth sentence of Paragraph 80 of the Complaint, except admit that the quoted language is copied from an August 18, 2018 Guggenheim analyst report. Defendants refer to that document for its complete and accurate contents.

**G.      Answer to "Boston Scientific Resolves Long-Running TAVR Patent Litigation And Prepares Lotus Edge for Worldwide Commercial Launch" Allegations**

The heading immediately preceding Paragraph 81 of the Complaint contains no factual allegations and thus no response is required. To the extent that the heading immediately preceding Paragraph 81 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

81. Defendants deny the allegations contained in the first sentence of Paragraph 81 of the Complaint and, answering further, aver that its reference to Boston

23

Scientific's stock price being "inflated" is too vague to be susceptible of a response. Defendants deny the allegations contained in the second sentence of Paragraph 81 of the Complaint, except admit that the statements attributed to Boston Scientific and the quoted language attributed to Mr. Mahoney are copied from a September 13, 2018 conference transcript.  Defendants refer to that document for its complete and accurate contents.

82.     Defendants deny the allegations contained in Paragraph 82 of the Complaint, except admit that the statements attributed to Boston Scientific were made during a September 24, 2018 investor conference.  Defendants refer to that conference transcript for its complete and accurate contents.

83.     Defendants deny the allegations contained in Paragraph 83 of the Complaint, except admit that the referenced announcement was made in a January 15, 2019 press release.  Defendants refer to that document for its complete and accurate contents.

**H.     Answer to "With The String Of Setbacks Purportedly Behind Them, At the Start of the Class Period, Defendants Commercially Launch The Lotus Edge And Tout Progress to Obtaining 150 Accounts" Allegations**

The heading immediately preceding Paragraph 84 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 84 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

84.     Defendants admit the allegations contained in the first sentence of Paragraph 84.  Defendants deny the allegations contained in the second sentence of Paragraph 84 of the Complaint, except admit that the quoted language attributed to Mr. Mahoney is copied from a February 6, 2019 earnings call transcript.  Defendants refer to

that document for its complete and accurate contents.  Defendants deny the allegations contained in the third sentence of Paragraph 84 of the Complaint, except admit that the quoted language is copied from a February 6, 2019 Piper Jaffray analyst report.  Defendants refer to that document for its complete and accurate contents.

85.    Defendants deny the allegations contained in the first sentence of Paragraph 85 of the Complaint.  Defendants deny the allegations contained in the second sentence of Paragraph 85 of the Complaint, except admit that the price of Boston Scientific stock was $34.29 on August 8, 2018 and was $38.77 on February 6, 2019.

86.    Defendants deny the allegations contained in Paragraph 86 of the Complaint, except admit that the quoted language attributed to Boston Scientific is copied from an April 23, 2019 announcement.  Defendants refer to that document for its complete and accurate contents.

87.    Defendants deny the allegations contained in Paragraph 87 of the Complaint, except admit that the quoted language attributed to Mr. Mahoney is copied from an April 24, 2019 earnings call transcript.  Defendants refer to that document for its complete and accurate contents.

88.    Defendants deny the allegations contained in Paragraph 88 of the Complaint, except admit that the quoted language attributed to Mr. Mahoney is copied from an April 24, 2019 earnings call transcript.  Defendants refer to that document for its complete and accurate contents.

89.    Defendants deny the allegations contained in Paragraph 89 of the Complaint, except admit that the quoted language is copied from an April 24, 2019 Piper

25

Jaffray analyst report.  Defendants refer to that document for its complete and accurate contents.

90.    Defendants deny the allegations contained in Paragraph 90 of the Complaint, except admit that the first quotation is copied from an April 24, 2019 Raymond James analyst report and the second quotation is copied from an April 1, 2019 Cowen analyst report.  Defendants refer to those documents for their complete and accurate contents.

91.    Defendants deny the allegations contained in Paragraph 91 of the Complaint, except admit that the quoted "re-ordering," "on track," and "on plan" language is copied from multiple documents, including a July 24, 2019 conference transcript, a September 5, 2019 conference transcript, a September 27, 2019 conference transcript, a December 5, 2019 conference transcript, a February 5, 2020 conference transcript, a February 27, 2020 conference transcript, a March 3, 2020 conference transcript, an August 19, 2020 conference transcript, and a September 16, 2020 conference transcript.  Defendants refer to those documents for their complete and accurate contents.

92.    Defendants deny the allegations contained in Paragraph 92 of the Complaint, except admit that the quoted language attributed to both Mr. McCarthy and Mr. Mahoney is copied from a June 26, 2019 investor day transcript.  Defendants refer to that document for its complete and accurate contents.

93.    Defendants deny the allegations contained in Paragraph 93 of the Complaint, except admit that the statements attributed to Mr. McCarthy were made at the June 26, 2019 investor day conference, and that the quoted language is copied from a

transcript of that conference.  Defendants refer to that document for its complete and accurate contents.

94.     Defendants deny the allegations contained in the first and second sentences of Paragraph 94 of the Complaint, except admit that the quoted language attributed to Mr. McCarthy is copied from a June 26, 2019 investor day transcript.  Defendants refer to that document for its complete and accurate contents.  Defendants deny the allegations contained in the third sentence of Paragraph 94 of the Complaint, and, answering further, aver that its reference to a "substantial number of centers" is too vague to be susceptible of a response.

95.     Defendants deny the allegations contained in the first sentence of Paragraph 95 of the Complaint, except admit that the quoted language attributed to "Defendants" is copied from a September 5, 2019 conference transcript.  Defendants refer to that document for its complete and accurate contents.  Defendants deny the allegations contained in the second sentence of Paragraph 95 of the Complaint, except admit that the quoted language attributed to Mr. Mahoney is copied from a July 24, 2019 earnings call transcript.  Defendants refer to that document for its complete and accurate contents.  Defendants deny the allegations contained in the third sentence of Paragraph 95 of the Complaint, except admit that the quoted language attributed to Mr. Mahoney is copied from a September 5, 2019 conference transcript.  Defendants refer to that document for its complete and accurate contents.

96.     Defendants deny the allegations contained in Paragraph 96 of the Complaint, except admit that the quoted language attributed to Boston Scientific (and Mr.

27

Ballinger in particular) is copied from a September 27, 2019 conference transcript.  Defendants refer to that document for its complete and accurate contents.

97.    Defendants deny the allegations contained in Paragraph 97 of the Complaint, except admit that the quoted language and other statements attributed to Ms. Lisa are copied from a December 5, 2019 conference transcript.  Defendants refer to that document for its complete and accurate contents.

98.    Defendants deny the allegations contained in Paragraph 98 of the Complaint, except admit that Boston Scientific announced that it had achieved its goal of opening 150 Lotus accounts and that the quoted language attributed to Mr. Mahoney is copied from a July 29, 2020 earnings call transcript.  Defendants refer to that document for its complete and accurate contents.

99.    Defendants deny the allegations contained in Paragraph 99 of the Complaint, except admit that the quoted language attributed to both Mr. Brennan and Ms. Tengler is copied from an August 19, 2020 virtual fireside chat.  Defendants refer to that document for its complete and accurate contents.

100.    Defendants deny the allegations contained in Paragraph 100 of the Complaint, except admit that the quoted language attributed to Mr. Fitzgerald is copied from an October 15, 2020 conference transcript.  Defendants refer to that document for its complete and accurate contents.

I.    **Answer to "Unknown To Investors, Boston Scientific Never Fixed the Problems With The Device Did Not Come Close To Opening 150 Accounts, And Embarked On A Reckless And Clinically Unsafe Product Launch" Allegations**

The heading immediately preceding Paragraph 101 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately

preceding Paragraph 101 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

101.    Defendants deny the allegations contained in Paragraph 101 of the Complaint, except admit that the quoted language attributed to "Defendants" is copied from a September 5, 2019 conference transcript.  Defendants refer to that document for its complete and accurate contents.

102.    Defendants deny the allegations contained in Paragraph 102 of the Complaint.

J.    **Answer to "Prior to the Start of the Class Period, Boston Scientific Identified That The Market For Lotus Edge Was A Fraction Of What Defendants Publicly Claimed And Unsuitable For The Vast Majority Of TAVR Candidates" Allegations**

The heading immediately preceding Paragraph 103 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 103 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

103.    Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.    Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee" made such purported statements to Plaintiff as recited in Paragraph 104 of the Complaint, and otherwise deny the allegations made therein.

105.    Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee" made such purported

29

statements to Plaintiff as recited in Paragraph 105 of the Complaint, and otherwise deny the allegations made therein.

106. Defendants deny the allegations contained in the first sentence of Paragraph 106 of the Complaint. Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee" made such purported statements to Plaintiff as recited in the second, third and fourth sentences of Paragraph 106 of the Complaint, and otherwise deny the allegations made therein.

**K.    Answer to "Rather than Offer 'Ease of Use,' The Executive Defendants Knew The Lotus Edge Was Incredibly Difficult to Use And Its Complexity Led To The Very Patient Outcomes the Device Was Supposed to Avoid" Allegations**

The heading immediately preceding Paragraph 107 of the Complaint contains no factual allegations and thus no response is required. To the extent that the heading immediately preceding Paragraph 107 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

107. Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108. Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee" made such purported statements to Plaintiff as recited in Paragraph 108 of the Complaint, and otherwise deny the allegations made therein.

109. Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee" made such purported

30

statements to Plaintiff as recited in Paragraph 109 of the Complaint, and otherwise deny the allegations made therein.

110.    Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee" made such purported statements to Plaintiff as recited in Paragraph 110 of the Complaint, and otherwise deny the allegations made therein.

111.    Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee" made such purported statements to Plaintiff as recited in Paragraph 111 of the Complaint, and otherwise deny the allegations made therein.

112.    Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee" made such purported statements to Plaintiff as recited in Paragraph 112 of the Complaint, and otherwise deny the allegations made therein.

113.    Defendants deny the allegations contained in the first, second, third and fifth sentences of Paragraph 113 of the Complaint.  Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee" made such purported statements to Plaintiff as recited in the fourth sentence of Paragraph 113 of the Complaint, and otherwise deny the allegations made therein.

114.    Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee" made such purported statements to Plaintiff as recited in Paragraph 114 of the Complaint, and otherwise deny the allegations made therein.

31

115.   Defendants deny the allegations contained in the first sentence of Paragraph 115 of the Complaint, except admit that Boston Scientific submitted adverse event reports related to Lotus procedures to the FDA as required by governing federal regulations. Defendants aver that the allegations contained in the second, third, fourth and fifth sentences of Paragraph 115 of the Complaint are Plaintiff's legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations contained in the second, third, fourth and fifth sentences of Paragraph 115 of the Complaint.

116.   Defendants aver that the allegations contained in Paragraph 116 of the Complaint are Plaintiff's legal conclusions to which no response is required. To the extent that Paragraph 116 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

117.   Defendants aver that the allegations contained in the first sentence of Paragraph 117 of the Complaint are Plaintiff's legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations contained in the first sentence of Paragraph 117 of the Complaint. Defendants aver that they lack knowledge or information sufficient to form a belief as to whether "former Boston Scientific employees" made such purported statements to Plaintiff as recited in the second sentence of Paragraph 117 of the Complaint, and otherwise deny the allegations made therein. Defendants deny the allegations contained in the third sentence of Paragraph 117 of the Complaint, except admit that the quoted language attributed to Mr. Ballinger is copied from a November 29, 2017 conference transcript. Defendants refer to that document for its complete and accurate contents.

118.    Defendants deny the allegations contained in Paragraph 118 of the Complaint.  Defendants aver that the chart contained in Paragraph 118 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the chart contained in Paragraph 118 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

119.    Defendants deny the allegations contained in Paragraph 119 of the Complaint.

120.    Defendants deny the allegations contained in Paragraph 120 of the Complaint.  Defendants aver that the chart contained in Paragraph 120 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the chart contained in Paragraph 120 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

121.    Defendants deny allegations contained in Paragraph 121 of the Complaint, except admit that, like any other medical device, Lotus had to be used properly in order to avoid adverse events, and that the proper way to use Lotus was documented both in public documents filed with the FDA, and in internal training manuals.

**L.    Answer to "Boston Scientific Works To Develop A Replacement For The Lotus Edge Because The Device Was Difficult To Use And Unsuitable For The Vast Majority Of TAVR Patients" Allegations**

The heading immediately preceding Paragraph 122 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 122 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

122.    Defendants deny the allegations contained in the first sentence of Paragraph 122 of the Complaint.  Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee" made such purported statements to Plaintiff as recited in the second sentence of Paragraph 122 of the Complaint, and otherwise deny the allegations made therein.

123.    Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee" made such purported statements to Plaintiff as recited in Paragraph 123 of the Complaint, and otherwise deny the allegations made therein.

124.    Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee" made such purported statements to Plaintiff as recited in Paragraph 124 of the Complaint, and otherwise deny the allegations made therein.

125.    Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee" made such purported statements to Plaintiff as recited in Paragraph 125 of the Complaint, and otherwise deny the allegations made therein.

126.    Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee" made such purported statements to Plaintiff as recited in Paragraph 126 of the Complaint, and otherwise deny the allegations made therein.

127.    Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee" made such purported

statements to Plaintiff as recited in Paragraph 127 of the Complaint, and otherwise deny the allegations made therein.

128.   Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employees" made such purported statements to Plaintiff as recited in Paragraph 128 of the Complaint, and otherwise deny the allegations made therein.

129.   Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee" made such purported statements to Plaintiff as recited in Paragraph 129 of the Complaint, and otherwise deny the allegations made therein.

**M.   Answer to "Defendants' Statements to Investors Were 'Deceiving' Because, In Truth, Lotus Edge Sales Were 'Struggling,' There Was 'No Organic Growth,' And 'No One Ordering the Product'" Allegations**

The heading immediately preceding Paragraph 130 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 130 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

130.   Defendants deny the allegations contained in Paragraph 130 of the Complaint.

131.   Defendants deny the allegations contained in Paragraph 131 of the Complaint.

132.   Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "former Boston Scientific employees" made

35

such purported statements to Plaintiff as recited in Paragraph 132 of the Complaint, and otherwise deny the allegations made therein.

133.    Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee" made such purported statements to Plaintiff as recited in Paragraph 133 of the Complaint, and otherwise deny the allegations made therein.

134.    Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee" made such purported statements to Plaintiff as recited in Paragraph 134 of the Complaint, and otherwise deny the allegations made therein.

135.    Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee" made such purported statements to Plaintiff as recited in Paragraph 135 of the Complaint, and otherwise deny the allegations made therein.

136.    Defendants deny the allegations contained in the first sentence of Paragraph 136 of the Complaint.  Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee" made such purported statements to Plaintiff as recited in the second sentence of Paragraph 136 of the Complaint, and otherwise deny the allegations made therein.

**N.    Answer to "The Executive Defendants Convened An Emergency Meeting Of The Entire Lotus Edge Sales Force Over The Thanksgiving Weekend In 2019 Because The Launch Was In Crisis" Allegations**

The heading immediately preceding Paragraph 137 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately

preceding Paragraph 137 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

137. Defendants deny the allegations contained in Paragraph 137 and footnote 2 of the Complaint.

**O.      Answer to "The Lotus Edge Never Achieved Acceptable Manufacturing Yield Rates, A Viable Commercial Production State, Or Sustainable Profit Margins" Allegations**

The heading immediately preceding Paragraph 138 of the Complaint contains no factual allegations and thus no response is required. To the extent that the heading immediately preceding Paragraph 138 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

138. Defendants deny the allegations contained in Paragraph 138 of the Complaint, except admit that Boston Scientific encountered manufacturing problems with Lotus (a possibility that was disclosed in its regular SEC filings) and that those issues ultimately contributed to the decision to pull Lotus from the market, and admit that the first quotation attributed to "Defendants" is copied from a January 10, 2017 conference transcript and the second quotation attributed to "Defendants" is copied from a March 30, 2017 conference transcript. Defendants refer to that document for its complete and accurate contents.

139. Defendants deny the allegations contained in Paragraph 139 of the Complaint, except admit that Boston Scientific encountered manufacturing problems with Lotus (a possibility that was disclosed in its regular SEC filings) and that those issues ultimately contributed to the decision to pull Lotus from the market.

140. Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee" made such purported statements to Plaintiff as recited in the first and second sentences of Paragraph 140 of the Complaint, and otherwise deny the allegations made therein. Defendants deny the allegations contained in the third and fourth sentences of Paragraph 140 of the Complaint and, answering further, refer to the FDA-approved label for Lotus for a full and accurate description of the device's functions.

141. Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee" made such purported statements to Plaintiff as recited in Paragraph 141 of the Complaint, and otherwise deny the allegations made therein.

142. Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee" made such purported statements to Plaintiff as recited in Paragraph 142 of the Complaint, and otherwise deny the allegations made therein.

143. Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee" made such purported statements to Plaintiff as recited in Paragraph 143 of the Complaint, and otherwise deny the allegations made therein.

144. Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "former Boston Scientific employees" made such purported statements to Plaintiff as recited in Paragraph 144 of the Complaint, and otherwise deny the allegations made therein.

P.    **Answer to "After Receiving 'No Re-Orders' In 2019, Boston Scientific Shuts Down A Key Lotus Edge Manufacturing Facility" Allegations**

The heading immediately preceding Paragraph 145 of the Complaint contains no factual allegations and thus no response is required. To the extent that the heading immediately preceding Paragraph 145 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

145.    Defendants deny the allegations contained in Paragraph 145 of the Complaint.

146.    Defendants deny the allegations contained in Paragraph 146 of the Complaint.

147.    Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee" made such purported statements to Plaintiff as recited in Paragraph 147 of the Complaint, and otherwise deny the allegations made therein.

Q.    **Answer to "After Key Lotus Executives Depart The Company And Boston Scientific Secretly Concludes The Franchise Is Doomed, The Company Renegotiates Its Debt and Raises Over $2 Billion from Public Investors" Allegations**

The heading immediately preceding Paragraph 148 of the Complaint contains no factual allegations and thus no response is required. To the extent that the heading immediately preceding Paragraph 148 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

148.    Defendants deny the allegations contained in Paragraph 148 of the Complaint.

39

149.   Defendants deny the allegations contained in first, second, third and fourth sentences of Paragraph 149 of the Complaint, except admit that certain Boston Scientific personnel took on different roles or left the Company during the putative class period. Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee" made such purported statements to Plaintiff as recited in the fifth and sixth sentences of Paragraph 149 of the Complaint, and otherwise deny the allegations made therein.

150.   Defendants deny the allegations contained in Paragraph 150 of the Complaint.

151.   Defendants deny the allegations contained in Paragraph 151 of the Complaint, except admit that Boston Scientific was a party to certain debt covenants that included terms regarding allowable debt leverage ratios.

152.   Defendants deny the allegations contained in Paragraph 152 of the Complaint.

153.   Defendants deny the allegations contained in Paragraph 153 of the Complaint.

154.   Defendants deny the allegations contained in the first sentence of Paragraph 154 of the Complaint.  Defendants deny the allegations contained in the second sentence of Paragraph 154 of the Complaint, except admit that the quoted language attributed to Mr. Brennan is copied from an April 29, 2020 earnings call transcript.  Defendants refer to that document for its complete and accurate contents.

155.   Defendants deny the allegations contained in the first and third sentences of Paragraph 155 of the Complaint.  Defendants deny the allegations contained in the

second sentence of Paragraph 155 of the Complaint, except admit that on April 21, 2020, Boston Scientific entered into an agreement with its banking syndicates to amend the financial covenant requirement applicable to its outstanding credit arrangements.

156.    Defendants deny the allegations contained in Paragraph 156 and footnote 3 of the Complaint, except admit that on May 27, 2020, Boston Scientific completed offerings of its common stock and 5.50% Mandatory Convertible Preferred Stock, which resulted in net proceeds of approximately $1.95 billion.

157.    Defendants deny the allegations contained in Paragraph 157 of the Complaint, except admit that the quoted language attributed to Mr. Mahoney is copied from a May 27, 2020 conference transcript.  Defendants refer to that document for its complete and accurate contents.

158.    Defendants deny the allegations contained in Paragraph 158 of the Complaint, except admit that the quoted language attributed to Mr. Mahoney is copied from a September 16, 2020 conference transcript.  Defendants refer to that document for its complete and accurate contents.

159.    Defendants deny the allegations contained in Paragraph 159 of the Complaint, except admit that the quoted language attributed to Mr. Mahoney is copied from a September 16, 2020 conference transcript.  Defendants refer to that document for its complete and accurate contents.

160.    Defendants deny the allegations contained in Paragraph 160 of the Complaint.

R.      **Answer to "After Boston Scientific Secretly Implements the Plan To Shutdown The Lotus Franchise, Defendant Mahoney Unloads $9 Million Of His Personally Held Shares While Touting Lotus As An 'Important Growth Driver'" Allegations**

The heading immediately preceding Paragraph 161 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 161 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

161.    Defendants deny the allegations contained in Paragraph 161 of the Complaint, except admit that Mr. Mahoney entered into a Rule 10b5-1 trading plan effective August 25, 2020.

162.    Defendants deny the allegations contained in Paragraph 162 of the Complaint.

163.    Defendants deny the allegations contained in Paragraph 163 of the Complaint.

164.    Defendants deny the allegations contained in Paragraph 164 of the Complaint.

165.    Defendants deny the allegations contained in Paragraph 165 of the Complaint.

166.    Defendants deny the allegations contained in Paragraph 166 of the Complaint.

167.    Defendants deny the allegations contained in Paragraph 167 of the Complaint.

168.    Defendants deny the allegations contained in Paragraph 168 of the Complaint.

**S.      Answer to "Boston Scientific Raises Questions About The Lotus Edge By Revealing That Trial Enrollment Slowed But Falsely Claims That The Company Had 'Opened More Than 150 Accounts In The U.S.'" Allegations**

The heading immediately preceding Paragraph 169 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 169 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

169.   Defendants deny the allegations contained in Paragraph 169 of the Complaint, except Defendants admit that the quoted language attributed to Mr. Fitzgerald is copied from an October 15, 2020 presentation transcript.  Defendants refer to that document for its complete and accurate contents.

170.   Defendants deny the allegations contained in Paragraph 170 of the Complaint, except admit that the quoted language attributed to Mr. Fitzgerald is copied from an October 15, 2020 conference transcript.  Defendants refer to that document for its complete and accurate contents.

171.   Defendants deny the allegations contained in Paragraph 171 of the Complaint, except admit that the quoted language attributed to Boston Scientific is copied from an October 15, 2020 presentation.  Defendants refer to that document for its complete and accurate contents.

172.   Defendants deny the allegations contained in the second sentence of Paragraph 172 of the Complaint, except admit that the referenced disclosure was made at an October 15, 2020 conference.  Defendants refer to that conference transcript for its complete and accurate contents.

173.    Defendants deny the allegations contained in Paragraph 173 of the Complaint, except admit that the quoted language attributed to Mr. Fitzgerald is copied from an October 15, 2020 conference transcript.  Defendants refer to that document for its complete and accurate contents.

174.    Defendants deny the allegations contained in Paragraph 174 of the Complaint, except admit that the quoted language attributed to "analysts at Cowen" is copied from an October 15, 2020 Cowen analyst report, the quoted language attributed to Credit Suisse is copied from an October 16, 2020 Credit Suisse analyst report, and the quoted language attributed to "analysts at Morgan Stanley" is copied from an October 16, 2020 Morgan Stanley analyst report.  Defendants refer to those documents for their complete and accurate contents.

175.    Defendants deny the allegations contained in the first sentence of Paragraph 175 of the Complaint, except admit that the quoted language is copied from an October 16, 2020 Credit Suisse analyst report.  Defendants refer to that document for its complete and accurate contents.  Defendants deny the allegations contained in Paragraph 175 of the Complaint, except admit that Boston Scientific's stock price declined from an opening price of $40.12 to a closing price of $39.00 on October 15, 2020.

176.    Defendants deny the allegations contained in Paragraph 176 of the Complaint, except admit that the quoted language attributed to Boston Scientific is copied from an October 28, 2020 earnings call transcript.  Defendants refer to that document for its complete and accurate contents.

177.    Defendants deny the allegations contained in Paragraph 177 of the Complaint, except admit that the quoted language attributed to Mr. Mahoney is copied

from an October 28, 2020 conference transcript.  Defendants refer to that document for its complete and accurate contents.

178.    Defendants deny the allegations contained in Paragraph 178 of the Complaint, except admit that the quoted language is copied from an October 29, 2020 Credit Suisse analyst report.  Defendants refer to those documents for their complete and accurate contents.

179.    Defendants deny the allegations contained in Paragraph 179 of the Complaint, except admit that Boston Scientific stock closed at a price of $34.27 per share on Friday, October 30, 2020.

180.    Defendants admit the allegations contained in Paragraph 180 of the Complaint.

**T.      Answer to "Defendants Stun Investors By Disclosing That Boston Scientific Was Recalling the Lotus Edge, Shutting Down the Business, And Abandoning the Two-Valve TAVR Strategy" Allegations**

The heading immediately preceding Paragraph 181 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 181 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

181.    Defendants deny the allegations contained in Paragraph 181 of the Complaint, except admit that the quoted language is copied from a November 17, 2020 press release.  Defendants refer to that document for its complete and accurate contents.

182.    Defendants deny the allegations contained in the first sentence of Paragraph 182 of the Complaint, except admit that Defendants held a special conference call on November 17, 2020 during which the decision to discontinue Lotus was

45

addressed.  Defendants admit the allegations contained in the second sentence of Paragraph 182 of the Complaint.  Defendants deny the allegations contained in the third, fourth and fifth sentences of Paragraph 182 of the Complaint, except admit that the quoted language attributed to Mr. Mahoney is copied from a November 17, 2020 conference transcript.  Defendants refer to that document for its complete and accurate contents.

183.    Defendants deny the allegations contained in the first sentence of Paragraph 183 of the Complaint, except admit that the quoted language attributed to Mr. Brennan is copied from a November 17, 2020 conference transcript.  Defendants refer to that document for its complete and accurate contents.  Defendants deny the allegations contained in the second sentence of Paragraph 183 of the Complaint, except admit that the referenced statement was made during a November 17, 2020 conference call. Defendants refer to that conference transcript for its complete and accurate contents.

184.    Defendants deny the allegations contained in Paragraph 184 of the Complaint, except admit that the quoted language is copied from a November 17, 2020 conference transcript.  Defendants refer to that document for its complete and accurate contents.

185.    Defendants deny the allegations contained in Paragraph 185 of the Complaint, except admit that the quoted language attributed to Mr. Fitzgerald is copied from a November 17, 2020 conference transcript.  Defendants refer to that document for its complete and accurate contents.

186.    Defendants deny the allegations contained in Paragraph 186 of the Complaint, except admit that the quoted language is copied from a November 17, 2020

46

conference transcript.  Defendants refer to that document for its complete and accurate contents.

187.   Defendants deny the allegations contained in Paragraph 187 of the Complaint, except admit that the quoted language attributed to Mr. Fitzgerald is copied from a November 17, 2020 conference transcript.  Defendants refer to that document for its complete and accurate contents.

188.   Defendants deny the allegations contained in Paragraph 188 of the Complaint, except admit that the quoted language attributed to "BTIG analysts" is copied from a November 17, 2020 BTIG analyst report and the quoted language attributed to "SVB Leerink" is copied from a November 17, 2020 SVB Leerink analyst report.  Defendants refer to those documents for their complete and accurate contents.

189.   Defendants deny the allegations contained in the first sentence of Paragraph 189 of the Complaint, except admit that the quoted language is copied from a November 17, 2020 Raymond James analyst report.  Defendants refer to that document for its complete and accurate contents.  Defendants deny the allegations contained in the second sentence of Paragraph 189 of the Complaint, except admit that the quoted language is copied from a November 17, 2020 UBS analyst report.  Defendants refer to that document for its complete and accurate contents.

190.   Defendants deny the allegations contained Paragraph 190 of the Complaint, except admit that the referenced disclosure was made in a November 17, 2020 news article.  Defendants refer to that document for its complete and accurate contents.

191.    Defendants deny the allegations contained in Paragraph 191 of the Complaint, except admit that the quoted language is copied from a November 17, 2020 Mass Device news article. and a November 17, 2020 MedTechDive news article, respectively.  Defendants refer to those documents for their complete and accurate contents.

192.    Defendants deny the allegations contained in Paragraph 192 of the Complaint, except admit that Boston Scientific's stock price declined from $38.03 per share on November 16, 2020, to $35.03 per share on November 17, 2020.

## ANSWER TO "POST-CLASS PERIOD EVENTS AND ADMISSIONS" ALLEGATIONS

The heading immediately preceding Paragraph 193 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 193 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

193.    Defendants deny the allegations contained in Paragraph 193 of the Complaint.

A.    **Answer to "Following The Lotus Recall, Defendants Are Unable To Answer Analysts' Repeated Questions About The Drastic About-Face For Lotus And Admit That Boston Scientific Never Achieved 150 Accounts" Allegations**

The heading immediately preceding Paragraph 194 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 194 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

194.     Defendants deny the allegations contained in Paragraph 194 of the Complaint, except admit that the quoted language attributed to Mr. Fitzgerald is copied from a November 18, 2020 conference transcript.  Defendants refer to that document for its complete and accurate contents.

195.     Defendants deny the allegations contained in Paragraph 195 of the Complaint.

196.     Defendants deny the allegations contained in Paragraph 196 of the Complaint, except admit that the quoted language is copied from a December 1, 2020 conference transcript.  Defendants refer to that document for its complete and accurate contents.

197.     Defendants deny the allegations contained in Paragraph 197 of the Complaint, except admit that the quoted language attributed to Mr. Mahoney is copied from a December 1, 2020 conference transcript.  Defendants refer to that document for its complete and accurate contents.

198.     Defendants deny the allegations contained in Paragraph 198 of the Complaint, except admit that there were numerous workstreams involved in effectuating Lotus's discontinuation.

199.     Defendants deny the allegations contained in Paragraph 199 of the Complaint, except admit that the referenced and quoted language is copied from a December 1, 2020 conference transcript.  Defendants refer to that document for its complete and accurate contents.

**B.** **Answer to "The SEC Initiates An Investigation Into Boston Scientific's Lotus Disclosures" Allegations**

The heading immediately preceding Paragraph 200 of the Complaint contains no factual allegations and thus no response is required. To the extent that the heading immediately preceding Paragraph 200 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

200. Defendants admit the allegations contained in Paragraph 200 of the Complaint, and, answering further, aver that the SEC's investigation has been terminated as of January 3, 2022.

**ANSWER TO "ADDITIONAL ALLEGATIONS OF SCIENTER" ALLEGATIONS**

The heading immediately preceding Paragraph 201 of the Complaint contains no factual allegations and thus no response is required. To the extent that the heading immediately preceding Paragraph 201 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

201. Defendants deny the allegations contained in Paragraph 201 of the Complaint.

202. Defendants deny the allegations contained in the first sentence of Paragraph 202 of the Complaint, except admit that Boston Scientific was hopeful that Lotus would achieve success in the market, and discussed Lotus publicly at various times during the putative class period. Defendants deny the allegations contained in the second sentence of Paragraph 202 of the Complaint, except admit that the quoted language attributed to Mr. Mahoney is copied from a May 29, 2019 conference transcript. Defendants refer to that document for its complete and accurate contents.

Defendants deny the allegations contained in the third sentence of Paragraph 202 of the Complaint.

203.   Defendants deny the allegations contained in the first sentence of Paragraph 203 of the Complaint.  Defendants deny the allegations contained in the second sentence of Paragraph 203 of the Complaint, and, answering further, aver that the term "virtually" is too vague to be susceptible of a response, except admit that the quoted language attributed to the "Executive Defendants" and to Mr. Mahoney is copied from a September 5, 2019 conference transcript.  Defendants refer to that document for its complete and accurate contents.

204.   Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "former Boston Scientific employees" made such purported statements to Plaintiff as recited in the first, third, fourth and fifth sentences of Paragraph 204 of the Complaint, and otherwise deny the allegations made therein.  Defendants deny the allegations contained in the second and seventh sentences of Paragraph 204 of the Complaint.  Defendants deny the allegations contained in the sixth sentence of Paragraph 104, except admit that certain Defendants occasionally attended meetings with Boston Scientific personnel responsible for marketing and selling Lotus.

205.   Defendants deny the allegations contained in the first sentence of Paragraph 205 of the Complaint, except admit that the quoted "on track" language attributed to "Defendants" is copied from multiple documents, including a July 24, 2019 conference transcript, a September 27, 2019 conference transcript, a December 5, 2019 conference transcript, a February 5, 2020 conference transcript, and February 27, 2020

51

conference transcript, a March 3, 2020 conference transcript, and an August 19, 2020 conference transcript.  Defendants refer to those documents for their complete and accurate contents.  Defendants deny the allegations contained in the second sentence of Paragraph 205 of the Complaint.  Defendants deny the allegations contained in the third sentence of Paragraph 205 of the Complaint, except admit the quoted language attributed to Mr. Fitzgerald is copied from an October 15, 2020 conference transcript.  Defendants refer to that document for its complete and accurate contents.  Defendants admit the allegations contained in the fourth sentence of Paragraph 205 of the Complaint.  Defendants deny the allegations contained in the fifth sentence of Paragraph 205 of the Complaint, except admit that the quoted language attributed to Boston Scientific is copied from November 17, 2020 special call transcript.  Defendants refer to that document for its complete and accurate contents.

206.    Defendants deny the allegations contained in Paragraph 206 of the Complaint.

207.    Defendants deny the allegations contained in the first sentence of Paragraph 207 of the Complaint.  Defendants deny the allegations contained in the second sentence of Paragraph 207 of the Complaint, except admit that Mr. Meredith served as the principal investigator in a Lotus clinical trial and both Mr. Meredith and Mr. Mahoney have attended Lotus procedures.  Defendants deny the allegations contained in the third sentence of Paragraph 207 of the Complaint, except admit that the quoted language attributed to Mr. Mahoney is copied from a May 3, 2017 conference transcript.  Defendants refer to that document for its complete and accurate contents.

208. Defendants deny the allegations contained in Paragraph 208 of the Complaint, except admit that certain Defendants occasionally attended meetings with Boston Scientific personnel responsible for marketing and selling Lotus.

209. Defendants deny the allegations contained in Paragraph 209 of the Complaint.

210. Defendants deny the allegations contained in the first sentence of Paragraph 210 of the Complaint.  Defendants deny the allegations contained in the second sentence of Paragraph 210 of the Complaint, except admit that the quoted language attributed to Mr. Mahoney is copied from a March 30, 2017 conference transcript.  Defendants refer to that document for its complete and accurate contents.

211. Defendants deny the allegations contained in the first, third and fourth sentences of Paragraph 211 of the Complaint.  Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee" made such purported statements to Plaintiff as recited in the second sentence of Paragraph 211 of the Complaint, and otherwise deny the allegations made therein.

212. Defendants deny the allegations contained in the first, second, fourth and fifth sentences of Paragraph 212 of the Complaint, except admit that numerous workstreams were involved in effectuating Lotus's discontinuation.  Defendants aver that the allegations contained in the third sentence of Paragraph 212 are Plaintiff's legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in the third sentence of Paragraph 212 of the Complaint, and refer to the cited regulation for its complete and accurate contents.

213.    Defendants deny the allegations contained in Paragraph 213 of the Complaint, and, answering further, refer to Boston Scientific's public filings with the U.S. Securities and Exchange Commission for complete and accurate descriptions of Boston Scientific's financial condition.

214.    Defendants deny the allegations contained in Paragraph 214 of the Complaint.

215.    Defendants deny the allegations contained in the first sentence of Paragraph 215 of the Complaint, except admit that Boston Scientific participated in a number of financial transactions in April and May 2020, and refer to its Form 10-Q filed on August 5, 2020 with the U.S. Securities and Exchange Commission for complete and accurate descriptions of those transactions.  Defendants deny the allegations contained in the second and third sentences of Paragraph 215 of the Complaint.

216.    Defendants deny the allegations contained in Paragraph 216 of the Complaint.

217.    Defendants deny the allegations contained in Paragraph 217 of the Complaint.

218.    Defendants deny the allegations contained in Paragraph 218 of the Complaint, except admit that on November 3, 2020, a stock trade was executed pursuant to Mr. Mahoney's Rule 10b5-1 trading plan.

219.    Defendants deny the allegations contained in Paragraph 219 of the Complaint.

220.    Defendants deny the allegations contained in the first and third sentences of Paragraph 220 of the Complaint.  Defendants deny the allegations contained in the

second sentence of Paragraph 220 and footnote 4 of the Complaint, except admit that the quoted language attributed to Mr. Mahoney's "Rule 10b5-1 plan" is copied from a January 19, 2021 publication. Defendants refer to that document for its complete and accurate contents.

221. Defendants deny the allegations contained in Paragraph 221 of the Complaint.

222. Defendants deny the allegations contained in Paragraph 222 of the Complaint.

223. Defendants deny the allegations contained in Paragraph 223 of the Complaint. Defendants aver that the chart contained in Paragraph 223 of the Complaint contains no factual allegations and thus no response is required. To the extent that the chart contained in Paragraph 223 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

224. Defendants deny the allegations contained in Paragraph 224 of the Complaint, except admit that stock trades were executed during the identified time periods by and on behalf of the identified individuals pursuant to Rule 10b5-1 trading plans (with the exception of Mr. Ballinger's August 6, 2020, and September 1, 2020 trades). Defendants admit the allegations contained in Paragraph 224, footnote 5 of the Complaint.

## ANSWER TO "DEFENDANTS' MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS" ALLEGATIONS

The heading immediately preceding Paragraph 225 of the Complaint contains no factual allegations and thus no response is required. To the extent that the heading immediately

preceding Paragraph 225 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

225.    Defendants deny the allegations contained in Paragraph 225 of the Complaint.

**A.    Answer to "Defendants Tout The Lotus Edge's 'Ease of Use' While Concealing That Physicians Were Rejecting The Device Because It Was Extraordinarily Difficult To Use" Allegations**

The heading immediately preceding Paragraph 226 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 226 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

226.    Defendants admit the allegations contained in the first sentence of Paragraph 226 of the Complaint.  Defendants deny the allegations contained in the second sentence of Paragraph 226 of the Complaint, except admit that Mr. Meredith, Mr. Ballinger, Mr. Conway and other Boston Scientific personnel discussed the unique features of the Lotus device in "The Reveal Series: Lotus Edge and the New Era in TAVR Technology" video series (the "Reveal Series").  Defendants deny the allegations contained in the third and fourth sentences of Paragraph 226 of the Complaint, except admit that the quoted language attributed to Mr. Ballinger is copied from the Reveal Series.  Defendants refer to that video series for its complete and accurate contents.

227.    Defendants deny the allegations contained in Paragraph 227 of the Complaint, except admit that the quoted language attributed to Mr. Gilligan is copied from the Reveal Series.  Defendants refer to that video series for its complete and accurate contents.

228. Defendants deny the allegations contained in Paragraph 228 of the Complaint, except admit that the quoted language is copied from the Reveal Series. Defendants refer to that video series for its complete and accurate contents. Defendants deny the allegations contained in Paragraph 228, footnote 6 of the Complaint, except admit that Boston Scientific has paid Dr. Kereiakes consulting and other fees, as publicly disclosed on the Centers for Medicare and Medicaid Services' "Open Payments" database.

229. Defendants deny the allegations contained in Paragraph 229 of the Complaint, except admit that the quoted language attributed to Mr. Mahoney is copied from a September 17, 2017 conference transcript. Defendants refer to that document for its complete and accurate contents.

230. Defendants deny the allegations contained Paragraph 230 of the Complaint, except admit that the quoted language attributed to Ms. Lisa is copied from a June 7, 2016 conference transcript. Defendants refer to that document for its complete and accurate contents.

231. Defendants deny the allegations contained in the first sentence of Paragraph 231 of the Complaint. Answering further, Defendants aver that they lack knowledge or information sufficient to form a belief as to whether "Lotus sales representatives" made such purported statements to Plaintiff in Paragraph 231 as recited in the first sentence of Paragraph 231 of the Complaint, and otherwise deny the allegations made therein. Defendants deny the allegations contained in the second sentence of Paragraph 231 of the Complaint, except admit that the quoted language attributed to Boston Scientific is copied from a September 27, 2019 conference

transcript.  Defendants refer to that document for its complete and accurate contents.  Defendants admit the allegations contained in Paragraph 231, footnote 7 of the Complaint and, answering further, aver that the referenced payments were publicly disclosed on the Centers for Medicare and Medicaid Services' "Open Payments" database.

232.    Defendants deny the allegations contained in the first sentence of Paragraph 232 of the Complaint.  Defendants deny the allegations contained in the second sentence of Paragraph 232 of the Complaint, except admit that the quoted language attributed is copied from a June 27, 2019 analyst report.  Defendants refer to that document for its complete and accurate contents.

233.    Defendants deny the allegations contained in the first sentence of Paragraph 233 of the Complaint.  Defendants deny the allegations contained in the second and third sentences of Paragraph 233 of the Complaint, except admit that the quoted language attributed to "Defendants" is copied from a November 17, 2020 conference transcript.  Defendants refer to that document for its complete and accurate contents.

234.    Defendants deny the allegations contained in Paragraph 234 of the Complaint.

235.    Defendants deny the allegations contained in Paragraph 235 of the Complaint.

236.    Defendants deny the allegations contained in Paragraph 236 of the Complaint.

**B. Answer to "Defendants Tell Investors They Are Conducting A Successful 'Controlled' Launch To Ensure 'Terrific' Patient Outcomes While Concealing That Egregiously Inadequate Training Led To Patient Injuries And Deaths" Allegations**

The heading immediately preceding Paragraph 237 of the Complaint contains no factual allegations and thus no response is required. To the extent that the heading immediately preceding Paragraph 237 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

237. Defendants admit the allegations contained in the first sentence of Paragraph 237 of the Complaint. Defendants deny the allegations contained in the second and third sentences of Paragraph 237 of the Complaint, except admit that the quoted language is copied from a February 6, 2019 earnings call transcript. Defendants refer to that document for its complete and accurate contents.

238. Defendants deny the allegations contained in Paragraph 238 of the Complaint, except admit that the quoted language is copied from a February 6, 2019 earnings call transcript. Defendants refer to that document for its complete and accurate contents.

239. Defendants deny the allegations contained in Paragraph 239 of the Complaint, except admit that the quoted language is copied from a February 6, 2019 Piper Jaffray analyst report. Defendants refer to that document for its complete and accurate contents.

240. Defendants admit the allegations contained in the first sentence of Paragraph 240 of the Complaint. Defendants deny the allegations contained in the second and third sentences of Paragraph 240 of the Complaint, except admit that the

quoted language attributed to Mr. Mahoney is copied from an April 24, 2019 earnings call transcript.  Defendants refer to that document for its complete and accurate contents.

241.    Defendants deny the allegations contained in Paragraph 241 of the Complaint, except admit that the quoted language attributed to Mr. Mahoney is copied from an April 24, 2019 earnings call transcript.  Defendants refer to that document for its complete and accurate contents.

242.    Defendants deny the allegations contained in the first sentence of Paragraph 242 of the Complaint.  Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the "Former Employees" to whom Plaintiff attributes the allegations recited in the second sentence of Paragraph 242 of the Complaint made such purported statements to Plaintiff, and otherwise deny the allegations made therein.

243.    Defendants admit the allegations contained in Paragraph 243 of the Complaint.  Defendants deny the allegations contained in the second sentence of Paragraph 243 of the Complaint, except admit that the quoted language attributed to the "analyst" and the quoted language attributed to Mr. Mahoney is copied from a May 29, 2019 conference transcript.  Defendants refer to that document for its complete and accurate contents.

244.    Defendants deny the allegations contained in Paragraph 244 of the Complaint, except admit that the quoted language is copied from a June 26, 2019 investor day transcript.  Defendants refer to that document for its complete and accurate contents.

245.    Defendants deny the allegations contained in Paragraph 245 of the Complaint, except admit that the quoted language attributed to Mr. Mahoney is copied

from a July 24, 2019 earnings call transcript.  Defendants refer to that document for its complete and accurate contents.

246.    Defendants deny the allegations contained in Paragraph 246 of the Complaint, except admit that the quoted language attributed to Mr. Mahoney is copied from a July 24, 2019 earnings call transcript.  Defendants refer to that document for its complete and accurate contents.

247.    Defendants deny the allegations contained in Paragraph 247 of the Complaint.

248.    Defendants deny the allegations contained in the first sentence of Paragraph 248 of the Complaint.  Defendants aver that they lack knowledge or information sufficient to form a belief as to whether "Former Employee" to whom Plaintiff attributes the allegations recited in the second and third sentences of Paragraph 248 of the Complaint made such purported statements to Plaintiff, and otherwise deny the allegations made therein.

249.    Defendants admit the allegations contained in the first sentence of Paragraph 249 of the Complaint.  Defendants deny the allegations contained in the second sentence of Paragraph 249 of the Complaint, except admit that the quoted language attributed to Ms. Tengler is copied from an August 8, 2019 conference transcript.  Defendants refer to that document for its complete and accurate contents.

250.    Defendants deny the allegations contained in the first sentence of Paragraph 250 of the Complaint.  Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee"

made such purported statements to Plaintiff as recited in the second sentence of Paragraph 250 of the Complaint, and otherwise deny the allegations made therein.

251.    Defendants admit the allegations contained in the first sentence of Paragraph 251 of the Complaint.  Defendants deny the allegations contained in the second and third sentences of Paragraph 251 of the Complaint, except admit that the quoted language attributed to Mr. Mahoney is copied from a September 5, 2019 conference transcript.  Defendants refer to that document for its complete and accurate contents.

252.    Defendants deny the allegations contained in the first sentence of Paragraph 252 of the Complaint.  Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employees" made such purported statements to Plaintiff as recited in the second sentence of Paragraph 252 of the Complaint, and otherwise deny the allegations made therein.

253.    Defendants deny the allegations contained in Paragraph 253 of the Complaint, except admit that the quoted language is copied from a September 5, 2019 conference transcript.  Defendants refer to that document for its complete and accurate contents.

254.    Defendants deny the allegations contained in Paragraph 254 of the Complaint.

255.    Defendants admit the allegations contained in the first sentence of Paragraph 255 of the Complaint, except aver that the phrase "one of the industry's leading annual events" is too vague to be susceptible of a response.  Defendants deny the allegations contained in the second and third sentences of Paragraph 255 of the

Complaint, except admit that the quoted language attributed to Mr. Ballinger is copied from a September 27, 2019 conference transcript.  Defendants refer to that document for its complete and accurate contents.

256.    Defendants deny the allegations contained in Paragraph 256 of the Complaint, except admit that the quoted language attributed to Mr. Ballinger is copied from a September 27, 2019 conference transcript.  Defendants refer to that document for its complete and accurate contents.

257.    Defendants deny the allegations contained in Paragraph 257 of the Complaint.

258.    Defendants deny the allegations contained in Paragraph 258 of the Complaint, except admit that the quoted language attributed to Mr. Ballinger is copied from a September 27, 2019 conference transcript.  Defendants refer to that document for its complete and accurate contents.

259.    Defendants deny the allegations contained in the first and second sentences of Paragraph 259 of the Complaint.  Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee" made such purported statements to Plaintiff as recited in the third sentence of Paragraph 259 of the Complaint, and otherwise deny the allegations made therein.

C.    **Answer to "Defendants Continue To Tout The Launch's Success Even As the Company Missed Sales Targets, Had 'Zero Orders,' And Convened An Emergency Companywide Sales Meeting Because The Franchise Was In Crisis" Allegations**

The heading immediately preceding Paragraph 260 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately

63

preceding Paragraph 260 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

260.    Defendants admit the allegations contained in the first sentence of Paragraph 260 of the Complaint.  Defendants deny the allegations contained in the second and third sentences of Paragraph 260 of the Complaint, except admit that the quoted language attributed to Mr. Mahoney is copied from an October 23, 2019 earnings call transcript.  Defendants refer to that document for its complete and accurate contents.

261.    Defendants deny the allegations contained in Paragraph 261 of the Complaint, except admit that the quoted language is copied from an October 23, 2019 earnings call transcript.  Defendants refer to that document for its complete and accurate contents.

262.    Defendants deny the allegations contained in Paragraph 262 of the Complaint.

263.    Defendants deny the allegations contained in Paragraph 263 of the Complaint, except admit that the quoted language is copied from an October 23, 2019 earnings call transcript.  Defendants refer to that document for its complete and accurate contents.

264.    Defendants deny the allegations contained in Paragraph 264 of the Complaint.

265.    Defendants admit the allegations contained in the first sentence of Paragraph 265 of the Complaint.  Defendants deny the allegations contained in the second sentence of Paragraph 265 of the Complaint, except admit that the quoted

language is copied from Boston Scientific's November 5, 2019 Form 10-Q filing. Defendants refer to that document for its complete and accurate contents.

266.   Defendants deny the allegations contained in Paragraph 266 of the Complaint.

267.   Defendants admit the allegations contained in the first sentence of Paragraph 267 of the Complaint.  Defendants deny the allegations contained in the second and third sentences of Paragraph 267 of the Complaint, except admit that the quoted language attributed to Ms. Lisa is copied from a November 12, 2019 conference transcript.  Defendants refer to that document for its complete and accurate contents.

268.   Defendants deny the allegations contained in the first sentence of Paragraph 268 of the Complaint.  Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee" made such purported statements to Plaintiff as recited in the second and third sentences of Paragraph 268 of the Complaint, and otherwise deny the allegations made therein.

269.   Defendants deny the allegations contained in Paragraph 269 of the Complaint, except admit that the quoted language attributed to Ms. Lisa is copied from a November 14, 2019 conference transcript.  Defendants refer to that document for its complete and accurate contents.

270.   Defendants deny the allegations contained in Paragraph 270 of the Complaint.

271.   Defendants admit the allegations contained in Paragraph 271 of the Complaint.  Defendants deny the allegations contained in the second, third and fourth sentences of Paragraph 271 of the Complaint, except admit that the quoted language is

65

copied from a November 19, 2019 conference transcript.  Defendants refer to that document for its complete and accurate contents.

272.  Defendants deny the allegations contained in Paragraph 272 of the Complaint.

273.  Defendants deny the allegations contained in Paragraph 273 of the Complaint.

274.  Defendants admit the allegations contained in the first sentence of Paragraph 274 of the Complaint.  Defendants deny the allegations contained in the second sentence of Paragraph 274 of the Complaint, except admit that the quoted language attributed to Ms. Lisa is copied from a December 4, 2019 conference transcript. Defendants refer to that document for its complete and accurate contents.

275.  Defendants admit the allegations contained in the first sentence of Paragraph 275 of the Complaint.  Defendants deny the allegations contained in the second and third sentences of Paragraph 275 of the Complaint, except admit that the quoted language is copied from a December 5, 2019 conference transcript.  Defendants refer to that document for its complete and accurate contents.

276.  Defendants deny the allegations contained in Paragraph 276 of the Complaint.

**D.    Answer to "Defendants Falsely Tout The Company's 'Steady' Progress In Securing 150 U.S. Accounts In Order To Renegotiate Boston Scientific's Credit Agreements And Raise $2 Billion from Public Investors" Allegations**

The heading immediately preceding Paragraph 277 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately

preceding Paragraph 277 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

277.    Defendants deny the allegations contained in the first sentence of Paragraph 277 of the Complaint.  Defendants deny the allegations contained in the second sentence of Paragraph 277 of the Complaint, except admit that the quoted language attributed to Mr. Mahoney is copied from a January 14, 2020 conference transcript.  Defendants refer to that document for its complete and accurate contents.

278.    Defendants deny the allegations contained in Paragraph 278 of the Complaint.

279.    Defendants admit the allegations contained in the first sentence of Paragraph 279 of the Complaint.  Defendants deny the allegations contained in the second and third sentences of Paragraph 279 of the Complaint, except admit that the quoted language attributed to Mr. Mahoney is copied from a February 5, 2020 earnings call transcript.  Defendants refer to that document for its complete and accurate contents.

280.    Defendants deny the allegations contained in Paragraph 280 of the Complaint, except admit that the quoted language is copied from a February 5, 2020 earnings call transcript.  Defendants refer to that document for its complete and accurate contents.

281.    Defendants deny the allegations contained in Paragraph 281 of the Complaint, except admit that the quoted language is copied from a February 5, 2020 earnings call transcript.  Defendants refer to that document for its complete and accurate contents.

282.    Defendants deny the allegations contained in Paragraph 282 of the Complaint.

283.    Defendants deny the allegations contained in Paragraph 283 of the Complaint.

284.    Defendants admit the allegations contained in the first sentence of Paragraph 284 of the Complaint.  Defendants deny the allegations contained in the second sentence of Paragraph 284 of the Complaint, except admit that the quoted language is copied from Boston Scientific's February 25, 2020 Form 10-K filing. Defendants refer to that document for its complete and accurate contents.

285.    Defendants deny the allegations contained in the first sentence of Paragraph 285 of the Complaint.  Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee" made such purported statements to Plaintiff as recited in the second sentence of Paragraph 285 of the Complaint, and otherwise deny the allegations made therein.

286.    Defendants admit the allegations contained in the first sentence of Paragraph 286 of the Complaint.  Defendants deny the allegations contained in the second sentence of Paragraph 286 of the Complaint, except admit that the quoted language attributed to Ms. Lisa is copied from a February 27, 2020 conference transcript. Defendants refer to that document for its complete and accurate contents.

287.    Defendants deny the allegations contained in Paragraph 287 of the Complaint, except admit that the first quotation and the quoted language attributed to Ms. Lisa is copied from a February 27, 2020 conference transcript.  Defendants refer to that document for its complete and accurate contents.

288.     Defendants deny the allegations contained in Paragraph 288 of the Complaint.

289.     Defendants deny the allegations contained in Paragraph 289 of the Complaint.

290.     Defendants deny the allegations contained in Paragraph 290 of the Complaint.

291.     Defendants admit the allegations contained in the first sentence of Paragraph 291 of the Complaint.  Defendants deny the allegations contained in the second sentence of Paragraph 291 of the Complaint, except admit that the quoted language attributed to Mr. Brennan is copied from a March 3, 2020 conference transcript. Defendants refer to that document for its complete and accurate contents.

292.     Defendants deny the allegations contained in Paragraph 292 of the Complaint, except admit that the quoted language is copied from a March 3, 2020 conference transcript.  Defendants refer to that document for its complete and accurate contents.

293.     Defendants deny the allegations contained in Paragraph 293 of the Complaint, except admit that the quoted language is copied from a March 3, 2020 conference transcript.  Defendants refer to that document for its complete and accurate contents.

294.     Defendants deny the allegations contained in Paragraph 294 of the Complaint.

295.     Defendants deny the allegations contained in Paragraph 295 of the Complaint.

296.    Defendants admit the allegations contained in the first sentence of Paragraph 296 of the Complaint.  Defendants deny the allegations contained in the second sentence of Paragraph 296 of the Complaint, except admit that the quoted language is copied from a March 11, 2020 conference transcript.  Defendants refer to that document for its complete and accurate contents.

297.    Defendants deny the allegations contained in Paragraph 297 of the Complaint.

298.    Defendants deny the allegations contained in Paragraph 298 of the Complaint.

299.    Defendants admit the allegations contained in the first sentence of Paragraph 299 of the Complaint.  Defendants deny the allegations contained in the second sentence of Paragraph 299 of the Complaint, except admit that the quoted language attributed to Mr. Mahoney is copied from an April 29, 2020 earnings call transcript.  Defendants refer to that document for its complete and accurate contents. Defendants deny the allegations contained in the third sentence of Paragraph 299 of the Complaint, except admit that the referenced statement is included in the April 29, 2020 slide deck that was prepared in connection with Boston Scientific's Q1 2020 earnings call.  Defendants refer to that document for its complete and accurate contents.

300.    Defendants deny the allegations contained in Paragraph 300 of the Complaint.

301.    Defendants admit the allegations contained in the first sentence of Paragraph 301 of the Complaint.  Defendants deny the allegations contained in the second sentence of Paragraph 301 of the Complaint, except admit that the quoted

language attributed to Mr. Mahoney is copied from a July 29, 2020 earnings call transcript. Defendants refer to that document for its complete and accurate contents.

302. Defendants deny the allegations contained in Paragraph 302 of the Complaint, except admit that the quoted language is copied from a July 29, 2020 earnings call transcript. Defendants refer to that document for its complete and accurate contents.

303. Defendants deny the allegations contained in Paragraph 303 of the Complaint, except admit that the quoted language is copied from a July 29, 2020 earnings call transcript. Defendants refer to that document for its complete and accurate contents.

304. Defendants deny the allegations contained in Paragraph 304 of the Complaint.

305. Defendants admit the allegations contained in the first sentence of Paragraph 305 of the Complaint. Defendants deny the allegations contained in the second and third sentences of Paragraph 305 of the Complaint, except admit that the quoted language is copied from an August 19, 2020 conference transcript. Defendants refer to that document for its complete and accurate contents.

306. Defendants deny the allegations contained in Paragraph 306 of the Complaint.

307. Defendants admit the allegations contained in the first sentence of Paragraph 307 of the Complaint, except aver that the Morgan Stanley Global Healthcare Conference did not take place "[l]ater that month," but rather in September 2020. Defendants deny the allegations contained in the second sentence of Paragraph 307 of the Complaint, except admit that the quoted language is copied from a September 16, 2020

71

conference transcript.  Defendants refer to that document for its complete and accurate contents.

308.    Defendants deny the allegations contained in Paragraph 308 of the Complaint, except admit that the quoted language is copied from a September 16, 2020 conference transcript.  Defendants refer to that document for its complete and accurate contents.

309.    Defendants deny the allegations contained in Paragraph 309 of the Complaint, except admit that the quoted language is copied from a September 16, 2020 conference transcript.  Defendants refer to that document for its complete and accurate contents.

310.    Defendants deny the allegations contained in Paragraph 310 of the Complaint.

311.    Defendants admit the allegations contained in the first sentence of Paragraph 311 of the Complaint.  Defendants deny the allegations contained in the second and third sentences of Paragraph 311 of the Complaint, except admit that the quoted language attributed to Mr. Fitzgerald is copied from a September 28, 2020 press release.  Defendants refer to that document for its complete and accurate contents.

312.    Defendants deny the allegations contained in Paragraph 312 of the Complaint.

**E.    Answer to "Defendants Falsely Declare That Boston Scientific Had Secured 150 Accounts In The United States And That The Lotus Edge Continued to 'Gain Momentum'" Allegations**

The heading immediately preceding Paragraph 313 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately

72

preceding Paragraph 313 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

313.    Defendants admit the allegations contained in the first sentence of Paragraph 313 of the Complaint. Defendants deny the allegations contained in the second sentence of Paragraph 313 of the Complaint, except admit that the quoted language attributed to Mr. Fitzgerald is copied from an October 15, 2020 conference transcript. Defendants refer to that document for its complete and accurate contents.

314.    Defendants deny the allegations contained in Paragraph 314 of the Complaint, except admit that the quoted language attributed to Mr. Fitzgerald is copied from an October 15, 2020 conference transcript. Defendants refer to that document for its complete and accurate contents.

315.    Defendants deny the allegations contained in the first sentence of Paragraph 315 of the Complaint, except admit that the quoted language attributed to "Defendants" is copied from an October 15, 2020 conference transcript. Defendants refer to that document for its complete and accurate contents. Defendants aver that they lack knowledge or information sufficient to form a belief as to whether the identified "Former Employee" made such purported statements to Plaintiff as recited in the second sentence of Paragraph 315 of the Complaint, and otherwise deny the allegations made therein.

316.    Defendants deny the allegations contained in Paragraph 316 of the Complaint, except admit that the quoted language is copied from an October 15, 2020 conference transcript. Defendants refer to that document for its complete and accurate contents.

317.    Defendants deny the allegations contained in Paragraph 317 of the Complaint.

318.    Defendants admit the allegations contained in the first sentence of Paragraph 318 of the Complaint.  Defendants deny the allegations contained in the second sentence of Paragraph 318 of the Complaint, except admit that the quoted language attributed to Mr. Mahoney is copied from an October 28, 2020 earnings call transcript.  Defendants refer to that document for its complete and accurate contents.

319.    Defendants deny the allegations contained Paragraph 319 of the Complaint, except admit that the quoted language is copied from an October 28, 2020 earnings call transcript.  Defendants refer to that document for its complete and accurate contents.

320.    Defendants deny the allegations contained in Paragraph 320 of the Complaint.

**F.      Answer to "Defendants' False Statements About Boston Scientific's Financial Results" Allegations**

The heading immediately preceding Paragraph 321 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 321 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

321.    Defendants deny the allegations contained in the first sentence of Paragraph 321 of the Complaint.  Defendants deny the allegations contained in the second sentence of Paragraph 321 of the Complaint, except admit that the referenced statement was made by Mr. Mahoney during a November 17, 2020 conference call.  Defendants refer to that conference transcript for its complete and accurate contents.

74

322. Defendants deny the allegations contained in Paragraph 322 of the Complaint. Defendants aver that the chart contained in Paragraph 322 of the Complaint contains no factual allegations and thus no response is required. To the extent that the chart contained in Paragraph 322 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied. Defendants deny the allegations contained in Paragraph 322, footnote 8 of the Complaint.

323. Defendants deny the allegations contained in Paragraph 323 of the Complaint.

## ANSWER TO "LOSS CAUSATION" ALLEGATIONS

The heading immediately preceding Paragraph 324 of the Complaint contains no factual allegations and thus no response is required. To the extent that the heading immediately preceding Paragraph 324 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

324. Defendants aver that the allegations contained in Paragraph 324 are Plaintiff's legal conclusions to which no answer is required. To the extent that Paragraph 324 may be deemed to contain factual allegations to which a response is required, those allegations are denied. Defendants aver that the chart contained in Paragraph 324 of the Complaint contains no factual allegations and thus no response is required. To the extent that the chart contained in Paragraph 324 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

325. Defendants aver that the allegations contained in Paragraph 325 are Plaintiff's legal conclusions to which no answer is required. To the extent that Paragraph

75

325 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

326. Defendants aver that the allegations contained in Paragraph 326 are Plaintiff's legal conclusions to which no answer is required. To the extent that Paragraph 326 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

327. Defendants aver that the allegations contained in Paragraph 327 are Plaintiff's legal conclusions to which no answer is required. To the extent that Paragraph 327 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

328. Defendants aver that the allegations contained in Paragraph 328 are Plaintiff's legal conclusions to which no answer is required. To the extent that Paragraph 328 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

### <u>ANSWER TO "PRESUMPTION OF RELIANCE" ALLEGATIONS</u>

The heading immediately preceding Paragraph 329 of the Complaint contains no factual allegations and thus no response is required. To the extent that the heading immediately preceding Paragraph 329 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

329. Defendants aver that the allegations contained in Paragraph 329 are Plaintiff's legal conclusions to which no answer is required. To the extent that Paragraph 329 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

330.    Defendants aver that the allegations contained in Paragraph 330 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 330 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

331.    Defendants aver that the allegations contained in Paragraph 331 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 331 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

## ANSWER TO "THE STATUTORY SAFE HARBOR DOES NOT APPLY TO DEFENDANTS' FALSE AND MISLEADING STATEMENTS" ALLEGATIONS

The heading immediately preceding Paragraph 332 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 332 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

332.    Defendants aver that the allegations contained in Paragraph 332 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 332 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

333.    Defendants aver that the allegations contained in Paragraph 333 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 333 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

334.    Defendants aver that the allegations contained in Paragraph 334 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph

334 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

335. Defendants aver that the allegations contained in Paragraph 335 are Plaintiff's legal conclusions to which no answer is required. To the extent that Paragraph 335 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

336. Defendants aver that the allegations contained in Paragraph 336 are Plaintiff's legal conclusions to which no answer is required. To the extent that Paragraph 336 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

337. Defendants aver that the allegations contained in Paragraph 337 are Plaintiff's legal conclusions to which no answer is required. To the extent that Paragraph 337 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

338. Defendants aver that the allegations contained in Paragraph 338 are Plaintiff's legal conclusions to which no answer is required. To the extent that Paragraph 338 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

339. Defendants aver that the allegations contained in Paragraph 339 are Plaintiff's legal conclusions to which no answer is required. To the extent that Paragraph 339 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

340.   Defendants aver that the allegations contained in Paragraph 340 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 340 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

## ANSWER TO "CLASS ACTION ALLEGATIONS" ALLEGATIONS

The heading immediately preceding Paragraph 341 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 341 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

341.   Defendants aver that the allegations contained in Paragraph 341 of the Complaint are Plaintiff's definitional conventions and legal conclusions to which no answer is required.  To the extent that Paragraph 341 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

342.   Defendants aver that the allegations contained in Paragraph 342 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 342 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

343.   Defendants aver that the allegations contained in Paragraph 343 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 343 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

344.   Defendants aver that the allegations contained in Paragraph 344 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent

that Paragraph 344 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

345.    Defendants aver that the allegations contained in Paragraph 345 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 345 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

346.    Defendants aver that the allegations contained in Paragraph 346 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 346 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

### ANSWER TO "COUNTS" ALLEGATIONS

**Answer to "COUNT I: For Violation of Section 10(b) of the Exchange Act And Rule 10b-5 Against All Defendants" Allegations**

The three headings immediately preceding Paragraph 347 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the three headings immediately preceding Paragraph 347 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

347.    Defendants aver that Paragraph 347 of the Complaint contains no factual allegations and thus no response is required.  To the extent that Paragraph 347 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied, and, answering further, Defendants repeat and reassert each and every response contained in the foregoing Paragraphs, 1-346, as if fully set forth herein.

80

348.     Defendants aver that Paragraph 348 of the Complaint contains no factual allegations and thus no response is required.  To the extent that Paragraph 348 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

349.     Defendants aver that the allegations contained in Paragraph 349 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 349 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

350.     Defendants aver that the allegations contained in Paragraph 350 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 350 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

351.     Defendants aver that the allegations contained in Paragraph 351 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 351 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

352.     Defendants aver that the allegations contained in Paragraph 352 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 352 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

### Answer to "COUNT II: For Violation of Section 20(a) of the Exchange Act Against the Executive Defendants" Allegations

The two headings immediately preceding Paragraph 353 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the two

headings immediately preceding Paragraph 353 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

353.   Defendants aver that Paragraph 353 of the Complaint contains no factual allegations and thus no response is required.  To the extent that Paragraph 353 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied, and, answering further, Defendants repeat and reassert each and every response contained in the foregoing Paragraphs, 1-352, as if fully set forth herein.

354.   Defendants aver that Paragraph 354 of the Complaint contains no factual allegations and thus no response is required.  To the extent that Paragraph 354 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

355.   Defendants aver that the allegations contained in Paragraph 355 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 355 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

## **ANSWER TO "PRAYER FOR RELIEF" ALLEGATIONS**

The heading immediately preceding Paragraph 356 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 356 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

356.    Defendants deny the allegations contained in Paragraph 356 of the Complaint (including subparagraphs "(a)" through "(d)") and deny that Plaintiff is entitled to any relief whatsoever.

### ANSWER TO "JURY DEMAND" ALLEGATIONS

The heading immediately preceding Paragraph 357 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 357 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

357.    Defendants deny that Plaintiffs are entitled to a jury trial in this action.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

This action is barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims and/or the claims of any members of the putative class that Plaintiff purports to represent are barred, in whole or in part, because Defendants did not misrepresent any alleged fact or omit any alleged fact that Defendants were under a duty to disclose.

### THIRD DEFENSE

Plaintiff's claims and/or the claims of any members of the putative class that Plaintiff purports to represent are barred, in whole or in part, because the alleged misstatements

and omissions were not material to the investment decisions of a reasonable investor in view of the total mix of available information.

## FOURTH DEFENSE

Plaintiff's claims and/or the claims of any members of the putative class that Plaintiff purports to represent are barred, in whole or in part, because, Plaintiff or putative class members were comparatively and/or contributorily negligent in that they had actual knowledge of the facts alleged to have been misrepresented or omitted, such lack of knowledge was the product of Plaintiff's and putative class members' negligence, and this negligence was a cause-in-fact and proximate cause of any alleged damages.

## FIFTH DEFENSE

Plaintiff's claims and/or the claims of any members of the putative class that Plaintiff purports to represent are barred to the extent that Plaintiff and others alleged to be members of the putative class lack standing to maintain some or all of their claims.

## SIXTH DEFENSE

Plaintiff's claims and/or the claims of any members of the putative class that Plaintiff purports to represent are barred, in whole or in part, because, upon information and belief, Plaintiff's alleged losses, if any, were not caused by the alleged misrepresentations and omissions upon which its claims are based.

## SEVENTH DEFENSE

Plaintiff's claims and/or the claims of any members of the putative class that Plaintiff purports to represent are barred, in whole or in part, because, upon information and belief, the injuries Plaintiff allegedly sustained, if any, were caused by the actions or inactions of parties other than Defendants, actions or inactions by parties outside the control of Defendants, or economic events that were, likewise, outside the control of Defendants. These actions, inactions, and events were intervening or superseding causes of Plaintiff's alleged damages.

84

## EIGHTH DEFENSE

Plaintiff's claims and/or the claims of any members of the putative class that Plaintiff purports to represent are barred, in whole or in part, because certain alleged misstatements contain expressions of opinion that Plaintiff has not alleged, and cannot prove, either were not honestly held or contained embedded statements of false, material facts.

## NINTH DEFENSE

Plaintiff's claims and/or the claims of any members of the putative class that Plaintiff purports to represent are barred, in whole or in part, because Defendants are immune from liability for certain statements set forth in the Complaint under the safe harbor provisions of the PSLRA, 15 U.S.C. § 77z-2, 15 U.S.C. § 78u-5, or the bespeaks caution doctrine, where certain statements were identified as forward-looking statements and accompanied by meaningful cautionary language or were made without actual knowledge of their falsity.

## TENTH DEFENSE

Plaintiff's claims and/or the claims of any members of the putative class that Plaintiff purports to represent are barred, in whole or in part, because Defendants did not act with the requisite scienter.

## ELEVENTH DEFENSE

Plaintiff's claims and/or the claims of any members of the putative class that Plaintiff purports to represent are barred, in whole or in part, because Plaintiff assumed the risks disclosed by Boston Scientific associated with the securities in question and any alleged losses were caused by those risks coming to fruition.

## TWELFTH DEFENSE

Plaintiff's claims and/or the claims of any members of the putative class that Plaintiff purports to represent are barred, in whole or in part, by equitable estoppel, waiver, unclean hands, and/or other equitable doctrines to the extent that Plaintiff and/or members of the

85

putative class knew, or should have known, of any alleged untruth or omission at the time it held

Boston Scientific Corp. stock.

## THIRTEENTH DEFENSE

Without admitting that Plaintiff suffered damages in any amount, or that any of

Defendants are or should be liable for any such damages, to the extent that Plaintiff failed to

mitigate, minimize, or avoid any loss or damage referred to in its Complaint, any recovery

against Defendants must be reduced by that amount or eliminated.

## FOURTEENTH DEFENSE

Defendants acted at all times in good faith and had no knowledge, and were not

reckless in not knowing, that any alleged statement or omission was false or misleading.

## FIFTEENTH DEFENSE

Plaintiff's claims and/or the claims of any members of the putative class that

Plaintiff purports to represent are barred, in whole or in part, because if and to the extent

Defendants are found to have made false or misleading statements (which Defendants deny), the

actual facts which Plaintiff alleges to have been misrepresented or omitted were in fact known to

and entered the securities market through credible sources, and/or because the substance of the

allegedly material information that Plaintiff alleges to have been omitted or misrepresented was

in fact disclosed in Boston Scientific's public disclosures, in the public disclosures of third

parties, and/or in other sources that were otherwise publicly available and/or widely known to

the market and to the investing community.

## SIXTEENTH DEFENSE

Plaintiff's claims and/or the claims of any members of the putative class that

Plaintiff purports to represent are barred, in whole or in part, because at all relevant times,

Defendants relied in good faith on the representations, reports, expert opinions, and advice of

others.

## SEVENTEENTH DEFENSE

Any recovery for damages allegedly incurred by Plaintiff or putative class members, if any, is limited to the percentage of responsibility of Defendants in proportion to the total fault of all persons, whether or not named as parties to this action, who may have caused or contributed to Plaintiff's alleged damages, if any, pursuant to the proportionate liability provisions of the PSLRA, 15 U.S.C. § 78u-4(f)(3)(A).

## EIGHTEENTH DEFENSE

Any recovery for damages allegedly incurred by Plaintiff or putative class members, if any, is subject to offset, including but not limited to with respect to any tax benefits actually received by Plaintiff and putative class members through their investments.

## NINETEENTH DEFENSE

Any recovery for damages allegedly incurred by Plaintiff or putative class members, if any, is limited by the PSLRA's limitation on damages, 15 U.S.C. § 78u-4(e).

## TWENTIETH DEFENSE

This action is barred, in whole or in part, because Plaintiff or members of the putative class would be unjustly enriched if permitted to obtain any recovery in this action.

## TWENTY-FIRST DEFENSE

This action is barred, in whole or in part, because the fraud on the market theory does not apply.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred by applicable statutes of limitation.

## TWENTY-THIRD DEFENSE

This action is not maintainable as a class action because the requirements of Federal Rule Of Civil Procedure 23 are not met.

## TWENTY-FOURTH DEFENSE

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be other, as yet unstated, defenses and/or affirmative defenses available to them, and therefore expressly reserve the right to (i) amend or supplement their Answer, defenses, affirmative defenses, and all other pleadings, (ii) assert any and all additional defenses and/or affirmative defenses under any applicable federal and state law in the event that discovery indicates such defenses and/or affirmative defenses would be appropriate, and (iii) assert any cross-claims, counterclaims, and third-party claims when and if they become appropriate in this action.

## JURY DEMAND

Defendants demand a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants respectfully request that the Court:

i) Dismiss Plaintiff's claims against them with prejudice;

ii) Determine that this action may not proceed as a class action and dismiss all purported class allegations with prejudice;

iii) Award Defendants the costs, disbursements, and attorneys' fees incurred by them in defending this action; and

iv) Award Defendants such other and further relief as the Court may deem just and proper.

Dated:  January 20, 2023
   Boston, Massachusetts

Respectfully submitted,


/s/ Alisha Q. Nanda
James R. Carroll (BBO #554426)
Alisha Q. Nanda (BBO #657266)
Yaw A. Anim (BBO #569512)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
alisha.nanda@skadden.com
yaw.anim@skadden.com

*Counsel for Defendants*
*Boston Scientific Corporation,*
*Michael F. Mahoney, Joseph M.*
*Fitzgerald, Daniel J. Brennan, Shawn*
*McCarthy, Ian Meredith, Kevin Ballinger*
*and Susan Vissers Lisa*

89