UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re BOSTON SCIENTIFIC CORPORATION : 
SECURITIES LITIGATION                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x     Master File No.: No. 1:20-cv-12225-DPW
                                            :

This Document Relates To:

                                            :
      ALL ACTIONS

                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**JOINT STIPULATION AND [PROPOSED] ORDER CONCERNING THE
PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

Lead Plaintiff Union Asset Management Holding AG ("Lead Plaintiff"), and Boston Scientific Corporation, Michael F. Mahoney, Joseph M. Fitzgerald, Daniel J. Brennan, Shawn McCarthy, Ian Meredith, Kevin Ballinger, and Susan Vissers Lisa ("Defendants"), in the above-captioned action (the "Action"), by and through their undersigned counsel, hereby submit this Joint Stipulation and [Proposed] Order Concerning the Production and Exchange of Confidential Information.

WHEREAS, Lead Plaintiff and Defendants (collectively, the "Parties") expect that discovery in the Action may include the production of certain information and documents that a Party believes is confidential and protected from disclosure;

IT IS HEREBY STIPULATED AND AGREED, in order to facilitate the exchange of confidential discovery and information by and among the Parties, subject to the approval of the Court, that the following Stipulation and Order Concerning the Production and Exchange of Confidential Information (the "Protective Order") shall govern the handling of information contained in all documents, testimony taken at depositions or hearings and transcripts thereof, deposition exhibits, interrogatory responses, admissions, initial disclosures, and any other written, recorded, graphic, or electronic matter or information produced, or given or exchanged by and among the parties in connection with discovery in the Action ("Discovery Material"), including Discovery Material produced by non-parties to the Action.

The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

1

## I.    TYPES OF MATERIALS THAT MAY BE DESIGNATED CONFIDENTIAL OR HIGHLY CONFIDENTIAL

1.    Any Party or non-party producing Discovery Material in the Action (a "Producing Party") may designate Discovery Material produced by it as "Confidential" or "Highly Confidential" in accordance with this Protective Order.

2.    "Confidential Information" is defined as Discovery Material that is: non-public proprietary, commercially or competitively sensitive, personal, or financial in nature (including but not limited to personal financial information; personal identification information; projections, strategies, or analyses; customer or client lists or other information; trade secrets; financial, business, or marketing plans; proposed strategic transactions or business combinations; negotiations with potential investors, partners, or acquirers; confidential regulatory materials; and current pricing or cost information; profitability reports or estimates; percentage fees; design fees; royalty rates; minimum guarantee payments; sales reports and sale margins), or other information the disclosure of which would, in the good faith judgment of the party designating the material as Confidential Information, be substantially detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

3.    "Highly Confidential Information" is defined as Discovery Material that would constitute Confidential Information as defined herein but, in the good faith determination of the Producing Party requires greater protection than Confidential Information, and (i) contains highly sensitive cost data, trade secrets, research, development, strategic planning, or proprietary business operations, and (ii) that the Producing Party maintains as highly confidential in its business, and (iii) that the disclosure of which is highly likely to cause serious harm to the competitive position or the business position of the Producing Party.

4.      The term "Protected Information" shall mean and include, individually and collectively, documents, materials, and information designated by a Producing Party as "Confidential Information" or "Highly Confidential Information."

## II.     DESIGNATION OF DISCOVERY MATERIAL AS PROTECTED INFORMATION

5.      The designation of Discovery Material as "Confidential" or "Highly Confidential" for purposes of this Protective Order shall be made in the following manner:

a.      A Producing Party may designate a document or information as "Confidential" or "Highly Confidential" by marking the document "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"; or

b.      A Producing Party may furnish a separate written notice to the undersigned counsel for the party receiving such documents, material or information at the time of their production, or as soon thereafter as practicable, specifically identifying the documents or materials as "Confidential," or "Highly Confidential," so long as the Producing Party supplies substitute copies (bearing the same bates numbers as the original copies, where practicable) of any such documents bearing the designations set forth in Paragraph 5(a) within 5 business days or as many days as the parties shall agree.  To the extent a Producing Party makes documents available for inspection and copying at the Producing Party's or counsel's location prior to confidentiality designation of the documents, such materials shall be treated as Confidential until such time as they are produced and assigned confidentiality designations in accordance with this Order.

c.      The Producing Party has an obligation to stamp documents "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in good faith and must take care to limit any such designations to specific material that qualifies under the appropriate standards.  The Parties shall make such designations in good faith to ensure that only those documents or testimony that

merit Confidential or Highly Confidential treatment are so designated.  Either designation may be withdrawn by the designating Party.

        d.       The Producing Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.  If it comes to a Producing Party's attention that information or items that it designated for protection do not qualify for the level of production initially asserted, that Producing Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

        e.       Third parties producing documents in the course of this action may also designate documents as "Confidential" or "Highly Confidential" subject to the same protections, obligations, and constraints as the Parties to the action.  A copy of this Protective Order shall be served along with any subpoena or document request served on third parties in connection with this action.

## III.    SCOPE

6.      The protections conferred by this Protective Order cover not only Protected Information, but also (1) any information copied or extracted from Protected Information; (2) all copies, derivations, abstracts, excerpts, summaries, or compilations of Protected Information; and (3) any testimony, conversations or presentations by Parties or their counsel that might reveal Protected Information.

7.      However, the protections conferred by this Protective Order do not cover the following information: (1) any information that is in the public domain at the time of disclosure to a receiving party or becomes part of the public domain after its disclosure to a receiving party as a result of publication not involving a violation of this Order, including becoming part of the public

record through trial or otherwise; and (2) any information known to the receiving party prior to the disclosure or obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the designating Party.

8.    Any use of Protected Information at trial shall be governed by a separate agreement or order.

## IV.    PERMISSIBLE USES OF PROTECTED INFORMATION

9.    All persons obtaining access to Protected Information produced in connection with this Action shall use such Protected Information only for the purpose of this litigation and not for any other purpose.  However, this provision shall not apply to any Protection Information subsequent to its becoming part of the public record in this Action.  Nothing in this Protective Order shall limit or restrict a party's rights, if any, to use its own Protected Information or any information obtained independent of discovery in this Action in any manner that the Party deems appropriate.

10.    Nothing herein shall impose any restrictions on the use or disclosure by a Party or witness of documents, material or information obtained by such Party or witness independently of the discovery proceedings in this Action, whether or not such documents, material or information are also obtained through discovery proceedings in this Action.

11.    Except with the prior written consent of the Producing Party, as provided in this Order, or as may be subsequently ordered by the Court, Protected Information may not be disclosed by a non-Producing Party to any person except as described below.

12.    Confidential Information may be disclosed by a non-Producing Party only to:

a.    The Parties, their officers, directors, and employees to the extent reasonably necessary to provide assistance with the Action, and counsel for the Parties in the Action, including

the in-house lawyers of such Parties and the partners, associates, other attorneys, investigators, secretaries, paralegal assistants, and employees of such counsel;

b. Judges, the jury, court reporters, court personnel, and videographers present at trial, hearings, arguments, depositions, and any other judicial proceedings held in this Action;

c. Persons shown on the face of the document or associated metadata to have authored or received it;

d. Deponents and witnesses (and their counsel) to the extent reasonably necessary in connection with their testimony in this Action or the preparation thereof;

e. Consultants or experts or other third-party contractors (such as document discovery vendors and similar litigation-support services personnel) retained for the purpose of assisting counsel in this Action;

f. Any arbitrator, mediator, or special master retained by the parties or appointed by the Court, and employees of such arbitrator, mediator or special master to the extent reasonably necessary;

g. Any insurer who may be liable to satisfy part or all of any judgment that may be entered in the Action, or to indemnify or reimburse for payments made to satisfy a judgment; and

h. Others, if the parties to this Action so agree in writing or the Court so permits.

13. Highly Confidential Information may be disclosed by a non-Producing Party only to:

a. Judges, the jury, court reporters, court personnel, and videographers present at trial, hearings, arguments, depositions, and any other judicial proceedings held in this Action;

b.      Counsel for the Parties in the Action, including the in-house lawyers of such Parties and the partners, associates, other attorneys, investigators, secretaries, paralegal assistants, and employees of such counsel;

c.      Persons shown on the face of the document or associated metadata to have authored or received it; and

d.      Consultants or experts or other third-party contractors (such as document discovery vendors and similar litigation-support services personnel) retained for the purpose of assisting counsel in this Action.

14.     The terms "counsel," "expert," and "investigator" include their staff who are assigned to and reasonably necessary to assist the counsel, expert, or investigator in the preparation of this litigation.

15.     Before any person described in Paragraphs 12(e), 12(g), 12(h), or 13(d), or any third-party witnesses and their counsel, is given access to Protected Information, the person shall review this Protective Order and agree in writing (by signing the Acknowledgement attached hereto as Exhibit A) to its terms and conditions.  A copy of the Acknowledgement shall be retained by counsel disclosing the Protected Information until the conclusion of this Action, including all appeals.  If Protected Information is to be disclosed during a deposition, the agreement to be bound to this Protective Order may be made on the record and under oath, rather than through execution of Exhibit A.

16.     No person to whom Protected Information is disclosed may disclose such Protected Information to any person other than those persons described in Paragraph 12 or 13 above.

17.     A recipient of Protected Information shall keep the material in a secure area and shall exercise due care to restrict access to those persons described above. Any copies, excerpts, or

compilations of Protected Information, whether in oral or written form, shall be subject to this Protective Order to the same extent as the Protected Information itself, and, if in written form, must be labeled as "Confidential" or "Highly Confidential." A recipient shall not duplicate any Protected Information except for use as working copies and for filing in court.

18.    In the event a party produces two or more identical copies of Discovery Material and any copy is designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL" while other copies are not so designated, all such identical Discovery Material shall be treated as designated whichever of the conflicting designations affords the greatest protection (*i.e.,* either Confidential Information, or Highly Confidential Information, as applicable).   Any party identifying such inconsistent designations shall, to the extent possible, notify all other parties of the existence and production numbers or other identifying information of the non-designated or not properly designated copies.   The producing party shall then promptly inform the parties as to whether the documents are to be treated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL" and shall undertake to reproduce the document(s) at issue with the appropriate designation.

## V.    CHALLENGING DESIGNATIONS OF PROTECTED INFORMATION

19.    Any Party may request a change in the designation of any information designated as "Confidential" or "Highly Confidential."   Any Protected Information shall be treated as Confidential until the change in designation is completed. If the requested change in designation is not agreed to, the party seeking confidential treatment shall have the burden of proving that the Discovery Material is Confidential or Highly Confidential.

20.    Any Party may challenge a designation of Discovery Material as Protected Information at any time after the designation has been made. Unless a prompt challenge to a designating Party's confidentiality designation is necessary to avoid foreseeable, substantial fairness, unnecessary economic burdens or a significant disruption or delay of the Action, a Party

does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

21.    The Party challenging a confidentiality designation shall identify each challenged document by Bates number or otherwise specifically describe the document(s) challenged and set forth the specific reasons why it does not believe the confidentiality designation is appropriate.

22.    Any Party to this Protective Order may object to the designation by a Producing Party of any information or material as Protected Information by notifying the Producing Party. The Parties shall then attempt to resolve by agreement the question of whether the document or information is entitled to confidential treatment. If the Parties are unsuccessful in reaching an agreement within fourteen (14) days of receiving such an objection, nothing in this Protective Order shall preclude a Party from seeking judicial intervention to resolve the dispute. In any proceeding challenging the confidential designation of material, the burden shall be on the Party asserting confidentiality to establish that the material is entitled to confidential treatment under the law. The disputed material shall continue to be treated as designated by the Designating Party until such time as the Court rules on the motion.

## VI.    USE OF PROTECTED INFORMATION IN DEPOSITIONS

23.    Parties and deponents may, on the record of a deposition, or within 30 days after receiving the deposition transcript, designate pages and lines of the transcript (and exhibits thereto) as Confidential or Highly Confidential by underlining or otherwise designating the portions of the pages that are confidential.  Until expiration of this time period, the entire deposition transcript will be treated as Confidential pursuant to this Protective Order unless otherwise specified in writing or on record of the deposition.  (Documents marked as deposition exhibits that have been previously designated for protection under this Order do not need to be re-designated in order to maintain their designation.)  The Parties and the court reporter shall thereafter mark designated pages in all copies

of the transcript with the legend, "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" and/or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and will note on the cover page of any such deposition the following legend: "Certain Designated Pages of this Deposition are Confidential and/or Highly Confidential and Subject to a Protective Order."

## VII.   SUBPOENAS OR LEGAL PROCESS CALLING FOR DISCLOSURE OF PROTECTED INFORMATION

24.     If a party receives a subpoena or other legal process which calls for disclosure of any Protected Information designated as Confidential or Highly Confidential by another party, then the party from whom disclosure is sought shall give prompt written notice (including a copy of such subpoena or other legal process) to counsel for the designating Party.  The party receiving the subpoena (the "Subpoenaed Party"), request for production of documents, or other process or demand shall notify in writing the person or entity who served the subpoena, request for production of documents, or other process or demand that some or all the material covered by the request is subject to this Protective Order, and provide a copy of the Protective Order to the issuing entity or individual. The producing party, or Designating Party if a different person or entity, shall bear the burden and expenses of seeking protection of the Protected Information.  Nothing in these provisions shall be construed as authorizing or encouraging a Subpoenaed Party to disobey a lawful directive from a court or authority of competent jurisdiction.

## VIII.   FILING AND USE OF PROTECTED INFORMATION FOR PRETRIAL PURPOSES

25.     Counsel for the Parties shall follow all applicable Local Rules, including Local Rule 7.2 regarding motions for impounding confidential materials, and customs for the Court when filing Protected Information under seal.  In particular, the Party seeking or requesting that the information be filed under seal shall establish the requisite "good cause," namely other than the fact that the Parties agree as to confidentiality or that the documents were exchanged pursuant to this Protective

10

Order.  No Party shall file any Protected Information with the Court until the Court determines whether such material may be filed under seal or on the public docket.  A Party seeking to include such material in a filing shall timely file a redacted version of the filing on the public docket and shall contemporaneously serve an unredacted version of the filing on counsel for all Parties.  To the extent the filing contains the Protected Information of a non-party, the filing Party shall within one (1) business day of filing provide notice to the non-party of the non-party's Protected Information contained within the filing.  Within five (5) business days of service of the unredacted version of the filing, or for non-parties within five (5) business days of notice by the filing Party, any Party or non-party seeking to maintain the confidentiality of any Protected Information in the filing shall file a Motion to Impound Designated Material in accordance with the District of Massachusetts Local Rule 7.2 and ECF Administrative Procedures.  The Motion to Impound shall reference this Order, describing the general nature and purpose for submitting the paper (i.e., exhibit to declaration in support of motion, etc.), and explain the good cause to support the request for leave to file the document under seal.  Reference to a document's designation as Protected Information pursuant to the Protective Order, without more, will not suffice to show a particularized need for impoundment.  If the Court grants leave to file any of the Protected Information in the filing under seal, the filing Party shall refile the filing under seal in an unredacted form, placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If the Court denies a Motion to Impound, or if a Party declines to file a Motion to Impound, for any information redacted from the original filing, the filing Party shall refile the filing on the public docket with the relevant portions of the filing unredacted.  The filing Party shall complete these additional filings within five (5) business days

11

of the Court's ruling on the motion to impound, or in the event no Party files a Motion to Impound, the filing Party shall refile the filing on the public docket in an unredacted form within five (5) business days of the last day to file a Motion to Impound.  Outside attorneys of record for the Parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court.  Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony, or other evidence.

## IX.    NON-TERMINATION

26.    This Protective Order shall survive and continue to be binding after the conclusion of this Action, and this Court shall retain jurisdiction to enforce the provisions of this Protective Order.

27.    Upon written request, within 90 days after final termination of this Action (including any appeal or related proceedings in the United States District Court, Court of Appeals, and the Supreme Court of the United States), all parties or other persons or entities bound by this Protective Order shall destroy any Discovery Material containing Protected Information and all copies of same (other than exhibits of record) shall be returned to the Producing Party or destroyed. Counsel shall certify in writing upon request of the Designating Party that all Protected Information and copies thereof have been handled in accordance with this Paragraph.

28.    Any return shipping done at the request of the Producing Party shall be done at the expense of the Producing Party. Notwithstanding the foregoing, counsel for all parties may keep copies of any transcripts, pleadings, exhibits, and attorney work product and shall maintain them in confidence.

## X.   NON-WAIVER OF PRIVILEGES

29.     This Protective Order is without prejudice to any party's or non-party's right to assert that any Discovery Material is subject to any applicable claim of privilege or protection, including, but not limited to, the attorney-client privilege and the work product doctrine, or that the party claims is subject to any federal or state regulations prohibiting the disclosure of such material, and is without prejudice to any party's right to contest such a claim of privilege or protection.

30.     This Protective Order is entered pursuant to and invokes the protections of Federal Rule of Evidence 502(d). Accordingly, the provisions in Rule 502(b) will not apply to the disclosure of Discovery Material in this action, other than an intentional disclosure.

31.     In accordance with Federal Rule of Evidence 502(d) and other applicable Rules, any inadvertent disclosure of privileged information or documents in response to any discovery production, including Rule 26(a)(1) disclosures and agreed document productions, produced with or without a detailed privilege review shall not be deemed to waive—in this litigation or in any other federal or state proceeding—any applicable privilege or immunity (including, without limitation, the attorney-client privilege, the work product immunity and the joint defense or common interest privilege) that would otherwise attach to the disclosed materials or their subject matter.

32.     This Protective Order does not preclude a party from intentionally waiving any claims of privilege or protection.

33.     The provisions of Rule 502(a) of the Federal Rules of Evidence apply when, among other things, a Party uses privileged information or Protected Information to support a claim or defense, a Party uses privileged information or Protected Information during a deposition without the assertion of a contemporaneous objection, a Party intentionally discloses privileged information or Protected Information to a third party, including the Court (e.g., in connection with or support

of a filing), or a Party makes selective disclosures of documents for any other purpose. This paragraph does not preclude a Party from arguing that waiver was made under any applicable rule of law.

## XI.    CLAWBACK OF DISCLOSURE

34.    A Producing Party that determines that it made a disclosure of Protected Information without designating it as such pursuant to the terms of this Order, or information subject to a claim of attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege or doctrine, the bank examination privilege, or any other applicable privilege, immunity, or protective doctrine ("Privileged Information" and together with Protected Information, "Inadvertently Disclosed Information") in this litigation shall promptly notify the receiving party following discovery of the production, and the receiving party shall:

a.    in the case of Privileged Information, (i) immediately cease the review and use of the disclosed document or information, except to the extent necessary to determine and/or contest the privilege or protection; (ii) if the receiving party does not challenge the assertion, return, sequester, or destroy the disclosed document or information forthwith, as well as any and all copies thereof; and (iii) if the receiving party does not challenge the assertion, destroy or sequester any references to the erroneously or inadvertently disclosed document or its contents, to the extent such references exist in other materials prepared by the receiving party; or,

b.    in the case of Protected Information, shall mark such document and all copies "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the expense of the Producing Party and treat the document as Protected Information under the terms of this Order.

35.    Upon request of the disclosing Party, the receiving party shall, within five (5) business days, (i) return, sequester or destroy all copies of the Inadvertently Disclosed Information and confirm with the disclosing Party that all such Inadvertently Disclosed Information has been

14

returned, sequestered or destroyed, , (ii) refrain from any further use or disclosure of the Inadvertently Disclosed Information except as provided herein; and (iii) take reasonable steps in good faith to retrieve any copies of the Inadvertently Disclosed Information disclosed in accordance with this Protective Order prior to receiving notice.

36.     If any produced Privileged Information or Protected Information has been provided to a non-party by a non-Producing Party, the non-Producing Party will use all reasonable efforts to secure the return of the Privileged Information (and the destruction of any references thereto) and/or proper designation of the Protected Information, including reminding the non-party of its obligation to adhere to the terms of this Protective Order that non-party agreed to by executing the Agreement attached as Exhibit A.

37.     Notice of disclosure shall apply to all copies of the document disclosed.

38.     In the event of a dispute as to a Disclosing Party's claim that documents or information contain Inadvertently Disclosed Information, the receiving Party shall first meet and confer with the Disclosing Party in a good faith effort to resolve the disagreement.  If the Disclosing Party and receiving Party are unable to resolve their disagreement, the Party asserting the claim that Discovery Material is or contains Inadvertently Disclosed Information may request that the Court enter an order to resolve the dispute.  While any such request is pending, no party shall use any Inadvertently Disclosed Information, or information gleaned from any Inadvertently Disclosed Information, in connection with this Action or for any other purpose, except to the extent necessary to determine and/or contest the privilege or protection.  Should a dispute arise, all parties other than the Disclosing Party may sequester[1] the Inadvertently Disclosed Information

---

[1] Copies of disclosed Protected Information or Privileged Information that have been stored on electronic media that are not reasonably accessible, such as disaster recovery backup media, are

and any copies they have, rather than destroy or return the Inadvertently Disclosed Information, until such dispute is resolved.

39.    A Party is not precluded by this Protective Order from arguing that a privilege or protection has been waived for reasons other than the production of a document or information subsequently clawed back in accordance with the terms of this Protective Order.

40.    Nothing in this Protective Order is intended to preclude either Party from seeking fees or expenses associated with the unreasonable or excessive clawback of documents.

## XII.    GENERAL PROVISIONS

41.    Any party for good cause shown may apply to the Court for modification of this Protective Order. This Protective Order shall remain in full force and effect and each person subject to this Protective Order shall continue to be subject to the jurisdiction of this Court, for the purposes of this Protective Order, in perpetuity, and the Court shall not be divested of jurisdiction of any person or of the subject matter of this Protective Order by the occurrence of conclusion of this case, or by the filing of a notice of appeal, or other pleading which would have the effect of divesting this Court of jurisdiction of this matter generally.

42.    The Parties may stipulate without the need for Court approval to narrow or extend the time periods specified in this Protective Order.

43.    This Protective Order shall not be construed as waiving any right to assert a claim of privilege or objection as to relevance, admissibility, or other grounds for not producing discovery potentially falling under the scope of this agreement.  Nor shall this Protective Order prevent any party from objecting to discovery that it believes to be otherwise improper or to the authenticity or

---

adequately sequestered as long as they are not restored.  If such data is restored, the receiving party must take steps to re-sequester the restored disclosed Protected Information or Privileged Information.

admissibility into evidence of any document, testimony or other evidence subject to this Protective Order.

44.    This Protective Order may be executed in any number of actual, telecopied or emailed counterparts, and by each of the different parties thereto on several counterparts, each of which when executed and delivered shall be an original.  The executed signature page(s) from each actual, telecopied or emailed counterpart may be joined together and attached to one such original and shall constitute one and the same instrument.

Dated: February 28, 2023

Respectfully submitted,

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

*/s/ James R. Carroll*

James R. Carroll (BBO #554426)
Alisha Q. Nanda (BBO #657266)
Yaw A. Anim (BBO #569512)
500 Boylston Street
Boston, Massachusetts 02116
Telephone: (617) 573-4800
Facsimile: (617) 573-4822
james.carroll@skadden.com
alisha.nanda@skadden.com
yaw.anim@skadden.com

*Counsel for Defendants Boston Scientific, Michael F. Mahoney, Joseph M. Fitzgerald, Daniel J. Brennan, Shawn McCarthy, Ian Meredith, Kevin Ballinger, and Susan Vissers Lisa*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Michael D. Blatchley*

Michael D. Blatchley
Salvatore Graziano
Mark Lebovitch
Alexander T. Payne
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
michaelb@blbglaw.com
salvatore@blbglaw.com
markl@blblgaw.com
alex.payne@blbglaw.com

*Lead Counsel for Lead Plaintiff and the Class*

**DONNELLY, CONROY & GELHAAR LLP**

T. Christopher Donnelly (BBO #129930)
Peter E. Gelhaar (BBO #18830)
Peter K. Levitt (BBO #565761)
260 Franklin Street, Suite 1600
Boston, Massachusetts 02110
Telephone: (617) 720-2880
Facsimile: (617) 720-3554
tcd@dcglaw.com
peg@dcglaw.com
pkl@dcglaw.com

*Liaison Counsel for Lead Plaintiff*

18

IT IS SO ORDERED.

DATED: _____, 2023

 

_____
Hon. Douglas P. Woodlock
United States District Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re BOSTON SCIENTIFIC CORPORATION :
SECURITIES LITIGATION                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x     Master File No.: No. 1:20-cv-12225-DPW
                                                                 :
This Document Relates To:
                                                                 :
    ALL ACTIONS
                                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**ACKNOWLEDGEMENT OF PROTECTIVE ORDER
AND AGREEMENT TO BE BOUND**


I, _____ , acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Protected Information. I agree that I will not disclose such Protected Information to anyone other than for purposes of this litigation and in accordance with the Protective Order, and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.


Dated: _____              _____