# Exhibit E

**CASES IN WHICH COURTS HAVE APPOINTED BERNSTEIN LITOWITZ AS LEAD OR CLASS COUNSEL AFTER BEING APPRISED OF THE *SYMANTEC* ORDER**

- Order Appointing the Michigan Funds as Lead Plaintiff and Approving Their Selection of Lead Counsel, *Oakland Cnty. Emps.' Ret. Sys. v. Sotera Health Co.*, No. 1:23-cv-00143-CEF, ECF No. 9 (N.D. Ohio Apr. 17, 2023) (appointing Bernstein Litowitz as lead counsel) (appended hereto as Exhibit 1);

- *In re Qualcomm Inc. Sec. Litig.*, 2023 WL 2583306, at *17 (S.D. Cal. Mar. 20, 2023) (appointing Bernstein Litowitz as class counsel);

- Notification of Docket Entry, *Pembroke Pines Firefighters & Police Officers Pension Fund v. Abbott Laboratories*, No. 1:22-cv-4661, ECF No. 26 (N.D. Ill. Mar. 7, 2023) (appointing Bernstein Litowitz as lead counsel) (appended hereto as Exhibit 2);

- Order Appointing the Institutional Investors as Lead Plaintiff and Approving Lead Counsel, *In re Silvergate Capital Corp. Sec. Litig.*, No. 3:22-cv-01936-JES-MSB, ECF No. 21 at 4 (S.D. Cal. Feb. 28, 2023) (appointing Bernstein Litowitz as lead counsel) (appended hereto as Exhibit 3);

- *In re Synchrony Fin. Sec. Litig.*, 2023 WL 1503032, at *14 (D. Conn. Feb. 3, 2023) (appointing Bernstein Litowitz as class counsel and noting that Bernstein Litowitz has "ably conducted this litigation for several years . . . and [has] the necessary experience in complex litigation, class actions, and cases of this type");

- *Pub. Emps.' Ret. Sys. of Miss. v. Mohawk Indus., Inc.*, 2022 WL 17920570, at *12 (N.D. Ga. Nov. 28, 2022) (appointing Bernstein Litowitz as class counsel);

- *Hartel v. SelectQuote, Inc.*, 2022 WL 4057445, at *3 (S.D.N.Y. Sept. 2, 2022) (appointing Bernstein Litowitz as lead counsel);

- *Rasella v. Musk*, 2022 WL 4007614, at *7 (S.D.N.Y. Sept. 2, 2022) (citing Bernstein Litowitz's "extensive experience serving as lead counsel in securities class actions" and approving them to serve as lead counsel);

- Case Management Order, *UA Local 13 Pension Fund v. Bumble Inc.*, No. 1:22-cv-00624-DLC, ECF No. 36 at 1 (S.D.N.Y. Aug. 25, 2022) (appointing Bernstein Litowitz as lead counsel) (appended hereto as Exhibit 4);

- *Allegheny Cnty. Emps.' Ret. Sys. v. Energy Transfer LP*, 2022 WL 3597200, at *25 (E.D. Pa. Aug. 23, 2022) (appointing Bernstein Litowitz as class counsel);

- *In re EQT Corp. Sec. Litig.*, 2022 WL 3293518, at *29 (W.D. Pa. Aug. 11, 2022) (appointing Bernstein Litowitz as class counsel);

**CASES IN WHICH COURTS HAVE APPOINTED BERNSTEIN LITOWITZ AS
LEAD OR CLASS COUNSEL AFTER BEING APPRISED OF THE *SYMANTEC* ORDER**

- *Ohio Pub. Emps. Ret. Sys. v. Meta Platforms*, 2022 WL 3571995, at *5 (N.D. Cal. July 26, 2022) (noting Bernstein Litowitz's "significant experience" and approving them as "reasonable" choice to serve as lead counsel);

- Order Appointing the Public Pension Funds as Lead Plaintiff and Approving Their Selection of Lead Counsel, *City of Riviera Beach Gen. Emps.' Ret. Sys. v. Vertiv Holdings Co.*, No. 1:22-cv-03572-GHW, ECF No. 16 at 2 (S.D.N.Y. June 22, 2022) (appointing Bernstein Litowitz as lead counsel) (appended hereto as Exhibit 5);

- *Bricklayers' & Allied Craftworkers Local #2 Albany v. New Oriental Educ. & Tech. Grp. Inc.*, 2022 WL 1515451, at *5 (S.D.N.Y. May 13, 2022) ("The Court is persuaded that Bernstein Litowitz can capably represent the class here, given the firm's experience in litigating class action lawsuits.");

- *City of Miami Fire Fighters' & Police Officers' Ret. Tr. v. Cerence Inc.*, 2022 WL 1505907, at *2 (D. Mass. May 12, 2022) (appointing Bernstein Litowitz as lead counsel);

- *City of Sunrise Firefighters' Pension Fund v. Oracle Corp.*, 2022 WL 1459567, at *5 (N.D. Cal. May 9, 2022) (appointing Bernstein Litowitz as class counsel);

- Order Granting Motion to Consolidate, Appointing Lead Plaintiff, and Approving Selection of Counsel, *Homyk v. ChemoCentryx, Inc.*, No. 4:21-cv-03343-JST, ECF No. 32 at 6 (N.D. Cal. Jan. 28, 2022) ("The Court finds [lead plaintiff's] choice of lead counsel to be reasonable, and thus approves it.") (appended hereto as Exhibit 6);

- Stipulation and Order Appointing IBEW Local 353 Pension Plan and Xiaobin Cai as Lead Plaintiff, Approving Their Selection of Lead Counsel, and Consolidating Actions, *Chung v. Eargo, Inc.*, No. 3:21-cv-08597-CRB, ECF No. 36 at 5 (N.D. Cal. Jan. 5, 2022) (appointing Bernstein Litowitz as lead counsel) (appended hereto as Exhibit 7);

- *In re Myriad Genetics, Inc. Sec. Litig.*, 2021 WL 5882259, at *13 (D. Utah Dec. 13, 2021) (appointing Bernstein Litowitz as class counsel);

- *In re Mattel, Inc. Sec. Litig.*, 2021 WL 4704578, at *7 (C.D. Cal. Oct. 6, 2021) (appointing Bernstein Litowitz as class counsel);

- Order, *Emps.' Ret. Fund of the City of Fort Worth v. James River Grp. Holdings, Ltd.*, No. 3:21-cv-0044-MHL, ECF No. 20 at 2 (E.D. Va. Sept. 22, 2021) (appointing Bernstein Litowitz as lead counsel) (appended hereto as Exhibit 8); and

- Order, *Yoshikawa v. Exxon Mobil Corp.*, No. 3:21-cv-00194-N, ECF No. 43 at 3 (N.D. Tex. June 10, 2021) (finding that "the requirements of Rule 23" were "satisf[ied]" and appointing Bernstein Litowitz as lead counsel) (appended hereto as Exhibit 9).

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| OAKLAND COUNTY EMPLOYEES' RETIREMENT SYSTEM, et al., | ) ) ) | CASE NO. 1:23-CV-00143 |
| | ) | JUDGE CHARLES E. FLEMING |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **ORDER APPOINTING THE MICHIGAN FUNDS AS LEAD** |
| SOTERA HEALTH COMPANY, et al., | ) ) | **PLAINTIFF AND APPROVING THEIR SELECTION OF LEAD** |
| Defendants. | ) ) | **COUNSEL** |

Before the Court is (1) the Motion for the Oakland County Employees' Retirement System, Oakland County Voluntary Employees' Beneficiary Association, and Wayne County Employees' Retirement System (collectively, the "Michigan Funds") for Appointment as Lead Plaintiff and Approval of Their Selection of Lead Counsel (ECF No. 7); (2) the Memorandum of Law in support thereof (ECF No. 7-1); and (3) the Declaration of Scott. D. Simpkins (ECF No. 7-3).  On April 10, 2023, the Michigan Funds filed a Notice indicating that their Motion for Appointment as Lead Plaintiff and Selection of Lead Counsel is unopposed (ECF No. 8).

For good cause shown, the Motion (ECF No. 7) is **GRANTED.**  The Court **ORDERS, ADJUDGES,** and **DECREES** as follows:

1.     The Michigan Funds are **APPOINTED** to serve as Lead Plaintiff pursuant to Section 27(a)(3)(B) of the Securities Act of 1933, 15 U.S.C. § 77z-l(a)(3)(B), and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C .§ 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995, in the above-captioned action and all related actions consolidated pursuant to paragraph 4 of this Order.

1

2.      The Michigan Funds' selection of Lead Counsel is **APPROVED**, and Bernstein Litowitz Berger & Grossmann LLP and Motley Rice LLC are **APPOINTED** as Lead Counsel for the Class, contingent on the submission and approval of any motions for admission pro hac vice.

3.      Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, any pending, previously or subsequently filed, removed or transferred actions that are related to the claims asserted in the above-captioned action are **CONSOLIDATED** for all purposes.

4.      This action shall be captioned, "*In re Sotera Health Company Securities Litigation*," and the file shall be maintained under Master File No. 1:23-cv-00143-CEF.

5.      Consistent with this Court's March 9, 2023 Order (ECF No. 6), the parties are directed to file a joint proposed schedule, together with a proposed Order.

**IT IS SO ORDERED.**

**Dated: April 17, 2023**

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**

2

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.6.3**
**Eastern Division**

Pembroke Pines Firefighters & Police Officers
Pension Fund

Plaintiff,

v.

Case No.: 1:22−cv−04661

Honorable Steven C.
Seeger

Abbott Laboratories, et al.

Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, March 7, 2023:

MINUTE entry before the Honorable Steven C. Seeger: The motion by KBC Asset Management NV and Quoniam Asset Management GmbH for entry of an order approving KBC and Quoniam as Lead Plaintiff (Dckt. No. [13]) is hereby granted. The Court hereby appoints KBC and Quoniam as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u−4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995. The Court appoints Motley Rice LLC and Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the putative class. See 15 U.S.C. § 78u−4(a)(3)(B)(v). No one filed an opposition to either appointment, despite timely notice. (Dckt. No. [9]−1). Mailed notice(jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

# EXHIBIT 3

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

In re SILVERGATE CAPITAL
CORPORATION SECURITIES
LITIGATION

Case No.:  22-CV-1936-CAB-MSB

**ORDER APPOINTING THE
INSTITUTIONAL INVESTORS AS
LEAD PLAINTIFF AND
APPROVING LEAD COUNSEL**

[Doc. Nos. 15, 16]

This matter is before the Court on competing motions to appoint lead plaintiff and approve lead counsel in this consolidated securities fraud class action litigation.  One of the movants, Goldberg-Flores, LLC, has noticed its non-opposition [Doc. No. 18] to the motion of International Union of Operating Engineers, Local No. 793, Members Pension Benefit Trust of Ontario, UMC Benefit Board, Inc. and Wespath Institutional Investments LLC, both as administrative trustees of the Wespath Funds Trust, Indiana Public Retirement System, Boston Retirement System, and Public School Teachers' Pension & Retirement Fund of Chicago (collectively, the "Institutional Investors") for appointment as lead plaintiff and approval of their selection of lead counsel.  Defendants have also noticed their non-opposition to the Institutional Investors' motion.  [Doc. No. 20.]  As discussed below,

1

upon consideration of the merits of the Institutional Investors' motion, along with the lack of opposition thereto, the motion is granted.

## I.  The Institutional Investors Are the Most Adequate Plaintiff

Under the Private Securities Litigation Reform Act ("PSLRA"), the district court "shall appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interest of the class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA creates a rebuttable presumption that the most adequate plaintiff is the person or group that: (1) either filed the complaint or brought the motion for appointment of lead plaintiff in response to the publication of notice, (2) has the "largest financial interest" in the relief sought by the class, and (3) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)–(cc). The presumption may be rebutted only upon proof by a purported class member that the presumptively most adequate plaintiff: (1) will not fairly and adequately protect the interests of the class or (2) is subject to "unique defenses" that render such plaintiff incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb).

The PSLRA "provides a simple three-step process for identifying the lead plaintiff" in a private securities class action litigation. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). "The first step consists of publicizing the pendency of the action, the claims made and the purported class period." *Id.* At the second step, "the district court must consider the losses allegedly suffered by the various plaintiffs," and select as the "presumptively most adequate plaintiff . . . the one who has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* at 729–30 (internal citations omitted). Finally, at the third step, the district court must "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* at 730. All of these requirements have been satisfied and support appointment of the Institutional Investors as lead plaintiff.

2

First, notice of the instant consolidated securities class action was published in *Business Wire*, a widely circulated national business-oriented wire service, on December 7, 2022 [Doc. No. 16-6], and again on January 10, 2023 [Doc. No. 16-7], and January 19, 2023 [Doc. No. 16-8]. Each notice advised of the pendency of this action and of the February 6, 2023 deadline (60 days from the first notice) for motions to be appointed lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). These notices satisfied the requirements for publication of the pendency of this action, and the Institutional Investors' motion to be appointed lead plaintiff is timely.

Second, the Institutional Investors allege that they lost approximately $18.2 million on their stock purchases during the class period and that their stock purchases give them standing to bring claims under both the Exchange Act and the Securities Act. Neither other putative class members nor Defendants dispute that the Institutional Investors' losses exceed those of the only other movant, Goldberg-Flores. Further, the Court finds that the Institutional Investors' have made a sufficient preliminary showing that they satisfy the requirements of Rule 23(a), and in particular the typicality and adequacy requirements. *See Cavanaugh*, 306 F.3d at 730. Accordingly, because the Institutional Investors have the largest financial interest of any qualified movant in the relief sought by the class and have made a sufficient preliminary showing that they satisfy the requirements of Rule 23, the Institutional Investors are entitled to the presumption under the PSLRA that they are the most adequate plaintiff.

Finally, no other plaintiff has attempted to rebut the presumption that the Institutional Investors are the most adequate plaintiff. Accordingly, the Court finds that the Institutional Investors should be lead plaintiff in this litigation.

## II.    Approval of the Institutional Investors' Selection of Counsel

The PSLRA provides that the lead plaintiff shall select and retain counsel to represent the class, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). In this capacity, "the district court has no authority to select for the class what it considers to be the best possible lawyer. . ." *Cavanaugh*, 306 F.3d at 732. Indeed, the Court's "inquiry is

22-CV-1936-CAB-MSB

not into the adequacy or fitness of counsel but into the adequacy of plaintiff, and the choice of counsel is only an indicator—and a relatively weak one at that—of plaintiff's fitness." *Cavanaugh*, 306 F.3d at 733. In other words, "the district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." *Cohen v. U.S. Dist. Ct.*, 586 F.3d 703, 711 (9th Cir. 2009). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Id.*

Here, the Institutional Investors' have selected Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") to serve as Lead Counsel for the proposed class. These choices are reasonable. Both firms specialize in representing investors in nationwide class actions and have served as lead or co-lead counsel in numerous securities class actions that resulted in significant recoveries for class members. [Doc. Nos. 16-9, 16-10.] Because Bernstein Litowitz and Cohen Milstein appear competent to represent the class, the Court defers to the Institutional Investors' choices and hereby approves them as Lead Counsel for the proposed class.

### III.   Disposition

In light of the foregoing, it is hereby **ORDERED** as follows:

1.    The Institutional Investors' Motion [Doc. No. 16] is **GRANTED**;

2.    Goldberg-Flores' Motion [Doc. No. 15] is **DENIED**;

3.    The Institutional Investors are **APPOINTED** to serve as Lead Plaintiff pursuant to Section 27(a)(3)(B) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3)(B), and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA, in the above-captioned consolidated securities class action and any subsequent actions that are consolidated with this lawsuit;

4.    The Institutional Investors' selection of Bernstein Litowitz Berger & Grossmann LLP and Cohen Milstein Sellers & Toll PLLC as Lead Counsel for the Class is **APPROVED**; and,

5.    On or before **March 17, 2023**, Lead Counsel and counsel for the defendants shall file a joint proposal and lodge a proposed order regarding (1) the time for the lead

22-CV-1936-CAB-MSB

plaintiff to file a consolidated amended complaint or provide notice of Lead Plaintiff's intent to rely on an original Complaint filed in one of the actions under *In re Silvergate Capital Corp. Securities Litigation* (the "operative complaint"); (2) the time for Defendants to respond to the operative complaint; and (3) the schedule for briefing any motion to dismiss that may be filed by a Defendant.

It is **SO ORDERED**.

Dated: February 28, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge

# EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                     :

UA LOCAL 13 PENSION FUND, individually :
and on behalf of all others similarly :              22cv624(DLC)
situated,                        :

                     Plaintiff,  :    CASE MANAGEMENT
                            :        ORDER

          -v-                  :

BUMBLE INC., et al.,              :

                   Defendants.  :

------------------------------------X

DENISE COTE, District Judge:

    The Court having conducted a pretrial conference on August 25, 2022 to address the motion for appointment of lead plaintiff and lead counsel in the class action brought against Bumble, Inc. ("Bumble"), et al., it is hereby

    ORDERED as follows:

I.  LEAD PLAINTIFF AND LEAD PLAINITFF'S COUNSEL

    1. Louisiana Sheriffs' Pension and Relief Fund is appointed Lead Plaintiff.

    2. Bernstein Litowitz Berger & Grossman LLP shall serve as Lead Counsel for the plaintiff in this action and the class.

II.  CAPTION

    Every pleading filed in this action, and in any separate action subsequently included therein, shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| IN RE BUMBLE, INC.<br>SECURITIES LITIGATION |

22cv624(DLC)

## III. NEWLY FILED OR TRANSFERRED ACTIONS

1. When a class action that relates to the same subject matter as this action is hereafter filed in or transferred to this Court and assigned to the undersigned, it shall be consolidated with this action (provided that any case transferred to this Court solely for pretrial proceedings shall be consolidated only to that extent absent further order of this Court), and the Clerk of Court shall:

   a. File a copy of this Order in the separate file for such action.

   b. Mail a copy of the Order of assignment of counsel for plaintiffs and counsel for each defendant in the consolidated actions.

   c. Make an appropriate entry in the Docket.

   d. Mail to the attorneys for the plaintiff(s) in the newly filed or transferred case a copy of this Order.

   e. Upon the first appearance of any new defendant(s), mail to the attorneys for such defendant(s) in such newly filed or transferred case a copy of this Order.

2. The Clerk shall maintain a separate file for each of the consolidated actions and filings shall be made therein in accordance with the regular procedures of the Clerk of this Court except as modified by this Order.

3. The Court requests the assistance of counsel in calling to the attention of the Clerk the filing or transfer of any case which might properly be consolidated with this Action.

2

## IV. APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

1. This Order shall apply to each class action assigned to the undersigned alleging claims similar to those set forth in this action against Bumble and others.

2. This Order shall apply to each such case which is subsequently filed in or transferred to this Court, and which is assigned to the undersigned unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk mails a copy of this Order to counsel for that party.

3. The provisions of this Order shall apply to such action pending the Court's ruling on the application.

4. Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead or otherwise move with respect to that complaint in any such case.

5. If a plaintiff in any such case is permitted to use a separate complaint, each defendant shall have thirty (30) days from the date the Court grants such permission within which to answer, plead or otherwise move with respect to any such complaint.

## V. SCHEDULE

1. Lead Plaintiff shall file an amended complaint for this action and any actions subsequently consolidated with it on or before **October 7, 2022.** Defendants shall file an answer to the amended complaint or a motion to dismiss the amended complaint by **November 18, 2022.**

2. Pending filing and service of the amended complaint, defendants shall have no obligation to move, answer, or otherwise respond to any complaints in any actions subsequently consolidated with this action.

3. If a motion to dismiss the amended complaint is filed, Lead Plaintiff shall file a letter by **December 2, 2022** indicating a desire to further amend its complaint in response to the motion. It is unlikely that Lead

3

Plaintiff will be granted any further opportunities to amend.  Any amended complaint must be filed by **December 16, 2022.**  If Lead Plaintiff elects not to further amend, it shall file its opposition to the motion to dismiss on or before **December 16, 2022.**  Defendants shall file their reply to the opposition(s) to the motion to dismiss on or before **January 13, 2023.**

4. Defendants shall supply the Court with two courtesy copies of the motion papers at the time the reply is served.

5. The parties shall engage in mediation no later than **November 2022.**

Dated:      New York, New York
            August 25, 2022

_____
              DENISE COTE
        United States District Judge

4

# EXHIBIT 5

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/22/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CITY OF RIVIERA BEACH GENERAL EMPLOYEES' RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,

　　　　Plaintiff,

　　v.

VERTIV HOLDINGS CO, ROB JOHNSON, DAVID FALLON, JASON FORCIER, GARY NIEDERPRUEM, DAVID COTE, JOSEPH VAN DOKKUM, ROGER FRADIN, JACOB KOTZUBEI, MATTHEW LOUIE, EDWARD L. MONSER, STEVEN S. REINEMUND, ROBIN L. WASHINGTON, J.P. MORGAN SECURITIES LLC, GOLDMAN SACHS & CO. LLC, CITIGROUP GLOBAL MARKETS INC., VPE HOLDINGS, LLC, VERTIV JV HOLDINGS LLC, PE VERTIV HOLDINGS LLC, PLATINUM EQUITY, LLC, PLATINUM EQUITY INVESTMENT HOLDINGS, LLC, PLATINUM EQUITY INVESTMENT HOLDINGS MANAGER, LLC, PLATINUM EQUITY INVESTCO, L.P., PLATINUM EQUITY INVESTMENT HOLDINGS IC (CAYMAN), LLC, PLATINUM INVESTCO (CAYMAN), LLC, PLATINUM EQUITY INVESTMENT HOLDINGS III, LLC, PLATINUM EQUITY INVESTMENT HOLDINGS MANAGER III, LLC, and TOM GORES,

　　　　Defendants.

---

Case No. 1:22-cv-3572-GHW

**ORDER APPOINTING THE PUBLIC PENSION FUNDS AS**
**LEAD PLAINTIFF AND APPROVING THEIR SELECTION OF LEAD COUNSEL**

Upon consideration of: (1) the Motion of Louisiana Sheriffs' Pension & Relief Fund, Orlando Police Pension Fund, City of Plantation General Employees Retirement System, Riviera Beach Municipal Firefighters' Pension Trust Fund, and City of Riviera Beach General Employees' Retirement System (collectively, the "Public Pension Funds") for appointment as Lead Plaintiff and approval of their selection of Lead Counsel; (2) the Memorandum of Law in support thereof; (3) the Declaration of Hannah Ross in support thereof; and (4) all other pleadings and argument submitted to this Court; and for good cause shown,

**IT IS HEREBY ORDERED THAT:**

1. The Public Pension Funds' Motion is **GRANTED**.

2. The Public Pension Funds are **APPOINTED** to serve as Lead Plaintiff pursuant to Section 27(a)(3)(B) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3)(B), and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995, in the above-captioned securities class action and all related actions consolidated pursuant to paragraph 4 of this Order.

3. The Public Pension Funds' selection of Lead Counsel is **APPROVED**, and Bernstein Litowitz Berger & Grossmann LLP and Saxena White P.A. are **APPOINTED** as Lead Counsel for the Class.

4. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, any actions currently pending before the undersigned that are related to the claims asserted in the above-captioned action are **CONSOLIDATED** for all purposes.

5. This action shall be captioned "*In re Vertiv Holdings Co Securities Litigation*" and the file shall be maintained under Master File No. 1:22-cv-3572-GHW.

3

6.        The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 6

and 9.

SO ORDERED.

Dated:  June 22, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge

3

# EXHIBIT 6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONNIE HOMYK, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>CHEMOCENTRYX, INC., et al.,<br><br>   Defendants. | Case Nos. 21-cv-03343-JST, 21-cv-04357-JST<br><br>**ORDER GRANTING MOTION TO CONSOLIDATE, APPOINTING LEAD PLAINTIFF, AND APPROVING SELECTION OF COUNSEL**<br><br>Re: ECF Nos. 18, 24 |
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>  v.<br><br>CHEMOCENTRYX, INC. and THOMAS J. SCHALL,<br><br>   Defendants. | |

Before the Court are competing motions for consolidation, appointment as lead plaintiff, and approval of selection of counsel in a securities class action. One motion was filed by Plaintiff Indiana Public Retirement System ("IPRS") and the other by Plaintiff Public Employees Retirement Association of New Mexico ("PERANM"). ECF Nos. 18, 24. The Court will grant IPRS's motion and deny PERANM's motion.

**I. BACKGROUND**

Presently pending before the Court are two securities class actions, *Homyk v. ChemoCentryx, Inc., et al.*, Case No. 4:21-cv-03343 (the "*Homyk* Action") and *Southeastern*

*Pennsylvania Transportation Authority v. ChemoCentryx, Inc.*, *et al.*, Case No. 4:21-cv-04357 (the "*SEPTA* Action"). Both cases are federal securities class actions on behalf of all investors who purchased or otherwise acquired ChemoCentryx, Inc. common stock between November 2019 and May 2021.[1] ChemoCentryx is a biopharmaceutical company focused on the development and commercialization of new medications targeting inflammatory disorders, autoimmune diseases, and cancer. Plaintiffs allege that ChemoCentryx violated the federal securities laws by misrepresenting or failing to disclose certain facts concerning clinical trials for a new medication called avacopan. The Court related the two cases on June 24, 2021. ECF No. 16.[2]

Both IPRS and PERANM now seek appointment as lead plaintiff. IPRS, Indiana's public-employee retirement system, argues that it should be appointed as lead plaintiff because it has incurred "approximately $4 million in losses," making it the plaintiff with the largest financial stake. ECF No. 18 at 7. PERANM, New Mexico's public-employee retirement system, proposes itself as lead plaintiff instead. ECF Nos. 24, 27. Although PERANM acknowledges that its financial stake is smaller than IPRS's, PERANM argues that it is better suited to serve as lead plaintiff because IPRS committed procedural missteps in the early stages of this litigation that cast doubt on IPRS's ability to "effectively represent the Class and oversee its chosen lead counsel." ECF No. 27 at 7.

Both IPRS and PERANM also move to consolidate the *Homyk* and *SEPTA* actions. ECF Nos. 18, 24.

## II. JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1331.

## III. MOTION TO CONSOLIDATE

### A. Legal Standard

The Private Securities Litigation Reform Act ("PSLRA") instructs courts to decide whether to consolidate related actions before selecting a plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii).

---

[1] The class periods alleged in the two cases differ by three days.
[2] Unless stated otherwise, all docket references are to Case No. 21-cv-03343-JST.

United States District Court
Northern District of California

Under Rule 42(a), courts have "broad discretion" to consolidate cases that "involve a common question of law or fact." Fed. R. Civ. P. 42(a); *Shenwick v. Twitter*, No. 16-cv-05314-JST, 2016 WL 10672428, at *1 (N.D. Cal. Dec. 22, 2016) (quoting *Invs. Rsch. Co. v. Dist. Ct.*, 877 F.2d 777, 777 (9th Cir. 1989)).

### B. Discussion

Courts routinely find that securities class actions are "particularly well suited" for consolidation because they can be resolved more quickly and cost effectively when combined. *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018) (citing cases). The Court will so find here as well.

As IPRS and PERANM both explain, the *Homyk* and *SEPTA* Actions assert the same causes of action, against the same defendants, in response to similar alleged misconduct. ECF No. 24 at 8-9; ECF No. 18 at 15-16. The only material difference between the two actions is a slightly different class period, but "[n]either Rule 42 nor the PSLRA demands that actions be identical before they may be consolidated." *Lloyd v. CVB Fin. Corp.*, No. 10-cv-06256-MMM, 2011 WL 13128303, at *3 (C.D. Cal. Jan. 21, 2011). Rather, the question is whether the "savings of time and effort [that] consolidation will produce" outweigh "any inconvenience, delay, or prejudice that may result" from consolidation. *Id.*

The Court finds that consolidation here will greatly promote judicial efficiency without imposing "inconvenience, delay, or prejudice." The Court thus consolidates *Homyk v. ChemoCentryx, Inc.*, No. 21-cv-03343-JST, and *Southeastern Pennsylvania Transportation Authority v. ChemoCentryx, Inc.*, 21-cv-04357-JST.

## IV. LEAD PLAINTIFF AND SELECTION OF COUNSEL

### A. Legal Standard

The PSLRA "instructs district courts to select as lead plaintiff the one 'most capable of adequately representing the interests of class members.'" *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (citing 15 U.S.C. § 78u-4(a)(3)(B)(i)). "While the words 'most capable' seem to suggest that the district court will engage in a wide-ranging comparison to determine which plaintiff is best suited to represent the class, the statute defines the term much more narrowly: The

3

'most capable' plaintiff – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *Id.* (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)).  This presumption can be rebutted by showing that the proposed lead plaintiff does not satisfy the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure.  *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021).  "If the movant with the largest losses does not satisfy the Rule 23 requirements, the district court must then look to the movant with the next largest losses and repeat the inquiry." *Id.*

Once the Court has found the "most adequate plaintiff," that plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).  If the lead plaintiff has made a reasonable choice of counsel, the Court "should generally defer to that choice," and "should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." *Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 711-12 (9th Cir. 2009).

### B.      Discussion

#### 1.      Lead Plaintiff

IPRS argues that it should be appointed as lead plaintiff because it has incurred "approximately $4 million in losses," making it the plaintiff with the largest financial stake.  ECF No. 18 at 7.  PERANM concedes that it has suffered a smaller loss of $2.6 million.  ECF No. 27 at 3-4.  PERANM argues that it should nonetheless be appointed as lead plaintiff over IPRS because IPRS failed to comply with two of this Court's Local Rules.  ECF No. 27 at 4.  In PERANM's view, these oversights cast doubt on IPRS's ability to be an adequate class representative. *Id.* Finally, PERANM argues that this Court should exercise its discretion in denying IPRS lead-plaintiff status because the PSLRA's so-called "five-in-three" provision generally restricts "professional plaintiffs" from serving as lead counsel in more than five securities class actions brought during any three-year period.  ECF No. 27 at 6 (citing 15 U.S.C. § 78u-4(a)(3)(B)(vi)).  PERANM's arguments do not persuade the Court.

First, PERANM argues that IPRS did not comply with Civil Local Rule 3-7(c).  That rule requires "[a]ny party seeking to serve as lead plaintiff, but who does not also file a complaint, . . .

4

at the time of initial appearance state that the party has reviewed a complaint filed in the action and either: (1) [a]dopts its allegations or, if not, (2) [s]pecifies the allegations the party intends to assert." Civ. L.R. 3-7(c). PERANM argues that the certification of IPRS's Executive Director submitted in connection with IPRS's motion to become lead plaintiff violates Rule 3-7(c) because "[t]hat certification omitted any statement concerning the allegations that Indiana adopts or intends to assert, and thus it is deficient on its face." ECF No. 27 at 5. As IPRS correctly observes, however, Rule 3-7(c) requires only that the plaintiff inform the Court of its allegations "at the time of initial appearance," which IPRS did in its motion papers. The rule does not, as PERANM contends, require that those allegations be stated in any particular sworn certification. *See* Civil L.R. 3-7; *see also Richardson v. TVIA, Inc.*, No. CV 06-06304 RMW, 2007 WL 1129344, at *3 (N.D. Cal. Apr. 16, 2007) (rejecting a similar argument).

PERANM also argues that IPRS did not satisfy Civil Local Rule 3-7(c)'s certification requirement, which requires those who wish to be lead plaintiffs but have not filed complaints of their own to certify that they have "reviewed a complaint filed in the action." *See* ECF No. 27 at 5. PERANM quibbles with IPRS's certification because although IPRS stated that it had reviewed *a* complaint, IPRS did not specify *which* of the two filed complaints it reviewed. *Id.* This argument is unavailing. Not only does Rule 3-7(c)'s text not require the specificity PERANM demands, but the complaints in *Homyk* and *SEPTA* are virtually identical – as PERANM itself admits. *See* ECF No. 24 at 6.

PERANM next argues that IPRS did not comply with Civil Local Rule 3-7(b) because that rule requires IPRS to have disclosed all securities class actions "within the three years preceding the date of the certification, [in which it] sought to serve or served as a representative party." ECF No. 27 at 6 (citing Civil L.R. 3-7(b)) (emphasis omitted). PERANM misreads the rule. Rule 3-7(b) applies only to plaintiffs *who have filed a complaint*; plaintiffs, like IPRS, who have *not* filed a complaint are expressly exempt from Rule 3-7(b)'s requirements. ECF No. 29 at 12-13 n.7; *see* Civil L.R. 3-7(c) (explaining that parties who have "not also file[d] a complaint . . . need not file the certification required in Civil L.R. 3-7(b)"). To the extent PERANM invokes the PSLRA's disclosure provision to support its argument, that provision only requires IPRS to have disclosed

United States District Court
Northern District of California

5

all the securities class actions filed in the last three years in which it "has sought to serve" as lead plaintiff.  *See* 15 U.S.C. § 78u-4(a)(2)(A)(v).  IPRS complied with this requirement; the only case PERANM argues IPRS should have disclosed is one that was filed almost a decade ago, thus falling outside the PSLRA's disclosure requirement.  *See* ECF No. 27 at 6-7.  In short, IPRS complied with both the Local Rules and the PSLRA.

Finally, PERANM asks the Court to deny IPRS lead-plaintiff status under the PSLRA's "professional plaintiff" restriction.  That restriction prevents "a person" from serving as "a lead plaintiff" in more than five securities class actions brought during any three-year period "[e]xcept as the court may otherwise permit."  15 U.S.C. § 78u-4(a)(3)(B)(vi).  IPRS acknowledges that it has successfully moved to be appointed as a lead plaintiff five times in securities class actions during the past three years.  ECF No. 18-2 at 2.

The Court will not disqualify IPRS on this ground.  Although institutional investors are not categorically exempt from the professional-plaintiff restriction, "courts in this district routinely waive this 'five-in-three' restriction for institutional investors like [IPRS]."  *Habelt v. iRhythm Techs., Inc.*, No. 21-CV-00776-EMC, 2021 WL 2207365, at *2 (N.D. Cal. June 1, 2021).  The Court sees no reason not to do so here too.

Because IPRS is the plaintiff with the largest loss and PERANM has failed to rebut IPRS's presumptive status as lead plaintiff, the Court appoints IPRS as the lead plaintiff.

### 2.  Selection of Counsel

IPRS has selected Bernstein Litowitz to serve as lead counsel.  ECF No. 18 at 13.  Bernstein Litowitz has significant experience litigating securities class actions, including in this district.  *Id.*  The Court finds IPRS's choice of lead counsel to be reasonable, and thus approves it.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

United States District Court
Northern District of California

6

United States District Court
Northern District of California

**CONCLUSION**

For the foregoing reasons, the Court grants the motions to consolidate *Homyk v. ChemoCentryx* and *Southeastern Pennsylvania Transportation Authority v. ChemoCentryx*. The Clerk shall consolidate the cases. The Court also grants IPRS's motion for appointment as lead plaintiff and approval of selection of counsel, and denies PERANM's motion for the same relief.

**IT IS SO ORDERED.**

Dated: January 28, 2022



JON S. TIGAR
United States District Judge

7

# EXHIBIT 7

**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:     (310) 819-3470

*Counsel for Proposed Lead Plaintiff IBEW Local
353 Pension Plan and Proposed Lead Counsel
for the Class*

**BLOCK & LEVITON LLP**
JACOB A. WALKER (Bar No. 271217)
(jake@blockleviton.com)
260 Franklin Street, Suite 1860
Boston, MA 02110
Tel:     (617) 398-5600
Fax:     (617) 507-6020

*Counsel for Proposed Lead Plaintiff Xiaobin Cai
and Proposed Lead Counsel for the Class*

[Additional counsel appear on signature page.]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ALDEN CHUNG, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> EARGO, INC., CHRISTIAN GORMSEN, and ADAM LAPONIS, <br><br> Defendants. | Case No. 3:21-cv-08597-CRB <br><br> <u>CLASS ACTION</u> <br><br> **STIPULATION AND [PROPOSED] ORDER APPOINTING IBEW LOCAL 353 PENSION PLAN AND XIAOBIN CAI AS LEAD PLAINTIFF, APPROVING THEIR SELECTION OF LEAD COUNSEL, AND CONSOLIDATING ACTIONS** <br><br> Date: January 14, 2022 <br> Time: 10:00 a.m. <br> Dept.: Courtroom 6, 17th Floor <br> Judge: Hon. Charles R. Breyer |

*Caption continued on next page.*

STIPULATION AND [PROPOSED] ORDER
CASE NO. 3:21-cv-08597-CRB

IBEW LOCAL 353 PENSION PLAN, on behalf of itself and all others similarly situated,

Plaintiff,

v.

EARGO, INC., CHRISTIAN GORMSEN, ADAM LAPONIS, JOSH MAKOWER, JULIET BAKKER, PETER TUXEN BISGAARD, DOUG HUGHES, GEOFF PARDO, NINA RICHARDSON, A. BROOKE SEAWELL, DAVID WU, J.P. MORGAN SECURITIES LLC, BofA SECURITIES, INC., WELLS FARGO SECURITIES, LLC, and WILLIAM BLAIR & COMPANY, L.L.C.,

Defendants.

Case No. 3:21-cv-08747-CRB

CLASS ACTION

STIPULATION AND [PROPOSED] ORDER
CASE NO. 3:21-cv-08597-CRB

1. WHEREAS, on October 6, 2021, plaintiff Joseph Fazio ("Fazio") filed the first securities class action against Eargo, Inc. ("Eargo") and certain of its senior executives (collectively, the "Eargo Defendants"), alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b), 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, *Fazio v. Eargo, Inc.*, No. 4:21-cv-07848-YGR (N.D. Cal.) (the "*Fazio* Action");

2. WHEREAS, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A)(i), on October 6, 2021, counsel for plaintiff Fazio published a notice on *Business Wire* which alerted investors to the pendency of the *Fazio* Action and informed them of the 60-day deadline to seek appointment as Lead Plaintiff, which was on December 6, 2021, *Fazio* Action, ECF No. 8;

3. WHEREAS, on November 4, 2021, plaintiff Alden Chung filed a second securities class action against the Eargo Defendants, asserting the same claims as the *Fazio* Action, *Chung v. Eargo, Inc.*, No. 3:21-cv-08597-CRB (N.D. Cal.) (the "*Chung* Action");

4. WHEREAS, on November 10, 2021, plaintiff IBEW Local 353 Pension Plan ("Local 353") filed a third securities class action against the Eargo Defendants, asserting the same claims under the Exchange Act as both the *Fazio* Action and the *Chung* Action during a longer class period, as well as asserting claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k, 77l, 77o, against the Eargo Defendants, current and former members of Eargo's Board of Directors and the underwriters of Eargo's October 2020 initial public offering (collectively, the "Defendants"), *IBEW Local 353 Pension Plan v. Eargo, Inc.*, No. 3:21-cv-08747-CRB (N.D. Cal.) (the "*Local 353* Action");

5. WHEREAS, pursuant to the PSLRA, on November 10, 2021, Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz"), counsel for plaintiff Local 353, published a notice on *PR Newswire*, alerting investors to the expanded class period and additional claims alleged in the *Local 353* Action, and reiterating the December 6, 2021 deadline to seek appointment as Lead Plaintiff, ECF No. 24-4;

STIPULATION AND [PROPOSED] ORDER
CASE NO. 3:21-cv-08597-CRB — 1

6. WHEREAS, on December 6, 2021, plaintiff Fazio filed a Notice of Voluntary Dismissal Without Prejudice, *Fazio* Action, ECF No. 11;

7. WHEREAS, on December 6, 2021, Local 353 filed a motion seeking appointment as Lead Plaintiff, approval of its selection of Bernstein Litowitz as Lead Counsel for the Class, and consolidation of the Actions, ECF No. 24;

8. WHEREAS, on December 6, 2021, Xiaobin Cai filed a motion seeking appointment as Lead Plaintiff, approval of his selection of Block & Leviton LLP ("Block & Leviton") as Lead Counsel for the Class, and consolidation of the Actions, ECF No. 20;

9. WHEREAS, on December 6, 2021, Joseph Ialacci filed a motion seeking appointment as Lead Plaintiff, approval of his selection of Levi & Korsinsky LLP as Lead Counsel for the Class, and consolidation of the Actions, ECF No. 17;

10. WHEREAS, on December 16, 2021, the Court issued an order relating the *Local 353* Action to the *Chung* Action, pursuant to Civil Local Rule 3-12, ECF No. 33;

11. WHEREAS, on December 17, 2021, the Court in the *Fazio* Action issued an order granting plaintiff Fazio's Notice of Voluntary Dismissal Without Prejudice, *Fazio* Action, ECF No. 26;

12. WHEREAS, on December 17, 2021, the Court in the *Local 353* Action reassigned the *Local 353* Action to this Court, *Local 353* Action, ECF No. 22;

13. WHEREAS, on December 20, 2021, Joseph Ialacci filed a notice acknowledging that he "does not possess the largest financial interest" in the Actions, and stating that he does not oppose Local 353's and Xiaobin Cai's motions seeking appointment as Lead Plaintiff, ECF No. 34 at 1;

14. WHEREAS, the PSLRA establishes a presumption that the "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure," 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I);

15. WHEREAS, courts have repeatedly recognized that the PSLRA expressly permits the appointment of a group of class members as lead plaintiff, *see, e.g., In re Mersho*, 6 F.4th 891,

903 n.4 (9th Cir. 2021) ("[It] is clear from the statutory language" that "groups can serve as lead plaintiff[.]"); *In re Cavanaugh*, 306 F.3d 726, 731 n.8 (9th Cir. 2002) ("[A] 'group of persons' can collectively serve as a lead plaintiff[.]");

16.     WHEREAS, Local 353 and Xiaobin Cai assert the two largest losses of the competing Lead Plaintiff movants, and therefore have the "largest financial interest" in the relief sought by the Class in the Actions, 15 U.S.C. §78u-4(a)(3)(B)(iii)(bb);

17.     WHEREAS, in addition to possessing the largest financial interest in the outcome of the litigation, Local 353 and Xiaobin Cai satisfy the relevant requirements of Rule 23, 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc);

18.     WHEREAS, Local 353 and Xiaobin Cai each concluded that, by jointly serving as Lead Plaintiff in the Actions, they could provide the Class with two strategic advantages that allow them to assert the broadest set of claims against Defendants. First, by virtue of the losses that Local 353 incurred on its purchases of Eargo common stock, including on shares purchased in and/or traceable to Eargo's October 2020 initial public offering, Local 353 has standing to assert claims against Defendants under both the Securities Act and the Exchange Act. Second, by virtue of the losses that Mr. Cai incurred on his purchases of both Eargo common stock and options on Eargo common stock, Mr. Cai has standing to assert claims against the Eargo Defendants under the Exchange Act on behalf of investors who purchased Eargo common stock and/or options on Eargo common stock. Accordingly, through their proposed partnership to serve as Lead Plaintiff, Local 353 and Mr. Cai have standing to assert all available securities claims against all culpable parties on behalf of purchasers of Eargo common stock, including shares purchased in and/or traceable to Eargo's initial public offering, and/or options on Eargo common stock, *see* Joint Declaration of Kim Macpherson and Xiaobin Cai in Support of Stipulation and [Proposed] Order Appointing IBEW Local 353 Pension Plan and Xiaobin Cai as Lead Plaintiff, Approving Their Selection of Lead Counsel, and Consolidating Actions (the "Joint Decl."), ¶4;

19.     WHEREAS, Local 353 and Xiaobin Cai each concluded that a protracted dispute concerning Lead Plaintiff appointment in the Actions is not in the best interests of the Class and

STIPULATION AND [PROPOSED] ORDER
CASE NO. 3:21-cv-08597-CRB                                                                    3

that jointly prosecuting the Actions would be appropriate and assist with the speedy and efficient litigation of the Actions, *see* Joint Decl., ¶4;

20. WHEREAS, Local 353 and Xiaobin Cai agreed to resolve their competing motions and to seek, with the Court's approval, to serve jointly as Lead Plaintiff, *see* Joint Decl., ¶4;

21. WHEREAS, courts in this District, including this Court, routinely appoint co-lead plaintiffs when competing movants have stipulated to work together after the statutory deadline for seeking appointment as lead plaintiff and are not simply joining forces to supplant another competing movant with a potentially larger financial interest, *see, e.g.*, *Kang v. PayPal Holdings, Inc.*, No. 21-cv-06468 (N.D. Cal. Nov. 2, 2021), ECF No. 29 (Breyer, J.) (approving stipulation appointing competing movants as co-lead plaintiffs and approving their selection of co-lead counsel);

22. WHEREAS, Local 353 and Xiaobin Cai each claimed a larger financial interest than any other movant and are therefore not seeking to collaborate for the purpose of aggregating their losses to supplant a competing movant;

23. WHEREAS, Local 353 and Xiaobin Cai have agreed to select the law firms of Bernstein Litowitz and Block & Leviton to serve as Lead Counsel for the Class;

24. WHEREAS, Local 353 and Xiaobin Cai are familiar with the experience, resources, and successes of Bernstein Litowitz and Block & Leviton and are aware that they are both accomplished law firms with significant experience in securities class action litigation and a history of achieving significant recoveries for investors, *see* Joint Decl., ¶8;

25. WHEREAS, Local 353 and Xiaobin Cai are satisfied that, under their supervision, Bernstein Litowitz and Block & Leviton are capable of jointly prosecuting the Class's claims in a manner that will best serve the interests of the Class, particularly given their prior experience working together productively in other securities class action litigation, including in *In re Mattel, Inc. Securities Litigation*, No. 19-cv-10860-MCS-PLA (C.D. Cal.), in which they recently achieved a recovery of $98 million for investors (pending court approval), *see* Joint Decl., ¶8;

26. WHEREAS, as part of an effort to formalize their leadership over this litigation, Local 353 and Xiaobin Cai participated in a conference call and discussed, among other things,

STIPULATION AND [PROPOSED] ORDER
CASE NO. 3:21-cv-08597-CRB                                                                 4

the procedures and protocols they would follow in jointly prosecuting the Class's claims, the benefits the Class would receive from their joint leadership, their desire to maximize the recovery for the Class, their interests in prosecuting the Actions in a collaborative manner, the measures they would employ to facilitate communications between them, and ensuring that the Class's claims will be efficiently and zealously prosecuted through their oversight of their proposed Lead Counsel, Bernstein Litowitz and Block & Leviton, *see* Joint Decl., ¶7;

27.     WHEREAS, Local 353 and Xiaobin Cai believe it is in the best interests of the Class for them to work together to efficiently litigate the Actions as Lead Plaintiff, and for their choice of counsel, Bernstein Litowitz and Block & Leviton, to serve as Lead Counsel on behalf of the Class, *see* Joint Decl., ¶¶6-8;

28.     WHEREAS, Local 353, a sophisticated institutional investor responsible for managing over CAD$2 billion in assets, and Xiaobin Cai, an experienced private investor, are committed to supervising the conduct of this litigation by their counsel in an independent manner and to ensuring that counsel coordinate appropriately and avoid duplication of effort in the conduct of the litigation, *see* Joint Decl., ¶¶2-3, 5-7; and

29.     WHEREAS, Local 353 and Xiaobin Cai agree that consolidation of the Actions is appropriate.

IT IS HEREBY STIPULATED AND AGREED, subject to the Court's approval, as follows:

1.     Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the *Chung* Action and the *Local 353* Action, along with any subsequently filed, removed, or transferred actions that are related to the claims asserted in the Actions are consolidated for all purposes (together, the "Consolidated Action");

2.     The Consolidated Action shall be captioned "*In re Eargo, Inc. Securities Litigation*" and the file shall be maintained under Master File No. 3:21-cv-08597-CRB;

3.     Pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), Local 353 and Xiaobin Cai are appointed as Lead Plaintiff in the Consolidated Action;

4.     Pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v), Bernstein Litowitz and Block & Leviton are appointed as Lead Counsel in the Consolidated Action;

IT IS SO STIPULATED.

DATED: December 20, 2021

**BERNSTEIN LITOWITZ BERGER**
**& GROSSMANN LLP**

*/s/ Jonathan D. Uslaner*
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:    (310) 819-3470

-and-

JOHN RIZIO-HAMILTON
(johnr@blbglaw.com)
HANNAH ROSS
(hannah@blbglaw.com)
AVI JOSEFSON
(avi@blbglaw.com)
SCOTT R. FOGLIETTA
(scott.foglietta@blbglaw.com
1251 Avenue of the Americas
New York, NY 10020
Tel:    (212) 554-1400
Fax:    (212) 554-1444

*Counsel for Proposed Lead Plaintiff IBEW Local*
*353 Pension Plan and Proposed Lead Counsel for*
*the Class*

DATED: December 20, 2021

**BLOCK & LEVITON LLP**

*/s/ Jacob A. Walker*
JACOB A. WALKER (Bar No. 271217)
(jake@blockleviton.com)
260 Franklin Street, Suite 1860
Boston, MA 02110
Tel:    (617) 398-5600
Fax:    (617) 507-6020

*Counsel for Proposed Lead Plaintiff Xiaobin Cai*
*and Proposed Lead Counsel for the Class*

*          *          *

**[PROPOSED] ORDER GRANTING STIPULATION**

Pursuant to stipulation and for good cause shown, IT IS SO ORDERED.

---

STIPULATION AND [PROPOSED] ORDER
CASE NO. 3:21-cv-08597-CRB                                                                 6

IT IS SO ORDERED:


DATED:   January 5, 2022

_____
THE HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

STIPULATION AND [~~PROPOSED~~] ORDER
CASE NO. 3:21-cv-08597-CRB                                                    7

# EXHIBIT 8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**EMPLOYEES' RETIREMENT FUND OF**
**THE CITY OF FORT WORTH,**

      **Plaintiff,**

                                **Civil Action No. 3:21-cv-444**

      **v.**

**JAMES RIVER GROUP HOLDINGS,**
**LTD.,** *et al.,*

      **Defendants.**

## ORDER

This matter comes before the Court on Employees' Retirement Fund of the City of Fort Worth, dba Fort Worth Employees' Retirement Fund ("Fort Worth"), and the City of Miami General Employees' and Sanitation Employees' Retirement Trust's ("Miami") Motion for Appointment as Lead Plaintiff and Approval of Their Selection of Counsel (the "Motion"). (ECF No. 16.)

For good cause shown, and without objection, it is hereby ORDERED that:

1. The Motion is GRANTED.

2. Fort Worth and Miami are APPOINTED to serve as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995, in the above-captioned action and all related actions consolidated pursuant to paragraph 5 of this Order.

3.     Fort Worth's and Miami's selection of Lead Counsel is APPROVED and Saxena White P.A. and Bernstein Litowitz Berger & Grossman LLP are APPOINTED as Lead Counsel for the Class.

4.     Fort Worth's and Miami's selection of Liaison Counsel is APPROVED and Cohen Milstein Sellers & Toll PLLC is APPROVED as Liaison Counsel for the Class.

5.     Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, any subsequently filed, removed, or transferred actions related to the claims asserted in the above-captioned action are CONSOLIDATED for all purposes.

6.     The action shall be captioned "*In re James River Group Holdings, Ltd. Securities Litigation*," and the file shall be maintained under Master File No. 3:21-cv-444.

Let the Clerk file this Order electronically, notifying all counsel of record.

It is SO ORDERED.

_____
/s/
M. Hannah Lauck
United States District Judge

Date: 09/22/2021
Richmond, Virginia

# EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MENDI YOSHIKAWA, *et. al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-00194-N |
| | § | |
| EXXON MOBIL CORP., *et. al.*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

This Order addresses Plaintiffs Mark Llano, Steven J. Rando, and the State of Rhode Island ("Rhode Isand") and Amalgamated Bank (collectively, "Plaintiffs") motions to consolidate this case with *Martin J. Bentler et. al. v. Exxon Mobil Corporation et. al.*, No. 3:21-CV-00335, appoint lead plaintiff, and approve lead plaintiff's counsel [14], [17], [20]. Because Rhode Island and Amalgamated Bank have the largest financial interest, the Court grants their motion, appoints Rhode Island and Amalgamated Bank jointly as lead plaintiff, and approves their selection of counsel.

## I. ORIGINS OF THE MOTION

This motion arises out of two federal securities class actions. Plaintiff Mendi Yoshikawa filed a complaint against Exxon Mobil Corporation, Darren Woods, Andrew Swiger, and David Rosenthal (collectively, "Defendants") asserting violations of the Exchange Act and purporting to represent a class of harmed parties. Subsequently Plaintiff Martin J. Bentler filed a substantially similar complaint against the Defendants asserting the same violations of the Exchange Act purporting to represent a marginally different

ORDER – PAGE 1

class. Plaintiffs each filed motions to consolidate the two cases and appoint a lead plaintiff. Llano has since noted that he does not oppose Rhode Island and Amalgamated Bank's motion.

## II. LEGAL STANDARD FOR CONSOLIDATION

A court may consolidate cases when there is "a common question of law or fact." FED. R. CIV. P. 42(a)(2). Once a motion to consolidate meets this threshold requirement, "then whether to grant the motion becomes an issue of judicial discretion." *Pedigo v. Austin Rumba, Inc.*, No. A-08-CA-803-JRN, 2010 WL 2730463, at *1 (W.D. Tex. June 24, 2010) (quoting *In re Settoon Towing LLC,* No. 07–1263, 2008 WL 594556, at *1 (E.D. La. Feb. 28, 2008)). Courts weighing whether to consolidate actions may consider "(1) whether the actions are pending before the same court; (2) whether the actions involve a common party; (3) any risk of prejudice or confusion from consolidation; (4) the risk of inconsistent adjudications of common factual or legal questions if the matters are tried separately; (5) whether consolidation will reduce the time and cost of trying the cases separately; and (6) whether the cases are at the same stage of preparation for trial." *RTIC Drinkware, LLC v. YETI Coolers, LLC*, No. 1:16-CV-907-RP, 2017 WL 5244173, at *2 (W.D. Tex. Jan. 18, 2017). "Federal district courts have very broad discretion in deciding whether or not to consolidate." *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993).

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), courts shall appoint the most adequate plaintiff as lead plaintiff "as soon as practicable" after a decision is rendered on the motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(ii). There is a

ORDER – PAGE 2

presumption that the most adequate plaintiff is one who (1) has either filed the complaint or who has made a motion in response to a notice; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### III.  THE COURT GRANTS THE MOTION TO CONSOLIDATE

No one disputes that the two cases should be consolidated.  *See* Notice of Non-Opposition [24]; Joint Stipulation [27].  Both cases involve the same claims against the same defendants before the same court.  As such, the Court grants the motion to consolidate.

The Court thus turns to the appointment of a lead plaintiff.  As a preliminary matter, Llano admits that he is not the most adequate plaintiff.  Notice of Non-Opposition [24].  As such, his motion is denied as moot.  Thus, the only contention is whether Rando or Rhode Island and Amalgamated Bank is the most adequate plaintiff for the consolidated action.  The Court determines here the Rhode Island and Amalgamated Bank should be appointed lead plaintiff.  Together, Rhode Island and Amalgamated have the largest financial interest in the relief sought by the class.  Additionally, Rhode Island and Amalgamated Bank satisfy the requirements of Rule 23.

### CONCLUSION

The Court grants the motion to consolidate.  Pursuant to Federal Rule of Civil Procedure 42(a) Civil Action No. 3:21-CV-00335-N, *Martin J. Bentler et. al. v. Exxon Mobil Corporation et. al.*, is consolidated with Civil Action No. 3:21-CV-00194-N, *Mendi Yoshikawa et. al. v. Exxon Mobil Corporation et. al*.  Pursuant to L.R. 42.1, all pleadings,

ORDER – PAGE 3

motions, or other papers will be filed in Civil Action No. 3:21-CV-00194-N.  The clerk of

the court shall administratively close 21-CV-00335-N for statistical purposes.

Signed June 10, 2021.

David C. Godbey
United States District Judge

ORDER – PAGE 4