SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

500 BOYLSTON STREET

BOSTON, MASSACHUSETTS 02116

—

TEL: (617) 573-4800

FAX: (617) 573-4822

WWW.SKADDEN.COM

DIRECT DIAL
(617) 573-4894
DIRECT FAX
(617) 305-4894
EMAIL ADDRESS
YAW.ANIM@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

August 22, 2023

**VIA ECF**

The Honorable Jennifer C. Boal
United States District Court for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02110

> RE: In re Boston Scientific Securities Litigation, No. 20-12225-ADB (D. Mass)

Dear Judge Boal:

Defendants respond to Plaintiff's letter to the Court dated August 21, 2023 (ECF No. 131).

Plaintiff has challenged Defendants' request to clawback three emails pursuant to the clawback provisions of the Confidentiality Order.  (*See* ECF No. 86 ¶¶ 29-40.)  The terms of the Confidentiality Order require Defendants to seek a protective order where, as here, there is an unresolved dispute regarding a claim of privilege for a document subject to a clawback request.  (ECF No. 86 ¶ 38.)  Plaintiff, itself, has stated that this is the procedure that must be followed.  (See ECF No. 131-2, at 4.)  Plaintiff has not sought leave to modify the Confidentiality Order's plain terms.

Plaintiff charges that "Defendants initially refused to seek an order compelling the clawback."  (ECF No. 131 at 2.)  Yet that unsupported assertion is

The Honorable Jennifer C. Boal
August 22, 2023
Page 2

belied by the email correspondence that Plaintiff attaches to its letter, which clearly shows that Defendants proposed that the parties try to avoid filing "successive motions regarding on-off privilege disputes," particularly given Plaintiff's assertion that it anticipated raising additional privilege challenges.  (ECF No. 131-2, at 3.)  Defendants' stated objective was to avoid addressing such discovery disputes in a "piecemeal fashion."  (ECF No. 131-2.)  At no time did Defendants state or imply, as Plaintiff contends, that Plaintiff "was required to wait and bring all potential disputes over Defendants' privilege assertion in a single application."  (ECF No. 131, at 2.)  Rather, it was a proposal to go about resolving disputes in a manner that would be efficient for the parties and the Court.  (*See id.*)

When Plaintiff made clear it was unwilling to wait until its other privilege disputes were ripe, Defendants indicated they would seek a protective order.  Plaintiff's letter to the Court fails to note that on August 18, 2023, Defendants informed Plaintiff that they "are preparing papers in support of our anticipated motion for protective order, including an affidavit to support our position, which we expect to file by next week."  (ECF No. 131-2.)  That remains Defendants' expected plan of action.

If the Court would prefer to handle this dispute in a different manner, Defendants, of course, will do as the Court directs.

Respectfully submitted,

*/s/ Yaw A. Anim*

Yaw A. Anim

cc:  All counsel (by ECF)