# Exhibit 4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

In re BOSTON SCIENTIFIC
CORPORATION SECURITIES
LITIGATION

Master File No. 1:20-cv-12225-ADB

**DECLARATION OF LUIGGY SEGURA REGARDING:**
**(A) MAILING OF THE NOTICE AND CLAIM FORM;**
**(B) PUBLICATION OF THE SUMMARY NOTICE; AND**
**(C) REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE**

I, LUIGGY SEGURA, declare as follows:

1.      I am the Vice President of Securities Operations at JND Legal Administration

("JND").  Pursuant to the Court's December 27, 2023 Order Preliminarily Approving Settlement

and Authorizing Dissemination of Notice of Settlement (ECF No. 155) (the "Preliminary Approval

Order"), JND was appointed to supervise and administer the notice procedure as well as the

processing of claims in connection with the Settlement of the above-captioned action (the

"Action").[1]  I am over 21 years of age and am not a party to the Action.  I have personal knowledge

of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

**DISSEMINATION OF THE NOTICE PACKET**

2.      Pursuant to the Preliminary Approval Order, JND was responsible for mailing the

Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and

(III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") and the Proof of Claim

and Release Form (the "Claim Form") (collectively, the Notice and Claim Form are referred to as

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the
Stipulation and Agreement of Settlement, dated December 14, 2023 (Doc. 152-1) (the
"Stipulation").

the "Notice Packet") to potential Settlement Class Members.  A copy of the Notice Packet is attached hereto as Exhibit A.

3.      On January 11, 2024, JND received from Lead Counsel an Excel spreadsheet, which Lead Counsel had received from Defendants' Counsel, containing a total of 24 unique names and addresses of persons or entities who were identified as record holders of Boston Scientific common stock during the Class Period.  On January 19, 2024, JND caused the Notice Packet to be sent by first-class mail to these 24 potential Settlement Class Members.

4.      JND also researched filings with the U.S. Securities and Exchange Commission (SEC) on Form 13-F to identify additional institutions or entities who may have held Boston Scientific common stock during the Class Period.  Based on this research, JND located 1,428 mailing records, which were added to the list of potential Settlement Class Members.  On January 19, 2024, JND caused Notice Packets to be sent by first-class mail to these 1,428 potential Settlement Class Members.

5.      As in most securities class actions, a large majority of potential Settlement Class Members are beneficial purchasers whose securities are held in "street name," i.e., the securities are purchased by brokerage firms, banks, institutions, or other third-party nominees ("Nominees") in the name of the Nominee, on behalf of the beneficial purchasers.  JND maintains a proprietary database with the names and addresses of the most common Nominees ("Nominees Database").  At the time of the initial mailing, JND's Nominee Database contained 4,080 records.[2]  On January 19, 2024, JND caused Notice Packets to be sent by first-class mail to the 4,080 mailing records contained in its Nominee Database.

---

[2] JND's Nominee Database is updated from time to time as new Nominees are identified, and others merge or cease to exist.

6.     In total, 5,532 Notice Packets were mailed to potential Settlement Class Members and nominees by first-class mail on January 19, 2024.

7.     The Notice itself and a cover letter that accompanied the Notice Packet mailed to Nominees (as well as an email mailed to Nominees) directed those who purchased Boston Scientific common stock during the Class Period for the beneficial interest of persons or organizations other than themselves to, within seven (7) calendar days of receipt of the Notice, either (i) request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) provide a list of the names and addresses of all such beneficial owners to JND (who would then mail copies of the Notice Packet to those beneficial owners). *See* Notice at ¶ 73.

8.     JND monitored the responses received from brokers and other Nominees and followed up by email and, if necessary, phone calls to ensure that Nominees provided timely responses to JND's mailing. As of March 15, 2024, JND has mailed an additional 30,866 Notice Packets to potential Settlement Class Members whose names and addresses were received from individuals or brokerage firms, banks, institutions, and other Nominees requesting that Notice Packets be mailed to such persons and entities. JND has also mailed another 90,287 Notice Packets in bulk to Nominees who requested Notice Packets to forward to their customers. All such requests have been, and will continue to be, complied with and addressed in a timely manner.

9.     As of March 15, 2024, a total of 126,685 Notice Packets have been mailed to potential Settlement Class Members and nominees. In addition, JND has re-mailed 551 Notice Packets to persons whose original mailings were returned by the U.S. Postal Service ("USPS")

3

and for whom updated addresses were provided to JND by the USPS or were obtained through

other means.

## PUBLICATION OF THE SUMMARY NOTICE

10.     In accordance with Paragraph 7(d) of the Preliminary Approval Order, JND caused

the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement

Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Summary Notice") to

be published in *The Wall Street Journal* and transmitted over the *PR Newswire* on February 6,

2024.  Copies of proof of publication of the Summary Notice in *The Wall Street Journal* and over

*PR Newswire* are attached hereto as Exhibits B and C, respectively.  The Summary Notice released

via *PR Newswire* has been available online since its publication on February 6, 2024.[3]

## WEBSITE

11.     On January 18, 2024, JND established a website ("Settlement Website")

dedicated to the Settlement, www.BostonScientificSecuritiesLitigation.com.  JND continues to

maintain the Settlement Website to inform class members about the Settlement and provide

answers to frequently asked questions.  The web address was set forth in the Notice Packet and in

the Summary Notice.  The Settlement Website includes information regarding the Action and the

proposed Settlement, including the exclusion, objection, and claim filing deadlines, and details

about the Court's Settlement Hearing.  Copies of the Notice and Claim Form, as well as the

Stipulation, Preliminary Approval Order, and Complaint are posted on the Settlement Website and

are available for downloading.  The Settlement Website became operational on January 18, 2024,

---

[3] *See* https://www.prnewswire.com/news-releases/bernstein-litowitz-berger--grossmann-llp-
announces-notice-of-pendency-and-proposed-settlement-of-class-action-involving-persons-who-
purchased-or-otherwise-acquired-common-stock-of-boston-scientific-corporation-from-
september-16--302031951.html

and is accessible 24 hours a day, 7 days a week. JND will update the Settlement Website as necessary through the administration of the Settlement.

**TELEPHONE HELPLINE**

12.    On January 19, 2024, JND established a case-specific, toll-free telephone helpline, 1-877-595-0084, with an interactive voice response system and live operators, to accommodate potential Settlement Class Members with questions about the Action and the Settlement. The automated attendant answers the calls and presents callers with a series of choices to respond to basic questions. Callers requiring further help have the option to be transferred to a live operator during business hours. JND continues to maintain the telephone helpline and will update the interactive voice response system as necessary through the administration of the Settlement.

**REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE**

13.    The Notice informs potential Settlement Class Members that requests for exclusion from the Settlement Class are to be sent by First Class Mail to EXCLUSIONS, *Boston Scientific Securities Litigation*, c/o JND Legal Administration, P.O. Box 91477, Seattle, Washington 98111, such that they are received no later than April 2, 2024. The Notice also sets forth the information that must be included in each request for exclusion. JND has monitored and will continue to monitor all mail delivered to the above address. As of March 15, 2024, JND has received three (3) requests for exclusion. JND will submit a supplemental declaration after the April 2, 2024 deadline for requesting exclusion that will address all requests for exclusion received.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of March 2024, at New Hyde Park, New York.

_____
LUIGGY SEGURA

6

# EXHIBIT A

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re BOSTON SCIENTIFIC CORPORATION SECURITIES LITIGATION | Master File No. 1:20-cv-12225-ADB |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND
PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND
(III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the District of Massachusetts (the "Court"), if you purchased or otherwise acquired the common stock of Boston Scientific Corporation ("Boston Scientific") during the period from September 16, 2020 through November 16, 2020, inclusive (the "Class Period"), and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiff, Union Asset Management Holding AG ("Lead Plaintiff"), on behalf of itself and the Settlement Class (as defined in ¶ 27 below), has reached a proposed settlement of the Action for **$38,500,000** in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Office of the Clerk of the Court, Boston Scientific, any other Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 74 below).**

1.    **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging that Boston Scientific and certain of its executives, Michael F. Mahoney, Daniel J. Brennan, Shawn McCarthy, Ian Meredith, Joseph M. Fitzgerald, Kevin Ballinger, and Susan Vissers Lisa (collectively, the "Individual Defendants") violated the federal securities laws by making false and misleading statements regarding Boston Scientific's Lotus Edge medical device.  A more detailed description of the Action is set forth in

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated December 14, 2023 (the "Stipulation"), which is available at BostonScientificSecuritiesLitigation.com.

paragraphs 11-26 below. If the Court approves the proposed Settlement, the Action will be dismissed and members of the Settlement Class (defined in paragraph 27 below) will settle and release all Released Plaintiffs' Claims (defined in paragraph 38 below).

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiff, on behalf of itself and the Settlement Class, has agreed to settle the Action in exchange for a settlement payment of $38,500,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, (d) any attorneys' fees awarded by the Court; and (e) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is attached hereto as Appendix A.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiff's damages expert's estimate of the number of shares of Boston Scientific common stock purchased during the Class Period that may have been affected by the conduct alleged in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) is $0.43 per eligible share. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased or sold their Boston Scientific common stock, and the total number and value of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth in Appendix A or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 20% of the Settlement Fund. In addition, Lead Counsel will apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $700,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. The estimated average cost per affected share of Boston Scientific common stock, if the Court approves Lead Counsel's fee and expense application, is $0.09 per share.

6. **Identification of Attorneys' Representatives:** Lead Plaintiff and the Settlement Class are represented by Salvatore J. Graziano, Lauren A. Ormsbee, and Michael D. Blatchley of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York., NY 10020, (800) 380-8496, settlements@blbglaw.com.

7.    **Reasons for the Settlement:**  Lead Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after further contested motions, a trial of the Action and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** *POSTMARKED OR SUBMITTED ONLINE* **NO LATER THAN MAY 28, 2024.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 38 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 39 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS** *RECEIVED* **NO LATER THAN APRIL 2, 2024.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS** *RECEIVED* **NO LATER THAN APRIL 2, 2024.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON APRIL 23, 2024 AT 9:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS** *RECEIVED* **NO LATER THAN APRIL 2, 2024.** | Filing a written objection and notice of intention to appear by April 2, 2024 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options—and the deadlines to exercise them—are further explained in this Notice. Please Note: the date and time of the Settlement Hearing—currently scheduled for April 23, 2024 at 9:00 a.m. Eastern Time—is subject to change without further notice to the Settlement Class. It is also within the Court's discretion to hold the hearing in person, by videoconference, or telephonically. If you plan to attend the hearing, you should check the Settlement website, <u>BostonScientificSecuritiesLitigation.com</u>, or with Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.**

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? ............................................................................................................. Page 4

What Is This Case About? ............................................................................................................. Page 5

How Do I Know If I Am Affected By The Settlement?
  Who Is Included In The Settlement Class?.................................................................................. Page 7

What Are Lead Plaintiff's Reasons For The Settlement?................................................................. Page 7

What Might Happen If There Were No Settlement? ........................................................................ Page 8

How Are Settlement Class Members Affected By The Action
  And The Settlement?.................................................................................................................... Page 8

How Do I Participate In The Settlement?  What Do I Need To Do?............................................... Page 10

How Much Will My Payment Be?.................................................................................................... Page 11

What Payment Are The Attorneys For The Settlement Class Seeking?
  How Will The Lawyers Be Paid? ............................................................................................... Page 12

What If I Do Not Want To Be A Member Of The Settlement Class?
  How Do I Exclude Myself? ........................................................................................................ Page 12

When And Where Will The Court Decide Whether To Approve The Settlement?
  Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
  Don't Like The Settlement?........................................................................................................ Page 13

What If I Bought Shares On Someone Else's Behalf? .................................................................... Page 15

Can I See The Court File?  Whom Should I Contact If I Have Questions? ................................... Page 16

Appendix A: Plan of Allocation of the Net Settlement Fund ......................................................... Page 17

## WHY DID I GET THIS NOTICE?

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased Boston Scientific common stock during the Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for attorneys' fees and Litigation Expenses (the "Settlement Hearing").  *See* ¶¶ 63-64 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| WHAT IS THIS CASE ABOUT? |
|---|

11.    Boston Scientific is a developer, manufacturer, and marketer of medical devices.  Boston Scientific's common stock trades on the New York Stock Exchange under the ticker symbol "BSX." This Action involves allegations that, during the Class Period (from September 16, 2020 through November 16, 2020), Boston Scientific and certain of its executives (the Individual Defendants) made material misrepresentations and omissions about Boston Scientific's Lotus Edge device, a medical device used to treat a form of heart disease called aortic stenosis.  Lead Plaintiff alleges that these misrepresentations and omissions caused the price of Boston Scientific's common stock to be inflated during the Class Period, and that the price declined when the truth was disclosed on November 17, 2020.

12.    In December 2020, a class action alleging violations of the federal securities laws against Boston Scientific and certain of its officers was filed in the United States District Court for the District of Massachusetts (the "Court").  A related action was filed in the United States District Court for the Eastern District of New York and later transferred to the Court.

13.    On March 30, 2021, the Honorable Douglas P. Woodlock consolidated the actions and ordered that all future filings in the consolidated action be made in Case No. 1:20-cv-12225, under the caption *In re Boston Scientific Corporation Securities Litigation*.  The Court also appointed Union Asset Management Holding AG as Lead Plaintiff for the Action under the PSLRA and approved Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel.

14.    On June 4, 2021, Lead Plaintiff filed and served the Amended Consolidated Complaint for Violations of the Federal Securities Laws (the "Complaint") asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.  Among other things, the Complaint alleged that Defendants made materially false and misleading statements about Boston Scientific's Lotus Edge medical device, including about the Lotus Edge's ability to drive revenues and the safety of the device.  The Complaint further alleged that the price of Boston Scientific's common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements and declined when the truth was revealed.

15.    On July 19, 2021, Defendants filed a motion to dismiss the Complaint. On August 30, 2021, Lead Plaintiff filed its memorandum of law in opposition to the motion to dismiss, and, on September 20, 2021, Defendants filed their reply papers.

16.    On December 20, 2022, the Court entered an Order denying, in part, and granting, in part, Defendants' motion to dismiss the Complaint.

17.    On January 20, 2023, Defendants filed their Answer to the Complaint.  Among other things, Defendants' Answer denied Lead Plaintiff's allegations of wrongdoing and asserted various defenses to the claims pled against them.

18.    Discovery in the Action commenced in January 2023.  Defendants produced more than 50,000 documents, totaling more than 224,000 pages, to Lead Plaintiff.  In addition, third parties produced additional documents to Lead Plaintiff.  The Parties also met and conferred and exchanged numerous letters concerning disputed discovery issues over several months, and Lead Plaintiff noticed depositions to take place in October and November of 2023.

19.    The Parties began exploring the possibility of a settlement in early 2023.  The Parties agreed to engage in private mediation and retained James McGuire to act as mediator in the Action (the "Mediator").  On March 27, 2023, counsel for the Parties participated in a full-day mediation session before the Mediator.  In advance of that session, the Parties exchanged and submitted detailed mediation statements to the Mediator.  The session ended without any agreement being reached.

20.    On April 21, 2023, Lead Plaintiff filed its motion for class certification and appointment of class representative and class counsel, which was accompanied by a report from Lead Plaintiff's expert on market efficiency and common damages methodologies.  Defendants filed their opposition to the motion on May 26, 2023, and Lead Plaintiff filed a reply in further support of the motion on June 23, 2023.

21.    On June 28, 2023, the case was reassigned to the Honorable Allison D. Burroughs.

22.    On July 27, 2023, the Court held a hearing in which it heard oral argument on the motion for class certification and approved the Parties' stipulation modifying the schedule for completion of discovery and deadlines for filing dispositive motions.

23.    After the July 27, 2023 hearing, the Parties renewed their settlement discussions, and agreed to engage in a second full-day session before the Mediator on September 8, 2023.  Lead Plaintiff again submitted a detailed mediation statement to Boston Scientific and the Mediator, and included supporting exhibits produced in the course of discovery.  Following the mediation session, the Parties reached an agreement in principle to settle the Action.

24.    The Parties executed a term sheet on October 23, 2023 (the "Term Sheet").  The Term Sheet set forth, among other things, the Parties' agreement to settle and release all claims against Defendants in the Action in return for a cash payment of $38,500,000 for the benefit of the Settlement Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

25.    On December 14, 2023, the Parties entered into a Stipulation and Agreement of Settlement (the "Stipulation"), which sets forth the terms and conditions of the Settlement.  The Stipulation can be viewed at BostonScientificSecuritiesLitigation.com.

26.   On December 27, 2023, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

---

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?**
**WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

---

27.   If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> all persons or entities who purchased or otherwise acquired Boston Scientific common stock during the period from September 16, 2020 through November 16, 2020, inclusive, and were damaged thereby.

Excluded from the Settlement Class are: (i) Defendants; (ii) Immediate Family Members of any Individual Defendant; (iii) any person who was an Officer or director of Boston Scientific during the Class Period and any of their Immediate Family Members; (iv) any parent, subsidiary, or affiliate of Boston Scientific; (v) any firm, trust, corporation, or other entity in which any Defendant or any other excluded person or entity has, or had during the Class Period, a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded persons or entities.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court in accordance with the requirements set forth in this Notice.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page 12 below.

**Please Note:  Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive proceeds from the Settlement.**

**If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked (or submitted online) no later than May 28, 2024.**

---

**WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?**

---

28.   Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the very substantial risks they would face in establishing liability and damages.  To defeat summary judgment and prevail at trial, Lead Plaintiff would have been required to prove not only that Defendants' statements about the Lotus Edge device were materially false, but that the Individual Defendants knew that their statements were false when made or were reckless in making the statements, and that the alleged corrective disclosures caused the decline in the price of Boston Scientific's stock.

29.   Defendants vigorously argued that their statements at issue about the Lotus Edge device were not false and misleading.  The statements at issue in the case following the Court's motion to dismiss decision were Boston Scientific's CEO's September 16, 2020 statement that Lotus was a "key growth driver" for the Company and his October 28, 2020 statement that the Company's strategy to pursue the Lotus Edge along with another aortic valve device "makes sense."  Defendants contend that these

statements were true when made and that Defendants had no intent to mislead investors, and that the Company's decision to terminate the Lotus Edge product was not made until after those statements were made. Lead Plaintiff would also face risks in establishing that the alleged misstatements caused damages to the Settlement Class, and in proving the amount of damages.

30. Further, in order to obtain recovery for the Settlement Class, Lead Plaintiff would have to prevail at several stages—on the pending motion for class certification, at summary judgment, and at trial – and, even if it prevailed on those, on the appeals that were likely to follow. Thus, there were significant risks attendant to the continued prosecution of the Action, and there was no guarantee that further litigation would have resulted in a higher recovery, or any recovery at all.

31. In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $38,500,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial, and appeals, possibly years in the future.

32. Defendants have denied and continue to deny all claims asserted against them in the Action and have denied and continue to deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

33. If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of its claims against Defendants, neither Lead Plaintiff nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED
## BY THE ACTION AND THE SETTLEMENT?

34. As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 13 below.

35. If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," on page 12 below.

36.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 13 below.

37.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 38 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 39 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

38.    "Released Plaintiffs' Claims" means any and all claims and causes of action of every nature and description, including known claims and Unknown Claims (defined in ¶ 40), contingent or absolute, mature or not mature, discoverable or undiscoverable, liquidated or unliquidated, accrued or not accrued, including those that are concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that (i) Lead Plaintiff or any other member of the Settlement Class asserted in the Complaint or could have asserted in any other forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Complaint and (ii) relate to the purchase or acquisition of Boston Scientific common stock during the Class Period.  Released Plaintiffs' Claims do not cover, include, or release:  (i) any claims that have been or could be asserted in any ERISA or shareholder derivative action, including without limitation the claims asserted in *Nachbaur v. Mahoney et al.*, Case No. 1:23-cv-10750 (D. Mass.), or any cases consolidated into that action; (ii) any claims by any governmental entity that arise out of any governmental investigation of Defendants relating to the conduct alleged in the Action; or (iii) any claims relating to the enforcement of the Settlement.

39.    "Defendants' Releasees" means Defendants and their current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, accountants, and attorneys.

40.    "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff and Defendants acknowledge, and each of the Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

41.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 42 below) against Lead Plaintiff and the other Plaintiffs' Releasees (as defined in ¶ 43 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

42.    "Released Defendants' Claims" means any and all claims and causes of action of every nature and description, whether arising under federal, state, common, or foreign law, including known claims and Unknown Claims (defined in ¶ 40), whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Action.  This release does not cover, include, or release (i) claims relating to the enforcement of the Stipulation or the Settlement; or (ii) any claims against any person or entity who or which submits a request for exclusion that is accepted by the Court.

43.    "Plaintiffs' Releasees" means Lead Plaintiff, all other plaintiffs in the Action, and all other Settlement Class Members, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, accountants, and attorneys.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

44.    To be eligible for a payment from the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked (if mailed), or submitted online* at **BostonScientificSecuritiesLitigation.com** no later than May 28, 2024.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, BostonScientificSecuritiesLitigation.com.  You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at 1-877-595-0084 or by emailing the Claims Administrator at info@BostonScientificSecuritiesLitigation.com.  **Please retain all records of your ownership of and transactions in Boston Scientific common stock, as they will be needed to document your Claim.** The Parties and Claims Administrator do not have information about your transactions in Boston Scientific common stock.

45.    If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| HOW MUCH WILL MY PAYMENT BE? |
|---|

46.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

47.    Pursuant to the Settlement, Defendants have agreed to cause $38,500,000 in cash (the "Settlement Amount") to be paid into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; (c) any attorneys' fees and Litigation Expenses awarded by the Court; and (d) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

48.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal,  or review, whether by certiorari or otherwise, has expired.

49.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

50.    Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

51.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked (or submitted online) on or before May 28, 2024 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 38 above) against the Defendants' Releasees (as defined in ¶ 39 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

52.    Participants in and beneficiaries of a Boston Scientific employee benefit plan covered by ERISA ("Boston Scientific ERISA Plan") should NOT include any information relating to their transactions in Boston Scientific common stock held through the Boston Scientific ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those shares or notes that they purchased outside of the Plan.  Claims based on any Boston Scientific ERISA Plan's purchases of Boston Scientific common stock during the Class Period may be made by the plan's trustees.

53.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

54.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

55.    Only Settlement Class Members or persons authorized to submit a claim on their behalf will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  The only security that is included in the Settlement is Boston Scientific common stock.

56.    **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiff.  At the Settlement Hearing, Lead Plaintiff will request that the Court approve the Plan of Allocation.  The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

### WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

57.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 20% of the Settlement Fund.  At the same time, Lead Counsel also intends to apply for payment of Litigation Expenses in an amount not to exceed $700,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Settlement Class, pursuant to the PSLRA.  The Court will determine the amount of any award of attorneys' fees or Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

### WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

58.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Boston Scientific Securities Litigation*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91477, Seattle, WA 98111.  The Request for Exclusion must be *received* **no later than April 2, 2024**.  You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Boston Scientific Corporation Securities Litigation*, Master File No. 1:20-cv-12225-ADB"; (iii) state the number of shares of Boston Scientific common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on September 16, 2020 and (B) purchased/acquired and/or sold from September 16, 2020, through February 12, 2021, inclusive,

as well as the date, number of shares, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court

59. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

60. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

61. Boston Scientific has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Boston Scientific.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?**
> **MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

62. **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

63. **Please Note**:  The date and time of the Settlement Hearing may change without further written notice to the Settlement Class.  The Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone, without further written notice to the Settlement Class.  **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, BostonScientificSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing.  Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, BostonScientificSecuritiesLitigation.com.  If the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to the Settlement website, BostonScientificSecuritiesLitigation.com.**

64. The Settlement Hearing will be held on **April 23, 2024 at 9:00 a.m.**, before the Honorable Allison D. Burroughs, either in person at the United States District Court for the District of Massachusetts, Courtroom 17 on the Fifth Floor of the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210, or by telephone or videoconference (in the discretion of the Court).  At the Settlement Hearing, the Court will consider: (a) whether the proposed Settlement is fair, reasonable, and adequate to the Settlement Class, and should be finally approved; (b) whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) whether the Settlement Class should be certified for purposes of the Settlement; (d) whether the proposed Plan of Allocation for the proceeds of the

Settlement is fair and reasonable and should be approved; (e) whether the motion by Lead Counsel for attorneys' fees and Litigation Expenses should be approved; and (f) other matters that may properly be brought before the Court in connection with the Settlement.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

65.    Any Settlement Class Member that does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, electronically with the Court or by letter mailed to the Clerk's Office at the United States District Court for the District of Massachusetts, at the address set forth below **on or before April 2, 2024**.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before April 2, 2024.**

| Clerk's Office | Lead Counsel | Defendants' Counsel |
|---|---|---|
| United States District Court District of Massachusetts Clerk of the Court U.S. Courthouse 1 Courthouse Way Boston, MA 02210 | **Bernstein Litowitz Berger & Grossmann LLP** Salvatore J. Graziano Lauren A. Ormsbee Michael D. Blatchley 1251 Avenue of the Americas, 44th Floor New York, NY 10020 | **Skadden, Arps, Slate, Meagher & Flom LLP** James R. Carroll Alisha Q. Nanda 500 Boylston Street Boston, MA 02116 |

66.    Any objection must include  (a) the name of this proceeding, *In re Boston Scientific Corporation Securities Litigation*, Master File No. 1:20-cv-12225-ADB; (b) the objector's full name, current address, and telephone number; (c) the objector's signature; (d) a statement providing the specific reasons for the objection, including a detailed statement of the specific legal and factual basis for each and every objection and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (e) documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of Boston Scientific common stock that the objecting Settlement Class Member purchased/acquired and/or sold from September 16, 2020 through November 16, 2020, inclusive, as well as the date, number of shares, and prices of each such purchase/acquisition and sale.  The documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

67.    You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

68.    You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

69. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office so that it is *received* **on or before April 2, 2024**. Such persons may be heard orally at the discretion of the Court.

70. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court so that the notice is *received* **on or before April 2, 2024**.

71. The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class, other than a posting of the adjournment on the case website, BostonScientificSecuritiesLitigation.com. If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

72. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

73. If you purchased Boston Scientific common stock from September 16, 2020 through November 16, 2020, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *Boston Scientific Securities Litigation*, c/o JND Legal Administration, P.O. Box 91477, Seattle, WA 98111. If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners. Upon full compliance with these directions, such nominees may seek payment of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, BostonScientificSecuritiesLitigation.com, or by calling the Claims Administrator toll-free at 1-877-595-0084.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

74. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be reviewed by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States

District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, BostonScientificSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

| *Boston Scientific Securities Litigation* | and/or | Salvatore J. Graziano |
|---|---|---|
| c/o JND Legal Administration | | Lauren A. Ormsbee |
| P.O. Box 91477 | | Michael D. Blatchley |
| Seattle, WA 98111 | | BERNSTEIN LITOWITZ BERGER |
| 877-595-0084 | | & GROSSMANN LLP |
| BostonScientificSecuritiesLitigation.com | | 1251 Avenue of the Americas, 44th Floor |
| | | New York, NY 10020 |
| | | 800-380-8496 |
| | | settlements@blbglaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: January 26, 2024

By Order of the Court
United States District Court
District of Massachusetts

## Appendix A

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

75.    As discussed above, the Settlement provides $38,500,000 in cash for the benefit of the Settlement Class.  The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Costs, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund."   If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants, i.e., members of the Settlement Class who timely submit valid Claim Forms that are accepted for payment by the Court, in accordance with a plan of allocation to be adopted by the Court.  Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement.

76.    The Plan of Allocation (the "Plan") set forth herein is the plan that is being proposed to the Court for approval by Lead Plaintiff after consultation with its damages expert.  The Court may approve the Plan with or without modification, or approve another plan of allocation, without further notice to the Settlement Class.   Any Orders regarding a modification to the Plan will be posted to BostonScientificSecuritiesLitigation.com.   Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan.

77.    The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement.  The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

78.    The Plan of Allocation was developed in consultation with Lead Plaintiff's damages expert.  In developing the Plan of Allocation, Lead Plaintiff's damages expert calculated the estimated amount of alleged artificial inflation in the per-share prices of Boston Scientific common stock that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions. In calculating the estimated artificial inflation allegedly caused by those misrepresentations and omissions, Lead Plaintiff's damages expert considered the price change in Boston Scientific common stock in reaction to the public disclosure on November 17, 2020 that allegedly corrected the alleged misrepresentations and omissions, adjusting for price changes attributable to market or industry factors that day. Based on these calculations, there was a total of $2.77 in estimated artificial inflation per share in the Boston Scientific common stock price that was removed on November 17, 2020.  Defendants disagree with Lead Plaintiffs' damages expert, for among other reasons, they do not believe that any harm was caused by the statements challenged in the Action.

79.    In order to have recoverable damages under the federal securities laws in connection with purchases and/or acquisitions of Boston Scientific common stock during the Class Period, disclosure of the alleged misrepresentations or omissions must be the cause of the decline in the price of the Boston Scientific common stock.  Lead Plaintiff alleges that Defendants made false statements and

omitted material facts during the period from September 16, 2020 through and including the close of trading on November 16, 2020, which had the effect of artificially inflating the prices of Boston Scientific common stock, and that the artificial inflation was removed from the price of Boston Scientific common stock as the result of the alleged corrective disclosure that occurred on November 17, 2020, before the opening of trading.[2]

80.    In order to have a "Recognized Claim Amount" under the Plan of Allocation, shares of Boston Scientific common stock must have been purchased or otherwise acquired during the Class Period and held through at least the end of the Class Period (when the corrective disclosure occurred).

## CALCULATION OF RECOGNIZED CLAIM AMOUNT

81.    Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Boston Scientific common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.

82.    For each share of Boston Scientific common stock purchased or otherwise acquired during period from September 16, 2020 through November 16, 2020, inclusive, and:

A.    Sold prior to the close of trading on November 16, 2020, the Recognized Loss Amount per share is zero.

B.    Sold from November 17, 2020 through and including the close of trading February 12, 2021, the Recognized Loss Amount will be **the least of**: (i) $2.77 per share, (ii) the purchase price *minus* the sale price, or (iii) the purchase price *minus* the average closing price between November 17, 2020 and the date of sale as stated in Table A at the end of this Notice; and

C.    Held as of the close of trading on February 12, 2021, the Recognized Loss Amount will be **the lesser of**: (i) $2.77, or (ii) the purchase price *minus* $35.63, the average closing price for Boston Scientific common stock between November 17, 2020 and February 12, 2021 (the last entry on Table A at the end of this Notice).[3]

---

[2] Any transactions in Boston Scientific common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[3] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Boston Scientific common stock during the 90-day look-back period. The mean (average) closing price for Boston Scientific common stock during this 90-day look-back period was $35.63.

## ADDITIONAL PROVISIONS

83.    **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated under ¶ 82 above.

84.    **FIFO Matching:** If a Claimant made more than one purchase/acquisition or sale of Boston Scientific common stock during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis.  Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

85.    **Purchase/Sale Prices:** For the purposes of calculations in ¶ 82 above, "purchase/acquisition price" means the actual price paid, excluding any fees, commissions, and taxes, and "sale price" means the actual amount received, not deducting any fees, commissions, and taxes.

86.    **"Purchase/Acquisition/Sale" Dates:** Purchases or acquisitions and sales of Boston Scientific common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of Boston Scientific common stock during the Class Period will not be deemed a purchase, acquisition, or sale of Boston Scientific common stock for the calculation of a Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of Boston Scientific common stock unless (i) the donor or decedent purchased or otherwise acquired or sold such Boston Scientific common stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to shares of such shares of Boston Scientific common stock.

87.    **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Boston Scientific common stock.  The date of a "short sale" is deemed to be the date of sale of the Boston Scientific common stock.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

88.    In the event that a Claimant has an opening short position in Boston Scientific common stock, the earliest purchases or acquisitions of Boston Scientific common stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

89.    **Common Stock Purchased/Sold Through the Exercise of Options:** Option contracts are not securities eligible to participate in the Settlement. With respect to Boston Scientific common stock purchased or sold through the exercise of an option, the purchase/sale date of the security is the exercise date of the option and the purchase/sale price is the exercise price of the option.

90.    **Determination of Distribution Amount:** If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant will receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

91.    If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed pro rata to all Authorized Claimants entitled to receive payment.

92.    If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.  Those funds will be included in the distribution to Authorized Claimants whose Distribution Amount is $10.00 or more.

93.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the Net Settlement Fund seven (7) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to one or more non-sectarian, not-for-profit, 501(c)(3) organizations to be selected by Lead Counsel and approved by the Court.

94.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants.  No person shall have any claim against Lead Plaintiff, Plaintiffs' Counsel, Lead Plaintiff's damages experts, Defendants, Defendants' Counsel, or any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Lead Plaintiff, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

**TABLE A**

**90-Day Look-Back Table for Boston Scientific Common Stock**
**(Closing Price and Average Closing Price:  November 17, 2020 – February 12, 2021)**

| Date | Closing Price | Average Closing Price Between November 17, 2020 and Date Shown | Date | Closing Price | Average Closing Price Between November 17, 2020 and Date Shown |
|---|---|---|---|---|---|
| 11/17/2020 | $35.03 | $35.03 | 12/31/2020 | $35.95 | $34.35 |
| 11/18/2020 | $34.26 | $34.65 | 1/4/2021 | $35.27 | $34.38 |
| 11/19/2020 | $34.21 | $34.50 | 1/5/2021 | $36.24 | $34.43 |
| 11/20/2020 | $33.70 | $34.30 | 1/6/2021 | $36.76 | $34.50 |
| 11/23/2020 | $33.33 | $34.11 | 1/7/2021 | $36.56 | $34.56 |
| 11/24/2020 | $33.79 | $34.05 | 1/8/2021 | $36.75 | $34.62 |
| 11/25/2020 | $33.55 | $33.98 | 1/11/2021 | $36.44 | $34.67 |
| 11/27/2020 | $33.60 | $33.93 | 1/12/2021 | $35.33 | $34.69 |
| 11/30/2020 | $33.15 | $33.85 | 1/13/2021 | $36.06 | $34.72 |
| 12/1/2020 | $33.65 | $33.83 | 1/14/2021 | $36.16 | $34.76 |
| 12/2/2020 | $34.15 | $33.86 | 1/15/2021 | $36.33 | $34.80 |
| 12/3/2020 | $33.81 | $33.85 | 1/19/2021 | $36.27 | $34.83 |
| 12/4/2020 | $34.41 | $33.90 | 1/20/2021 | $36.66 | $34.87 |
| 12/7/2020 | $34.25 | $33.92 | 1/21/2021 | $37.52 | $34.93 |
| 12/8/2020 | $33.97 | $33.92 | 1/22/2021 | $37.03 | $34.98 |
| 12/9/2020 | $34.13 | $33.94 | 1/25/2021 | $36.78 | $35.02 |
| 12/10/2020 | $34.00 | $33.94 | 1/26/2021 | $36.64 | $35.05 |
| 12/11/2020 | $33.60 | $33.92 | 1/27/2021 | $35.82 | $35.07 |
| 12/14/2020 | $33.45 | $33.90 | 1/28/2021 | $36.34 | $35.10 |
| 12/15/2020 | $34.67 | $33.94 | 1/29/2021 | $35.44 | $35.10 |
| 12/16/2020 | $35.13 | $33.99 | 2/1/2021 | $35.95 | $35.12 |
| 12/17/2020 | $35.39 | $34.06 | 2/2/2021 | $36.64 | $35.15 |
| 12/18/2020 | $35.45 | $34.12 | 2/3/2021 | $37.45 | $35.19 |
| 12/21/2020 | $34.82 | $34.15 | 2/4/2021 | $38.76 | $35.26 |
| 12/22/2020 | $34.36 | $34.15 | 2/5/2021 | $38.96 | $35.33 |
| 12/23/2020 | $34.37 | $34.16 | 2/8/2021 | $39.57 | $35.40 |
| 12/24/2020 | $34.59 | $34.18 | 2/9/2021 | $39.25 | $35.47 |
| 12/28/2020 | $34.92 | $34.21 | 2/10/2021 | $38.85 | $35.53 |
| 12/29/2020 | $35.50 | $34.25 | 2/11/2021 | $38.87 | $35.58 |
| 12/30/2020 | $35.55 | $34.29 | 2/12/2021 | $38.39 | $35.63 |

# PROOF OF CLAIM AND RELEASE FORM

*In re Boston Scientific Corporation Securities Litigation*

**Toll-Free Number: (877) 595-0084**
**Email:  info@BostonScientificSecuritiesLitigation.com**
**Website:  BostonScientificSecuritiesLitigation.com**

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the address below, or submit it online at BostonScientificSecuritiesLitigation.com, with supporting documentation, *postmarked* **(if mailed) or received no later than May 28, 2024**.

**Mail to:    *Boston Scientific Securities Litigation***
**c/o JND Legal Administration**
**P.O. Box 91477**
**Seattle, WA 98111**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

## CONTENTS

**02**  PART I.    CLAIMANT IDENTIFICATION

**03**  PART II.   GENERAL INSTRUCTIONS

**06**  PART III.  SCHEDULE OF TRANSACTIONS IN BOSTON SCIENTIFIC CORPORATION COMMON STOCK (NYSE: BSX, CUSIP: 101137107)

**07**  PART VI.   RELEASE OF CLAIMS AND SIGNATURE

# PART I – CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's First Name

MI

Beneficial Owner's Last Name

Joint Beneficial Owner's First Name (*if applicable*)

MI

Joint Beneficial Owner's Last Name (*if applicable*)

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (e.g., Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Street Address

Address (Second line, if needed)

City

State/Province

Zip Code

Foreign Postal Code (if applicable)

Foreign Country (if applicable)

Telephone Number (Day)

Telephone Number (Evening)

Last 4 digits of Social Security Number or Taxpayer Identification Number

Account Number

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim):

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)      ☐ Corporation      ☐ UGMA Custodian      ☐ IRA      ☐ Partnership

☐ Estate      ☐ Trust      ☐ Other (describe): _____

Questions? Visit BostonScientificSecuritiesLitigation.com or call toll-free (877) 595-0084
To view JND's privacy policy, please visit https://www.jndla.com/privacy-policy

# PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice.  If you are not a Settlement Class Member (see the definition of the Settlement Class on page 7 of the Notice), or if you, or someone acting on your behalf, submitted a request for exclusion from the Settlement Class, do not submit a Claim Form.  **You may not, directly or indirectly, participate in the Settlement if you are not a Settlement Class Member.**  Thus, if you are excluded from the Settlement Class, any Claim Form that you submit, or that may be submitted on your behalf, will not be accepted.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice or by such other plan of allocation as the Court approves.**

4.      On the Schedule of Transactions in Part III of this Claim Form, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Boston Scientific common stock (including free transfers and deliveries), whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.      **Please Note**: Only purchases or acquisitions of Boston Scientific common stock from September 16, 2020 through November 16, 2020 are eligible under the Settlement and the proposed Plan of Allocation set forth in the Notice.  However, under the "90-day look-back period" (described in the Plan of Allocation), sales of Boston Scientific common stock during the period from November 17, 2020 through the close of trading on February 12, 2021 will be used for purposes of calculating Recognized Loss Amounts under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during this period must also be provided.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Boston Scientific common stock set forth in the Schedule of Transactions in Part III. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Boston Scientific common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.

7.      **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents.**

Questions? Visit BostonScientificSecuritiesLitigation.com or call toll-free (877) 595-0084
To view JND's privacy policy, please visit https://www.jndla.com/privacy-policy

8.    Use Part I of this Claim Form entitled "CLAIMANT IDENTIFICATION" to identify the beneficial owner(s) of Boston Scientific common stock. The complete name(s) of the beneficial owner(s) must be entered. If you held the Boston Scientific common stock in your own name, you were the beneficial owner as well as the record owner. If, however, your shares of Boston Scientific common stock were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of these shares, but the third party was the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement. If there were joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

9.    **One Claim should be submitted for each separate legal entity or separately managed account.** Separate Claim Forms should be submitted for each separate legal entity (e.g., an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account. The Claims Administrator reserves the right to request information on all the holdings and transactions in Boston Scientific common stock made on behalf of a single beneficial owner.

10.    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)    expressly state the capacity in which they are acting;

(b)    identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Boston Scientific common stock; and

(c)    furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.    By submitting a signed Claim Form, you will be swearing that you:

(a)    own(ed) the Boston Scientific common stock you have listed in the Claim Form; or

(b)    are expressly authorized to act on behalf of the owner thereof.

12.    By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

13.    Payments to eligible Authorized Claimants will be made only if the Court approves the Settlement, after any appeals are resolved, and after the completion of all claims processing.

14.    **PLEASE NOTE**: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

15.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, JND Legal Administration, at the above address, by email at info@BostonScientificSecuritiesLitigation.com, or by toll-free phone at (877) 595-0084, or you can

4

visit the website, BostonScientificSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

16.    NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the *mandatory* electronic filing requirements and file layout, you may visit the settlement website at BostonScientificSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at BSCSecurities@JNDLA.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  The *complete* name of the beneficial owner of the securities must be entered where called for (*see* ¶ 8 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email confirming receipt of your submission.  **Do not assume that your file has been received until you receive that email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at BSCSecurities@JNDLA.com to inquire about your file and confirm it was received.**

## IMPORTANT:  PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (877) 595-0084.**

# PART III – SCHEDULE OF TRANSACTIONS IN BOSTON SCIENTIFIC COMMON STOCK

The only eligible security is the common stock of Boston Scientific Corporation ("Boston Scientific") (**Ticker: NYSE: BSX, CUSIP: 101137107**).  Do not include information regarding any other securities.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, ¶ 6, above.

| | |
|---|---|
| **1. HOLDINGS AS OF SEPTEMBER 16, 2020 –** State the total number of shares of Boston Scientific common stock held as of the opening of trading on September 16, 2020. (Must be documented.)  If none, write "zero" or "0." | **Confirm Proof of Position Enclosed** ☐ |

**2. PURCHASES/ACQUISITIONS FROM SEPTEMBER 16, 2020 THROUGH NOVEMBER 16, 2020 –** Separately list each and every purchase or acquisition (including free receipts) of Boston Scientific common stock from September 16, 2020 through the close of trading on November 16, 2020.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding any taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |

| |
|---|
| **3. PURCHASES/ACQUISITIONS NOVEMBER 17, 2020 THROUGH FEBRUARY 12, 2021 –** State the total number of shares of Boston Scientific common stock purchased or acquired (including free receipts) from November 17, 2020 through the close of trading on February 12, 2021.  If none, write "zero" or "0." |

| | |
|---|---|
| **4. SALES FROM SEPTEMBER 16, 2020, THROUGH FEBRUARY 12, 2021 –** Separately list each and every sale or disposition (including free deliveries) of Boston Scientific common stock from September 16, 2020, through the close of trading on February 12, 2021.  (Must be documented.) | **IF NONE, CHECK HERE** ☐ |

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any taxes, commissions, and fees) | Confirm Proof of Sales Enclosed |
|---|---|---|---|---|
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |

| | |
|---|---|
| **5. HOLDINGS AS OF FEBRUARY 12, 2021 –** State the total number of shares of Boston Scientific common stock held as of the close of trading on February 12, 2021. (Must be documented.)  If none, write "zero" or "0." | **Confirm Proof of Position Enclosed** ☐ |

| | |
|---|---|
| ☐ | **IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** |

Questions? Visit BostonScientificSecuritiesLitigation.com or call toll-free (877) 595-0084
To view JND's privacy policy, please visit https://www.jndla.com/privacy-policy

# PART IV – RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW
AND SIGN ON PAGE 8 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.      that the claimant(s) did *not* submit a request for exclusion from the Settlement Class;

4.      that I (we) own(ed) the Boston Scientific common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.      that the claimant(s) has (have) not submitted any other claim covering the same purchases of Boston Scientific common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.      that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8.      that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waive(s) any right of appeal or review with respect to such determination;

7

9.    that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.    that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____        _____
Signature of Claimant                                        Date


_____
Print claimant name here


_____        _____
Signature of joint claimant, if any                          Date


_____
Print joint claimant name here

***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

_____        _____
Signature of person signing on behalf of claimant          Date


_____
Print name of person signing on behalf of claimant here


_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see ¶ 10 on page 4 of this Claim Form.)

Questions? Visit BostonScientificSecuritiesLitigation.com or call toll-free (877) 595-0084
To view JND's privacy policy, please visit https://www.jndla.com/privacy-policy

# REMINDER CHECKLIST



1. Sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.





3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.



5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at (877) 595-0084.**



6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.





7. If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@BostonScientificSecuritiesLitigation.com, or by toll-free phone at (877) 595-0084, or you may visit BostonScientificSecuritiesLitigation.com. DO NOT call Boston Scientific or its counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL OR SUBMITTED ONLINE AT BostonScientificSecuritiesLitigation.com, **POSTMARKED (OR RECEIVED) NO LATER THAN MAY 28, 2024**. IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

***Boston Scientific Securities Litigation***
**c/o JND Legal Administration**
**P.O. Box 91477**
**Seattle, WA 98111**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before **May 28, 2024**, is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT B

# TECHNOLOGY

WSJ.com/Tech



Yandex's market value is down $20 billion from a peak before the war. A Yandex delivery robot.

# Yandex Owner Leaves Russia

**BY GEORGI KANTCHEV**

**Yandex,** the tech company often referred to as Russia's Google, has agreed to sell its Russian assets to a group of local investors for $5.2 billion, the largest corporate exit from the country since Moscow's invasion of Ukraine almost two years ago.

The company, which is listed on Nasdaq and based in the Netherlands, said Monday it was selling about 95% of its assets, including its search engine, the biggest in Russia. It will retain some of its assets outside of Russia, including autonomous-diving, cloud-computing and artificial-intelligence businesses, and plans to rebrand under a new name.

The deal is a potent marker of Russia's increasing isolation from the West, and the diminished status of its once globally expanding tech sector. Yandex had built a presence in Europe, the Middle East and the U.S., where its suitcase-size rovers delivered pizzas on college campuses.

Monday's announcement caps months of uncertainty for Yandex, which has been looking at options to restructure its ownership and governance for more than a year. While trading in Yandex's Nasdaq-listed shares has been suspended since the invasion, its stock has plummeted in Moscow. The company's market capitalization stands at about $10 billion today, down from a peak of around $30 billion before the war.

The group buying the Yandex assets is led by local management and includes a fund linked to Russian oil giant **Lukoil,** as well as several entrepreneurs. Lukoil said in a statement Monday that it would hold 10% of the new Russian company. Apart from the search engine, Yandex's Russian assets include a popular ride-hailing application, an e-commerce platform and an Alexa-style virtual assistant called Alice.

Yandex's divorce mirrors the wholesale reorientation of the Russian economy away from the West, which has left the country, once a hot spot for Western investors, looking increasingly inward.

Russia and Europe have severed most of their oil-and-gas links, which once powered European homes and factories. Western brands from McDonald's to Renault have left the country. Russia, meanwhile, has increasingly pivoted to Asia, increasing its trade with China and India.

The Kremlin welcomed news of the Yandex sale Monday, with spokesman Dmitry Peskov describing the tech company as one of Russia's national champions and saying it was important that it remains in the country. Anton Gorelkin, deputy head of the State Duma committee on information policy, said that Yandex could now continue to operate without any Western influence.

"The successful case of Yandex will be an example for everyone else: It's time to stop working with an eye to the West, your future is here, in your homeland," Gorelkin wrote in a post on Telegram.

John Boynton, chairman of Yandex's parent company, said the business had faced "exceptional challenges" since the start of the war and that the sale was the best possible solution for shareholders.

The deal would allow shareholders to "recover some value" from the company's Russian assets while unlocking new growth potential for its international businesses, he said.

Since the start of the war in Ukraine, the Kremlin has taken steps to make it difficult for Western companies to exit from the Russian market, including a lengthy approval process, currency controls and exit taxes. The Kremlin has said there would be no "free exit" for foreign companies.

The Yandex sale price reflects a mandatory discount of at least 50%, which Russia requires from exiting companies registered in countries that Moscow considers unfriendly, including the Netherlands.

The sale took around a year and a half to negotiate with the Kremlin because of complexities of ownership and Yandex's sprawling global presence. One challenge was finding buyers who aren't subject to sanctions, and who are acceptable to the board and international regulators.

Yandex came under pressure after the outbreak of the war, and founder Arkady Volozh was hit by European Union sanctions in June 2022, including for Yandex's alleged support of Russian propaganda.

Volozh, who lives in Israel, has challenged the sanctions in European courts and condemned the war in August last year.

*—Mauro Orru contributed to this article.*

## Email Marketing Is Targeted

*Continued from page B1*

by diverting more of their messages to spam folders but now will give senders more information about those rates—and why they might be going up—to help prevent that from happening, they said.

A practically ancient media in the grand scheme of digital communications, email is still adored by marketers.

Brands often see better results from email marketing than any other online form, partly because it is one of the few digital environments where consumers choose to let brands in (and kick them out again) and partly because they can tailor their messages to the receiver, said Kate Nowrouzi, vice president of deliverability and product strategy at communications-software provider Sinch. A 2021 report from Gartner found email to be the best-performing channel for technology marketers, beating newer channels including social media, search-engine optimization and digital-display advertising.

Google and Apple's recent moves to upend the way advertisers track and target online consumers also have pushed more companies to invest in direct lines of communication with people. Sending an email is one of the cheapest such avenues, Nowrouzi said.

Consumers are understandably less enthusiastic.

The sheer amount of messages they receive a day has meant reaching "inbox zero" has become an unachievable dream for many. Phishing attacks and other scams have grown more sophisticated and harder to spot. And spam rates continue to rise along with the volume of emails sent, Google and Yahoo said.

"As we stand on the precipice of things like [generative] AI, maybe that changes even more," said Neil Kumaran, the leader of Gmail's security and trust team, referring to the ways scammers could use new technologies to fool users with immaculate reproductions of legitimate emails.

The new rules aim to protect users and alleviate inbox stress, Kumaran said, while also offering marketers greater clarity around email marketing standards, which senders have described as murky.

"We want to make the experience more predictable for everybody," he said.

Email marketing gained prominence in the 1990s as a child of direct mail. It only took a few years before the medium became fertile ground for unsolicited messages.

"Most of the spam that you would see as a consumer back then would be very bad stuff—illegal pharmaceuticals, scams and pornography," said Chad S. White, head of research at Oracle's digital-experience agency. Email providers moved quickly to clamp down, giving their users the ability to report spam. The introduction of the CAN-SPAM act of 2003, the law that set the rules for sending commercial email in the U.S., also helped tamp down junk mail to a lesser extent, White said.

The worst of the spam largely receded, he said. And yet the "report spam" button still remained on email interfaces.

"So people started to use it for other stuff," White said. "Brands they shopped with, but didn't get permission to email; brands that they did sign up to but they just don't want to hear from anymore, and they don't want to try to navigate that unsubscribe page.

---

ADVERTISEMENT

# The Marketplace

To advertise: 800·366·3975 or WSJ.com/classifieds

---

**CLASS ACTION**

**LEGAL NOTICE**

**UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS**

In re BOSTON SCIENTIFIC CORPORATION SECURITIES LITIGATION — Master File No. 1:20-cv-12225-ADB

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO: all persons who purchased or otherwise acquired the common stock of Boston Scientific Corporation ("Boston Scientific") during the period from September 16, 2020 through November 16, 2020, inclusive (the "Class Period"), and were damaged thereby[1]:**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Massachusetts (the "Court"), that the above-captioned securities class action (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiff Union Asset Management Holding AG, on behalf of itself and the Settlement Class, has reached a proposed settlement of the Action for **$38,500,000** in cash (the "Settlement"). If approved, the Settlement will resolve all claims in the Action.

The Action involves allegations that Boston Scientific and certain of its senior officers violated federal securities laws. Lead Plaintiff alleges, among other things, that Boston Scientific and certain of its executives made material misrepresentations and omissions about Boston Scientific's Lotus Edge medical device during the period from September 16, 2020 through November 16, 2020, in violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), and that the executive defendants controlled Boston Scientific when the misstatements were made, in violation of Section 20(a) of the Exchange Act. Defendants deny all allegations in the Action and deny any violations of the federal securities laws. Issues and defenses at issue in the Action included (i) whether Defendants made materially false statements or omissions; (ii) whether Defendants made the statements with the required state of mind; (iii) whether the alleged misstatements caused class members' losses; and (iv) the amount of damages, if any.

A hearing will be held on **April 23, 2024 at 9:00 a.m.**, before the Honorable Allison D. Burroughs of the United States District Court for the District of Massachusetts, either in person in Courtroom 17 on the Fifth Floor of the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210, or by telephone or videoconference (in the discretion of the Court), to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiff should be certified as Class Representative for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (iii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated December 14, 2023 (and in the Notice) should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's application for an award of attorneys' fees and expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Net Settlement Fund.** If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at: *Boston Scientific Securities Litigation,* c/o JND Legal Administration, P.O. Box 91477, Seattle, WA 98111, 877-595-0084, info@BostonScientificSecuritiesLitigation.com. Copies of the Notice and Claim Form can also be downloaded from the Settlement website, BostonScientificSecuritiesLitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment from the Settlement, you must submit a Claim Form *postmarked* **(if mailed) or online by no later than May 28, 2024.** If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to receive a payment from the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* **no later than April 2, 2024,** in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to receive a payment from the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and expenses must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* **no later than April 2, 2024,** in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Office of the Clerk of the Court, Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

*Boston Scientific Securities Litigation*
c/o JND Legal Administration
P.O. Box 91477
Seattle, WA 98111
1-877-595-0084
info@BostonScientificSecuritiesLitigation.com
BostonScientificSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

Salvatore J. Graziano
Lauren A. Ormsbee
Michael D. Blatchley
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
1-800-380-8496
settlements@blbglaw.com

By Order of the Court

[1] Certain persons and entities are excluded from the Settlement Class by definition, as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice"), available at BostonScientificSecuritiesLitigation.com.

BostonScientificSecuritiesLitigation.com          1-877-595-0084

---

**PUBLIC NOTICES**

EVOLVE TRANSITION INFRASTRUCTURE PARTNERS LP
1360 Post Oak Blvd, Suite 2400
Houston, Texas 77056
NOTICE OF ELECTION TO PURCHASE
COMMON UNITS REPRESENTING LIMITED PARTNER INTERESTS OF
EVOLVE TRANSITION INFRASTRUCTURE PARTNERS LP
January 4, 2024

Reference is made to the Third Amended and Restated Agreement of Limited Partnership, dated as of August 2, 2019, as amended (the "Partnership Agreement"), of Evolve Transition Infrastructure Partners LP, a Delaware limited partnership (the "Partnership"). Unless otherwise specified, capitalized terms used herein and not defined herein shall have the meanings given to such terms in the Partnership Agreement.

This document constitutes a Notice of Election to Purchase pursuant to Section 15.1(b) of the Partnership Agreement and serves as notice that Evolve Transition Infrastructure GP LLC, a Delaware limited liability company and the general partner of the Partnership (the "General Partner"), has exercised its right pursuant to Section 15.1 of the Partnership Agreement to purchase all of the Limited Partner Interests of any class then Outstanding held by Persons other than the General Partner and its controlled Affiliates.

The class of Limited Partner Interests of the Partnership Outstanding that is the subject of this Notice of Election to Purchase is Common Units. All conditions precedent to the exercise by the General Partner of its right pursuant to Section 15.1 of the Partnership Agreement have been fulfilled. The General Partner hereby elects to purchase all Common Units Outstanding held by Persons other than the General Partner and its controlled Affiliates in exchange for payment of the Purchase Price set forth below, at the offices of Computershare, the paying agent for the Common Units (the "Paying Agent") set forth below.

Securities to Be Purchased:  All Outstanding Common Units held by Persons other than the General Partner and its controlled Affiliates

CUSIP:  30093H203

Purchase Date:  February 16, 2024 (the "Purchase Date")

Purchase Price:  $1,369285 per Common Unit (the "Purchase Price"), which is equal to the average of the daily Closing Prices on the NYSE American per Common Unit for the 20 consecutive Trading Days ending on January 4, 2024, the trading day immediately prior to the third day prior to January 5, 2024, the date this Notice of Election to Purchase is being mailed.

Address and Telephone Number of the Paying Agent:  150 Royall Street
Canton, MA 02021
1-800-546-5141

This Notice of Election to Purchase is being mailed on January 8, 2024 to holders of record of the Common Units as of the close of business on January 5, 2024.

Prior to the Purchase Date, the General Partner shall deposit with the Paying Agent cash in an amount sufficient to pay the aggregate Purchase Price of all Common Units to be purchased. If on or prior to the Purchase Date the deposit described in the preceding sentence has been made for the benefit of the holders of Common Units subject to purchase, then from and after the Purchase Date, all rights of the holders of such Common Units (including any rights pursuant to Articles IV, V, VI and XII of the Partnership Agreement) shall thereupon cease, except the right to receive the Purchase Price (determined in accordance with Section 15.1(b) of the Partnership Agreement) therefor, without interest, and such Common Units shall thereupon be deemed to be transferred to the General Partner on the record books of the transfer agent and the Partnership, and the General Partner shall be deemed to be the owner of all such Common Units from and after the Purchase Date and shall have all rights as the owner of such Common Units (including all rights as owner of such Common Units pursuant to Articles IV, V, VI and XII of the Partnership Agreement).

Common Units held through The Depository Trust Company ("DTC") should be surrendered for payment in accordance with DTC's procedures therefor. Payment of the Purchase Price with respect to Common Units held in uncertificated or book-entry form on the books of the transfer agent will be made in accordance with the applicable procedures of the Paying Agent.

For more information regarding this Notice of Election to Purchase, you may contact the Paying Agent at the address or telephone number set forth above.

---

**BUSINESS OPPORTUNITIES**



ANGEL INVESTORS
Ignite NEW Monster Rideshare App
Bridging 135+M Passengers w/Compliant Drivers
Spearheaded by Mavens C. Cotton & G. Tater
Seize Extraordinary Wealth Opportunity
Visit Directly with Chuck, CEO
405-795-9911
No Texts

NOW IS THE TIME TO START YOUR OWN BUSINESS!
Since 1991 we have been putting successful people into their own lucrative businesses.
Start Up Capital required!
Call Today 1-800-513-1923

EMERGENCY STERILE FIRST AID BRAND FOR SALE
Industrial First Aid, Retail Distributor
Military, F.D.A. registered product
assortment, high profit margin
Turnkey product manufacture
and shipping
541-660-5231 No Text messages
Willem.biologicaquaresearch@gmail.com

---

**COMMERCIAL REAL ESTATE**

FOR LEASE
14,889 square foot, relatively new, Rite Aid building in Clawson, Michigan on a well-traveled highway at the edge of the Clawson Shopping Center.
Contact • Marvin A. Robon
Ph: 419-897-6500   E-Mail: macbr@bex.net

**RESIDENTIAL REAL ESTATE**

Be a Big Baller!
Avail for Big Game!
Ultra Luxury Vegas Condo on 30th floor, 3 BR, 3BA w/all strip views! Professional Chef 24/7 included
Minutes from Stadium Walking distance to Everything! High Security, Outdoor Roof-top heated infinity Pool/Hottub & Gym all overlooking Strip!
$90K for 4 nights starting Feb 8.
mark@houseofrock.com
(702) 972-4040

---

THE WALL STREET JOURNAL.

THE MARKETPLACE

ADVERTISE TODAY

(800) 366-3975

For more information visit:
wsj.com/classifieds



© 2024 Dow Jones & Company, Inc. All Rights Reserved.

# EXHIBIT C

# Bernstein Litowitz Berger & Grossmann LLP Announces Notice of Pendency and Proposed Settlement of Class Action Involving Persons who Purchased or Otherwise Acquired Common Stock of Boston Scientific Corporation from September 16, 2020 through November 16, 2020, Inclusive

NEWS PROVIDED BY

**JND Legal Administration →**

06 Feb, 2024, 09:06 ET

SEATTLE, Feb. 6, 2024 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re BOSTON SCIENTIFIC CORPORATION SECURITIES LITIGATION | Master File No. 1:20-cv-12225-ADB |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION**

**AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND**

**(III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO: All persons who purchased or otherwise acquired the common stock of Boston Scientific Corporation ("Boston Scientific") during the period from September 16, 2020 through November 16, 2020, inclusive (the "Class Period"), and were damaged thereby:**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Massachusetts (the "Court"), that the above-captioned securities class action (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiff Union Asset Management Holding AG, on behalf of itself and the Settlement Class, has reached a proposed settlement of the Action for **$38,500,000** in cash (the "Settlement"). If approved, the Settlement will resolve all claims in the Action.

Certain persons and entities are excluded from the Settlement Class by definition, as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice"), available at **BostonScientificSecuritiesLitigation.com**.

The Action involves allegations that Boston Scientific and certain of its senior officers violated federal securities laws. Lead Plaintiff alleges, among other things, that Boston Scientific and certain of its executives made material misrepresentations and omissions about Boston Scientific's Lotus Edge medical device during the period from September 16, 2020 through November 16, 2020, in violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), and that the executive defendants controlled Boston Scientific when the misstatements were made, in violation of Section 20(a) of the Exchange Act. Defendants deny all allegations in the Action and deny any violations of the federal securities laws. Issues and defenses at issue in the Action included (i) whether Defendants made materially false statements or omissions; (ii) whether Defendants made the statements with the required state of mind; (iii) whether the alleged misstatements caused class members' losses; and (iv) the amount of damages, if any.

A hearing will be held on **April 23, 2024 at 9:00 a.m.**, before the Honorable Allison D. Burroughs of the United States District Court for the District of Massachusetts, either in person in Courtroom 17 on the Fifth Floor of the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA

02210, or by telephone or videoconference (in the discretion of the Court), to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiff should be certified as Class Representative for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (iii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated December 14, 2023 (and in the Notice) should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's application for an award of attorneys' fees and expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Net Settlement Fund**. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at: *Boston Scientific Securities Litigation*, c/o JND Legal Administration, P.O. Box 91477, Seattle, WA 98111, 877-595-0084, **info@BostonScientificSecuritiesLitigation.com**. Copies of the Notice and Claim Form can also be downloaded from the Settlement website, **BostonScientificSecuritiesLitigation.com**.

If you are a member of the Settlement Class, in order to be eligible to receive a payment from the Settlement, you must submit a Claim Form *postmarked* **(if mailed) or online by no later than May 28, 2024**. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to receive a payment from the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* **no later than April 2, 2024**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to receive a payment from the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and expenses must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* **no later than April 2, 2024**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Office of the Clerk of the Court, Defendants, or their counsel regarding this notice.** All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.

Requests for the Notice and Claim Form should be made to:

*Boston Scientific Securities Litigation*

c/o JND Legal Administration

P.O. Box 91477

Seattle, WA 98111

1-877-595-0084

**info@BostonScientificSecuritiesLitigation.com**

**BostonScientificSecuritiesLitigation.com**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

Salvatore J. Graziano

Lauren A. Ormsbee

Michael D. Blatchley

Bernstein Litowitz Berger & Grossmann LLP

1251 Avenue of the Americas, 44th Floor

New York, NY 10020

1-800-380-8496

**settlements@blbglaw.com**

By Order of the Court

SOURCE JND Legal Administration

# Sign up for Top Stories & curated News

## delivered to your inbox

Enter Your Email

Select Country

SUBMIT

By signing up you agree to receive content from us.
Our newsletters contain tracking pixels to help us deliver unique content based on each subscriber's engagement and interests. For more information on how we will use your data to ensure we send you relevant content please visit our PRN Consumer Newsletter Privacy Notice. You can withdraw your consent at any time in the footer of every email you'll receive.