# Exhibit 8

2021 WL 1540996
Only the Westlaw citation is currently available.
United States District Court, N.D. California.

SEB INVESTMENT MANAGEMENT AB,
individually and on behalf of all others
similarly situated, Plaintiff,
v.
SYMANTEC CORPORATION and
Gregory S. Clark, Defendants.

No. C 18-02902 WHA
|
Signed 04/20/2021

**ORDER RE CONFLICT DISPUTE**

WILLIAM ALSUP, United States District Judge

**\*1** This order resolves a pending question concerning the conduct of class counsel and lead plaintiff and an allegation that they engaged in play to pay, which means, "you hire me as counsel, and I'll make it up to you down the road." Such arrangements are adverse to the interests of the class because class counsel should be selected as the best lawyer for the class.

In this case, SEB Investment Management AB won the role of lead plaintiff. At the lead plaintiff selection hearing, SEB introduced Mr. Hans Ek as the staff member at SEB who would oversee the case if SEB won the job. SEB showcased his experience and abilities. The order appointing SEB said the following about him: "SEB identified Hans Ek, SEB's Deputy Chief Executive Officer, as being the individual in charge of managing its litigation responsibilities. In addition, SEB's in-house legal counsel will be advising Mr. Ek and assisting with overseeing the litigation" (Dkt. No. 88).

After SEB won the job, an order required Mr. Ek to interview law firms for the job of class counsel. SEB interviewed several firms but ultimately selected Bernstein, Litowitz, Berger & Grossmann, LLP (BLBG),

its existing counsel, even though BLBG asked for a richer fee proposal than others. The Court deferred to lead plaintiff's judgment and appointed BLBG (*ibid.*).

Twenty-five months went by. Litigation churned forward. Then another law firm, Robbins, Geller, Rudman & Dowd, LLP, on behalf of a class member (Norfolk County Council as Administering Authority of the Norfolk Pension Fund) reported to the Court that Mr. Ek had left SEB and was now working for BLBG.

Upon inquiry by the Court, BLBG confirmed this.

Discovery was allowed into the problem and several hearings were held. After careful consideration of all the evidence and argument, the Court remains unable to determine whether the move of Mr. Ek to BLBG was coincidental versus culpable. It's possible that there was a *quid pro quo* of sorts but, if so, it's not clear in the evidence.

What is crystal clear is that BLBG held Mr. Ek out as the professional who would guide the class through the litigation and direct counsel. Also crystal clear is that BLBG and Mr. Ek failed to tell the Court that he had gone over to the counsel side, meaning had left SEB and joined BLBG. On his way out of SEB, he lateraled his case responsibilities to a colleague, another fact not disclosed to the Court.

The PLSRA established the statutory office of lead plaintiff, usually intended to be an institutional investor, for the very specific purpose of converting securities litigation from "lawyer driven" to "investor driven" wherein the lead plaintiff actually manages the case for the class, the lawyer no longer being in charge. When, as here, the very man or woman presented to the Court as the one who will carry out the PSLRA mandate winds up as an employee of the lawyer, one can easily ask whether a fundamental goal of the Act has been compromised.

Separate from this is the pay to play problem. If a law firm winks and nods and says, "Hire me as your class counsel and we'll return the favor down the road," then the class suffers because class counsel should instead be selected on the merits of who will best represent the class. The lead plaintiff owes a fiduciary duty to the class to select the best lawyer for the class, not to treat the selection as a tradeoff of favors.

**\*2** BLBG and SEB surely knew all these ramifications and knew how the undersigned judge felt about these issues. The appearance alone raises eyebrows, arched

eyebrows. BLBG should have avoided this spectacle. So should have SEB and so should have Mr. Ek. This is true even though discovery could not establish a clear-cut *quid pro quo.*

It's worth observing that while no clear-cut evidence of a *quid pro quo* emerged, discovery did show that BLBG's initial explanation to the Court proved misleading. At our hearing on January 21, 2021, Class Counsel Salvatore J. Graziano told the Court,

> [F]irst and foremost, we never thought or raised the possibility of Mr. Ek joining our firm when he was at SEB. That was back in 2018. He had no intention of leaving. We never thought would he leave. He publicly left a year later, December 1 of 2019

(Tr. at 4–5). After that hearing, the Court permitted discovery. Mr. Ek testified at his deposition that he "was employed by SEB until the last day of March" in 2020 (Ek. Dep. at 51). Moreover, BLBG had sent Mr. Ek a recruitment email on December 19, 2019, while SEB still employed him. In it, a BLBG attorney (on this case) said, "I know you said that you wanted to transition your work at SEB towards the end of the year before thinking about next steps. Now that we are almost at the end of the year, please know that I would love to continue to work with you" but "of course, I don't know what your plans are or if you have given your next steps any thought yet" (van Kwawegen Dep. at 55). In his brief summarizing Mr. Ek's testimony (and other discovery), Attorney Graziano walked back his January 21 representation, conceding, "BLB&G raised for the first time the prospect of working with Mr. Ek in late December [2019]," but said it was

"irrelevant" (Dkt. No. 284-3 at 3). Attorney Graziano's brief continued, "[T]he sworn testimony on this issue confirms there was no "active recruitment" prior to February 2020" (*ibid.*). This shifting-sands set of explanations is concerning. But, still, it does not prove any *quid pro quo.*

We are too far into the case to replace SEB or BLBG, at least on this record. Instead, the Court believes these circumstances should be brought to the attention of the class and a new opportunity given to opt out. Counsel shall meet and confer on a form of notice and a timeline for distribution and opt-out. BLBG shall pay for the costs of notice, distribution, and opt-out. Please submit this within seven calendar days.

In addition, in future cases, both SEB in seeking appointment as a lead plaintiff and BLBG in seeking appointment as class counsel shall bring this order to the attention of the assigned judge and the decision-maker for the lead plaintiff who is to select counsel. This disclosure requirement shall last for three years from the date of this order.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2021 WL 1540996

**End of Document**    © 2021 Thomson Reuters. No claim to original U.S. Government Works.