**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re BOSTON SCIENTIFIC CORPORATION SECURITIES LITIGATION | Master File No. 1:20-cv-12225-ADB |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF (A) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
SETTLEMENT AND PLAN OF ALLOCATION AND (B) LEAD COUNSEL'S
MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TABLE OF CONTENTS**

**Page**

I.    PRELIMINARY STATEMENT ...........................................................................................1

II.   THE REACTION OF THE SETTLEMENT CLASS FURTHER SUPPORTS
      APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND
      THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES....................2

      A.    The Court-Approved Robust Notice Program ..........................................................3

      B.    The Settlement Class's Reaction Supports Approval of the Settlement and
            the Plan of Allocation ............................................................................................4

      C.    The Settlement Class's Reaction Supports Approval of the Fee and
            Expense Application ...............................................................................................6

III.  CONCLUSION.........................................................................................................7

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*In re AT&T Corp. Sec. Litig.*,
  2005 WL 6716404 (D.N.J. Apr. 25, 2005) ...............................................................................5

*In re BankAmerica Corp. Sec. Litig.*,
  210 F.R.D. 694 (E.D. Mo. 2002) .............................................................................................5

*In re Bisys Sec. Litig.*,
  2007 WL 2049726 (S.D.N.Y. July 16, 2007) ..........................................................................7

*Bussie v. Allmerica Fin. Corp.*,
  50 F. Supp. 2d 59 (D. Mass. 1999) ..........................................................................................5

*In re Compact Disc Minimum Advertised Price Antitrust Litig.*,
  216 F.R.D. 197 (D. Me. 2003) .................................................................................................5

*Ford v. Takeda Pharms. U.S.A., Inc.*,
  2023 WL 3679031 (D. Mass. Mar. 31, 2023) ..........................................................................6

*Hill v. State St. Corp.*,
  2015 WL 127728 (D. Mass. Jan. 8, 2015) .............................................................................5, 6

*In re Ranbaxy Generic Drug Application Antitrust Litig.*,
  630 F. Supp. 3d 241 (D. Mass. 2022) .......................................................................................4

*In re Relafen Antitrust Litig.*,
  231 F.R.D. 52 (D. Mass. 2005) .................................................................................................6

*In re Rite Aid Corp. Sec. Litig.*,
  396 F.3d 294 (3d Cir. 2005) .....................................................................................................7

*Roberts v. TJX Cos., Inc.*,
  2016 WL 8677312 (D. Mass. Sept. 30, 2016) .........................................................................4

*In re Signet Jewelers Ltd. Sec. Litig.*,
  2020 WL 4196468 (S.D.N.Y. July 21, 2020) ........................................................................6, 7

*Trombley v. Bank of Am. Corp.*,
  2013 WL 5153503 (D.R.I. Sept. 12, 2013) ..............................................................................5

*In re Tyco Int'l, Ltd. Multidistrict Litig.*,
  535 F. Supp. 2d 249 (D.N.H. 2007) ......................................................................................5, 6

*In re Veeco Instruments Inc. Sec. Litig.*,
  2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007) ...........................................................................6

**STATUTES**

28 U.S.C. § 1715(b) ...............................................................................................................4

Lead Plaintiff Union Asset Management Holding AG, on behalf of itself and the Settlement Class, and Lead Counsel, respectfully submit this reply memorandum of law in further support of, respectively (a) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF Nos. 156-157); and (b) Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses (ECF Nos. 158-159) (the "Motions").[1]

## I.    PRELIMINARY STATEMENT

The proposed Settlement resolves this litigation in exchange for a cash payment of $38.5 million.  As detailed in Lead Plaintiff's and Lead Counsel's opening papers (ECF Nos. 156-160), the proposed Settlement is the product of Lead Plaintiff and Lead Counsel's vigorous prosecution of the action and extended arm's-length settlement negotiations between experienced counsel before a highly experienced mediator, and represents a highly material portion of the damages investors could seek to prove at trial.  The Settlement is an excellent result in light of the significant risks that Lead Plaintiff faced in proving that Defendants made materially false and misleading statements with scienter, in establishing loss causation and damages, and the costs of delay of further litigation.  Indeed, the Settlement is particularly remarkable in light of the fact that the SEC investigated the very misconduct at issue in this case but declined to take any enforcement action.

The Settlement has also now been overwhelmingly endorsed by the Settlement Class. Since the Court granted preliminary approval, the Claims Administrator, under the supervision of Lead Counsel, has completed the extensive notice program set out in the Court's December 27, 2023 order (ECF No. 155) ("Preliminary Approval Order").  The notice program included

---

[1] Unless otherwise defined, all capitalized terms herein have the same meanings in the Stipulation and Agreement of Settlement dated December 14, 2023 (ECF No. 152-1) (the "Stipulation").

mailing the Notice Packet to over 128,000 potential Settlement Class Members, as well as publication of a Summary Notice in *The Wall Street Journal* and *PR Newswire*, and establishing a website concerning the Settlement. In response to this notice program, no objections were received with respect to any aspect of the Settlement, the Plan of Allocation, or the requested fees and expenses. The lack of objections represents a significant endorsement by the Settlement Class of the proposed Settlement and the requested fees and expenses. The fact that no objections were received from any institutional investors is especially noteworthy here because those investors comprised the great majority of the Settlement Class and have the staff and resources to object if they believe there is cause to do so, and none did so. Indeed, based on publicly filed documents, institutional investors held more than 95% of the publicly traded Boston Scientific common stock during the Class Period. Moreover, Lead Plaintiff, an experienced and sophisticated institutional investor that actively oversaw the Action, has expressly endorsed the Settlement and the requested attorneys' fees and expenses. *See* ECF No. 160-1, at ¶¶ 4-10. In addition, only three investors requested exclusion from the Settlement Class and, based on their reported purchases of Boston Scientific common stock in the Class Period, they represent a small percentage of the Settlement Class—approximately 0.03%.

As explained below, the overwhelmingly positive reaction of the Settlement Class further supports a finding that the proposed Settlement, Plan of Allocation, and request for attorneys' fees and expenses are fair and reasonable, and should be approved.

## II. THE REACTION OF THE SETTLEMENT CLASS FURTHER SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES

Lead Plaintiff and Lead Counsel respectfully submit that their opening papers demonstrated why approval of the Motions is warranted. Now that the time for objecting or requesting exclusion from the Settlement Class has passed, the lack of any objections and the

small number of requests for exclusion establish that the "reaction of the class" factor also strongly supports approval of both Motions.

### A.   The Court-Approved Robust Notice Program

In accordance with the Court's Preliminary Approval Order, 128,813 copies of the Notice Packet have been mailed to potential Settlement Class Members and their nominees. *See* Supplemental Declaration of Luiggy Segura Regarding (A) Mailing of the Notice and Claim Form and (B) Report on Requests for Exclusion Received (the "Suppl. Segura Decl."), attached hereto as Exhibit 1, at ¶ 2. The Notice informed Settlement Class Members of the terms of the proposed Settlement and Plan of Allocation, and that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 20% of the Settlement Fund and payment of Litigation Expenses (including an award to Lead Plaintiff) in an amount not to exceed $700,000. *See* Notice ¶¶ 5, 57. The Notice also apprised Settlement Class Members of (a) their right to object to the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses; (b) their right to exclude themselves from the Class; and (c) the April 2, 2024 deadline for filing objections and for receipt of requests for exclusion. *See* Notice at p. 3 and ¶¶ 58, 65-66.[2]

On March 19, 2024, 14 days before the objection and exclusion deadline, Lead Plaintiff and Lead Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and fee and expense request. These papers are available on the public docket (ECF Nos. 156-160),

---

[2] The Summary Notice, which informed readers of the proposed Settlement, how to obtain copies of the Notice and Claim Form, and the deadlines for the submission of Claim Forms, objections, and requests for exclusion, was published in *The Wall Street Journal* and over *PR Newswire* on February 6, 2024. *See* Declaration of Luiggy Segura Regarding (A) Mailing of the Notice and Claim Form; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion Received to Date (ECF No. 160-4) at ¶ 10.

and were promptly posted on the Settlement website, *see* Suppl. Segura Decl. ¶ 3, and Lead

Counsel's website, www.blbglaw.com.  In addition, notice of the Settlement was also provided

by Defendants to appropriate federal and state officials pursuant to the Class Action Fairness Act

of 2005, 28 U.S.C. § 1715(b).

As noted above, following implementation of this notice program, not a single Settlement

Class Member has submitted an objection to any aspect of the Settlement, the Plan of Allocation,

or Lead Counsel's motion for attorneys' fees and Litigation Expenses.  In addition, only three

requests for exclusion from the Settlement Class have been received.  *See* Supp. Segura Decl.

¶ 4.  The three requests for exclusion received reported a total of 23,503 eligible shares of Boston

Scientific common stock purchased during the Class Period.  As such, the three exclusions

reflect only 0.002% of the total number of potential Settlement Class Members who were sent

Notices, and less than 0.03% of the total number of damaged Boston Scientific shares (as

estimated by Lead Plaintiff's damages expert)—a miniscule portion of the Settlement Class.[3]

**B.      The Settlement Class's Reaction Supports Approval of the Settlement and the Plan of Allocation**

The absence of any substantive objections from Settlement Class Members and the small

number of requests for exclusion is another factor (beyond those already discussed in the

opening briefs) that supports a finding that the Settlement is fair, reasonable, and adequate.  *See,*

*e.g., In re Ranbaxy Generic Drug Application Antitrust Litig.*, 630 F. Supp. 3d 241, 245 (D.

Mass. 2022) ("lack of objections to the settlement" supported the determination that the

---

[3] One of the three requests for exclusion did not include any information about the requestor's transactions in Boston Scientific common stock as required by the Notice (*see* Notice ¶ 58) and another indicates that the requestor had no purchases of Boston Scientific common stock during the Class Period (and thus would not have been a Settlement Class Member to begin with).  *See* Suppl. Segura Decl. Exs. 2 and 4.  Nonetheless, Lead Plaintiff requests the Court allow all persons and entities who requested exclusion to be excluded from the Settlement Class, as set forth in Exhibit 1 to the proposed Judgment.

settlement was fair, reasonable, and adequate); *Roberts v. TJX Cos., Inc.*, 2016 WL 8677312, at *6 (D. Mass. Sept. 30, 2016) (finding that lack of objections and small number of opt-outs "supports judicial approval of the Settlement"); *Trombley v. Bank of Am. Corp.*, 2013 WL 5153503, at *6 (D.R.I. Sept. 12, 2013) ("The lack of objection and the small number of potential class members who opted out of the class weigh in favor of approving the settlement."); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 216 F.R.D. 197, 211 (D. Me. 2003) (reaction of class supported approval of settlement where "the number of objections and opt-outs [was] miniscule" in relation to "the size of the class"); *Bussie v. Allmerica Fin. Corp.*, 50 F. Supp. 2d 59, 77 (D. Mass. 1999) (the "favorable reaction of class to settlement, albeit not dispositive, constitutes strong evidence of fairness of proposed settlement and supports judicial approval")

It is also particularly significant that no institutional investors—which held the great majority of Boston Scientific common stock during the Class Period—have objected to the Settlement. Institutional investors are often sophisticated and possess the incentive and ability to object. The absence of objections by these sophisticated class members is thus further evidence of the fairness of the Settlement. *See Hill v. State St. Corp.*, 2015 WL 127728, at *8 (D. Mass. Jan. 8, 2015) ("The fact that no institutional investors have objected or requested exclusion also supports approval of the Settlement."); *In re Tyco Int'l, Ltd. Multidistrict Litig.*, 535 F. Supp. 2d 249, 261 (D.N.H. 2007) (finding that "[t]he reaction of the class to the settlement has been almost entirely positive," where "[n]one of the institutional investors have objected to the size of the settlement"); *In re AT&T Corp. Sec. Litig.*, 2005 WL 6716404, at *4 (D.N.J. Apr. 25, 2005) (the reaction of the class "weigh[ed] heavily in favor of approval" where "no objections were filed by any institutional investors who had great financial incentive to object"); *In re BankAmerica*

5

*Corp. Sec. Litig.*, 210 F.R.D. 694, 702-03 (E.D. Mo. 2002) ("The Court takes particular note of the fact that no objections were filed by any of the 'institutional investors' who comprise a large part of the plaintiff classes and who will be greatly affected by the outcome of this case").

The uniformly positive reaction of the Settlement Class also supports approval of the Plan of Allocation. *See, e.g.*, *In re Signet Jewelers Ltd. Sec. Litig.*, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) (lack of objections mean that the "reaction of the Class also supports approval of the Plan of Allocation"); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

### C.    The Settlement Class's Reaction Supports Approval of the Fee and Expense Application

The positive reaction of the Settlement Class should also be considered with respect to Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. *See In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 79 (D. Mass. 2005) (one factor to consider in determining fee award is "the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel"). Indeed, courts hold that the absence of objections to the requested attorneys' fees and expenses supports a finding that the requests are fair and reasonable. *See, e.g.*, *Ford v. Takeda Pharms. U.S.A., Inc.*, 2023 WL 3679031, at *1 (D. Mass. Mar. 31, 2023) ("Not a single Class Member has objected to any aspect of the Settlement, including Class Counsel's request for attorney fees. This factor supports approval of Class Counsel's motion."); *Hill*, 2015 WL 127728, at *19 ("the endorsement of the Lead Plaintiffs and the favorable reaction of the class both support approval of the requested fees"); *Tyco*, 535 F. Supp. 2d at 269 ("the reaction of the class weighs in favor of approval" of

the requested fee, where "[o]nly a tiny percentage of the class has objected to the proposed fee request").

As with approval of the Settlement, the lack of objections by institutional investors in particular supports approval of the fee request. *See Signet*, 2020 WL 4196468, at *21 (finding that a "lack of objections by institutional investors . . . lends further support to approval of the fee request"); *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (fact that "a significant number of investors in the class were 'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive", but did not do so, supported approval of the fee request); *In re Bisys Sec. Litig.*, 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007) (noting that there was only one objection from an individual—and none from any institutions—"even though the class included numerous institutional investors who presumably had the means, the motive, and the sophistication to raise objections if they thought the [requested] fee was excessive").

Accordingly, the overwhelmingly favorable reaction of the Settlement Class strongly supports approval of the Settlement, Plan of Allocation, and the fee and expense request.

## III.    CONCLUSION

For the foregoing reasons, and those set forth in their opening papers, Lead Plaintiff and Lead Counsel respectfully request that the Court approve the Settlement, the Plan of Allocation, and the request for attorneys' fees and Litigation Expenses.  Copies of the (i) proposed Judgment Approving Class Action Settlement, (ii) proposed Order Approving Plan of Allocation of Net Settlement Fund, and (iii) proposed Order Awarding Attorneys' Fees and Litigation Expenses are attached hereto as Exhibits 2, 3, and 4.

Dated:  April 16, 2024

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**

*/s/ Salvatore J. Graziano*
Salvatore J. Graziano (admitted *pro hac vice*)
Michael D. Blatchley (admitted *pro hac vice*)
Lauren A. Ormsbee (admitted *pro hac vice*)
Aasiya F. Mirza Glover (admitted *pro hac vice*)
Emily A. Tu (admitted *pro hac vice*)
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
salvatore@blbglaw.com
michaelb@blbglaw.com
lauren@blbglaw.com
aasiya.glover@blbglaw.com
emily.tu@blbglaw.com

*Lead Counsel for Lead Plaintiff*
*and the Settlement Class*

**DONNELLY, CONROY & GELHAAR, LLP**
T. Christopher Donnelly (BBO #129930)
Peter E. Gelhaar (BBO #18830)
Peter K. Levitt (BBO #565761)
260 Franklin Street, Suite 1600
Boston, Massachusetts 02110
Telephone: (617) 720-2880
Facsimile: (617) 720-3554
tcd@dcglaw.com
peg@dcglaw.com
pkl@dcglaw.com

*Liaison Counsel for Lead Plaintiff*

8